IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO SHORTEN TIME**

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in opposition to the motion to shorten time and for expedited hearing, DE #61 (the "Motion to Shorten Time"), filed by 5410 30th Street DC LLC (the "Debtor"), and states as follows:

**I.      Introduction**

The Debtor failed to give IBI Falcon notice of this bankruptcy case, with IBI Falcon first learning of the matter on November 19, 2025 through the investigation of counsel. Between the petition date and that date, IBI Falcon undertook two actions the Debtor maintains to have been violations of the automatic stay enshrined in Section 362 of Title 11 of the United States Code (the "Automatic Stay"): (i) appointing a substitute trustee; and (ii) filing an affidavit in the land records of the District of Columbia. Neither of these actions would actually constitute a violation of the Automatic Stay but, in any event, IBI Falcon has—since learning of this case—engaged undersigned bankruptcy counsel and taken no further actions outside of this Honorable Court.

For the avoidance of any doubt or ambiguity: no property of the Debtor has been foreclosed. No property of the Debtor will be foreclosed absent leave of this Honorable Court or dismissal of this case. No violation of the Automatic Stay has occurred. And, most certainly, no knowing violation of the Automatic Stay has occurred.

1

The Debtor is aware of the foregoing yet, in a move that can be best characterized as equally aggressive and reckless, is now asserting IBI Falcon has violated the Automatic Stay. In so doing, the Debtor seeks relief that is not available to legal entities, endeavors to have documents "withdrawn" from land records (something that does not appear to be possible), and moves to shorten time.

For these reasons, and as extrapolated upon *infra*, the Motion to Shorten Time—alongside the underlying motion for sanctions, DE #60 (the "Sanctions Motion")—both merit denial.

## II.    Relevant Factual Timeline: Notice of Bankruptcy

The Debtor petitioned for chapter 11 relief on October 14, 2025. *See* Voluntary Petition, DE #1. The mailing matrix appended thereto lists IBI Falcon at an address in Tel Aviv, Israel. *See* Matrix, DE #1-6. The notice of bankruptcy filing was accordingly not actually sent to IBI Falcon but, instead, IBI Falcon was "bypassed" based upon the foreign address. *See* Certificate of Notice, DE #7.

IBI Falcon is a Delaware limited liability company with a registered agent in Delaware. It is at-best unclear why the Debtor did not furnish this Honorable Court with a domestic mailing address for IBI Falcon.

A related entity—IDI SBL Investment LP—was listed, with a domestic address, on the initial mailing matrix. *See* Matrix, DE #1-6. It does not appear, however, that IBI SBL Investment LP actually received mailed notice of this case until on or about December 1, 2025. Both entities, though, became aware of this case on November 19, 2025, when a search of PACER was conducted after another borrower—the relation of which to this Debtor, *vel non*, remains unclear—sought bankruptcy protection in the District of Columbia, *see In re Euclid Realty Capital V, LLC*,

Case No. 25-518-ELG (Bankr. D.D. C. 2025), and a decision was made to investigate whether this Debtor had also sought bankruptcy relief.

Insolvency counsel was then retained by IBI Falcon and promptly appeared herein. *See* Notice of Appearance, DE #56.

Three days later, the Debtor amended the mailing matrix in this case to include IBI Falcon at an address in Ohio. DE #57.

### III. Relevant Factual Timeline: Land Records Filings

On November 13, 2025—just under a week before first learning of this case—IBI Falcon filed a Notice of Non-Residential Mortgage Foreclosure (the "Affidavit") in the land records of the District of Columbia. *See* Affidavit, DE #60 at pp. 4-5. As discussed *infra*, this document is *not* actually notice of a foreclosure being scheduled or occurring but, rather, is a somewhat esoteric notice that characterizes the nature of a loan document as being non-consumer in nature.

On November 19, 2025—just before learning of this case—IBI Falcon also filed a Deed of Appointment of Substitute Trustee (the "Trustee Substitution") in the land records of the District of Columbia. *See* Trustee Substitution, DE #60 at pp. 6-9.

For clarity, at no time since the filing of this case has IBI Falcon foreclosed any asset of the Debtor, and no foreclosure auction is presently scheduled or noticed. There is absolutely *not* a foreclosure pending.

### IV. Argument: There Does Not Exist Good Cause to Shorten Time

#### a. No Exigency is Afoot

It is genuinely unclear what cause would exist to shorten time on the Sanctions Motion. The Debtor seems to be aware that no foreclosure is pending or otherwise-scheduled. Absolutely nothing is about to happen to the Debtor's property. And, as the Debtor itself notes in the Sanctions

3

Motion, any action in contravention of the Automatic Stay would be void in any event. Yet the Debtor, for some reason, wishes to not merely seek sanctions against IBI Falcon but, too, to do so on an expedited basis.

The standard to shorten time is "for cause." Fed. R. Bankr. P. 9006(c)(1). As noted by the United States Court of Appeals for the Fifth Circuit:

> Bankruptcy Rule 9006(c) permits the bankruptcy court "for cause shown" in its discretion, with or without motion or notice, to reduce the notice period, and ex parte motions for material reductions in the notice period are routinely granted by bankruptcy courts. That practice greatly increases the potential for the elimination of effective notice of a hearing; and even where notice is received, the time required for preparation of an adequate response is virtually lost, all to the benefit of the movant and to the severe detriment of any party in interest taking a position adverse to that of the movant. . . [B]ankruptcy courts should review ex parte motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result.

