UNITED STATES BANKRUPTCY COURT

DISTRICT OF MARYLAND (GREENBELT DIVISION)

| | |
|---|---|
| In re: | Case No.: 25-19605 |
| 5410 30th Street DC, LLC, | |
|     Debtor | Chapter 11 |

**DEBTOR'S OPPOSITION TO MOTION
TO CONVERT CASE TO CHAPTER 7**

Comes now 5410 30TH Street DC, LLC ("the Debtor"), by and through undersigned counsel, in opposition to the Motion to Convert Case to Chapter 7, DE #95 (the "Motion to Convert"), filed by IBI Falcon LLC, and states as follows:

## I. Introduction

Debtor 5410 30th Street DC, LLC files this opposition to the Motion to Convert this Chapter 11 case to Chapter 7. As set forth below, the Motion should be denied because the Movant has not established "cause" under 11 U.S.C. § 1112(b), and conversion is not in the best interests of creditors or the estate. Conversion to Chapter 7 at this stage would be premature, unnecessary and prejudicial under the circumstances.

## II. Governing Law

Under 11 U.S.C. § 1112(b), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 *or dismiss* a

case under this chapter, whichever is in the best interests of creditors and the estate, *for cause… .*". Cause includes a non-exhaustive list of factors such as continuing loss to the estate, absence of a reasonable likelihood of rehabilitation, failure to file a disclosure statement or confirm a plan within a reasonable time, gross mismanagement, and other enumerated grounds. The statute also provides that the court may decline conversion where "unusual circumstances" demonstrate that converting or dismissing is not in the best interests of creditors and the estate and the debtor can cure specific acts within a reasonable period.

In the Fourth Circuit and District of Maryland, courts apply a two-step inquiry: (1) whether "cause" exists to convert or dismiss, and (2) if so, whether conversion or dismissal best serves creditors and the estate. Mere passage of time or absence of a confirmed plan does not automatically establish cause; instead, the debtor's good-faith conduct and prospects for reorganization must be considered.

Additionally, the mere fact that Debtor's sole asset is a residence and there is no ongoing business does not, by itself, constitute cause for conversion. Courts routinely recognize that single-asset debtors may have legitimate reorganization objectives under Chapter 11 even without an ongoing operating business. See *Toibb v. Radloff*, 501 U.S. 157 (1991) (an individual may utilize Chapter 11 for reorganization regardless of business operations).

### III. Argument

#### A. Movant Has Not Demonstrated Cause Under § 1112(b).

This case has been pursued by the Debtor for structured reorganization or liquidation and value maximization through Chapter 11 of the Bankruptcy Code. Contrary to Movant's assertions,

Debtor has a realistic and articulable path toward confirmation of a Chapter 11 plan. Movant's assertion of the absence of a plan as cause for conversion at this stage is premature and seeks to short-circuit the plan process before it has been allowed to run its course, as the Debtor's Plan is not due to be submitted to the Court until February 10, 2026. Thus, lack of a Plan does not constitute "cause" for conversion under 11 U.S.C. § 1112 at this juncture. The continued Chapter 11 case serves to maximize creditor returns by providing structured marketing and oversight compared to an immediate forced liquidation in Chapter 7.

Debtor[1] is actively marketing the property for sale.[2] This demonstrates a reasonable likelihood of resolution in Chapter 11 within a reasonable timeframe. The sole asset of the estate holds sufficient value to pay all creditors. Debtor's $5,000,000.00 asset valuation is supported by a professional third-party appraisal (See Exhibit 1); Movant's attempt to discredit this valuation is itself unsupported.

Additionally, Debtor has maintained the Property, complied with reporting requirements, and preserved estate value. Movant's speculation that administrative expenses may accrue does not outweigh evidence of responsible stewardship of the estate asset. There is no evidence of continuing loss or diminution of estate value, gross mismanagement, unauthorized use of cash collateral, failure to maintain appropriate insurance, failure to comply with orders, failure to file required documents, or other categorical causes listed under § 1112(b)(4). To the contrary, Debtor has been responsive to creditor inquiries and adhered to all deadlines. Further, Movant's reliance on post-petition interest accrual as a "cause" for conversion ignores that this is common in single-

---

[1] Zanetta Williams, the Sole Member of the Debtor LLC, is a licensed real estate agent, and is actively marketing the property for sale. This was discussed with the Bankruptcy Trustee at the 341 Meeting of Creditors on 11/17/25.
[2] The Affidavit of Foreclosure filed by the Movant are complicating efforts to sell the property

asset secured cases where a liquidation plan is in progress and value-preservation efforts are ongoing.

## B. Conversion to Chapter 7 Is Not in the Best Interests of Creditors or the Estate.

An abrupt transfer of this case to a Chapter 7 trustee will likely jeopardize the structured sale process Debtor has pursued, potentially undermining competitive bidding and coordination with secured creditors. An orderly sale under Chapter 11, subject to Court oversight, has a greater likelihood of maximizing the estate's value and facilitating a plan that addresses both secured and unsecured claims. Continued marketing and potential plan confirmation are likely to achieve equal or greater distributions for creditors once transaction costs and trustee commissions in a Chapter 7 liquidation are factored in. Creditors stand to benefit from a structured sale process under Chapter 11 that may generate competitive bidding, including overbids at an auction, or confirmation of a plan that pays secured claims in full and offers some value to unsecured creditors. Premature conversion forfeits this potential upside. Harm from a Chapter 7 conversion at this time could include:

1. Disrupt an active liquidation process
2. Increase administrative costs
3. Delay Resolution
4. Reduce recoveries
5. Undermine ongoing marketing efforts

Notably, Courts have rejected blanket rules requiring conversion for single-asset debtors where the debtor demonstrates legitimate reorganization efforts and timely compliance with Chapter 11 requirements. Single-asset status does not mandate Chapter 7 conversion absent clear showing of cause under § 1112(b).

### IV. Conclusion

Movant has failed to establish cause under 11 U.S.C. § 1112(b), and conversion at this juncture is not in the best interests of creditors or the estate given Debtor's ongoing efforts to market the Property, preserve value, and pursue confirmation of a plan. For the foregoing reasons, Debtor respectfully requests that the Court deny the Motion to Convert this Chapter 11 case to Chapter 7 in its entirety.

Respectfully submitted,

Date: February 7, 2026

/s/ Deirdre T. Johnson, Esq
Deirdre T. Johnson, Esq
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD  20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for the Debtor*