UNITED STATES BANKRUPTCY COURT

DISTRICT OF MARYLAND (GREENBELT DIVISION)

| | | |
|---|---|---|
| In re: | &#124; | |
| | &#124; | |
| 5410 30th Street DC, LLC, | &#124; | Case No.: 25-19605 |
| | &#124; | |
| Debtor | &#124; | Chapter 11 |
| | &#124; | |

DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2

The Debtor (the "Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and Local Rule 3007-1 (D. Md.), hereby objects to Proof of Claim No. 2 (the "Claim") filed by IBI Falcon US, LLC (the "Claimant"), and in support thereof states the following:

JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§157 & 1334.

2. This is a core proceeding under §157(b)(2)(B).

3. The Debtor is authorized to object under 11 U.S.C. §§ 1107(a) and 502(a).

4. Venue is proper under 28 U.S.C. § 1408.

INTRODUCTION

5. The Claimant asserts a secured claim against the Debtor's sole real property but has failed to demonstrate that it is the holder of the promissory note or otherwise entitled to enforce it. The claim therefore lacks prima facie validity and should be disallowed.

## BACKGROUND

6. Debtor filed this Chapter 11 case on October 14, 2025 ("Petition Date"), and remains a debtor in possession.

7. The Debtor owns residential real property located at 5631 MacArthur Blvd, NW Washington, DC 20016 (the "Property").

8. The Debtor is a single-asset real estate debtor as defined by 11 U.S.C. § 101(51B).

9. No foreclosure action was pending as of the petition date.

9. On January 29, 2026, the Claimant filed Proof of Claim No. 2, asserting a secured claim in the amount of $ 2,676,531.91.

10. The claim attaches:
    - Official Form 410 – Proof of Claim
    - A copy of the Original Promissory Note with FTF Lending, LLC dated May 3, 2023
    - FTF Lending, LLC Deed of Trust dated May 3, 2023
    - An Assignment of Deed of Trust from FTF Lending, LLC to IBI SBL Investment LP dated March 14, 2024
    - A Second Assignment of Deed of Trust from IBI SBL Investment LP to IBI Falcon US, LLC dated July 8, 2025
    - A document labeled as a payoff statement dated October 12, 2025

11. However, the claim does not attach:
    - any endorsement to Claimant

- any allonge
- any evidence of transfer of the note to Claimant
- any evidence Claimant possesses the original note
- any evidence of possession
- any pre-petition recorded assignment of the note
- any additional documentation sufficient to establish that it is a person entitled to enforce the promissory note.

Accordingly, the Claimant has not established standing and the claim should be disallowed.

## LEGAL STANDARD

12. A proof of claim is deemed allowed unless objected to under 11 U.S.C. § 502(a).

13. Upon objection, the Court must determine the amount and validity of the claim under 11 U.S.C. § 502(b).

14. A claim based on a note is enforceable only by a party entitled to enforce the instrument under applicable law.  11 U.S.C. § 502(b)(1).

15. Under both Maryland and Washington, DC law, only a holder or person entitled to enforce a negotiable instrument may enforce it. Md. Code, Com. Law § 3-301; D.C. Code § 28:3-301

16. A deed of trust follows the note; transfer of the deed alone does not transfer the right to enforce the debt.

## GROUNDS FOR OBJECTION

### A. Claimant Has Not Proven It Owns or Holds the Note

17. The Claimant bears the burden of proving entitlement to enforce the note once the Debtor objects.

18. The Proof of Claim filed by Claimant attaches a copy of the original note, which is payable to another entity.

19. The note contains no endorsement to Claimant.

20. The claim attaches assignments of the deed of trust, upon which the Claimant relies.

21. However, an assignment of a deed of trust without transfer of the note is insufficient to confer enforcement rights.

22. Without proof of possession or endorsement, Claimant is not a holder and has not established standing to enforce the note and underlying obligation or file the Claim, under applicable law.

23. As a result, the Claimant has not established a legally enforceable claim against the Debtor or property of the estate.

24. Accordingly, the Claim is not entitled to allowance under 11 U.S.C. § 502(b)(1). and must be disallowed.

### B. Failure to Establish Prima Facie Validity

25. Under Fed. R. Bankr. P. 3001(c), a claim based on a writing must include the writing.

26. Under Rule 3001(f), a claim receives prima facie validity only if properly documented.

27. Because Claimant has not shown it is entitled to enforce the note, the claim lacks prima facie validity.

### C. Claim Is Unenforceable Under § 502(b)(1)

28. A claim unenforceable under non-bankruptcy law must be disallowed.

29. Because Claimant has not demonstrated it is entitled to enforce the note, the claim is unenforceable against the Debtor and/or its property.

### D. Request for Rule 3001(c)(2)(D) Relief

30. Where documentation is missing, the Court may:

    - preclude evidence
    - award fees
    - impose sanctions

    The Debtor requests such relief.

WHEREFORE, the Debtor hereby respectfully requests that this Honorable Court:

A. Disallow Proof of Claim No. 2 in its entirety

B. Set an evidentiary hearing;

C. Require production of the original note;

D. Award Rule 3001(c)(2)(D) Relief; and

E. Grant such other and further relief as justice requires.

Respectfully submitted,

Date: February 26, 2026

/s/ Deirdre T. Johnson, Esq

Deirdre T. Johnson, Esq
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD  20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for the Debtor*