IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in response to the Debtor's Objection to Proof of Claim No. 2 (the "Objection"), DE #116, filed by 5410 30th Street DC LLC (the "Debtor"), and in support thereof states as follows:

The Debtor has objected to the claim (the "Claim"), Claims Register #2-1, of IBI Falcon, on the theories that IBI Falcon "has not established a legally enforceable claim against the Debtor or property of the estate," Objection DE #116, at ¶ 23, and that "[w]ithout proof of possession or endorsement, [IBI Falcon] is not a holder and has not established standing to enforce the note and underlying obligation or file the Claim," *id.* at ¶ 22. It does not appear the Debtor denies having borrowed a large amount of money. Nor does it appear the Debtor is suggesting anyone other than IBI Falcon is the actual holder of the at-issue promissory note. But, for reasons that are at-best suspect, the Debtor—without having first so much as asked IBI Falcon for such—has deemed fit to file an objection to the Claim on the basis that no allonge(s) are appended thereto. This is unfortunately reminiscent of a tactic favored by consumer mortgage debtors during the fiscal crisis of the late aughts.

A short time ago, the Claim was amended to include both allonges. *See* Claims Register 2-2. The amendment also attaches the same assignments of the deed of trust (securing promissory

1

note) as were affixed to the original Claim, as well as a copy of the promissory note and a payoff statement itemizing the debt as of the petition date.

While it does not appear the Debtor had any meritorious basis to challenge IBI Falcon's ownership of the subject debt (especially when the Debtor has not suggested some other person or entity is entitled to collect on the claim), it is hoped the amendment will quell any putative concerns. The amendment also renders the Objection moot. *See, e.g.*, *In re Edwards*, 2013 Bankr. LEXIS 3762, at *11 (Bankr. W.D. Mo. Sep. 10, 2013) (". . . typically, the filing of an amended claim after an objection moots the original objection."); *In re Milano*, 2012 Bankr. LEXIS 2464, at *17 (Bankr. N.D. Ohio May 31, 2012) ("Upon review of the record, it appears that CIT filed an amended claim, designated 8-4, on February 21, 2012, thereby rendering the objection to claim 8-3 moot.").

IBI Falcon remains deeply concerned by the manner in which the Debtor has continued to use this case not as a platform to pursue any meaningful reorganization but, rather, as an opportunity to use factually and/or legally spurious theories to attack a secured creditor. As noted in separate filings, the Debtor's estate is currently incurring an ongoing loss and diminution, DE #95 at § II, while the Debtor has concealed from this Honorable Court that its singular asset is being marketed at an every-dropping price well lower than what is scheduled on the docket, DE #122 at § II(b). The Objection seems regrettably in line with the Debtor's generalized conduct in this case. And while the Objection is now moot, IBI Falcon does believe the filing relevant to disposition of a pending motion to convert, DE #95.

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) overrule the Objection as moot; (ii) in the alternative, overrule the Objection on the merits; and (iii) afford such other and further relief as may be just and proper.

2

Respectfully submitted,

Dated: March 28, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3