IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | |
| | |
| 5410 30th Street DC, LLC, | Case No.: 25-19605 |
| | |
| Debtor | Chapter 11 |
| | |

**DEBTOR'S MOTION FOR LEAVE TO CONDUCT TARGETED DISCOVERY IN CONNECTION WITH OBJECTION TO AMENDED PROOF OF CLAIM NO. 2**

5410 30th Street DC LLC (the "Debtor"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 9014, 7026, 7030, 7033, and 7034, and Fed. R. Civ. P. 26, 30, 33, and 34 (as incorporated by reference in the Federal Rules of Bankruptcy Procedure), respectfully moves this Court for leave to conduct targeted discovery in connection with the Debtor's Objection to Amended Proof of Claim No. 2 (the "Objection") filed by IBI Falcon US LLC ("IBI Falcon"), and in support thereof states:

**I. INTRODUCTION AND NATURE OF RELIEF REQUESTED**

1. The Debtor's Objection to Amended Proof of Claim No. 2 raises substantial questions about whether IBI Falcon holds a valid, enforceable, and perfected claim against the Debtor's estate. These questions include: whether the allonges purporting to endorse the Note were actually executed before the Petition Date; whether Nolan Helline had corporate authority to sign the First Allonge and First Assignment; whether the power of attorney authorizing Gingo Palumbo Law Group was validly executed and timely recorded; whether any written extension or forbearance agreements exist; and whether physical possession of the original

Note has ever been in IBI Falcon's hands. None of these questions can be resolved from the face of the documents attached to the Amended Claim—they require production of underlying business records, communications, and the original Note itself.

2. Contested matters under Fed. R. Bankr. P. 9014 do not automatically invoke discovery rights. The Debtor accordingly seeks leave of this Court to conduct the targeted, limited discovery described herein, directed at the specific factual questions that are outcome-determinative of the Objection. The Debtor submits that good cause for this discovery is established by the substantial legal and factual deficiencies in the Amended Claim, including the threshold deficiency that the allonges—the instruments that would establish IBI Falcon's status as holder—bear only an "effective date" rather than an actual execution date, and were produced for the first time more than seventeen months after that stated effective date, only after the Debtor filed its original objection.

## II. LEGAL STANDARD

3. In contested matters arising under Fed. R. Bankr. P. 9014, the Court may, at its discretion, authorize discovery under the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9014(c).

4. Courts routinely authorize limited, targeted discovery in claim objection proceedings where the objecting party raises genuine factual disputes about the validity or amount of the claim that cannot be resolved from the face of the documentary record.

5. Good cause for discovery exists where the objecting party identifies specific factual questions that are material to the outcome and that cannot be answered without access to information in the claimant's possession.

6. Here, the Debtor identifies specific, narrow factual questions—each of which is material to whether the Amended Claim is allowable—that can be answered only through discovery of records in IBI Falcon's, FTF Lending's, IBI SBL Investment LP's, and Gingo Palumbo Law Group's possession. Good cause is amply established.

### III. SPECIFIC DISCOVERY REQUIRED AND GOOD CAUSE THEREFOR

#### A. Physical Production of the Original Note with All Purported Allonges

7. The threshold question in any holder-status analysis under UCC § 3-301 is whether the claimant is in physical possession of the original instrument, indorsed in blank or to bearer, or otherwise entitled to enforce it. IBI Falcon has filed copies of the Note and allonges but has not demonstrated physical possession of the originals. Under In re Veal, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011), the holder must demonstrate possession of the original instrument with an effective endorsement.

8. The Debtor has demonstrated good cause: The allonges were submitted as separate exhibits, not as pages integrated into the Note document. The original Note—eleven pages, ending with a signature page containing blank space—should bear any affixed allonge as a physically attached page.

9. Production of the original Note will allow this Court to determine: (i) whether the allonges are physically attached to the Note; (ii) whether any wet-ink endorsement appears on the Note itself; and (iii) whether the physical condition of the allonges is consistent with long-term attachment to the Note or suggests recent preparation.

#### B. Corporate Authorization for Nolan Helline

10.  The First Allonge and First Assignment of Deed of Trust were signed by Nolan Helline, identified as "Authorized Agent and Signatory" and "Capital Markets Financial Analyst" for FTF Lending, LLC. The Debtor has challenged Helline's authority to bind FTF Lending to an endorsement and assignment of a $2,222,000.00 instrument. FTF Lending has produced no corporate resolution, power of attorney, officer certification, or other document establishing Helline's actual or apparent authority.

11. The Debtor has demonstrated good cause: Without documentation of Helline's authority, the First Allonge is ineffective under UCC § 3-403 (D.C. Code § 28:3-403). This is not a technicality—it is the difference between IBI Falcon being a holder (with a valid claim) and not being a holder (with no enforceable claim). The Debtor is entitled to discover what authority, if any, was granted to Helline by FTF Lending's governing body.

## C. The Power of Attorney Authorizing Gingo Palumbo Law Group

12. The Second Allonge and Second Assignment were signed by Anthony J. Gingo of Gingo Palumbo Law Group LLC as Attorney-in-Fact for IBI SBL Investment LP. The Debtor has identified that: (i) the POA was not recorded until October 6, 2025—89 days after the Second Assignment was recorded on July 9, 2025; and (ii) the Second Assignment does not cross-reference the POA. The full text of the POA, its scope, the conditions of its effectiveness, and any limitations on Gingo's authority have not been produced.

13. The Debtor has demonstrated good cause: D.C. Code § 21-2603.03 requires the POA to be recorded with or before the instrument it authorizes. Compliance with this requirement is a condition precedent to the validity of the Second Assignment. The Debtor requires the full POA, all amendments, and all related authorizations to assess whether IBI SBL's grant

of authority to Gingo Palumbo was valid, timely, and sufficient to authorize the specific transactions at issue.

