IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                          |
                                                |
5410 30th Street DC, LLC,                       |        Case No.: 25-19605
                                                |
    Debtor                                      |        Chapter 11
                                                |

**PROPOSED ORDER GRANTING DEBTOR'S MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATION AND DISCOVERY FROM IBI FALCON US LLC, IBI SBL INVESTMENT LP, AND GINGO PALUMBO LAW GROUP LLC**

THIS MATTER having come before the Court upon the Debtor's Motion for Leave to Conduct Rule 2004 Examination and Discovery from IBI Falcon US LLC, IBI SBL Investment LP, and Gingo Palumbo Law Group LLC (the "Motion"); the Court having reviewed the Motion and all pleadings, papers, and arguments of counsel; notice having been proper; and the Court finding good cause exists for the requested discovery in connection with the Debtor's pending Objection to Amended Proof of Claim No. 2, the Court hereby finds as follows:

1. The Motion is GRANTED as set forth herein.

A. Document Production — IBI Falcon US LLC

IBI Falcon US LLC shall produce the following documents to counsel for the Debtor within thirty (30) days of the date of this Order:

A. The original Promissory Note dated May 3, 2023 in the principal amount of $2,222,000.00 (the "Note"), together with all documents physically attached thereto, for inspection and examination at a location mutually agreed upon by counsel, or, if the parties cannot agree, at the offices of Debtor's counsel.

B. All allonges, endorsements, or other instruments of transfer physically affixed or attached to the original Note, including photographs or certified copies showing the physical attachment of any allonge to the Note.

C. All communications—including emails, letters, text messages, memoranda, and wire instructions—relating to the preparation, execution, delivery, and physical attachment of the First Allonge (bearing effective date March 6, 2024) and the Second Allonge (bearing effective date June 30, 2025), including all documents identifying the actual date on which each allonge was signed.

D. All documents establishing the chain of physical custody of the original Note from May 3, 2023 through the present, including any records of physical transfer or delivery of the Note from one party to another.

E. All corporate organizational documents for IBI Falcon US LLC, including its certificate of formation, operating agreement, and all documents identifying its members, managers, and authorized signatories.

F. All documents establishing the corporate relationship among IBI Falcon US LLC, IBI SBL Investment LP, and IBI Falcon High Yield, LP, including any common ownership, shared management, or intercompany agreements.

G. All written forbearance agreements relating to the Note or the Deed of Trust executed at any time by any party.

H. All written extension agreements relating to the Note, including all agreements purporting to extend the maturity date beyond June 1, 2024, together with all documents establishing the authority of the signatory to execute each such agreement.

I. All communications between IBI Falcon, IBI SBL Investment LP, Gingo Palumbo Law Group LLC, and any other representative from October 14, 2025 through November 30, 2025 relating to this bankruptcy case, the Debtor, or the Property located at 5631 MacArthur Boulevard NW, Washington, D.C. 20016.

J. All documents establishing Michael J. Palumbo's authority to execute the Affidavit of Non-Residential Mortgage Foreclosure (Doc. No. 2025110562) and the Deed of Appointment of Substitute Trustee (Doc. No. 2025112580) on behalf of IBI Falcon US LLC, including any corporate resolution or authorization.

K. All wire transfer records, ledgers, and payment histories reflecting all payments received on the Note from May 3, 2023 through the Petition Date, together with the complete unredacted payoff statement dated October 12, 2025 and all documents explaining the direction of payment to IBI Falcon High Yield, LP.

B. Document Production — IBI SBL Investment LP

IBI SBL Investment LP shall produce the following documents to counsel for the Debtor within thirty (30) days of the date of this Order:

L. All corporate organizational documents for IBI SBL Investment LP, including its limited partnership agreement and all documents identifying its general partner(s), limited partners, and authorized signatories.

M. The original executed power of attorney granted by IBI SBL Investment LP to Gingo Palumbo Law Group LLC, including all exhibits, acknowledgments, and acceptance documents, together with all communications relating to its preparation, execution, and scope.

