IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:

5410 30th Street DC, LLC,                 Case No.: 25-19605

    Debtor                           Chapter 11

---

### DEBTOR'S MOTION TO STRIKE PREJUDICIAL AND INFLAMMATORY CHARACTERIZATIONS FROM IBI FALCON'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM (DE #126)

5410 30th Street DC LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Bankr. P. 9014, Fed. R. Civ. P. 12(f) (as incorporated), and the inherent authority of this Court to regulate proceedings before it, to strike certain prejudicial, inflammatory, and irrelevant characterizations contained in the Response to Debtor's Objection to Proof of Claim No. 2 (DE #126) filed by IBI Falcon US LLC ("IBI Falcon"), and in support thereof states as follows:

### I. INTRODUCTION

1. The Debtor filed a facially meritorious objection to IBI Falcon's Proof of Claim pursuant to 11 U.S.C. § 502(a) and Fed. R. Bankr. P. 3007—a right expressly preserved by the Bankruptcy Code for any "party in interest."

2. In response, IBI Falcon chose not to limit its filing to substantive legal arguments. Instead, IBI Falcon's Response (DE #126) is replete with inflammatory rhetoric designed not to address the legal merits of the objection, but to prejudice this Court against the Debtor in a

collateral proceeding—specifically, IBI Falcon's pending motion to convert this case to Chapter 7 (DE #95).

3. Such language has no place in a proof of claim response, serves no legitimate purpose, and should be stricken.

## II. THE SPECIFIC LANGUAGE TO BE STRICKEN

4. The following statements from IBI Falcon's Response (DE #126) are the subject of this Motion:

    a. "This is unfortunately reminiscent of a tactic favored by consumer mortgage debtors during the fiscal crisis of the late aughts." DE #126, at p. 1. This characterization is pejorative, historically inflammatory, and legally irrelevant. It invites the Court to view the Debtor's legitimate statutory objection through the lens of a financial crisis-era tactic associated with bad-faith litigation—a framing that is unsupported by any evidence and is designed solely to prejudice the Court.

    b. "[T]he Debtor—without having first so much as asked IBI Falcon for such—has deemed fit to file an objection to the Claim on the basis that no allonge(s) are appended thereto." Id. This statement implies that the Debtor was obligated to privately request missing documentation from a creditor before exercising its statutory right to object to a facially deficient proof of claim. No such requirement exists. FRBP 3001 places the burden of compliance squarely on the claimant.

    c. "IBI Falcon remains deeply concerned by the manner in which the Debtor has continued to use this case not as a platform to pursue any meaningful reorganization but, rather, as an opportunity to use factually and/or legally spurious theories to

attack a secured creditor." DE #126, at p. 2. This statement characterizes the Debtor's legal arguments—which raise documented deficiencies in IBI Falcon's chain of title under D.C. law and the UCC—as "spurious," and impugns the Debtor's good faith participation in its own bankruptcy case.

d. "[T]he Debtor has concealed from this Honorable Court that its singular asset is being marketed at an ever-dropping price well lower than what is scheduled on the docket." Id. This is a factual allegation unrelated to the allowability of the Amended Claim that appears designed to influence the Court's disposition of a separate pending motion to convert (DE #95), which IBI Falcon filed. It is improper to embed argument in support of a collateral motion within a claim objection response.

e. "The Objection seems regrettably in line with the Debtor's generalized conduct in this case." Id. This catch-all characterization invites the Court to view any legal position taken by the Debtor with suspicion, based not on the merits of the positions but on a broad and unsupported accusation of bad conduct. It is precisely the type of language that Fed. R. Civ. P. 12(f) is designed to address.

### III. LEGAL STANDARD

5. Federal Rule of Civil Procedure 12(f), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012 and applicable to contested matters by FRBP 9014, provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

6. Courts have exercised this authority to strike language from bankruptcy pleadings that is designed to prejudice a party rather than to advance the merits of a legal argument. See In

re Remsen (9th Cir. BAP 2023) (striking inflammatory and prejudicial language from bankruptcy filings); Federal Rule of Bankruptcy Procedure 7012(f) (incorporating Federal Rule of Civil Procedure 12(f)); 11 U.S.C. § 105(a).

7. In addition, this Court possesses inherent authority to regulate the conduct of proceedings before it and to ensure that pleadings comport with standards of professional conduct and do not serve as vehicles for prejudicial advocacy untethered to the legal issues presented. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991).

