IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                              |
                                                    |
5410 30th Street DC, LLC,                           |          Case No.: 25-19605
                                                    |
         Debtor                                     |          Chapter 11
                                                    |

---

PROPOSED ORDER GRANTING DEBTOR'S MOTION TO STRIKE PREJUDICIAL AND
INFLAMMATORY CHARACTERIZATIONS FROM IBI FALCON'S RESPONSE TO
DEBTOR'S OBJECTION (DE #126)

THIS MATTER having come before the Court upon the Debtor's Motion to Strike
Prejudicial and Inflammatory Characterizations from IBI Falcon's Response to Debtor's Objection
to Proof of Claim No. 2 (DE #126) (the "Motion to Strike"); the Court having reviewed the Motion
to Strike, IBI Falcon's Response (DE #126), and all pleadings, papers, and arguments of counsel;
notice having been proper; and good cause appearing therefor, the Court hereby finds as follows:

1. The Debtor's right to object to a proof of claim is expressly conferred by 11 U.S.C. § 502(a)
   and Fed. R. Bankr. P. 3007, and is a legitimate and protected exercise of the Debtor's
   statutory rights.

2. IBI Falcon's Response (DE #126) contains characterizations of the Debtor's objection that
   are inflammatory, impertinent, and not relevant to the allowability of the Amended Claim,

including but not limited to: (a) the comparison of the Debtor's objection to "a tactic favored by consumer mortgage debtors during the fiscal crisis of the late aughts"; (b) the characterization of the Debtor's legal arguments as "factually and/or legally spurious"; (c) collateral accusations regarding the Debtor's alleged concealment of marketing activity; and (d) the characterization of the objection as "in line with the Debtor's generalized conduct in this case."

3. The foregoing characterizations constitute "immaterial, impertinent, or scandalous matter" within the meaning of Fed. R. Civ. P. 12(f), as incorporated by Fed. R. Bankr. P. 7012 and 9014.

4. The characterizations related to the Debtor's alleged marketing conduct appear designed to influence the Court's disposition of collateral proceedings, including IBI Falcon's pending motion to convert (DE #95), and are not properly part of a response to a claim objection.

It is, by the United States Bankruptcy Court for the District of Maryland, hereby ORDERED that:

5. The Debtor's Motion to Strike is GRANTED.

6. The following language is hereby STRICKEN from IBI Falcon's Response (DE #126): (a) the comparison to consumer mortgage debtor tactics from the financial crisis era (p. 1); (b) the characterization of the Debtor's arguments as "factually and/or legally spurious" (p. 2); (c) the statement that the Debtor has "concealed from this Honorable Court" information about marketing activity (p. 2); and (d) the statement that the Objection is "in line with the Debtor's generalized conduct in this case" (p. 2).

7. None of the stricken language shall be considered by this Court in adjudicating the Debtor's claim objection, any plan-related proceedings, the motion to convert (DE #95), or any other pending matter in this case.

8. IBI Falcon and its counsel are hereby cautioned that future filings in this case must comport with the standards of professional conduct required by this Court and by Fed. R. Bankr. P. 9011, and must be limited to arguments relevant to the matter before the Court.

9. The Debtor's right to seek further relief, including sanctions under Fed. R. Bankr. P. 9011, is expressly reserved.

Copies: All Counsel of Record

* * * END OF ORDER * * *