IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                                        |
                                                             |
5410 30th Street DC, LLC,                         |         Case No.: 25-19605
                                                             |
    Debtor                                                   |         Chapter 11
                                                             |

---

DEBTOR'S EMERGENCY MOTION FOR CONTINUANCE OF SELECTED HEARINGS
CURRENTLY SCHEDULED FOR APRIL 20, 2026, AND FOR AN ORDER DIRECTING
RULE 2004 DISCOVERY

    5410 30th Street DC LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Local Bankruptcy Rule 5071-1 and 11 U.S.C. § 105(a), for a continuance of certain matters currently scheduled for hearing on April 20, 2026, and for entry of an order directing Rule 2004 discovery as set forth in the Debtor's concurrently filed Motion for Leave to Conduct Rule 2004 Examination and Discovery (the "Discovery Motion"). In support thereof, the Debtor states as follows:

### I. INTRODUCTION AND RELIEF REQUESTED

1. Multiple matters are currently set for hearing on April 20, 2026 at 10:00 a.m. in Courtroom 3E before the Honorable Lori S. Simpson.

2. The Debtor files this emergency motion on April 15, 2026, five days before the scheduled hearings, because new filings made this week—including the Debtor's Objection to Amended Proof of Claim No. 2, the Debtor's Motion for Determination That IBI Falcon Is Not a Party in Interest, and the Debtor's Discovery Motion—materially affect whether and how several of the April 20 matters can properly proceed.

Specifically, the Debtor respectfully requests:

3. That the hearing on the Debtor's Disclosure Statement and Plan, currently set for April 20, 2026, be CONTINUED to a date following the completion of Rule 2004 discovery and the Court's ruling on the Debtor's Objection to Amended Proof of Claim No. 2 and Motion for Determination That IBI Falcon Is Not a Party in Interest;

4. That the hearing on IBI Falcon's Motion to Convert This Case to Chapter 7 (DE #95), currently set for April 20, 2026, be CONTINUED to the same rescheduled date—or, alternatively, be HELD IN ABEYANCE pending the Court's determination of IBI Falcon's

party-in-interest status, as IBI Falcon may lack standing to bring that motion under 11 U.S.C. § 1112(b);

5. That any hearing on IBI Falcon's objections to the Debtor's Disclosure Statement and Plan be CONTINUED to the same rescheduled date—or, alternatively, that IBI Falcon's objections be STRICKEN for lack of party-in-interest standing under 11 U.S.C. § 1125, pending determination of IBI Falcon's status;

6. That the Debtor's concurrently filed Motion for Leave to Conduct Rule 2004 Examination and Discovery be HEARD AND GRANTED on April 20, 2026, so that discovery may commence promptly and the above-listed matters may be rescheduled once discovery is complete; and

7. That the hearing on the Debtor's Motion to Enforce the Automatic Stay and for Sanctions (DE #60) PROCEED AS SCHEDULED on April 20, 2026 — the Debtor expressly does not seek a continuance of that matter.


## II. MATTERS SCHEDULED FOR APRIL 20, 2026

The following matters are currently calendared for April 20, 2026 at 10:00 a.m., as reflected in the Court's orders entered in this case:

8. Hearing on Debtor's Disclosure Statement and Plan (Doc. 114): The Court's Order and Notice for Hearing on Disclosure Statement (Doc. 114, entered February 26, 2026) scheduled the hearing on approval of the Disclosure Statement for April 20, 2026. The Debtor notes that it filed an Amended Plan and Disclosure Statement on April 14, 2026, which supersedes the February 10, 2026 filing that was the subject of the Court's February 26 Order. The April 20 hearing may therefore need to be rescheduled in any event to reset the objection deadline and service requirements applicable to the amended filing.

9. IBI Falcon's Motion to Convert to Chapter 7 (DE #95): The Court's Order Continuing Hearing on Motion for Sanctions and Conversion to Chapter 7 (Doc. 112, entered February 24, 2026) continued the hearing on IBI Falcon's motion to convert, which had been set for March 3, 2026, to April 20, 2026 at 10:00 a.m.

10. Motion to Enforce Automatic Stay and for Sanctions (DE #60): This matter was also continued to April 20, 2026. As stated above, the Debtor expressly requests that this hearing PROCEED on April 20, 2026. The automatic stay issues are independent of the claim objection and discovery, and the Debtor is prepared to proceed on the merits of DE #60 at the scheduled time.


## III. GROUNDS FOR CONTINUANCE

### A. IBI Falcon's Standing as a Party in Interest Is Actively Disputed and Must Be Determined Before Its Motions Are Heard

11. The Debtor has filed concurrently with this motion a Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest Pursuant to 11 U.S.C. §§ 101(5), 101(10), and 1109(b) (the "Standing Motion"). As set forth in that motion, the instruments through

which IBI Falcon purportedly acquired the promissory note and deed of trust underlying its claim—the allonges and assignments—are void or ineffective under D.C. law and the Uniform Commercial Code. If IBI Falcon holds no valid claim, it is not a "creditor" under 11 U.S.C. § 101(10) and not a "party in interest" under 11 U.S.C. § 1109(b).

