IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:

5410 30th Street DC, LLC,

Debtor

Case No.: 25-19605

Chapter 11

---

<u>PROPOSED ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
CONTINUANCE OF SELECTED HEARINGS CURRENTLY SCHEDULED FOR APRIL 20,
2026, AND DIRECTING RULE 2004 DISCOVERY</u>

THIS MATTER having come before the Court upon the Debtor's Emergency Motion for Continuance of Selected Hearings Currently Scheduled for April 20, 2026, and for an Order Directing Rule 2004 Discovery (the "Motion"); the Court having considered the Motion, all related pleadings and papers, and the arguments of counsel; the Court further having considered the Debtor's concurrently filed Motion for Leave to Conduct Rule 2004 Examination and Discovery, Objection to Amended Proof of Claim No. 2, and Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest; notice having been proper; and good cause appearing therefor, the Court hereby finds as follows:

1. Multiple matters are currently scheduled for hearing on April 20, 2026 at 10:00 a.m. in Courtroom 3E, including: (a) the hearing on approval of the Debtor's Disclosure Statement and Plan; (b) IBI Falcon's Motion to Convert This Case to Chapter 7 (DE #95); (c) IBI Falcon's objections to the Debtor's Disclosure Statement and Plan; and (d) the Debtor's Motion to Enforce the Automatic Stay and for Sanctions (DE #60).

2. The Debtor has filed a meritorious Objection to Amended Proof of Claim No. 2, which raises multiple independently sufficient grounds for disallowing IBI Falcon's $2,676,531.91 claim in its entirety. The resolution of the Claim Objection is necessary to determine the treatment of the largest claim in this case and to provide creditors with the

"adequate information" required for approval of a Disclosure Statement under 11 U.S.C. § 1125(a).

3. The Debtor has filed a Motion for Determination That IBI Falcon Is Not a Party in Interest, raising a threshold standing question that directly controls whether IBI Falcon's Motion to Convert and objections to the Disclosure Statement and Plan may lawfully proceed. Adjudicating IBI Falcon's motions and objections before its standing is determined would be procedurally premature and would potentially waste judicial resources.

4. The Debtor has filed a Motion for Leave to Conduct Rule 2004 Examination and Discovery seeking documents and examinations necessary to establish the factual predicate for the Claim Objection and the Standing Motion, including production of the original promissory note and documentation of the actual execution dates of the alonges purporting to transfer the note. This discovery must be completed before the Claim Objection and the matters dependent on its resolution can be properly heard.

5. The Debtor filed an Amended Plan and Disclosure Statement on April 14, 2026, which supersedes the February 10, 2026 filing that was the subject of the Court's Order and Notice for Hearing on Disclosure Statement (Doc. 114). The required service and objection periods under Fed. R. Bankr. P. 3017(a) have not yet run with respect to the amended filing, rendering the April 20, 2026 hearing date procedurally premature with respect to the amended filing in any event.

6. The Debtor's Motion to Enforce the Automatic Stay and for Sanctions (DE #60) raises issues of fact and law that are independent of the Claim Objection and discovery, and the matter is ripe for hearing on April 20, 2026.

7. Good cause exists to continue the Disclosure Statement hearing, the Motion to Convert hearing, and IBI Falcon's plan and disclosure statement objections, while permitting the stay motion to proceed as scheduled and directing the commencement of Rule 2004 discovery.

It is, by the United States Bankruptcy Court for the District of Maryland, hereby ORDERED

that:

8. The Motion is GRANTED as set forth herein.

Matters Continued:

9. The hearing on approval of the Debtor's Disclosure Statement and Plan, currently scheduled for April 20, 2026, is hereby CONTINUED. The hearing shall be rescheduled to a date no earlier than _____, 20___, following the completion of Rule 2004 discovery and the Court's rulings on the Debtor's Objection to Amended Proof of Claim No. 2 and Motion for Determination That IBI Falcon Is Not a Party in Interest. A new hearing date, objection deadline, and service schedule shall be established by further order of the Court.

10. The hearing on IBI Falcon's Motion to Convert This Case to Chapter 7 (DE #95), currently scheduled for April 20, 2026, is hereby CONTINUED and HELD IN ABEYANCE pending the Court's determination of IBI Falcon's status as a party in interest pursuant to 11 U.S.C. §§ 101(5), 101(10), and 1109(b). No further briefing on DE #95 shall be accepted by the Court until the Court has ruled on the Debtor's Motion for Determination That IBI Falcon Is Not a Party in Interest. If the Court determines that IBI Falcon is a party in interest, the hearing on DE #95 shall be rescheduled by further order. If the Court determines that IBI Falcon is not a party in interest, DE #95 shall be dismissed.

11. Any hearing on IBI Falcon's objections to the Debtor's Disclosure Statement and Plan is hereby CONTINUED and HELD IN ABEYANCE on the same terms and conditions as set forth in paragraph 3 above with respect to the Motion to Convert. IBI Falcon's objections to the Disclosure Statement and Plan shall not be heard until the Court has determined IBI Falcon's party-in-interest status. If IBI Falcon is determined to be a party in interest, a hearing on its objections shall be rescheduled together with the Disclosure Statement hearing. If IBI Falcon is determined not to be a party in interest, its objections shall be overruled for lack of standing.

Matter Proceeding as Scheduled:

12. The hearing on the Debtor's Motion to Enforce the Automatic Stay and for Sanctions (DE #60) shall PROCEED AS SCHEDULED on April 20, 2026 at 10:00 a.m. in Courtroom 3E. Nothing in this Order shall operate to continue, delay, or otherwise affect the hearing on DE #60.

Rule 2004 Discovery:

13. The Debtor's Motion for Leave to Conduct Rule 2004 Examination and Discovery is hereby GRANTED. IBI Falcon US LLC, IBI SBL Investment LP, and Gingo Palumbo Law Group LLC are directed to comply with the document production, oral examination, and original note inspection requirements set forth in the Court's separate Order on the Discovery Motion, entered this date [or: the terms of which are incorporated herein by reference].

14. IBI Falcon US LLC shall produce the original promissory note dated May 3, 2023, in the original principal amount of $2,222,000.00, for inspection and examination by counsel for the Debtor within fourteen (14) days of the date of this Order. Failure to produce the original Note within the time specified shall be reported to the Court immediately by counsel for the Debtor, and the Court will schedule an emergency status conference to address such failure.

15. All document production required under the Discovery Motion and this Order shall be completed within thirty (30) days of the date of this Order.

16. All Rule 2004 oral examinations authorized under the Discovery Motion and this Order shall be completed within sixty (60) days of the date of this Order.

17. The Debtor shall file a Status Report with the Court within seventy-five (75) days of the date of this Order advising the Court of the status of discovery, the progress of the Claim Objection, and the proposed schedule for the continued matters.

Status Conference:

18. A status conference is hereby scheduled for _____, 20___, at ___:___ __.m. in Courtroom 3E, to assess the progress of discovery and the status of the Claim Objection and the Standing Motion, and to set a rescheduled hearing date for all continued matters.

19. The Clerk of Court is directed to update the docket to reflect the continuance of the matters set forth herein and to schedule the status conference as directed above.

20. This Order shall be served by the Debtor on all creditors and parties in interest in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, with a certificate of service to be filed within seven (7) days of the date of this Order.

Copies: All Counsel of Record; U.S. Trustee; All Creditors and Parties in Interest

* * * END OF ORDER * * *