IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**<u>OPPOSITION TO MOTION TO CONTINUE HEARING ON CONVERSION</u>**

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in opposition to the Debtor's motion to continue a hearing on conversion of this case (the "Motion to Continue"), DE #136, filed by 5410 30th Street DC LLC (the "Debtor"), and in support thereof states as follows:

**I.    Introduction**

Somewhat ironically, the Motion to Continue is a stark reminder of why the Debtor ought not remain in possession and why there is a need to convert this case to chapter 7. Not only does the filing come well shy of establishing cause, while evincing a fundamental misapprehension of governing law, but the filing is suggestive of bad faith gamesmanship at odds with what is expected of chapter 11 debtor in possession.

At core, the Motion to Continue should be denied—as to the motion of IBI Falcon to convert this case (the "Motion to Convert"), DE #95—for three reasons: (1) such a continuance is contra to the plain dictates of title 11 of the United States Code (the "Bankruptcy Code"); (2) the Debtor's insistence that discovery has not previously been available is objectively errant; and (3) the Motion to Continue appears to be a pretextual effort to oppose the Motion to Convert, on a basis wholly absent from the Debtor's prior brief in opposition thereto, docketed at the proverbial eleventh hour.

1

## II.    Argument: The Motion to Continue Should be Denied

As something of a threshold matter, the Bankruptcy Code actually does not permit adjudication of the Motion to Convert to be further continued absent either (i) the consent of IBI Falcon (which is not being offered) or (ii) circumstances that prevent this Honorable Court from convening a hearing or providing a ruling. Equally, though, even without the legislative hurdle furnished by the Bankruptcy Code, the Debtor has not nearly demonstrated cause sufficient to invite the delay being sought.

Notably, the Motion to Continue does not actually cite to the portion of the Bankruptcy Code that governs the adjudication of motions seeking conversion or dismissal, and the temporal mandate thereof:

> The court **shall** commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and **shall** decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

11 U.S.C. § 1112(b)(3) (emphasis added).

The Motion to Convert was filed on January 29, 2026, *see* DE #95, and an opposition thereto was docketed on February 7, 2026, *see* DE #108. A hearing was originally scheduled for March 3, 2026. *See* DE #98. That hearing was then continued at the request of IBI Falcon (which actually sought to either advance *or* continue the hearing), DE #108, and there is thusly no question but that the failure to convene a hearing within 30 was accordingly fully consented to by IBI Falcon (which, through counsel, agreed to the April 20, 2026 continued date).

Yet IBI Falcon, equally certainly, does not consent to a further continuance of the hearing. There are very real concerns that the Debtor's estate is growing increasingly insolvent by the day. There are equally profound concerns that the Debtor is failing to abide by its fiduciary charge. And seeing the Debtor docket a flurry of hyperbolic items, three business days before a dispositive

motions hearing, certainly does not instill any greater modicum of confidence that this case ought to remain in chapter 11.

Absent the consent of IBI Falcon, a continuance would only be permissible if this Honorable Court is not able to hold the hearing. 11 U.S.C. § 1112(b)(3). IBI Falcon is, of course, sensitive to this Honorable Court's schedule, and would assuredly not protest a continuance pegged to judicial needs. But that is not the basis for a continuance furnished in the Debtor's motion; when bankruptcy courts wish to have matters continued based on their own scheduling concerns, such tends to take the form of a *sua sponte* order and not a contested motion.

Additionally, it bears notation that the Motion to Continue is premised upon an objective procedural misstatement. The Debtor—again, three business days before the hearing—has suddenly filed a new claim objection and a motion challenging IBI Falcon's standing as a party in interest. Putting aside the wholesale absence of merits underlying these two docket entries (which will be addressed, in due course, in separate filings), the Debtor has also sought leave to take discovery and urged such is cause for a continuance. But the Debtor has *always* been able to take discovery. The Debtor has been free to file a Rule 2004 motion since the day this case was filed. And the Motion to Convert has been opposed since February 7, 2026 (more than two months ago), meaning there has been a contested matter sufficient to give rise to ordinary discovery as well. *See* Fed. R. Bankr. P. 9014(c)(1).

That the Debtor has elected to not take discovery to date is a result of the Debtor's own strategic elections. IBI Falcon has not seen a need to conduct discovery and has accordingly similarly refrained from doing so. But there is either disingenuity, or a fundamental misunderstanding of applicable law, in the Debtor now saying a continuance is needed so that discovery may be taken. Discovery has been open since at least the date on which the Motion to

Convert was opposed (if not the date on which the Motion to Convert was filed); for the Debtor to feign otherwise is worrisome.

Finally, it bears notation that the Motion to Continue appears to be pretextual: the Debtor wishes to proceed on its claim for an alleged violation of the automatic stay, and wishes to have at least one of its eleventh hour motions heard on an expedited basis, but does not wish to confront the motion that poses the potential of ending the Debtor's stay in chapter 11. Worse, this comes in the prism of a case where the Debtor appears to have an estate that is ever-diminishing, and where there has been a significant absence of transparency surrounding efforts to market and sell the Debtor's lone asset. Such assuredly is not "cause" under Rule 9006. And, more pointedly, such may also well inform why the Bankruptcy Code requires hearings on motions to convert or dismiss be so promptly convened and ruled upon—a debtor ought not be able to hijack the rights of creditors in the manner the Debtor endeavors *sub judice*.

### III.    Conclusion

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) deny the Motion to Continue (though IBI Falcon does *not* oppose a continuance of the hearing on approval of the Debtor's proposed disclosure statement, nor the scheduling of a new hearing on the Debtor's various motions and claim objection filed last night); and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: April 16, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson   dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice   Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt   USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig   mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5