IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO DETERMINE
IBI FALCON US LLC IS NOT A PARTY IN INTEREST**

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in opposition to the motion to strike (the "Motion"), DE #135, filed by 5410 30th Street DC LLC (the "Debtor"), and states as follows:

The Debtor appears to be unhappy that IBI Falcon has made note—in at least one filing—of the Debtor's oft-bizarre, deeply concerning behavior throughout the pendency of this case. The Debtor now seeks to strike five passages from that filing. There is no legal basis for the granting of such relief and, perhaps more pointedly, there would be no good reason to afford such relief even if available for the simple reason that all five passages have the distinct quality of being accurate descriptions of the Debtor's conduct.

As a starting point, the Debtor cites to six authorities for allowing a document—or a part thereof—to be stricken: Federal Rule of Civil Procedure 12(f), Federal Rule of Bankruptcy Procedure 7012, Federal Rule of Bankruptcy Procedure 9014, "In re Remsen (9th Cir. BAP 2023)," 11 U.S.C. § 105(a), and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). *See* Motion, DE #135, *passim*. None of these authorities actually support the relief sought.

First, "In re Remsen (9th Cir. BAP 2023)" does not appear to actually exist. The Debtor has not furnished a full citation for this case. However, a search of LexisNexis, for "in re" within

1

2 words of "remsen," confined to federal courts situated within the Ninth Circuit, turns up only three results: (i) *In re Remsen*, 2022 U.S. Dist. LEXIS 209172 (C.D. Cal. 2022), a case that does not come from the bankruptcy appellate panel and that does not involve striking any documents (the case is a short opinion concerning efforts to remove a divorce proceeding to federal court on the basis that the divorce is somehow related to a bankruptcy case); (ii) *Goldstein v. Weeks St., LLC*, 2017 U.S. Dist. LEXIS 20199 (N.D. Cal. 2017), a case that just happens to cite to the matter of *In re Remsen Partners, Ltd.*, 294 B.R. 557 (Bankr. S.D.N.Y. 2003); and (iii) *Remsen v. Schoolsfirst Credit Union*, 2024 LX 36820 (C.D. Cal. Dec. 17, 2024), a *pro se* prisoner case that never uses the word "strike" or the word "struck."

*In re Remsen* certainly at least appears to be a hallucination. This is particularly troubling insofar, as noted in a separate brief filed of even date herewith, the Debtor has manufactured a statutory quote in another filing in this case. *See* Opposition Brief, DE #151, at § II(a).

Second is the other of the two cases cited: *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Fortunately, this citation is to a real case. And the cited passage does discuss the inherent powers of federal courts. But the *Chambers* Court never discusses striking a brief (or any part thereof) from a court's docket—*Chambers* simply discusses the inherent powers of federal courts to (i) control admission to the bar; (ii) discipline attorneys; (iii) punish for contemptuous conduct; and (iv) vacate judgments "upon proof that a fraud has been perpetrated upon the court." *Chambers*, 501 U.S. at 44. Suffice it to posit, none of those inherent powers are much applicable to the Debtor's desire to rid the docket of IBI Falcon's descriptions of the Debtor's conduct.

The third authority the Debtor cites is Federal Rule of Bankruptcy Procedure 9014, which the Debtor purports to make Federal Rule of Bankruptcy Procedure 7012 applicable to contested matters. *See* Motion, DE #135, at ¶ 5. Yet this is not accurate. Rule 9014 provides, in relevant part,

2

that "[u]nless this rule or a court order provides otherwise, the following rules apply in a contested matter: 7009, 7017, 7021, 7025–7026, 7028–7037, 7041–7042, 7052, 7054–7056, 7064, 7069, and 7071." Fed. R. Bankr. P. 9014(c)(1). Facially, Rule 7012 is not one of the numerous rules on that list.

Yet, concerning the fourth and fifth authorities relied upon by the Debtor: even if Rule 7012 were applicable to contested matters and, by extension Federal Rule of Civil Procedure 12 were applicable to contested matters, such *still* would not provide for the striking of anything from IBI Falcon's brief. Rule 7012(b) makes Rule 12(b)-(i) applicable "in adversary proceeding[s]." Fed. R. Bankr. P. 7012. And Rule 12(f), in turn, provides that:

> The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Problematically, however, a brief in opposition to a claim objection is not a "pleading." *See, e.g.*, Fed. R. Civ. P. 7(a) (delineating the only seven forms of a "pleading"); *Perry v. Shandrew*, 2026 U.S. Dist. LEXIS 84390, at *3 (E.D. Cal. Apr. 14, 2026) ("Because Defendants' opposition is not a pleading, it is not subject to a motion to strike under Rule 12(f)."); *In re Aida's Paradise, LLC*, 485 B.R. 806, 812 (Bankr. M.D. Fla. 2013) ("A motion, such as the Debtor's motion to equitably subordinate TD Bank's claim, is not a pleading subject to a motion to strike, and thus TD Bank's request to use Federal Rule 12(f) is denied."); *Herrerra v. Mich. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 98567, at *7 (E.D. Mich. July 22, 2011) ("Importantly, the rule provides that, except for a court-ordered reply to an answer, '[n]o other pleading shall be allowed.' Thus, motions, briefs, and affidavits do not constitute 'pleadings' subject to Rule 12(f).") (citing *Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660

3

(D.N.M. 2005); *Thomas v. Bet Sound-Stage Restaurant/BrettCo., Inc.*, 61 F. Supp. 2d 448, 458 (D. Md. 1999)). So neither Rule 7012 nor Rule 12 much allows for a brief in opposition to a claim objection—or any part thereof—to be stricken.

This leaves only Section 105(a) which, of course, is a broad grant of equitable power to this Honorable Court. Yet Section 105(a) does not appear to have any reported utilization for purposes of striking arguments a party finds to be unflattering. The closest analogy actually comes from a neighboring jurisdiction where, on appeal, the United States District Court for the District of Columbia found Section 105 could be used to strike irrelevant "accusations" that "have only acted to waste precious judicial resources without any justification whatsoever for their use." *Johnson v. McDow (In re Johnson)*, 1999 U.S. Dist. LEXIS 11134, at *31 (D.D.C. July 20, 1999).

Here, however, the comments of IBI Falcon are not irrelevant. The arguments of IBI Falcon, rather, cast a light upon the concerning actions of the Debtor in this case. Evaluating the Debtor's credibility and motivations—especially in a case where the Debtor appears to be using fringe theories to harass a secured creditor—is highly relevant and highly topical. And, with some irony, one need look no further than the instant Motion—where, as noted *supra*, the Debtor appears to have invented a case out of whole cloth, while citing a rule for a proposition that rule does not support—to appreciate why it is important to call attention to the alarming attributes of the Debtor's conduct in this case.

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: April 29, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5