**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF MARYLAND**

**(Greenbelt Division)**

In re:

**5410 30TH STREET DC, LLC,**

Debtor.

Case No. 25-19605-LSS

Chapter 11

**DEBTOR'S MOTION FOR ENTRY OF SCHEDULING ORDER GOVERNING DISCOVERY ON CONTESTED MATTERS, AND REQUEST FOR EXPEDITED CONSIDERATION**

5410 30th Street DC, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through undersigned counsel, respectfully moves this Court (the "Motion") for entry of an Order, substantially in the form submitted herewith, governing the conduct of discovery in connection with the Contested Matters continued by this Court's Amended Order Granting Motion to Continue, entered April 26, 2026 [Dkt. No. 150] (the "Continuance Order"). In support hereof, the Debtor states as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the District of Maryland.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and rule predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 1109(b); Federal Rules of Bankruptcy Procedure 2004, 7026, 9014(c), and 9016;

Federal Rules of Civil Procedure 26, 30, 34, and 45 (as incorporated by the foregoing Bankruptcy Rules); and Local Bankruptcy Rules 2004-1, 7026-1, 9013-1, and 9014-2.

## II. RELEVANT BACKGROUND

5. On October 14, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor manage its property as a debtor-in-possession.

6. On April 20, 2026, this Court convened a multi-matter hearing on, among other things: (i) the Debtor's Motion for Sanctions / Motion to Enforce Automatic Stay [Dkt. No. 60]; (ii) IBI Falcon US LLC's ("IBI Falcon") Motion to Convert Case from Chapter 11 to Chapter 7 [Dkt. No. 95]; (iii) the Debtor's Objection to Claim Number 2 [Dkt. No. 116]; and (iv) the Debtor's Amended Disclosure Statement [Dkt. No. 121] (collectively, the "Contested Matters").

7. At the April 20, 2026 hearing, the Debtor expressly represented to the Court — on the record — that the Debtor intended to retain a Forensic Document Examiner (also referred to as a Questioned Document Examiner) to conduct a non-destructive forensic examination of the original wet-ink promissory note and the related allonges, including analysis of handwriting, signatures, ink, paper, and printing methods, in order to detect any forgery, alterations, or counterfeiting and to determine the authenticity of the instruments through which IBI Falcon claims standing as a secured creditor.

8. On April 26, 2026, the Court entered the Amended Continuance Order. The Amended Continuance Order, among other things: (i) granted the Debtor's request to conduct a Rule 2004 examination and other discovery; (ii) afforded the Debtor sixty (60) days to conduct discovery on matters related to IBI's standing as a party in interest; (iii) continued the hearings on the Contested Matters; and (iv) scheduled a virtual status conference for June 25, 2026, at 10:00 a.m. The 60-day discovery window therefore expires on or about June 21, 2026.

### III. THE DEBTOR'S DILIGENT MEET-AND-CONFER EFFORTS AND OPPOSING COUNSEL'S RESPONSE

9.      The Debtor's counsel proceeded immediately, and in good faith, to confer with Maurice B. VerStandig, Esq., counsel of record for IBI Falcon US LLC and IBI SBL Investment LP (collectively, "IBI"), in accordance with Local Bankruptcy Rule 7026-1 and Appendix C thereto.

10.     Specifically, as they were leaving the courtroom on April 20, 2026, undersigned counsel advised Mr. VerStandig that she would call him the next day for the meet and confer. Debtor's Counsel attempted to commence the meet-and-confer process on each of April 21, April 22, April 23, and April 24, 2026 — or, stated differently, on every business day for the entire week immediately following the entry of the Continuance Order. Despite these repeated efforts, and due to IBI Counsel's "unavailability", the meet-and-confer conference did not actually occur until April 27, 2026 — by which point nearly one full week (approximately 11.7 percent) of the Court's 60-day discovery window had already elapsed.

11.     On April 27, 2026, undersigned counsel and Mr. VerStandig conducted the meet-and-confer conference by telephone. The conference covered, among other items: the scope and timing of document production, the inspection of the original promissory note and allonges by the Debtor's Forensic Document Examiner, the deposition of Michael J. Palumbo, Esq., third-party subpoenas to FTF Lending LLC and Gingo Palumbo Law Group LLC, and the schedule for expert disclosures.

12.     On May 1, 2026, undersigned counsel transmitted to Mr. VerStandig, by electronic mail, a proposed Joint Scheduling Stipulation (the "Proposed Stipulation") memorializing what undersigned counsel understood to be the substance of the April 27 conference. The Proposed Stipulation was crafted as a balanced framework, reserving all rights and privileges of all parties.

