

Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

May 1, 2026

**<u>Via E-mail</u>**
Deirdre T. Johnson, Esq.
9701 Apollo Drive
Suite 301
Upper Marlboro, Maryland 20774
dtjesq@dtjohnsonlaw.com

    Re:  *In re 5410 30th Street DC LLC*
       **Case No. 25-19605-LSS (Bankr. D. Md. 2025)**

Ms. Johnson:

I appreciated the opportunity to speak with you earlier this week, concerning discovery in this matter. I thought our discussion was productive on various fronts and I was glad to have the opportunity to discuss timing for expert designations while also emphasizing that my client looks forward to reviewing discovery requests and responding in due course.

So I was, as I trust you can appreciate, disheartened to receive the discovery stipulation you sent, via e-mail, earlier today. This document is not an accurate representation of our conversation. And I am exceedingly concerned about the seemingly polar distinction between the substance of our call and what is reflected in this draft.

Specifically, I have certainly *not* agreed to extend the discovery deadline by eleven (11) days. Nor have I agreed to continue the status conference set by the court in its order of April 24, 2026. Nor have I agreed that a rebuttal expert report will come due a mere three (3) days after a proponent's expert report is produced (to the contrary, I believe I was express—when we spoke— that a rebuttal report would need sufficient time to respond to an initial report, as is necessarily the purpose of a rebuttal report). Nor have I agreed to make a wet-ink note available for inspection on or before May 29, 2026 (I believe I was clear that any requests under Rule 34 would be responded to in due course). Nor have I agreed to firm response dates for any document requests; again, I indicated responses would be made in accord with governing rules. Nor did I agree to specific return dates for subpoenas (though I believe such to be innately less rigid, insofar as there exists some discretion in when a subpoena is made returnable and the date you are proposing certainly appears to be sufficiently remote as to be reasonable if subpoenas are timely issued).

I am similarly concerned with the suggested scope of discovery. While it *is* fair to assert "Discovery shall proceed on all issues relevant to the Contested Matters" (as section 4 of your proposed stipulation provides), I am *not* in a position to agree that certain thereafter delineated items are relevant. Specifically, and without limitation, I do *not* agree "the chain of title to the note

**9812 Falls Road**
**#114-160**
**Potomac, Maryland 20854**

**1452 W. Horizon Ridge Pkwy**
**#665**
**Henderson, Nevada 89012**



and deed of trust" is of any relevance to the contested matters, for reasons that I believe have become apparent from briefs filed by my client in the preceding days. I similarly do not agree that there has been a "post-petition recordation of foreclosure-related instruments," though I also note your proposed language suggests discovery on the "allowability" of such filings which would seem a question of law, not fact.

Further, I have not agreed that my client will "produce a chain-of-custody log identifying each person or entity that has had possession of the original note from the date of its origination through the date of this Stipulation." Nor have I agreed that documents responsive to areas of inquiry will be produced, insofar as my client necessarily reserves its right to object to specific requests and/or to petition for a protective order. Nor have I agreed that the deposition of Michael J. Palumbo, Esq. may be taken (something of particular concern insofar—as titularly indicated—he is an attorney, and there are thusly myriad privilege-centric concerns here as well as work product-centric concerns). Nor have I agreed that the motion to convert shall be held in abeyance to a date beyond that already ordered by the court.

While I have other concerns with the stipulation (including the use of a counterparts provision when applicable rules already authorize such), I believe there is an overriding tension here that I spoke to when we conversed earlier this week: It is your client's prerogative to issue discovery requests. My clients (as well as any other parties), in turn, have the right to object to those requests, and/or to seek a protective order, in the manner set forth in the applicable rules of procedure. My clients will assess discovery requests when they are formally made. My clients will not pre-commit to the allowability, *vel non*, of any discovery requests, especially when such requests have not yet been made.

To be clear, if discovery requests promulgated are not objectionable, they will not be met with objection. If they are objectionable, a decision will then be made as to whether or not to object. But that decision will be made in accord with the timelines established by controlling rules, and not on an expedited basis. It is assuredly not a coincidence that the court has afforded a discovery period sufficiently lengthy as to allow for the use of ordinary timelines. My clients will not consent to any shortening thereof.

A final observation: as I shared when we spoke, and as I also shared in prior e-mails, I do not believe a stipulation is needed for anything other than the establishment of an expert designation—and rebuttal expert designation—deadline. The court's existing order sets the timeline for discovery and governing rules control the scope of discovery. So while I *am* amenable to a stipulation for the timing of expert designations and rebuttals thereto, I am *not* certain there is much utility in a stipulation of any greater scope.

In light of the tension between what I understood us to have discussed, and what is set forth in the proposed stipulation, I believe it best that future communications be confined to writing so as to avoid any subsequent misunderstandings. I will always be happy to respond to e-mails (as I

9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012



have done throughout the duration of this case), and I will certainly accept service of a subpoena to either of my clients—as well as formal discovery requests—via e-mail, so there is no need to burden the estate with the expenses of a process server or postage. But writing does seem a safer medium to avoid issues like these in the future.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012