

**Deidre T. Johnson, Esq.**

Attorney at Law

Admitted to practice in Maryland

**VIA E-MAIL ONLY**

May 3, 2026

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

Re:   In re 5410 30th Street DC, LLC
      Case No. 25-19605-LSS (Bankr. D. Md.)
      Response to Your Letter of May 1, 2026 / Discovery Schedule

Mr. VerStandig:

I write in response to your letter of May 1, 2026 concerning the proposed Joint Scheduling Stipulation I transmitted to you earlier that same day.

Before turning to the substance of your letter, I think a complete record of the meet-and-confer process is in order. The Court entered the Continuance Order on April 22, 2026, opening a 60-day discovery window. I attempted to commence the meet-and-confer process with you on April 21, 22, 23, and 24, 2026 — every business day during the week immediately following entry of the Order. Our conference did not actually occur until April 27, 2026, by which point nearly a full week of the Court's 60-day window had already been consumed before the parties could even begin to discuss discovery. I make this record now because the time pressure that animates the schedule I proposed is the direct result of that delay, and not (as your letter implies) a function of any expedited posture the Debtor seeks to impose.

On the substance, I respectfully but firmly disagree with the characterization in your letter that the Proposed Stipulation is "not an accurate representation of our conversation." The Proposed

9701 Apollo Dr, Suite 301   Upper Marlboro, MD 20774
P : (301) 742-5385        F: (301) 731-4055
dtjesq@dtjohnsonlaw.com

Stipulation reflects in good faith what I understood our discussion on April 27 to have produced: a structured, mutually workable schedule that fits within the Court's 60-day window. Reasonable counsel can have differing recollections of a meet-and-confer, and I do not impugn yours. But I note that your letter — which spans three single-spaced pages of objections — does not propose a single counter-date, alternative deadline, or alternative framework. The absence of any counter-proposal is itself notable, and is the principal reason I cannot continue to negotiate from your letter alone.

I want to address several specific points raised in your letter:

1. Inspection of the Original Wet-Ink Note. Your client's objection to a date-certain inspection of the original promissory note is, with respect, not tenable. At the April 20, 2026 hearing, I expressly represented to the Court — on the record — that the basis for the requested continuance was the need to retain a Forensic Document Examiner to perform a forensic analysis of the original instruments, including analysis of handwriting, signatures, ink, paper, and printing methods, to detect any forgery, alterations, or counterfeiting. The Court entered the Continuance Order with that representation as the operative predicate. The hearing transcript will so reflect. To now characterize the inspection as a request to which IBI may simply respond "in due course" under Rule 34 is not consistent with the procedural posture the Court created.

2. Chain of Title. Your letter states that you do not agree that "the chain of title to the note and deed of trust" is relevant to the Contested Matters. I am at a loss to reconcile that position with the substance of the Debtor's pending Objection to Claim No. 2, which challenges precisely the chain of title — the validity of the First Allonge, the First Assignment, the Second Allonge, and the Second Assignment — through which IBI Falcon claims to have become holder of the underlying note. If chain of title is not relevant, IBI Falcon has no claim to assert in the first instance. Your client cannot simultaneously seek to convert this case as a creditor and decline discovery on whether it is, in fact, a creditor.

3. Chain-of-Custody Log. The chain-of-custody log is the most efficient and least burdensome means by which IBI can establish the very element it must prove to enforce the note: continuous possession of the original instrument. See In re Veal, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011). I am not asking IBI to construct anything new; I am asking IBI to produce records it should already maintain in the ordinary course of holding a $2.2 million negotiable instrument.

4.      Deposition of Mr. Palumbo. Mr. Palumbo's role as attorney-in-fact for IBI SBL in connection with the Second Assignment, and his October 16, 2025 communication, place him squarely within the universe of fact witnesses. Privilege and work-product objections, where they may apply, are routinely addressed at deposition; they are not a basis to bar a deposition altogether.

5.      Status Conference / Expert Disclosure Timing. You say you are amenable to a stipulation on the timing of expert designations and rebuttals. The schedule I proposed contemplates a 7-day rebuttal period (June 17 to June 24). If you believe a longer rebuttal interval is appropriate, please tell me what interval you propose, and I will work with you in good faith on that single discrete issue. As to the status conference, the June 25, 2026 date set by the Court is only four (4) days after the close of the 60-day discovery window. A short continuance to allow the parties' expert reports to be exchanged and digested is plainly in the interest of the Court's calendar and in the parties' shared interest in a productive hearing.

6.      "Pre-commitment" to Discovery Allowability. I am not asking IBI to "pre-commit to the allowability, vel non, of any discovery requests." I am asking IBI to commit to a date by which it will produce documents responsive to requests that are not objectionable, and to a date by which it will respond to or move against requests that are. Those are entirely orthogonal commitments, and the latter is a routine feature of every scheduling order entered in this District.

In light of your stated unwillingness to enter a joint scheduling stipulation of any meaningful scope, the Debtor will be filing a Motion for Entry of Scheduling Order with the Court, together with a proposed Order, on or about May 4, 2026. The Motion will (a) recount the procedural history outlined above, (b) attach your May 1 letter as an exhibit, and (c) ask the Court to enter the schedule the Debtor has proposed. I would prefer to have done this jointly. I am still willing to do so, on substantially the terms previously circulated, and would welcome any concrete counter-proposal you may wish to make before the Motion is filed. If your position remains as stated in your letter, the Debtor will proceed unilaterally.

Two final points. First, I appreciate your offer to accept service of subpoenas and formal discovery requests by electronic mail; I will avail myself of that accommodation, and you will see formal Rule 34 requests directed to IBI Falcon and IBI SBL, and Rule 45 subpoenas to FTF Lending LLC and Gingo Palumbo Law Group LLC, in short order. Second, I have no objection to your suggestion that future communications be in writing, and have proceeded accordingly here.

Thank you for your prompt attention. I remain hopeful that we can yet reach a workable agreement, and I will respond promptly to any concrete counter-proposal you wish to make.


Very truly yours,


/s/ Deirdre T. Johnson

**Deirdre T. Johnson, Esq.**

cc:     Client (via e-mail)