IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OPPOSITION TO FOR ENTRY OF A SCHEDULING ORDER

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in opposition to the motion for entry of a scheduling order (the "Motion"), DE #154, filed by 5410 30th Street DC LLC (the "Debtor"), and states as follows:

### I.     Introduction

The Debtor is asking this Honorable Court to compel responses to discovery requests that have not been issued, to pre-approve a deposition that has not been noticed, and to shorten the time in which responses shall be given to discovery requests that have not been issued. None of this relief is sensible in the face of controlling rules and none of this relief is appropriate *sub judice*. The Motion accordingly merits denial.

There is a very real concern the Debtor may misapprehend the nuances of how discovery is utilized in contested matters. For some time, IBI Falcon has urged that discovery is available and discovery requests may be served. For seemingly the same period of time, the Debtor has evidenced a belief that (i) the taking of discovery requires leave of court; and (ii) specific discovery requests require judicial approval—either in the form of an approved stipulation or a scheduling order—before being issued. Such is neither a faithful reading of applicable rules nor a faithful recitation of the actions ordinarily taken in this Honorable Court and sister courts.

The Debtor appears to be placing great weight on a phone call between counsel, in which the Debtor's attorney indicated a desire to request various documents be produced and certain documents be examined. As noted in a follow-up letter (and in at least one e-mail prior to the call), counsel for IBI Falcon indicated that all discovery requests would be reviewed once formally received. Yet the Debtor now seems to be urging that discovery requests need not actually be made and, instead, the contours of Rule 34 ought to be suspended in favor of a regime whereby documents are to be produced without there first being any formal request for such.

For want of ambiguity: this Honorable Court has entered an order continuing hearings so discovery may be taken and permitting the Debtor to take Rule 2004 examinations (implicitly in addition to those forms of discovery already permitted in contested matters). *See* Order, DE #143. Eleven days later, the Debtor is yet to actually issue any discovery requests. And there is a very real concern that such may be because the Debtor misapprehends the workings of discovery—not because a further scheduling order needs to be entered.

IBI Falcon is in possession of many of the documents the Debtor seemingly desires to review and/or inspect—including an original, wet-ink promissory note and allonges thereto. IBI Falcon also stands ready to respond to a request for inspection of such, as well as requests for the production of any other documents that may be requested. Yet IBI Falcon is, similarly, concerned about other items the Debtor has intimated a desire to request (including a chain of custody dating pre-petition, which would seem to want for relevance) and at least one deposition the Debtor has indicated a desire to take (being outside counsel to IBI Falcon).

If the Debtor would simply transmit requests under Rule 34, and propose depositions under Rule 30 (or, in either event, under Rule 2004), IBI Falcon would timely respond. But the Debtor has not done so and is instead asking that specific documents be ordered to be produced, and

2

specific depositions be ordered to occur, before any formal requests are made. This seems innately irregular and improper, essentially seeking to upend the procedures governing practice in this Honorable Court. And IBI Falcon thusly urges the Motion be denied.

## II.      Argument: The Motion Should be Denied

The Motion merits denial for two related reasons: First, the Debtor is asking this Honorable Court to alter the procedures governing discovery, by *de facto* denying IBI Falcon the opportunity to review formal discovery requests and respond thereto. And, second, part of what the Debtor is asking for in discovery is facially objectionable and would yield such objection(s) (and/or requests for protective orders) if formally requested.

As a starting point, discovery is—and has been—available to the Debtor since a contested matter was docketed. *See* Fed. R. Bankr. P. 9014(c)(1). And, while there was no doubt some utility in counsel having a good faith conference to discuss the contours of discovery, no discovery plan— or formal stipulation—is, or ever has been, required. *See* Fed. R. Bankr. 9014(c)(2) (exempting the rigors of Federal Rule of Civil Procedure 26(f) from contested matters).

This Honorable Court provided the Debtor with 60 days to take discovery. *See* Order, DE #143 ("**ORDERED**, that Debtor shall have sixty (60) days to conduct discovery on matters related to IBI's standing as a party in interest. . ."). The provision of 60 days is assuredly not coincidental insofar as standard discovery response times are fixed at 30 days. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This time allows for written discovery to be conducted and for any depositions to then be taken (or even for depositions to be earlier taken if the Debtor so desires). This time also allows for any discovery disputes to be resolved by the parties—or, if need-be, this Honorable Court—without discovery being extended.

