## Mac VerStandig

**From:**       Mac VerStandig
**Sent:**       Wednesday, April 22, 2026 10:27 AM
**To:**         Deirdre T. Johnson Esq
**Subject:**    Re: 25-19605 - Meet & Confer re Discovery

Ms. Johnson,

I received your email and have shared with my client so as to ensure I may appropriately respond with a better sense of their position on various items. I am presently on a flight back home but will send a more thorough response when I am at my desk this evening.

One general note: I believe the need is to agree to terms of a scheduling order. If and how you then choose to conduct discovery, and any objections to said discovery, can be addressed in due course. So while some of the items you highlight will need a prompter response (I am making inquiry as to whether or not I can accept a subpoena for certain parties), other items would appear to be within the ambit of Rule 34 (a document inspection, etc.). And in my experience, a scheduling order is simply going to establish deadlines for the taking of discovery, the designation of experts, and the designation of rebuttal experts.

Regards,

Maurice "Mac" VerStandig, Esq.
The VerStandig Law Firm, LLC
Phone: (301) 444-4600
Cell: (240) 351-6442
Facsimile: (301) 444-4600
mac@mbvesq.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

On Apr 21, 2026, at 2:42 PM, Deirdre T. Johnson, Esq <dtjesq@dtjohnsonlaw.com> wrote:

Good afternoon, Mr. VerStandig

I am writing to follow up on my telephone call to your office earlier today. I was advised that you are not available. I am reaching out to satisfy the Court's directive, issued at the April 20, 2026 hearing, that counsel meet and confer on discovery within the 60-day continuance period.

As you know, the Court continued all pending matters — including the Debtor's Objection to Amended Proof of Claim No. 2, the Motion for Determination of Party-in-Interest Status, the Motion for Leave to Conduct Targeted Discovery, the Motion to Enforce the Automatic Stay (DE #60), and IBI Falcon's Motion to Convert (DE #95) — for 60 days to allow: (1) counsel to meet and confer on discovery; (2) IBI Falcon to produce responsive documents; and (3) the Debtor's forensic document examiner to review those documents before the continued hearing.

We are now one day into that window. I need to confer with you on the following matters, which I outline briefly here so you may prepare for our call:

1. Production of the Original Note. The Debtor will be retaining a forensic document examiner this week. We are requesting that IBI Falcon produce the original wet-ink promissory note, with all purported allonges physically attached, for in-person inspection. Our target inspection date is May 11, 2026, with a firm outside date of May 18, 2026.

2. Document Production — Six Categories. We are requesting production from IBI Falcon and IBI SBL Investment LP of: (a) all corporate authorization records for Nolan Helline; (b) the Gingo Palumbo Law Group engagement agreement and all communications regarding the 89-day recording gap for the Power of Attorney; (c) electronic metadata for the allonge document files and all communications regarding the preparation, execution, and delivery of both allonges; (d) all written extension elections and forbearance agreements supporting the disputed fees in the Amended Claim; (e) consideration records for each transfer of the Note; and (f) all communications regarding the post-petition foreclosure instruments recorded in November 2025. Our proposed production deadline is May 21, 2026.

3. Third-Party Subpoenas. We intend to serve subpoenas on FTF Lending LLC,  IBI SBL Investment LP,  and Gingo Palumbo Law Group LLC. Please advise whether you represent any of these entities in connection with this matter.

4. Joint Scheduling Stipulation. I intend to prepare and file a Joint Scheduling Stipulation with the Court memorializing the agreed discovery timeline. I will circulate a draft for your review and signature.

5. DE #95 — Motion to Convert. We are asking IBI Falcon to agree to hold DE #95 in abeyance through June 20, 2026, consistent with the Court's continuance of all matters.

Please contact me at your earliest convenience to schedule our meet-and-confer call.   Given the Court's 60-day window, I would like to complete this conference no later than Monday April 27th. If I do not hear from you by then, I will file a unilateral proposed

scheduling order and certify to the Court that IBI Falcon's counsel was unavailable for the court-ordered meet-and-confer.

I look forward to hearing from you.

Regards,

Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385
dtjesq@dtjohnsonlaw.com
Counsel for Debtor, 5410 30th Street DC LLC

-

The information contained in this transmission is solely intended for use by the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please delete it immediately, and notify us by telephone. Thank you.

3