

Deandre T. Johnson, Esq.

Attorney at Law

Admitted to practice in Maryland

**VIA EMAIL AND U.S. MAIL**

May 5, 2026

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

**Re:    In re 5410 30th Street DC, LLC, *Case No. 25-19605-LSS***

**Demand to Cease Direct Contact with the Debtor and Continuing Stay
Violations by Your Clients**

Dear Mr. VerStandig:

I write on behalf of the Debtor and Debtor-in-Possession, 5410 30th Street DC,
LLC, and its managing member, Zanetta M. Williams, to put your clients IBI Falcon
US LLC and IBI SBL Investment LP, and their principals and agents, on formal notice
of continuing willful violations of the automatic stay under 11 U.S.C. § 362 and to
demand that all such conduct cease immediately.

As you know, the Court continued the hearing on the Debtor's Motion to Enforce
the Automatic Stay and for Sanctions [DE #60] at the April 20, 2026 hearing, granted
the Debtor leave to conduct Rule 2004 discovery, and set a status conference for June
25, 2026. In your Opposition [DE #68], you represented to the Court, in writing and
under your signature, that "*no property of the Debtor will be foreclosed absent leave of
this Honorable Court*" and that "IBI Falcon has … *taken no further actions outside of
this Honorable Court*." Opposition [DE #68] at 1.

Beginning eight days after the April 20 hearing, your clients' principals
embarked on a sustained, multi-channel campaign of direct contact with Ms. Williams

9701 Apollo Dr, Suite 301   Upper Marlboro, MD 20774
P : (301) 742-5385        F: (301) 731-4055
dtjesq@dtjohnsonlaw.com

that was the diametric opposite of the representation you made to the Court. Specifically:

1. **April 28, 2026** — Oren Streit (IBI) placed a WhatsApp voice call to Ms. Williams's personal mobile telephone. The call was missed.

2. **April 30, 2026** — Amir Golan, IBI's Managing Partner in Tel Aviv, placed a WhatsApp voice call from +972 54-761-6860 to Ms. Williams's personal mobile telephone. The call was missed.

3. **On or about April 30 – May 3, 2026** — Mr. Streit engaged Ms. Williams in a WhatsApp text exchange, demanding a call with Mr. Golan and writing, in pertinent part:

> *"Zanetta, we want to see if we can get into an agreement with you. We are ready to dismiss the bankruptcy and eventually **you will loose [sic] the property and bear a lot of legal costs**. We can jump to a call to try and settle or we can **continue at FC [foreclosure] with your bankruptcy**. I am fine with both – your choices."*

Ms. Williams responded by directing Mr. Streit, in writing, to communicate with her attorney, the undersigned: *"Please reach out to my attorney regarding the proposed settlement. Her name is Deirdre Johnson and her email address is dtjesq@dtjohnsonlaw.com."* Mr. Streit replied four minutes later: *"**We prefer to discuss commercial terms with you directly**."*

4. **May 3, 2026** — Mr. Golan emailed Ms. Williams directly at her personal email address, copying you only by virtue of copying me, and copying Mr. Streit, Tova Greenbaum (IBI), and Anthony J. Gingo (counsel to IBI Falcon and the notary on the recorded foreclosure affidavit). The email is marked "Importance: High," declares *"we are proceeding with the enforcement process,"* and threatens that *"the process … is very likely to result in the loss of the property and Zanetta's equity."*

Each of these communications is, separately and collectively, a willful violation of the automatic stay under 11 U.S.C. § 362(a)(1), (3), (4), and (6). The May 3 email is, on its face, a written admission that IBI is "proceeding with the enforcement process" against the Property post-petition. The WhatsApp messages are direct and explicit collection contacts threatening loss of the Property and the Debtor's equity. The express written refusal by Mr. Streit to communicate through counsel, after Ms. Williams expressly identified me by name and provided my email address, removes any conceivable defense based on inadvertence or business custom and establishes willfulness conclusively for purposes of *In re Bennett*, 317 B.R. 313 (Bankr. D. Md.

2004), and removes any "fair ground of doubt" under *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019).

Accordingly, this letter is a formal demand that you instruct your clients and their principals, immediately and in writing, that:

a. Neither IBI Falcon US LLC, nor IBI SBL Investment LP, nor any of their officers, directors, principals, employees, agents, attorneys (including Mr. Gingo and Mr. Drazin), or affiliates, shall communicate further with the Debtor or with Zanetta M. Williams, in any manner whatsoever (including by email, telephone, WhatsApp or other messaging service, text message, social media, in-person contact, or through third parties), concerning the Loan, the Property at 5631 MacArthur Boulevard NW, Washington, DC, or any "enforcement," foreclosure, settlement, refinancing, or related subject;

b. All future communications on those subjects shall be directed in writing to the undersigned, and substantively shall be made by motion or pleading filed with the Bankruptcy Court;

c. Your clients and their principals shall preserve, and not delete, alter, or factory-reset, all email, WhatsApp data, voicemail, call logs, mobile devices, and other electronic records concerning the Debtor, the Property, or the Loan; and

d. Your clients shall confirm in writing, within twenty-four (24) hours of receipt of this letter, that the foregoing instruction has been issued to all relevant personnel and that the litigation hold has been implemented.

