**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

| | | |
|---|---|---|
| In re: | | |
| 5410 30th Street DC, LLC, | | Case No.: 25-19605 |
| Debtor | | Chapter 11 |
| | | |

DEBTOR'S MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY IBI FALCON US LLC AND IBI SBL INVESTMENT LP SHOULD NOT BE HELD IN CIVIL CONTEMPT

5410 30th Street DC, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), by and through undersigned counsel, hereby moves this Honorable Court pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9020 (incorporating Federal Rule of Bankruptcy Procedure 9014), for the issuance of an Order to Show Cause Why IBI Falcon US LLC and IBI SBL Investment LP (collectively, "IBI") Should Not Be Held in Civil Contempt for willful violation of the automatic stay imposed by 11 U.S.C. § 362(a), and in support states as follows:

## I.   Jurisdiction and Authority

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper under 28 U.S.C. § 1408.

2.  Authority to find civil contempt for violation of the automatic stay is vested in this Court under 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9020, and the Court's inherent authority.

## II.    Background

3.   The Debtor incorporates by reference the Motion to Enforce the Automatic Stay [DE #60], IBI's Opposition [DE #68], the Order Granting Motion to Continue (entered April 22, 2026), the Debtor's Supplement to Motion to Enforce Stay filed contemporaneously herewith (the "Supplement"), the Declaration of Zanetta M. Williams filed contemporaneously herewith (the "Williams Declaration"), and the Debtor's Motion for Temporary Restraining Order and Preliminary Injunction filed contemporaneously herewith.

4.   In the Opposition [DE #68], IBI's counsel of record represented to this Court, in writing and under his signature, that "*no property of the Debtor will be foreclosed absent leave of this Honorable Court*" and that IBI "*has … taken no further actions outside of this Honorable Court*." Opposition [DE #68] at 1.

5.   Within eight (8) days after the April 20, 2026 hearing, IBI's principals undertook a sustained campaign of post-petition direct contacts with the Debtor's managing member, including (a) a missed WhatsApp voice call from Oren Streit on April 28, 2026; (b) a missed WhatsApp voice call from Amir Golan from +972 54-761-6860 on April 30, 2026; (c) a WhatsApp text exchange in which Mr. Streit threatened "*you will loose [sic] the property and bear a lot of legal costs*" and offered the ultimatum "*continue at FC [foreclosure] with your bankruptcy. I am fine with both – your choices*," and in which Mr. Streit refused in writing to honor Ms. Williams's direction to communicate through counsel ("*We prefer to discuss commercial terms with you directly*"); and (d) a May 3, 2026 high-importance email from Mr. Golan to Ms. Williams declaring "*we are proceeding with the enforcement process*" and threatening "*loss of the property and Zanetta's equity*." *See* Williams Decl. ¶¶ 6–21 & Exs. 1–6.

6. On May 5, 2026, undersigned counsel transmitted a written cease-and-desist demand to IBI's counsel of record, attaching the foregoing exhibits and demanding written confirmation that the contacts had ceased. *See* Williams Decl. Ex. 8. IBI's counsel responded the same day with a letter that does not represent that IBI has agreed to cease the contacts, commits only to "*relay*" the request to IBI, and maintains the position that the contacts are "*not*" violations of the automatic stay. *See* Williams Decl. Ex. 9.

### III.   The Standard for Civil Contempt Is Met

7. Civil contempt for violation of the automatic stay is appropriate where there is "*no fair ground of doubt*" that the conduct violated the stay. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019)

8. Here there is no fair ground of doubt that IBI's conduct violates § 362(a):

a. The May 3 email is, on its face, a written admission that IBI is "*proceeding with the enforcement process*" against estate property post-petition. That is a violation of § 362(a)(1), (3), (4), and (6).

b. The WhatsApp threats are explicit collection contacts that demand a settlement and threaten loss of the Property and the Debtor's equity. *See In re Bennett*, 317 B.R. 313 (Bankr. D. Md. 2004); *In re Brock Util. & Grading, Inc.*, 185 B.R. 719 (Bankr. E.D.N.C. 1995).

c. Mr. Streit's express written refusal — "*We prefer to discuss commercial terms with you directly*" — *after* Ms. Williams identified undersigned counsel by name and provided counsel's email address removes any conceivable defense based on inadvertence, business custom, or

misunderstanding, and conclusively establishes that the contacts were knowing, intentional, and continuing.

d. The conduct directly contradicts the representations IBI's own counsel made to this Court in DE #68. The contradiction between IBI's in-court representation ("no property of the Debtor will be foreclosed absent leave of this Honorable Court") and IBI's out-of-court conduct ("we are proceeding with the enforcement process") is itself an aggravating circumstance.

9.  The violations are willful within the meaning of *In re Bennett*, 317 B.R. at 316. By April 28, 2026, IBI's knowledge of the bankruptcy was undisputed: bankruptcy counsel had appeared, filed an Opposition, filed a Motion to Convert, filed a Response to the Claim Objection, filed an Objection to the Amended Disclosure Statement, and appeared at the April 20, 2026 hearing. The acts were intentional. After being told to stop, IBI's representative refused in writing to do so.

## IV.   Sanctions Available Under § 105(a) and Rule 9020

10. Upon a finding of civil contempt for willful violation of the automatic stay, this Court may impose sanctions including: (a) compensatory damages, including attorney's fees and costs; (b) coercive sanctions designed to compel compliance; (c) punitive damages where the conduct is willful and persistent; and (d) injunctive relief. 11 U.S.C. §§ 105(a), 362(k); Fed. R. Bankr. P. 9020.

11. The Debtor reserves the right to seek the full range of sanctions available, with the specific damages amounts to be established by declaration prior to the show-cause hearing.

## V.   Procedure

12. Federal Rule of Bankruptcy Procedure 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." This Motion is made by the Debtor, a party in interest. Notice is being served via CM/ECF and by direct email on counsel of record for IBI, the Chapter 11 Trustee, and the Office of the United States Trustee.

13. The Debtor respectfully requests that the Court issue an Order to Show Cause directing IBI Falcon US LLC, IBI SBL Investment LP, Amir Golan, and Oren Streit to appear and show cause why they should not be held in civil contempt, on a date set by the Court.

## VI.  Relief Requested

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order, in substantially the form of the proposed Order submitted herewith:

A. Granting this Motion;

B. Issuing an Order to Show Cause directing IBI Falcon US LLC, IBI SBL Investment LP, Amir Golan, and Oren Streit to appear before this Court at a date and time set by the Court, and show cause why they should not be held in civil contempt under 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9020, and the Court's inherent authority for willful violation of the automatic stay imposed by 11 U.S.C. § 362(a);

C. Directing that IBI Falcon US LLC, IBI SBL Investment LP, Amir Golan, and Oren Streit be served with the Order to Show Cause and supporting papers in accordance with Federal Rule of Bankruptcy Procedure 9014;

D. Directing that, upon a finding of civil contempt, the Court will determine the appropriate compensatory, coercive, and punitive sanctions, including attorney's fees and costs, in an amount to be established by declaration prior to or at the show-cause hearing; and

E. Granting such other and further relief as this Court deems just and proper.

Date: May 12, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for the Debtor and
Debtor-in-Possession*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2026, a copy of the foregoing was served via the Court's CM/ECF system, with copies via email to:

• Maurice B. VerStandig, Esq., mac@mbvesq.com

• L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov

• Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.