# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MARYLAND (GREENBELT DIVISION)

| | | |
|---|---|---|
| In re: | \| | |
| 5410 30th Street DC, LLC, | \| | Case No.: 25-19605 |
| Debtor | \| | Chapter 11 |
| | \| | |

DEBTOR'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING FURTHER POST-PETITION DIRECT CONTACTS WITH THE DEBTOR AND FURTHER "ENFORCEMENT" ACTIVITY BY IBI FALCON US LLC AND IBI SBL INVESTMENT LP

5410 30th Street DC, LLC, the Debtor and Debtor-in-Possession (the "Debtor"), by and through undersigned counsel, hereby moves this Honorable Court pursuant to 11 U.S.C. §§ 105(a) and 362; Federal Rule of Bankruptcy Procedure 7065; and Federal Rule of Civil Procedure 65, for entry of a Temporary Restraining Order and Preliminary Injunction enjoining IBI Falcon US LLC and IBI SBL Investment LP (collectively, "IBI"), and their officers, directors, principals, employees, agents, attorneys, and affiliates, from further post-petition direct contacts with the Debtor and from further extra-judicial "enforcement" activity concerning the Property at 5631 MacArthur Boulevard NW, Washington, DC, and in support states as follows:

## I.  Jurisdiction and Authority

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper under 28 U.S.C. § 1408.

2.  Authority for the relief requested is conferred by 11 U.S.C. § 362(a) (the automatic stay), 11 U.S.C. § 105(a) (issuing necessary or appropriate orders), Federal Rule of Bankruptcy Procedure 7065, Federal Rule of Civil Procedure 65, and the Court's inherent authority. *See In re Walters*, 868 F.2d 665 (4th Cir. 1989); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

## II.   Background

3. The Debtor incorporates by reference the recitations in: (a) the Motion to Enforce the Automatic Stay [DE #60]; (b) IBI's Opposition [DE #68]; (c) the Order Granting Motion to Continue (entered April 22, 2026); (d) the Debtor's Supplement to Motion to Enforce Stay filed contemporaneously herewith (the "Supplement"); and (e) the Declaration of Zanetta M. Williams filed contemporaneously herewith (the "Williams Declaration").

4.  In summary: the Debtor filed this Chapter 11 case on October 14, 2025; IBI recorded post-petition documents in the District of Columbia land records; the Debtor filed the Motion to Enforce Stay [DE #60] on December 3, 2025; IBI filed the Opposition [DE #68] on December 17, 2025, in which counsel represented to the Court that "*no property of the Debtor will be foreclosed absent leave of this Honorable Court*" and that IBI "*has ... taken no further actions outside of this Honorable Court*"; and the Court continued the hearing on April 20, 2026 and granted the Debtor 60 days to take Rule 2004 discovery on IBI's standing.

5.  Beginning eight (8) days after the April 20 hearing, IBI's principals embarked on a sustained, multi-channel direct-contact campaign with the Debtor's managing member: a missed WhatsApp voice call from Oren Streit on April 28, 2026; a missed WhatsApp voice call from Amir Golan on April 30, 2026; a WhatsApp text exchange in which Mr. Streit threatened "*you will loose [sic] the property and bear a lot of legal costs*," offered the ultimatum that IBI "*can continue at FC*

*[foreclosure] with your bankruptcy*," and refused in writing to honor Ms. Williams's direction to communicate through counsel ("*We prefer to discuss commercial terms with you directly*"); and a May 3, 2026 high-importance email from Mr. Golan to Ms. Williams declaring "*we are proceeding with the enforcement process*" and threatening "*loss of the property and Zanetta's equity.*" *See* Williams Decl. ¶¶ 6–21 & Exs. 1–6.

6. On May 5, 2026, undersigned counsel transmitted a written cease-and-desist demand to IBI's counsel of record. *See* Williams Decl. Ex. 8. Later that day, IBI's counsel responded with a letter that (i) does not represent that IBI has agreed to cease the contacts; (ii) commits only to "*relay*" the request to IBI; (iii) maintains that the contacts are "*not*" violations of the automatic stay (and therefore reserves IBI's asserted right to resume them); and (iv) discloses for the first time on the record that "*the debtor's principal has personally guaranteed the subject obligations.*" *See* Williams Decl. Ex. 9.

7. The Debtor accordingly seeks immediate injunctive relief from this Court.

## III.   Standard for Injunctive Relief

8. A movant seeking a temporary restraining order or preliminary injunction must show: (i) a likelihood of success on the merits; (ii) a likelihood of irreparable harm absent the injunction; (iii) that the balance of equities tips in the movant's favor; and (iv) that the injunction is in the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009).

9. Each factor is met here.

## A.   Likelihood of success on the merits.

10. The Debtor has established — on the face of IBI's own writings — willful violations of multiple provisions of 11 U.S.C. § 362(a):

a. **§ 362(a)(6)**: the WhatsApp threats and the May 3 email are direct collection contacts that demand a settlement, threaten loss of the Property and the Debtor's equity, and use the threat of foreclosure to coerce capitulation. *See In re Bennett*, 317 B.R. 313, 316 (Bankr. D. Md. 2004).

b. **§ 362(a)(1)**: the May 3 email expressly admits IBI is "*proceeding with the enforcement process,*" and the WhatsApp ultimatum confirms it.

c. **§ 362(a)(3)**: coercing the Debtor's principal to surrender the Property under threat of loss of equity is an act to obtain possession or exercise control of estate property.

d. **§ 362(a)(4)**: continuing "the enforcement process" is an act to enforce a lien.

