B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Greenbelt_____     District of _____Maryland_____

In re ___5410 30th Street DC, LLC___
                        Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___25-19605___

Chapter ___11___

_____
                        Plaintiff

                        v.

Adv. Proc. No. _____

_____
                        Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: IBI Falcon US, LLC c/o  Maurice B. VerStandig, Esq mac@mbvesq.com (service by email pursuant to counsel's prior agreement
                        *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the documents, electronically stored information, or objects designated in Schedule A attached hereto, and to permit their inspection by the Debtor's forensic document examiner and counsel.

| PLACE   Law Office of Deirdre T. Johnson, Esq*<br>9701 Apollo Dr, Suite 301<br>Upper Marlboro, MD  20772 | DATE AND TIME<br>May 28, 2026 at 10am (Eastern Time) |
|---|---|

*The Debtor remains willing to consider an alternative location within Maryland or the District or Columbia upon prompt written confirmation and agreement from recipient's counsel.

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), **relating to the place of compliance;** Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **May 14, 2026**

                        CLERK OF COURT

                                            OR

                                            /s/ Deirdre T. Johnson, Esq
_____            _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___5410 30th St DC, LLC___ , who issues or requests this subpoena, are:
**Deirdre T. Johnson, Esq  9701 Apollo Dr, Suite 301, Upper Marlboro, MD  20772**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .


☒ I served the subpoena by delivering a copy to the named person as follows: by sending a copy via electronic mail to
mac@mbvesq.com pursuant to counsel's prior agreement to accept email service of subpoenas on behalf of
IBI Falcon US LLC _____ on *(date)* May 14, 2026 _____ ; or


☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: May 14, 2026


|  |  |
|---|---|
|  | /s/ Deirdre T. Johnson, Esq |
|  | *Server's signature* |
|  | Deirdre T. Johnson, Esq |
|  | *Printed name and title* |
|  | 9701 Apollo Dr, Suite 301, Upper Marlboro, MD  20774 |
|  | *Server's address* |


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SCHEDULE A

TO SUBPOENA TO IBI FALCON US LLC

*In re 5410 30th Street DC, LLC*, Case No. 25-19605-LSS (Bankr. D. Md.)

## I.  Definitions

1. **"Debtor"** means 5410 30th Street DC, LLC, the Debtor and Debtor-in-Possession in the above-captioned bankruptcy case.

2. **"IBI Falcon"** means IBI Falcon US LLC and any of its officers, directors, members, managers, employees, agents, attorneys (including without limitation Maurice B. VerStandig, Esq., Anthony J. Gingo, Esq., and Michael J. Palumbo, Esq.), affiliates, parents, subsidiaries, predecessors, successors, and assigns, and all persons or entities acting on its behalf or holding documents on its behalf.

3. **"Property"** means the real property located at 5631 MacArthur Boulevard, NW, Washington, DC 20016 (Lot 0043 in Square 1446).

4. **"Loan"** means the loan transaction underlying the Promissory Note dated May 3, 2023 in the original principal amount of $2,222,000.00 made by the Debtor and the Deed of Trust dated May 3, 2023 and recorded May 10, 2023 as Instrument No. 2023039109 in the land records of the District of Columbia, including all amendments, modifications, allonges, endorsements, assignments, and instruments of transfer related thereto.

5. **"Document"** has the broadest meaning permitted under Federal Rule of Civil Procedure 34(a)(1) and Federal Rule of Bankruptcy Procedure 7034, and includes originals, drafts, copies, and non-identical copies of all written, recorded, graphic, photographic, audio, video, and electronic materials in any form, including metadata.

6. **"Original"** means the wet-signature, physical paper instrument bearing the actual ink signatures of the executing parties (and any wet-signature notarization and seals), and not a photocopy, scan, facsimile, electronically generated reproduction, or any other reproduction thereof.

## II.  Instructions

7. <u>Non-destructive inspection</u>. The inspection authorized by this Subpoena shall be non-destructive in nature. Inspection methods may include, without limitation: visual inspection, magnification, photography (digital), examination by ultraviolet or infrared light, examination of paper-fiber characteristics by non-destructive means, examination of inks by non-destructive means, examination of staples, holes, perforations, alterations, erasures, and obliterations, and examination of chain-of-custody indicia. No item shall be cut, perforated, altered, or otherwise damaged.

8. Representatives permitted. IBI Falcon and its counsel are permitted to have a representative present at the inspection. The Debtor and its counsel shall similarly be permitted to attend, together with the Debtor's forensic document examiner.

9. Originals required. The documents listed in Section III below are requested in their *original* form. Photocopies, scans, and other reproductions are not responsive to this Subpoena except as specifically indicated below. To the extent any item designated below exists only as a copy, IBI Falcon shall identify the item and provide a sworn statement explaining the absence of the original and the last known custody, location, and condition of the original.