*In re Hester*, 899 F.2d 361, 364 n.3 (5th Cir. 1990)

Here, the Debtor asserts the Affidavit and Trustee Substitution create a "negative impact," Motion to Shorten Time, DE #61, at p. 1, thusly impairing efforts to market and sell real estate, *id*. Yet this is far from "cause" sufficient to merit a shortening of time, for at least three reasons.

First, regardless of the relief afforded by this Honorable Court, the documents are not going to be removed from the land records. There is not an apparent mechanism to strip a filing from the land records, once made. And, perhaps more pointedly, there is no reason to believe the existence of these standard filings would actually have a cognizably deleterious impact on efforts to market and sell the real estate; to the contrary, many parcels of real estate are regularly sold after initial lender-filed documents grace the land records. In fact, it is altogether common for debtors to seek to reorganize with these filings—alongside more ominous notices of foreclosure auctions— already gracing the land records.

Second, to whatever extent there actually is some negative inference from these filings, showing the Debtor to be in financial distress, such is assuredly dwarfed by the negative inference drawn from the Debtor being in chapter 11. No one is claiming the Debtor has timely paid its obligations to IBI Falcon. Nor is anyone claiming the Debtor is marketing real estate outside of an insolvency proceeding. If the Debtor wants to sell real estate, judicial approval will be needed, 11 U.S.C. § 363(b)(1); such is assuredly fodder sufficient to relay all the same realities as the Affidavit and Trustee Substitution.

Third, insofar as the Debtor purports to be suffering a detriment in marketing property, there is an underlying oddity: the Debtor has not so much as filed an application to employ a broker or realtor. *See* Docket, *passim*. And the Debtor certainly has not filed a plan of reorganization, providing for a sale of real estate, either. So it is at-best unclear what temporal malady could be suffered as of present.

    b. **No Stay Violation has Occurred**

There is also an absence of cause to shorten time for a larger reason: no violation of the Automatic Stay has occurred. The Trustee Substitution is simply a document noting a change of trustee under a deed of trust; a lender's right to substitute trustees is not impaired by the Automatic Stay nor would it be sensible to construe the Automatic Stay as forbidding a lender from substituting the person who holds bare legal title to an encumbered asset. And while the Affidavit does bear a more ominous title—referencing a "foreclosure"—a review of the form makes abundantly clear that it is not actually a document effectuating a foreclosure; the Affidavit is merely an attestation that property is not encumbered by a residential mortgage.

The Sanctions Motion highlights three portions of the Automatic Stay: Sections 362(a)(1), 362(a)(3), and 362(a)(4). *See* Sanctions Motion, DE #60, at ¶ 9. Yet none of the prohibitions contained therein apply to the Affidavit or the Trustee Substitution.

Specifically, neither document could be understood to constitute the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). There is no judicial proceeding or administrative case opened in any court or tribunal (at least not by IBI Falcon). So there is no such proceeding or case to be "commenced" or "continued."

Similarly, the two documents do not constitute "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Again, there has not been an actual foreclosure, nor has one been noticed in the land records. No auction is scheduled. No sale is going to occur. And neither of these documents advanced such an auction or sale. (In point of fact, IBI Falcon would have needed to file an additional document in the land records—actually giving notice of a foreclosure auction—and then advertised the same in a newspaper of general circulation, before a foreclosure ever could have occurred. Yet such efforts never materialized since knowledge of this bankruptcy case was obtained before those steps could be implemented.)

Likewise, the Affidavit and Trustee Substitution do not constitute "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(d)(4). The lien of IBI Falcon was memorialized in the land record, pre-petition, when a deed of trust was recorded and, subsequently (also pre-petition), when that deed of trust was assigned. No actions have been taken in connection with the recordation or perfection of lien instruments post-petition.

V. **Conclusion**

There are, of course, other reasons the Motion to Shorten Time and Motion for Sanctions should be understood as folly. The most notable, highlighted *supra*, being that IBI Falcon literally did not have notice of this case at the time either document was recorded. And the second most notable likely being that the Debtor is not alleging any actual damages to have been sustained (instead seemingly relying on a punitive damages allowance that is not available to non-individual debtors, *see* Motion for Sanction, DE #60, at ¶ 15).

The real question may be why the Debtor has elected to pursue these motions in the first place, in the throes of a case that has been riddled with deficiency notices and where no discernable progress has been made in nearly two months. The Debtor is yet to employ counsel, has not moved to employ a broker or realtor, has not sought to make payments to any secured creditors, and appears to have shirked its obligations to self-declare as a single asset real estate entity. So it is difficult to see the Motion for Sanctions as anything more than an errantly opportunistic effort to shift blame and cast aspersions upon a lender that was only properly added to the mailing matrix a few days ago.

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) deny the Motion to Shorten Time; (ii) deny the Motion for Sanctions (with IBI Falcon reserving its right to expound upon its opposition thereto should the Motion to Shorten Time not be granted); and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 4, 2025 | By: /s/ Maurice B. VerStandig<br>Maurice B. VerStandig, Esq.<br>Bar No. 18071<br>The VerStandig Law Firm, LLC<br>9812 Falls Road, #114-160<br>Potomac, Maryland 20854<br>Phone: (301) 444-4600<br>Facsimile: (301) 444-4600<br>mac@mbvesq.com<br>*Counsel for IBI Falcon US LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of December, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Maurice B. VerStandig
Maurice B. VerStandig

8