D. Metadata and Communications Regarding the Preparation and Execution of the Allonges

14.  As detailed in the Objection, both allonges bear only an "effective date" and no actual execution date. This is highly unusual—virtually every other instrument in the transaction record specifies both an effective date and a date of execution. The First Allonge was supposedly effective March 6, 2024, yet was not produced until March 28, 2026—more than two years later, and only after the Debtor filed its objection. The Second Allonge was supposedly effective June 30, 2025, but likewise was not produced with the original Proof of Claim.

15. The Debtor has demonstrated good cause: The date on which the allonges were actually signed is outcome-determinative. If the allonges were signed after October 14, 2025, IBI Falcon was not a holder at the Petition Date and the transfer constitutes an avoidable post-petition transaction under 11 U.S.C. § 549. The Debtor requests: (i) all electronic metadata associated with the preparation of the allonge documents (including document creation dates, modification dates, and authorship information); (ii) all communications between IBI Falcon, IBI SBL, FTF Lending, and Gingo Palumbo Law Group regarding the preparation, execution, and delivery of the allonges; and (iii) all communications with any notary or witness present at the signing of the allonges, if any.

E. Written Extension and Forbearance Agreements

16. The Amended Claim includes an extension fee of $22,220.00 through June 30, 2025, a forbearance fee of $44,440.00, and a second extension fee of $22,220.00 through

September 30, 2025. Section 3.5 of the Note requires written notice from the Borrower at least seven (7) business days before any Extension Term, with no ongoing Event of Default. No forbearance agreement is provided in the Note. No written extension elections or forbearance agreements have been produced with the Amended Claim.

17. The Debtor has demonstrated good cause: The fees are not allowable under 11 U.S.C. § 506(b) unless they are provided for in a valid agreement and are reasonable. The Debtor is entitled to discover whether any written extension elections or forbearance agreements exist, who signed them, on what dates, and whether those signatures were authorized by the then-current noteholder.

## F. Evidence of Consideration for Each Transfer

18. The allonges recite that the endorsements are made "without recourse and without representation or warranty." The assignments of deed of trust similarly recite transfer "for value received" without specifying the consideration. To assess whether each transfer was a bona fide arms-length transaction—relevant to whether the transfers were legitimate or were structured to manufacture a chain of title—the Debtor requires documentation of the actual consideration paid for each transfer.

19. The Debtor has demonstrated good cause:  If the transfers were made without consideration, or for nominal consideration, they may be subject to challenge as fraudulent transfers under 11 U.S.C. § 548, or as part of a scheme to create an artificial chain of title. The identity and amount of consideration is a matter uniquely within the knowledge of the transferring parties.

### IV. PROPOSED SCOPE AND SCHEDULE

20.    The Debtor proposes the following targeted, limited discovery:

   a.    Document Requests to IBI Falcon US LLC: Production of (i) the original Note with all purported allonges physically attached; (ii) all corporate authorizations for Nolan Helline; (iii) the complete POA for Gingo Palumbo Law Group LLC; (iv) all written extension elections and forbearance agreements; (v) all records of consideration paid for each transfer; (vi) all communications related to the preparation, execution, and delivery of the allonges; and (vii) all electronic document metadata for the allonge files.

   b.    Document Requests to FTF Lending, LLC: Production of (i) all corporate resolutions, officer certifications, or other authorizations granted to Nolan Helline; (ii) all communications regarding the First Allonge and First Assignment; and (iii) all records of consideration received for the transfer to IBI SBL Investment LP.

   c.    Document Requests to IBI SBL Investment LP: Production of (i) all records of consideration paid and received for the transfer from FTF Lending and the subsequent transfer to IBI Falcon; (ii) all communications related to the Second Allonge; and (iii) the complete POA granted to Gingo Palumbo Law Group LLC and any related engagement agreement.

   d.    Document Requests to Gingo Palumbo Law Group LLC: Production of (i) the complete POA from IBI SBL Investment LP; (ii) all communications regarding the preparation and execution of the Second Allonge and Second Assignment; (iii) electronic metadata for the allonge documents; and (iv) any communications regarding the recording of the POA in the DC Land Records.

e. Deposition of Michael J. Palumbo: Limited deposition regarding (i) the October 16, 2025 email to the Debtor; (ii) Palumbo's knowledge of the Debtor's bankruptcy filing as of that date; (iii) the authority under which Palumbo signed the post-petition Affidavit of Foreclosure and Appointment of Substitute Trustee; and (iv) the preparation and execution of the allonges.

20. The Debtor proposes a discovery period of sixty (60) days from the date of this Court's order, with a further status conference at the close of discovery to establish a briefing schedule for the Objection.

## V. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Honorable Court enter an order:

A. Granting the Debtor leave to conduct targeted discovery in connection with its Objection to Amended Proof of Claim No. 2, as described herein;

B. Requiring IBI Falcon US LLC, FTF Lending LLC, IBI SBL Investment LP, and Gingo Palumbo Law Group LLC to respond to document requests within thirty (30) days of service;

C. Permitting the Debtor to depose Michael J. Palumbo within the sixty-day discovery period;

D. Requiring IBI Falcon to produce the original Note with all purported allonges physically attached for in-person inspection by the Debtor's counsel and, if requested, by this Court, within twenty-one (21) days of this Court's order;

E.   Scheduling a status conference upon the close of discovery to establish a briefing and hearing schedule for the Objection; and

F.   Granting such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 15, 2026

By: /s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for Debtor, 5410 30th Street DC LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2026, a copy of the foregoing Motion to Strike was served electronically via the Court's ECF system upon all parties registered to receive notice, including:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV).

/s/ Deirdre T. Johnson, Esq.