N. All documents establishing the date on which the power of attorney was accepted by Gingo Palumbo Law Group LLC and became operative, and all communications between IBI SBL and Gingo Palumbo relating to the exercise of the power of attorney in connection with the Second Assignment of Deed of Trust.

O. The loan extension agreement purportedly executed by IBI SBL Investment LP on or about July 10, 2025, extending the Note's maturity date to September 30, 2025, together with all documents establishing the authority of the signatory to execute that agreement following IBI SBL's alleged transfer of the Note to IBI Falcon on June 30, 2025.

C. Document Production — Gingo Palumbo Law Group LLC

Gingo Palumbo Law Group LLC shall produce the following documents to counsel for the Debtor within thirty (30) days of the date of this Order:

P. The original executed power of attorney granted by IBI SBL Investment LP to Gingo Palumbo Law Group LLC, together with all notarization documents, certificates of acceptance, and all correspondence regarding its scope.

Q. All documents reflecting Anthony J. Gingo's authority to execute the Second Assignment of Deed of Trust on July 8, 2025 on behalf of IBI SBL Investment LP as of that date, including the operative power of attorney and any written authorization specific to that transaction.

R. All communications from October 14, 2025 through November 30, 2025 relating to this bankruptcy case, the Debtor, or the Property at 5631 MacArthur Boulevard NW, including but not limited to the email sent by Michael J. Palumbo to Zanetta M. Williams on October 16, 2025, and all related correspondence and attachments.

S. All documents establishing the dual roles of Michael J. Palumbo and Anthony J. Gingo as both Gingo Palumbo Law Group LLC principals and agents or representatives of IBI Falcon US LLC and/or IBI SBL Investment LP, including any engagement letters or retainer agreements.

D. Rule 2004 Oral Examinations

The following individuals are hereby authorized to be examined pursuant to Fed. R. Bankr. P. 2004, at times and locations to be noticed by counsel for the Debtor, no later than sixty (60) days from the date of this Order:

2. Nolan Helline, regarding his authority to execute the First Allonge and First Assignment of Deed of Trust on behalf of FTF Lending, LLC, the circumstances and actual date of execution of those instruments, and the chain of physical custody of the Note.

3. Anthony J. Gingo, regarding the scope and timing of the power of attorney, the actual date of execution of the Second Allonge, the circumstances of the Second Assignment's recording 89 days before the POA was of public record, and his knowledge of the bankruptcy case.

4. Michael J. Palumbo, regarding his authority to act for IBI Falcon, his knowledge of the bankruptcy as of October 16, 2025, the circumstances of the November 2025 foreclosure filings, and his dual roles as Gingo Palumbo principal and IBI Falcon representative.

5. A designated representative of IBI Falcon US LLC with personal knowledge of its corporate structure, capitalization, membership, and relationship to IBI SBL Investment LP and IBI Falcon High Yield, LP.

E. Inspection of Original Note

IBI Falcon US LLC shall make the original Promissory Note available for physical inspection and examination by the Debtor's counsel and any designated expert within fourteen (14) days of the date of this Order. The inspection shall include examination of: (a) whether any allonge is physically attached to the Note; (b) the manner and means of any such attachment; (c) the condition of the Note; and (d) any endorsements appearing on the face of the Note. If IBI Falcon is unable to produce the original Note within fourteen (14) days, it shall so advise the Court and counsel for the Debtor in writing, and the Court will schedule a status conference to address the failure to produce.

6. The Debtor is granted leave to file a supplemental brief in support of its Objection to Amended Proof of Claim No. 2 within thirty (30) days following the completion of all document production and oral examinations authorized herein.

7. The examination subjects shall bear their own costs of compliance with this Order. The Court reserves the right to award reasonable costs and attorneys' fees to the Debtor if any examination subject fails to comply with this Order.

8. Nothing in this Order shall be construed to limit the Debtor's right to seek additional discovery upon a showing of good cause.

Copies: All Counsel of Record

* * * END OF ORDER * * *