## IV. ARGUMENT

### A. The Debtor's Objection Was a Legitimate Exercise of a Statutory Right

8. The right to object to a proof of claim is expressly conferred by 11 U.S.C. § 502(a) and Fed. R. Bankr. P. 3007.

9. Congress has determined that any "party in interest" may object to a claim, and that upon such objection the Court shall determine the claim's allowability. This statutory scheme exists precisely because creditors do not always file valid claims.

10. The Debtor's objection raised documented concerns about IBI Falcon's compliance with Fed. R. Bankr. P. 3001 and with the substantive requirements of D.C. law and the UCC.

11. Whether or not those objections ultimately prevail, they were filed in good faith and with a legally cognizable basis.

B. The Inflammatory Language Serves No Purpose Other Than Prejudice

12.  The characterization of the Debtor's objection as "reminiscent of a tactic favored by consumer mortgage debtors during the fiscal crisis of the late aughts" is not a legal argument. It is an appeal to association—inviting the Court to view the Debtor's filing as part of a historical pattern of bad-faith litigation without offering a single piece of evidence that the Debtor's objection was filed in bad faith.

13.  The statement is inflammatory, irrelevant to the allowability of the Amended Claim, and precisely the type of "scandalous matter" contemplated by Rule 12(f).

14.  Similarly, the description of the Debtor's legal arguments as "factually and/or legally spurious" is not substantive rebuttal—it is name-calling. IBI Falcon had ample space in its Response to refute the Debtor's legal arguments on their merits. Instead, it chose to characterize them pejoratively while providing minimal substantive analysis. This approach substitutes invective for argument and should not be permitted to stand in the record.

C. The Collateral Accusations Are Being Used to Influence a Separate Proceeding

15.  Most troublingly, the statements regarding the Debtor's alleged concealment of marketing activity and the Debtor's purported failure to pursue meaningful reorganization are not addressed to the legal issues raised in the claim objection. They are addressed to the merits of IBI Falcon's pending motion to convert this case to Chapter 7 (DE #95).

16.  IBI Falcon has essentially used its response to a routine contested matter as a vehicle to make prejudicial arguments in support of a separate, pending motion—arguments that belong, if anywhere, in briefing on that motion.

17. This Court should not permit a creditor to use a proof of claim response as a platform to relitigate or prejudge other contested matters.

18. The Debtor is entitled to have its claim objection adjudicated on its merits, without the Court being invited to simultaneously consider the Debtor's conduct in the case more broadly.

19. The at-issue language should be stricken to preserve the integrity of both proceedings.

### D. The Debtor Should Not Be Penalized for Exercising Its Statutory Rights

20. Perhaps most fundamentally, permitting IBI Falcon's language to stand in the record without objection would effectively chill the exercise of rights expressly conferred by the Bankruptcy Code. If a debtor-in-possession may be publicly maligned in court filings for filing a facially valid claim objection, and if those maligning characterizations are permitted to color collateral proceedings, debtors will face an implicit disincentive to exercise their statutory rights of objection. This outcome would undermine the integrity of the claims allowance process and should be rejected.

## V. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order:

A. Striking the following language from IBI Falcon's Response (DE #126): (a) the comparison to consumer mortgage debtors during the fiscal crisis (p. 1); (b) the characterization of the Debtor's arguments as 'factually and/or legally spurious' (p. 2); (c) the accusation that the Debtor has 'concealed' marketing information from the Court (p. 2); (d) the statement that

the objection is 'in line with the Debtor's generalized conduct in this case' (p. 2); and (e) all other language from DE #126 that is immaterial, impertinent, or scandalous as defined by Fed. R. Civ. P. 12(f);

B.  Directing that none of the stricken language shall be considered by this Court in adjudicating the Debtor's claim objection or any other pending matter in this case, including the motion to convert (DE #95);

C.  Cautioning IBI Falcon and its counsel that future filings must comport with the standards of professional conduct required by the Court and by FRBP 9011; and

D.  Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: April 15, 2026

By: /s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385 | dtjesq@dtjohnsonlaw.com
*Counsel for Debtor, 5410 30th Street DC LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2026, a copy of the foregoing Motion to Strike was served electronically via the Court's ECF system upon all parties registered to receive notice, including:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV).

/s/ Deirdre T. Johnson, Esq.