12. This threshold standing question directly controls whether IBI Falcon's April 20 motions and objections may lawfully proceed:

   a. Motion to Convert (DE #95): 11 U.S.C. § 1112(b) authorizes conversion only "on request of a party in interest." If IBI Falcon is not a party in interest, it lacked standing to file DE #95 and that motion must be dismissed. Hearing it on the merits before standing is determined would be procedurally improper and would waste the Court's resources if the motion is ultimately dismissed for lack of standing.

   b. Objections to Disclosure Statement and Plan: 11 U.S.C. §§ 1125 and 1128 limit objections to disclosure statements and plan confirmation to parties in interest. If IBI Falcon is not a party in interest, its objections must be overruled without reaching the merits. Proceeding with a full-day disclosure statement and plan hearing featuring objections that may be legally nullified would be both inefficient and prejudicial to the Debtor.

13. The Debtor submits that judicial economy and fundamental fairness require that IBI Falcon's standing be determined before the Court expends significant resources hearing motions and objections that IBI Falcon may have no right to bring. A continuance to allow the Standing Motion to be briefed and decided will not prejudice IBI Falcon if it ultimately prevails on standing — and it will save the Court considerable time and effort if it does not.

### B. The Pending Claim Objection Must Be Resolved Before the Disclosure Statement Can Properly Be Approved

14. The Debtor has also filed concurrently its Objection to Amended Proof of Claim No. 2 (the "Claim Objection"). IBI Falcon's Amended Claim asserts a secured claim of $2,676,531.91—by far the largest claim in this case. The Debtor's proposed Plan of Reorganization necessarily treats this claim in a specific manner. However, the Claim Objection raises multiple independently sufficient grounds for disallowing the claim in its entirety, or reclassifying it as wholly unsecured, or materially reducing its allowed amount.

15. A Disclosure Statement cannot be approved as containing "adequate information" under 11 U.S.C. § 1125(a) if the single largest claim in the case—whose allowability, secured status, and amount are all actively disputed—has not been resolved. Creditors and other parties in interest cannot meaningfully evaluate a plan that treats a $2,676,531.91 secured claim when that claim may in fact be zero, unsecured, or a fraction of the asserted amount. Approving a Disclosure Statement on these facts would deprive creditors of the "adequate information" to which they are entitled and would create an untenable situation at plan confirmation if the claim is later disallowed or materially modified.

16. Moreover, the Debtor filed an Amended Plan and Disclosure Statement on April 14, 2026. The hearing on the original Disclosure Statement, set by the Court's February 26, 2026 Order, was noticed based on the February 10, 2026 filing. The Amended Plan and Disclosure Statement supersedes that filing. The April 20 hearing date is therefore procedurally premature with respect to the amended filing in any event, as the required seven-day distribution period and objection deadline of Fed. R. Bankr. P. 3017(a) have not yet run with respect to the amended filing.

## C. Rule 2004 Discovery Must Be Completed Before These Matters Can Be Properly Heard

17. The Debtor's Claim Objection establishes that IBI Falcon's allonges bear only "effective dates" and no execution dates, were not included in the original Proof of Claim, and were produced for the first time only after the Debtor objected. The Debtor's Discovery Motion seeks, among other things, production of the original promissory note for physical inspection and all documentation regarding the actual execution dates and chain of custody of the allonges. These are not peripheral discovery requests — they go to the core question of whether IBI Falcon was the holder of the Note as of the Petition Date and therefore whether it has any claim at all.

18. Until this discovery is completed, neither the Court nor the Debtor can properly assess: (a) whether IBI Falcon holds any valid claim; (b) if so, in what amount and with what priority; (c) how the plan should treat IBI Falcon; and (d) whether the Disclosure Statement contains adequate information about IBI Falcon's claim. The Debtor respectfully submits that all of the above matters—except the stay motion—should be continued until after discovery is complete and the Claim Objection has been resolved.

19. The Debtor further requests that this Court use the April 20 hearing as an opportunity to hear and grant the Discovery Motion, so that the Rule 2004 examination process can commence immediately and the rescheduled matters can be heard with a complete factual record.

## D. The Motion to Enforce the Automatic Stay Should Proceed as Scheduled

20. The Debtor expressly does not seek a continuance of the hearing on DE #60, the Motion to Enforce the Automatic Stay and for Sanctions. The automatic stay issues are factually and legally distinct from the claim objection and discovery matters. The post-petition foreclosure filings (the Affidavit of Non-Residential Mortgage Foreclosure recorded November 13, 2025, and the Deed of Appointment of Substitute Trustee recorded November 19, 2025) are undisputed matters of public record. The question of IBI Falcon's actual knowledge of the bankruptcy—which is now documented by IBI Falcon's own agent's October 16, 2025 email—is ripe for adjudication. The Debtor is fully prepared to proceed on DE #60 on April 20, 2026 and urges the Court to do so.