13.     Later the same day, Mr. VerStandig responded by letter dated May 1, 2026 (the "Response Letter," a true and correct copy of which is attached hereto as Exhibit A). The Response Letter declines to agree to substantially every operative term of the Proposed Stipulation,

including: (i) any extension of the discovery deadline; (ii) any continuance of the status conference; (iii) any firm date for inspection of the original wet-ink note (described in the Response Letter as a "wet-ink note," notwithstanding that the Debtor's intent to subject the original instruments to a forensic examination — including ink analysis — was placed on the record at the April 20 hearing); (iv) any firm response date for document requests; (v) production of a chain-of-custody log for the original note; (vi) the deposition of Michael J. Palumbo, Esq.; and (vii) any abeyance of the Motion to Convert beyond what the Continuance Order itself provides.

14. Critically, the Response Letter offers no counter-proposed dates, no alternative schedule, and no concrete framework for the conduct of discovery within the 60-day window the Court has afforded. Instead, IBI's counsel takes the position that no scheduling stipulation or order is needed, and that IBI may rely on the default response periods of the Federal Rules to govern its conduct.

15. Counsel for the Debtor responded to Mr. VarStandig's letter (see Exhibit B), but received no response prior to the filing of this motion.

### IV. RELIEF REQUESTED AND GROUNDS THEREFOR

16. By this Motion, the Debtor respectfully requests that the Court enter the Proposed Scheduling Order submitted herewith, which adopts the schedule set forth in Section V below.

17. A scheduling order is necessary, and indeed essential, for the orderly conduct of the discovery the Court has authorized. Under the default response periods of Federal Rule of Civil Procedure 34 (as incorporated by Federal Rule of Bankruptcy Procedure 7034), a party to whom document requests are addressed may respond within thirty (30) days. Layered on top of that period are the further periods within which a party may move for a protective order, file objections, and conduct meet-and-confers concerning those objections. If IBI elects to consume the maximum permissible period before producing a single document, more than half of the Court's 60-day discovery window will have elapsed before the Debtor's Forensic Document Examiner is even able to commence work — and the Debtor will then have insufficient time to complete the inspection, prepare an expert

report, conduct the deposition of Mr. Palumbo, exchange expert disclosures, and prepare for the continued evidentiary hearing.

18. The Court's grant of a 60-day discovery period was not an invitation to procedural attrition. It was an instruction that meaningful discovery occur, on the discrete issue of IBI's standing as a party in interest, in advance of the continued hearings. A scheduling order is the only mechanism by which that instruction can be honored.

19. IBI's stated intention to delay the production of any documents, the inspection of the original instruments, and the deposition of Mr. Palumbo unless and until formal discovery requests have been served, objections lodged, and conferences held — without any commitment as to a backstop date — would, if permitted, render the Continuance Order's 60-day window functionally illusory.

**V. PROPOSED SCHEDULE**

The Debtor respectfully submits that the following schedule, embodied in the Proposed Order submitted herewith, will permit the orderly completion of the discovery contemplated by the Continuance Order while preserving all substantive rights, defenses, and privileges:

| No. | Event / Deadline | Date |
|---|---|---|
| 1. | Disclosure of Debtor's Forensic Document Examiner identity and qualifications | May 6, 2026 |
| 2. | Inspection of original wet-ink Promissory Note and physically attached allonges by the Debtor's Forensic Document Examiner (non-destructive examination, including ink, paper, signatures, metadata, and physical attachment of allonges) | On or before May 29, 2026 |
| 3. | Production of responsive documents by IBI Falcon US LLC and IBI SBL Investment LP (Categories 1–6 set forth in the accompanying Motion) | On or before June 1, 2026 |
| 4. | Return dates for Rule 45 subpoenas duces tecum to FTF Lending LLC and Gingo Palumbo Law Group LLC | On or before June 8, 2026 |
| 5. | Deposition of Michael J. Palumbo, Esq. (date and location to be set by Notice of Deposition) | On or before June 24, 2026 |

| No. | Event / Deadline | Date |
|---|---|---|
| 6. | Service of Debtor's Forensic Document Examiner Report on counsel for IBI Falcon US LLC and IBI SBL Investment LP | On or before June 17, 2026 |
| 7. | Initial expert disclosures by both parties pursuant to Fed. R. Civ. P. 26(a)(2), as incorporated by Fed. R. Bankr. P. 7026 | On or before June 17, 2026 |
| 8. | Rebuttal expert disclosures by both parties | On or before June 24, 2026 |
| 9. | Continuation of all hearings on (a) the Motion to Convert [Dkt. No. 95]; (b) the Motion for Sanctions / Motion to Enforce Automatic Stay [Dkt. No. 60]; (c) the Objection to Claim Number 2 [Dkt. No. 116]; and (d) the Amended Disclosure Statement [Dkt. No. 121] | Through July 1, 2026 |
| 10. | Continued virtual Status Conference (proposed) | July 6, 2026, at 10:00 a.m. |

## VI. RESPONSE TO IBI'S STATED OBJECTIONS

20. Wet-Ink Inspection. IBI's objection to a firm date for the inspection of the original wet-ink note is incompatible with the procedural posture of this case. At the April 20, 2026 hearing, the Debtor expressly represented to the Court that the basis for the requested continuance was the need to retain a Forensic Document Examiner to perform a forensic analysis of the original instruments, including ink analysis. The Court entered the Continuance Order with that representation as the operative predicate. To now object to the very inspection that animated the continuance is, respectfully, untenable.