Rather than issue written discovery, however, the Debtor has opted to ask this Honorable Court to fix dates by which specific documents are to be produced for inspection, in lieu of utilizing the date fixed by Rule 34(b). *See* Motion, DE #154, at § V (pp. 5-6). The Debtor has also asked this court to set a deadline for the deposition of Michael Palumbo, Esq. ("Mr. Palumbo"), IBI Falcon's outside counsel. *Id.* And the Debtor has asked for the 60 day discovery period—and an ensuing status conference—to be continued. *Id.*

The problem with this is that formal requests need to be issued—either pursuant to Rule 33, Rule 34, or a subpoena—before items can be produced (just as a formal notice must be issued under Rule 30 before a deposition may be taken). The same is true if the Debtor opts to proceed under Rule 2004.

Moreover, the Debtor has known—for some time—that this is IBI Falcon's position. As indicated in undersigned counsel's letter to counsel for the Debtor: "To be clear, if discovery requests promulgated are not objectionable, they will not be met with objection. If they are objectionable, a decision will then be made as to whether or not to object. But that decision will be made in accord with the timelines established by controlling rules, and not on an expedited basis." Letter of M. VerStandig, DE #154-1, at p. 2. *See also* E-mail of April 30, 2026, attached hereto as Exhibit A ("Equally, while I did appreciate your walking through the likely areas of inquiry your client intends to pursue, I would be remiss to not echo what I shared when we spoke. Specifically, my clients will assess any discovery requests once formally made and will respond in due course, in accord with the governing rules. I am not in a position to commit to providing— or not providing—any documents, or allowing—or not allowing—any inspection, unless and until a formal request has been received. But we will, of course, work to ensure requests are subject to timely and diligent responses."); E-mail of April 22, 2026, attached hereto as Exhibit B ("So while

4

some of the items you highlight will need a prompter response (I am making inquiry as to whether or not I can accept a subpoena for certain parties), other items would appear to be within the ambit of Rule 34 (a document inspection, etc.).").

This is not the elevation of form over substance. Specifically, there is a concern that some—but likely not all—of what the Debtor is inclined to request may be objectionable. IBI Falcon does not believe a pre-petition chain of custody to be relevant since IBI Falcon is in possession of the original note and the alologes thereto. The Debtor may have an argument as to why this is relevant. The discovery process is designed to allow for an objection to be interposed, *see* Fed. R. Civ. P. 34(b)(2)(C), a good faith conference to ensue, *see* Fed. R. Civ. P. 37(a)(1), and then a ruling to be had on any objections that are not resolved, *see* Fed. R. Civ. P. 37(a)(3)(A-C).

Similarly, the Debtor is indicating a desire to depose IBI Falcon's attorney. *See* Motion, DE #154, at § V (p. 5) (asking the deposition of Mr. Palumbo be taken by June 24, 3026). Yet such is an extraordinary request that precedent suggests is likely to be susceptible to entry of a protective order. *See, e.g., Coleman v. Dist. of Columbia*, 284 F.R.D. 16, 18 (D.D.C. 2012) ("Courts . . . presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise.") (citing *Hickman v. Taylor*, 329 U.S. 495, 512 (1947); *Shelton v. Am. Motors Sales Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208–09 (5th Cir. 1999); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir.2003); *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009); *Sterne Kessler Goldstein & Fox PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380 (D.D.C. 2011)).

If the Debtor wishes to notice the deposition of Mr. Palumbo, such is certainly the Debtor's right. But it is, equally, the right of IBI Falcon to then move for a protective order, urging its

5

outside counsel should not be deposed. What the Motion attempts, however, is a short-circuiting of this process, whereby the Debtor simply indicates an informal desire to take such a deposition and this Honorable Court then schedules a deadline for the deposition without ever hearing an intervening objection.

Again, IBI Falcon does *not* intend to be obstructionist. IBI Falcon is prepared to produce relevant documents, including loan documents, communications between the parties (of which there are many), and documents showing the transfer of the promissory note from one holder to the next. And IBI Falcon is prepared to make available for inspection the original promissory note, guaranty, and allonges, all of which are sitting in Ohio (where Mr. Palumbo maintains his office) and all of which can be inspected on a mutually agreeable date on time at that location. But before documents can be produced, documents can be made available for inspection, and depositions can be taken, the Debtor needs to issue formal requests.

It is truly unclear why the Debtor has not already done so. As the Debtor notes, the window in which discovery may be taken is closing. And IBI Falcon stands ready to respond to any requests that may be issued—having already indicated that requests should be transmitted via e-mail to save time and expense. *See* Letter of M. VerStandig, DE #154-1, at p. 3. But if the Debtor wishes to take discovery, the Debtor needs to actually issue discovery—not ask this Honorable Court to pre-approve broad notions of the discovery to be taken.

### III.   Conclusion

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

6

Respectfully submitted,

Dated: May 5, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7