Absent that written confirmation, the Debtor will proceed within forty-eight (48) hours to file a Supplement to the pending Motion to Enforce Stay, an Emergency Motion for Temporary Restraining Order and for an Order to Show Cause Why IBI Should Not Be Held in Civil Contempt, and an associated Motion to Shorten Time. The relief the Debtor will seek includes, without limitation, civil contempt sanctions under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9020; actual damages, including all attorney's fees and costs; punitive damages; and injunctive relief enjoining further direct contact and enforcement activity. The Debtor reserves all rights, including the right to seek referral of attorneys involved in or with knowledge of these contacts to appropriate disciplinary authorities under Maryland Attorneys' Rule of Professional Conduct 19-304.2 and corresponding rules in other jurisdictions.

I trust you will appreciate the seriousness of this situation and act promptly. I am available to meet and confer at your convenience, but the requested written confirmation **must be received within twenty-four (24) hours.**

Sincerely,


/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Bar No. MD14227
Counsel for the Debtor and
Debtor-in-Possession


Enclosures:

   Exhibit 1 – WhatsApp messages from Oren Streit to Z. Williams (opening contact)
   Exhibit 2 – WhatsApp messages from Oren Streit (follow-up; identifying Amir Golan)
   Exhibit 3 – WhatsApp message from Oren Streit (foreclosure threat / ultimatum)
   Exhibit 4 – WhatsApp exchange (direction to counsel; Streit's express refusal)
   Exhibit 5 – WhatsApp call log (missed voice calls 4/28/26 and 4/30/26)
   Exhibit 6 – Email from Amir Golan dated May 3, 2026


cc:   Client (via email)

7:00 | 5G 75

< Oren

6:07 AM ✓✓

**Oren Streit**

> **Oren Streit**
> Hi Zanetta,
> The managing partner want to talk with you.

Wanted to speak with you and the managing partner . Can we jump into a call today at your morning?

6:15 AM

The Managing Partner? Dor?

6:16 AM ✓✓

**Oren Streit**
No, Dor was the VP and I replaced him.
Amir is the managing partner.
He wants to talk with you .
Let's jump to a quick call today at your morning pls

6:25 AM

7:00    ..ll 5G⁵ʷ 75⁴

< 👥 Oren    📹ᵛ

The Managing Partner?
Dor?
6:16 AM ✓✓

**Oren Streit**
No, Dor was the VP and I
replaced him.
Amir is the managing
partner.
He wants to talk with you .
Let's jump to a quick call
today at your morning pls
6:25 AM

OS

So Dor is no longer there
and this is a new person?
And what would the calm
be about?    6:26 AM ✓✓

**Oren Streit**
Zanetta, we want to see if
we can get into an
agreement with you.
We are ready to dismiss the
bankruptcy and eventually


EXHIBIT
2

7:00     5G 78



**Oren**

Let's jump t Today ck call today at your morning pls
6:25 AM

So Dor is no longer there and this is a new person? And what would the calm be about?
6:26 AM ✓✓

**Oren Streit**
Zanetta, we want to see if we can get into an agreement with you.
We are ready to dismiss the bankruptcy and eventually you will loose the property and bear a lot of legal costs.
We can jump to a call to try and settle or we can continue at FC with your bankruptcy.
I am fine with both- your choices.
6:47 AM



EXHIBIT
3



EXHIBIT

4

You turned off disappearing messages. Tap to change.

Good Morning Oren. I apologize for the delay. The day got away from Me. Please reach out to my attorney regarding the proposed settlement. Her name is Deirdre Johnson and her email address is dtjesq@dtjohnsonlaw.com

10:28 AM

I hope that you both are having a good day/evening

10:28 AM

1 unread message

**Oren Streit**

We prefer to discuss commercial terms with you directly

10:32 AM

6:50

80

...

# Chats

🔍 Ask Meta AI or Search

EXHIBIT
5

🗄 **Archived**                              @

**+972 54-761-6860**  Thursday
↙ Missed voice call

**Oren**                        Thursday
Oren: We prefer to discuss
commercial terms with you...

**Oren Streit**              4/28/26
↙ Missed voice call

...eon.


Updates


Calls


Communities


Chats


You

 Outlook



**5631 MacArthur Boulevard – Next Steps**

**From** Amir Golan <Amir@IBI.co.il>

**Date** Sun 5/3/2026 7:03 AM

**To**  Deirdre T. Johnson, Esq <dtjesq@dtjohnsonlaw.com>; mailto:zanettaw@yahoo.com <zanettaw@yahoo.com>

**Cc**  Oren Streit <OrenS@IBI.co.il>; Tova Greenbaum <TovaG@IBI.co.il>; Anthony Gingo <anthony@gplawllc.com>

Hello Deirdre and Zanetta,

As you are aware, we are the holder of the first mortgage on the property located at 5631 MacArthur Boulevard.

At this stage, we are proceeding with the enforcement process in respect of the property.

That said, our intention is not to prolong proceedings unnecessarily. We believe it may still be in all parties' interest to explore whether a mutually agreeable resolution—such as a settlement or refinancing alternative—can be reached.

If your client is open to discussing such a path, we would be glad to engage and review any concrete proposal.

Absent progress in that direction, we will continue to move forward with the process as required. If the process continues without a resolution, it is very likely to result in the loss of the property and Zanetta's equity.

We would be happy to arrange a Zoom call to discuss this further at your convenience.

Best regards,
Amir



Amir Golan
**Managing Partner**

Mobile: 972-54-7616860
Tel :   972-3-5193887
Fax :   972-3-5193887
Amir@IBI.co.il
www.ibi.co.il

**CREATING WEALTH**
- Since 1971 -