11. The violations are willful. By April 28, 2026, IBI's knowledge of the case was undisputed: bankruptcy counsel had appeared, filed an Opposition, filed a Motion to Convert, and appeared at the April 20, 2026 hearing. The acts were intentional and sustained. Mr. Streit's express written refusal — "*We prefer to discuss commercial terms with you directly*" — *after* being directed to undersigned counsel removes any defense based on inadvertence and conclusively establishes willfulness. *See In re Bennett*, 317 B.R. at 316.

## B.   Irreparable harm.

12. IBI's May 3 email expressly threatens "*loss of the property and Zanetta's equity.*" The WhatsApp record threatens "*continue at FC with your bankruptcy.*" Loss of the principal asset of the bankruptcy estate is, by definition, irreparable. The disruption of the reorganization process is

also irreparable: the Debtor's ability to formulate, propose, and confirm a Chapter 11 plan depends on the stability of the estate's asset base and on the Debtor's principal's ability to administer the case without coercive direct contacts threatening her personally.

13. IBI's May 5, 2026 letter does not eliminate the threat of irreparable harm. IBI's counsel has not represented that his clients have agreed to cease the contacts. He has stated only that he will "*relay*" the request, and he has further stated that IBI maintains the position that the contacts are "*not*" violations of the automatic stay. The conduct may resume at any time absent an order from this Court. The newly disclosed personal guaranty further compounds the threat: IBI now has, in its own view, the asserted "right" to continue pressuring the Debtor's managing member personally.

## C.   Balance of equities.

14. The injunction the Debtor seeks does not impair any legitimate interest of IBI. IBI is fully able to pursue its claims through this Court (and is doing so by way of its Motion to Convert, its Response to the Claim Objection, and its Objection to the Amended Disclosure Statement). The injunction simply requires IBI to do what its own bankruptcy counsel told this Court IBI would do: act through this Court.

## D.   Public interest.

15. There is a strong public interest in (i) the integrity of the automatic stay, (ii) the orderly administration of bankruptcy estates, and (iii) ensuring that creditors honor representations they make to bankruptcy courts. All three favor the requested injunction.

## E.   Bond.

16. The Debtor respectfully requests that the Court waive the bond requirement of Federal Rule of Civil Procedure 65(c), made applicable by Federal Rule of Bankruptcy Procedure 7065. The Debtor seeks merely to enforce the existing statutory injunction (the automatic stay); the relief sought is in furtherance of, and consistent with, the Bankruptcy Code; and a bond would impose an undue burden on the bankruptcy estate.

## IV.    Relief Requested

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order, in substantially the form of the proposed Order submitted herewith:

A. Granting this Motion;

B. Issuing a Temporary Restraining Order, and following hearing a Preliminary Injunction, directing IBI Falcon US LLC, IBI SBL Investment LP, their officers, directors, principals, employees, agents, attorneys, affiliates, parents, subsidiaries, and all persons in active concert or participation with them — including without limitation Amir Golan, Oren Streit, Tova Greenbaum, Michael J. Palumbo, Anthony J. Gingo, Russell S. Drazin, the law firm of Gingo Palumbo Law Group, and the law firm of Pardo & Drazin, LLC — to **immediately cease and desist** from any communication of any kind — whether by email, telephone, WhatsApp or other messaging application, text message, social media, in-person contact, third party, or otherwise — with the Debtor, with the Debtor's managing member Zanetta M. Williams, with any prospective buyer or refinancing lender, or with any third party concerning the Loan, the Property at 5631 MacArthur Boulevard NW, Washington, DC, or any "enforcement," foreclosure, settlement, refinancing, or related subject, except (i) by motion or pleading filed with this Court, or (ii) in writing by Maurice B. VerStandig, Esq. directed to undersigned counsel;

C. Directing IBI and its principals, agents, attorneys, and affiliates, to immediately cease all foreclosure-related "enforcement" activity, including without limitation any further substitute-trustee actions, broker engagements, notices of default, settlement demands, and contacts with prospective buyers or lenders concerning the Property;

D. Directing IBI and its principals to preserve all email, WhatsApp data, voicemail, call logs, mobile devices, and other electronic records concerning the Debtor, the Property, the Loan, or any of the matters at issue in this case;

E. Setting a hearing on the Preliminary Injunction at the Court's earliest available date;

F. Waiving the bond requirement of Federal Rule of Civil Procedure 65(c); and

G. Granting such other and further relief as this Court deems just and proper.

Date: May 12, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for the Debtor and*
*Debtor-in-Possession*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of May, 2026, a copy of the foregoing was served via the Court's CM/ECF system, with copies via email to:

• Maurice B. VerStandig, Esq., mac@mbvesq.com

• L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov

• Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

<u>/s/ Deirdre T. Johnson</u>

Deirdre T. Johnson, Esq.