10. Possession, custody, or control. IBI Falcon is required to produce all responsive documents within its possession, custody, or control, including without limitation documents physically held by its outside counsel (including the Gingo Palumbo Law Group, Anthony J. Gingo, Esq., and Michael J. Palumbo, Esq.), prior custodians, loan servicers, and any third-party document custodian acting on its behalf.

11. Privilege log. If any responsive document is withheld in whole or in part on the basis of any claim of privilege or other protection, IBI Falcon shall provide a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A) sufficient to enable assessment of the claim.

12. Continuing obligation. The obligation to produce is continuing; if additional responsive documents are located after the inspection, IBI Falcon shall promptly notify the undersigned and make those documents available for inspection on terms equivalent to those set forth herein.

## III.  Documents to Be Produced for Inspection

The following documents, in their **original** wet-signature form (and including all attachments, allonges, endorsements, and pages):

1. The original **Promissory Note** dated May 3, 2023, in the original principal amount of $2,222,000.00, made by 5410 30th Street DC, LLC to the order of FTF Lending, LLC, and all riders, addenda, amendments, and modifications thereto.

2. All original **allonges** related to the Promissory Note, and all original **endorsements** of the Note (whether in blank, special, restrictive, or otherwise), including all intermediate and successor allonges and endorsements.

3. The original **Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement** dated May 3, 2023, and recorded May 10, 2023 as Instrument No. 2023039109 in the land records of the District of Columbia.

4. The original **Assignment of Mortgage/Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement** dated March 6, 2024, and recorded March 27, 2024 as Instrument No. 2024028399, by which FTF Lending, LLC assigned the Deed of Trust and Note to IBI SBL Investment LP.

5. The original **Assignment of Deed of Trust** dated July 8, 2025, and recorded July 9, 2025 as Instrument No. 2025067961, by which IBI SBL Investment LP assigned the Deed of Trust and Note to IBI Falcon US LLC.

6. The original **Affidavit of Non-Residential Mortgage Foreclosure** signed November 11, 2025 by Michael J. Palumbo as Authorized Signatory of IBI Falcon US LLC, and recorded November 13, 2025 as Instrument No. 2025110562 (D.C. Recorder of Deeds), together with all attachments thereto.

7. The original **Deed of Appointment of Substitute Trustee** signed November 18, 2025 by Michael J. Palumbo as Authorized Signatory of IBI Falcon US LLC, and recorded November 19, 2025 as Instrument No. 2025112580 (D.C. Recorder of Deeds), together with all attachments thereto.

8. All original **loan-origination documents** related to the Loan, including without limitation any loan agreement, security agreement, environmental indemnity, personal guaranty (including any guaranty executed by Zanetta M. Williams), assignment of rents, financing statements (UCC-1, UCC-3), and all riders, addenda, amendments, and modifications thereto.

9. All original **bailee letters, custodial agreements, vault logs, collateral file inventories, transmittal slips, FedEx/UPS receipts, and shipping records** reflecting the chain of custody of the original Promissory Note from its execution on May 3, 2023 through the date of inspection.

10. All original **corporate authority documents** relied upon by Michael J. Palumbo to act as "Authorized Signatory" of IBI Falcon US LLC, including operating agreements, member resolutions, manager resolutions, powers of attorney, and instruments of corporate authority.

11. All original **notary journals or notary records** maintained by Anthony J. Gingo, Esq. (State of Ohio notary public, Cuyahoga County), reflecting the notarizations of the Affidavit of Non-Residential Mortgage Foreclosure (Item 6 above) and the Deed of Appointment of Substitute Trustee (Item 7 above), or true and complete copies of the relevant pages thereof if originals cannot be removed from the journal.

12.    **All Related Metadata.** The items identified on this Schedule A include, and shall be deemed to incorporate, all associated metadata, including without limitation: file name and file path; file size; file format and extension; date and time of creation, last modification, last access, and printing; author, custodian, and last-modified-by information; document title, subject, and keywords; revision history and tracked changes; comments and annotations; embedded objects and hyperlinks; sender, recipient, cc, bcc, date, time, and subject fields for any electronic communications; and any other system- or application-generated data embedded in or associated with the native files. All such metadata shall be produced in its original, unaltered form and shall be treated as part of the underlying item for all purposes under this subpoena.

## IV.  Reservation

The Debtor reserves the right to (a) supplement, amend, or refine this Schedule A as the discovery permitted by the Scheduling Order [DE #156] proceeds; (b) request additional inspection dates if the inspection on May 28, 2026 is not concluded within one business day; and (c) seek production

of additional categories of documents, including documents not in "original" form, through separate document requests or subpoenas.