## IV. THIS MOTION IS TIMELY AND APPROPRIATE

21. This motion is filed on April 15, 2026, five days before the scheduled hearings. The urgency is occasioned by the fact that the Debtor's Claim Objection, Standing Motion,

Motion to Strike, and Discovery Motion were all filed on or about April 15, 2026, and those filings directly and materially affect the proceedings scheduled for April 20. The Debtor has not previously sought a continuance of the Disclosure Statement hearing. The Debtor did not seek the prior continuances of the Motion to Convert hearing (which were sought by IBI Falcon's counsel, as reflected in the Court's continuance orders). The requested continuance is not sought for delay but to ensure that the April 20 hearings are conducted with a complete factual and legal record, and that IBI Falcon's standing to participate in those proceedings has been properly established.

22. A continuance of approximately 60 to 90 days—to a date following completion of Rule 2004 discovery and the Court's ruling on the Claim Objection and Standing Motion— would be appropriate and would serve the interests of judicial economy and fairness to all creditors.

V. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order:

A. CONTINUING the hearing on the Debtor's Disclosure Statement and Plan (Doc. 114 and the Amended Plan and Disclosure Statement filed April 14, 2026) from April 20, 2026 to a date at least 90 days following completion of Rule 2004 discovery as authorized by the Court, or such other date as the Court deems appropriate;

B. CONTINUING the hearing on IBI Falcon's Motion to Convert This Case to Chapter 7 (DE #95) from April 20, 2026 to the same rescheduled date, or, in the alternative, HOLDING the motion to convert IN ABEYANCE pending the Court's determination of IBI Falcon's party-in-interest status;

C. CONTINUING any hearing on IBI Falcon's objections to the Debtor's Disclosure Statement and Plan from April 20, 2026 to the same rescheduled date, or, in the alternative, STRIKING IBI Falcon's objections for lack of party-in-interest standing pending determination of IBI Falcon's status;

D. SETTING the Debtor's Motion for Leave to Conduct Rule 2004 Examination and Discovery for HEARING on April 20, 2026, and GRANTING that motion at that hearing so that discovery may commence immediately;

E. ORDERING that the hearing on the Debtor's Motion to Enforce the Automatic Stay and for Sanctions (DE #60) PROCEED AS SCHEDULED on April 20, 2026 at 10:00 a.m.;

F. ORDERING a status conference approximately 90 days from the date of this Order to assess the progress of discovery, the status of the Claim Objection, and to set a rescheduled date for the continued matters; and

G. Granting such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: April 15, 2026

By: /s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385 | dtjesq@dtjohnsonlaw.com
*Counsel for Debtor, 5410 30th Street DC LLC*

## CERTIFICATE OF SERVICE

I, Deirdre T. Johnson, hereby certify that on this 15th day of April, 2026, I caused a true and correct copy of the foregoing Emergency Motion for Continuance of Selected Hearings and for an Order Directing Rule 2004 Discovery, together with the proposed form of order submitted herewith, to be served upon the following parties by the means indicated:

**Via the Court's ECF System (Electronic Service):**

Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV).

**Via USPS First-Class Mail (Non-ECF Parties):**

All creditors and parties in interest listed on the attached Debtor's creditor matrix,

I further certify that service was accomplished in compliance with the applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Maryland.

/s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.

Attn: Albeiro Medina
T&AA Construction, and Any / All Affiliates
11820 Parklawn Dr, Suite 380
Rockville, MD  20852


BHI Construction, and Any/All Affiliates
9342 Annapolis Rd
Lanham, MD  20706


City Concrete, and Any / All Affiliates
9284 Corp Circle
Manassas, VA 20110


DC Municipal Investments, LLC
c/o:  Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD  21030


DC Office of Tax & Revenue
Office of CFO
1101 4th St, SW
Washington, DC  20024


DC Water
1385 Canal St, SE
Washington, DC  20003


Fund That Flip
1300 E. 9th St, Suite 1310
Cleveland, OH  44114


IBI SBL Investment LP
IBI Falcon US, LLC
c/o Gingo Palumbo Law Group
Summit One

4700 Rockside Road #440
Independence, OH  44131

Kylie Properties, LLC
712 H St, NE #540
Washington, DC 20002

Maurice B. VerStandig
The VerStandig Law Firm
9812 Falls Rd, #114-160
Potomac, MD  20854

PEPCO
701 9th St, NW
Washington, DC  20068

Santorini Capital LLC, and Any/All Affiliates
Suite 200
2000 Massachusetts Ave, NW
Washington, DC 20036

Washington Gas
Attn:  Customer Care
6801 Industrial Rd
Springfield, VA  22151

Yonis Benitez
612 Oglethorpe St, NW
Washington, DC  20011