21. Chain-of-Custody Log. The chain-of-custody log requested by the Debtor is squarely within the authorized scope of Rule 2004 examination. The Debtor cannot evaluate IBI's claimed standing as holder of the note without evidence of who has possessed the original instrument and when. A chain-of-custody log is the most efficient — indeed, the least burdensome — manner of satisfying that need.

22. Deposition of Michael J. Palumbo, Esq. The deposition of Mr. Palumbo is squarely relevant: Mr. Palumbo, through his firm Gingo Palumbo Law Group LLC, served as attorney-in-fact for IBI SBL Investment LP in connection with the Second Assignment of Deed of Trust, and authored the October 16, 2025 communication that is alleged to

constitute IBI's actual knowledge of this bankruptcy filing for purposes of 11 U.S.C. § 362(k). Privilege and work-product objections, where they may apply, are routinely addressed at deposition or, where appropriate, by particularized motion under Rule 26(c) — they are not a basis to bar the deposition altogether.

23.  Scope of Discovery — Chain of Title. IBI's contention that "the chain of title to the note and deed of trust" is not relevant to the Contested Matters cannot be squared with the very nature of the Contested Matters. The Debtor's Objection to Claim No. 2 challenges, on multiple independent grounds, the validity of the instruments through which IBI Falcon claims to have acquired the promissory note. The Debtor's Motion for Determination That IBI Falcon Is Not a Party in Interest depends on whether IBI Falcon is in fact a "creditor" under 11 U.S.C. § 101(10), which in turn depends on whether IBI Falcon validly received the note. Chain of title is not merely relevant — it is dispositive.

24.  Continuance of the Status Conference. The June 25, 2026 status conference is set only four (4) days after the close of the 60-day discovery window. It is not realistic that expert disclosures and a forensic examiner's report can be served and reviewed by the parties in that compressed interval. A modest 11-day continuance of the status conference to July 6, 2026 (or any reasonable date thereafter the Court selects) is appropriate to allow the discovery to bear fruit.

### VII. CERTIFICATE OF CONFERENCE PURSUANT TO LBR 9013-1(b)

25.  Pursuant to Local Bankruptcy Rule 9013-1(b), the undersigned hereby certifies that, on or before the filing of this Motion, undersigned counsel conferred in good faith with Maurice B. VerStandig, Esq., counsel for IBI, in an effort to resolve the matters raised herein. Specifically, undersigned counsel: (a) attempted to schedule a meet-and-confer conference on April 21, April 22, April 23, and April 24, 2026; (b) conducted a meet-and-confer conference by telephone with Mr. VerStandig on April 27, 2026; (c) transmitted the Proposed Stipulation to Mr. VerStandig on May 1, 2026; and (d) received Mr. VerStandig's Response Letter, declining the substance of the Proposed Stipulation, on the same day. The parties have been unable to reach agreement on the matters set forth herein, necessitating this Motion.

## VIII. REQUEST FOR EXPEDITED CONSIDERATION

26.     Given the rapidly diminishing 60-day discovery window, the Debtor respectfully requests that this Motion be considered on an expedited basis. The Debtor proposes that any party in interest opposing this Motion be required to file a written response within seven (7) days of service hereof, with the Motion to be considered on the papers (or at a hearing of the Court's choosing) thereafter.

## IX. NOTICE

27.     Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee; (b) counsel for IBI Falcon US LLC and IBI SBL Investment LP; (c) the United States Trustee's official mailing matrix; and (d) all parties having filed a request for service in this case. The Debtor submits that, given the nature of the relief requested, no further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form submitted herewith: (i) granting this Motion; (ii) adopting the Proposed Schedule set forth in Section V hereof; (iii) continuing the virtual status conference currently scheduled for June 25, 2026, at 10:00 a.m. to July 6, 2026, at 10:00 a.m. (or such other date and time as this Court may set); and (iv) granting such other and further relief as this Court deems just and proper.

Dated: May 3, 2026                              Respectfully submitted,

                                                /s/ Deirdre T. Johnson
                                                **Deirdre T. Johnson, Esq.**
                                                Bar No. MD14227
                                                9701 Apollo Drive, Suite 301

Upper Marlboro, Maryland 20774
Tel: (301) 742-5385
Email: dtjesq@dtjohnsonlaw.com
Counsel for the Debtor / Debtor-in-Possession
5410 30th Street DC, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2026, a true and correct copy of the foregoing Debtor's Motion for Entry of Scheduling Order Governing Discovery on Contested Matters, together with the proposed Order, all exhibits thereto, and Notice of Motion was served upon the following parties by the means indicated below:

**Via the Court's CM/ECF Electronic Filing System:**

Maurice B. VerStandig, Esq., Counsel for IBI Falcon US LLC (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)

/s/ Deirdre T. Johnson, Esq.

Deirdre T. Johnson, Esq.