**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| 5410 30th Street DC, LLC, | ) | Case No. 25-19605-LSS |
|     Debtor | ) | Chapter 11 |
| | ) | |
| _____ | ) | |
| 5410 30th Street DC, LLC, | ) | |
|     Plaintiff | ) | |
| v. | ) | Adv. Pro. No. _____ |
| IBI FALCON US LLC; IBI SBL | ) | |
| INVESTMENT LP; AMIR GOLAN; | ) | |
| OREN STREIT; and TOVA | ) | |
| GREENBAUM, | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,**
**FOR DAMAGES, AND FOR CIVIL CONTEMPT FOR WILLFUL**
**VIOLATIONS OF THE AUTOMATIC STAY (11 U.S.C. § 362)**

Plaintiff 5410 30th Street DC, LLC, the Debtor and Debtor-in-Possession (the "Debtor" or "Plaintiff"), by and through undersigned counsel, files this Adversary Complaint against Defendants IBI Falcon US LLC, IBI SBL Investment LP (collectively, "IBI"), Amir Golan, Oren Streit, and Tova Greenbaum (collectively with IBI, the "Defendants"), and alleges as follows:

## I.  Nature of the Action

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(g) arising from Defendants' willful and continuing post-petition violations of the automatic stay imposed by 11 U.S.C. § 362(a). Plaintiff seeks (i) declaratory relief, (ii) preliminary and permanent injunctive relief, (iii) civil contempt sanctions, (iv) compensatory and punitive damages, and (v) extension of the automatic stay to Plaintiff's principal in her capacity as personal guarantor under 11 U.S.C. § 105(a) and A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986).

## II.  Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding is authorized by Federal Rule of Bankruptcy Procedure 7001(g) (injunctive relief), Rule 7001(b) (determination of validity, priority, or extent of a lien or other interest), and Rule 7001(i) (declaratory judgment relating to any of the foregoing).

## III.  Parties

4. Plaintiff 5410 30th Street DC, LLC, is a Maryland limited liability company that filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 14, 2025 (the "Petition Date").

5. Defendant IBI Falcon US LLC is, on information and belief, a Delaware limited liability company with principal place of business in the State of Israel.

6. Defendant IBI SBL Investment LP is, on information and belief, a limited partnership organized under the laws of the State of Delaware.

7. Defendant Amir Golan is, on information and belief, the "Managing Partner" of IBI and resides in Tel Aviv, Israel.

8. Defendant Oren Streit is, on information and belief, an executive of IBI and resides in Tel Aviv, Israel.

9. Defendant Tova Greenbaum is, on information and belief, an officer or employee of IBI and resides in Tel Aviv, Israel.

10. All defendants are, on information and belief, represented by Maurice B. VerStandig in the bankruptcy proceeding.

## IV.  Factual Allegations

### A.  The Bankruptcy Case and the Property

11. The Debtor owns the real property located at 5631 MacArthur Boulevard NW, Washington, DC 20016 (the "Property"), which is the principal asset of the bankruptcy estate.

12. On the Petition Date, the automatic stay arose by operation of law under 11 U.S.C. § 362(a) and now operates as a statutory injunction against, inter alia, any act to obtain possession of, or to exercise control over, property of the estate; any act to enforce any lien against property of the estate; the commencement or continuation of any action or proceeding against the Debtor; and any act to collect, assess, or recover a claim against the Debtor that arose pre-petition.

### B.  IBI's Post-Petition Filings and the December 17, 2025 Representations to the Court

13. After the Petition Date, IBI caused to be recorded in the District of Columbia land records: (a) an Affidavit of Foreclosure (Recorder of Deeds Doc. # 2025110562); and (b) a Deed of Appointment of Substitute Trustee (Recorder of Deeds Doc. # 2025112580) (collectively, the "Post-Petition Recordings").

14. On December 3, 2025, the Debtor filed its Motion to Enforce the Automatic Stay and for Sanctions [Main Case DE #60].

15. On December 17, 2025, IBI filed an Opposition [Main Case DE #68], in which counsel of record represented to the Court, in writing and under signature, that: "no property of the Debtor will be foreclosed absent leave of this Honorable Court" and that IBI "has … taken no further actions outside of this Honorable Court."

### C. The April 28 – May 3, 2026 Course of Direct Contacts

16. On April 20, 2026, the Court held a hearing on the Motion to Enforce Stay and related matters. By Order entered April 22, 2026, the Court continued the hearings and granted the Debtor sixty (60) days to conduct Rule 2004 discovery on IBI's standing.

17. Beginning eight (8) days after the April 20 hearing, Defendants Golan and Streit, on behalf of IBI, undertook a sustained and multi-channel campaign of direct post-petition contacts with Zanetta M. Williams, the Debtor's managing member, at her personal mobile telephone and personal email address.

18. On April 28, 2026, Mr. Streit placed a WhatsApp voice call to Ms. Williams. The call was missed.

19. On April 30, 2026, Mr. Golan placed a WhatsApp voice call from +972 54-761-6860 to Ms. Williams. The call was missed.

20. On or about April 29–May 3, 2026, Mr. Streit engaged Ms. Williams in a WhatsApp text exchange in which, after Ms. Williams asked the subject of the proposed call, Mr. Streit wrote, in pertinent part: "Zanetta, we want to see if we can get into an agreement with you. We are ready to dismiss the bankruptcy and eventually you will loose [sic] the property and bear a lot of legal costs. We can jump to a call to try and settle or we can continue at FC [foreclosure] with your bankruptcy. I am fine with both — your choices."

21. On April 30, 2026, at 10:28 a.m. EDT, Ms. Williams responded in writing: "Please reach out to my attorney regarding the proposed settlement. Her name is Deirdre Johnson and her email address is dtjesq@dtjohnsonlaw.com."

22. Four minutes later, at 10:32 a.m. EDT, Mr. Streit replied: "We prefer to discuss commercial terms with you directly."

23. On May 3, 2026 at 11:02 a.m. UTC (7:02 a.m. EDT), Mr. Golan sent an email from Amir@IBI.co.il to Ms. Williams at her personal email address (zanettaw@yahoo.com), copying undersigned counsel, Mr. Streit (OrenS@IBI.co.il), Ms. Greenbaum (TovaG@IBI.co.il), and Anthony Gingo (anthony@gplawllc.com). The email is marked "Importance: High." It states, in pertinent part: "As you are aware, we are the holder of the first mortgage on the property located at 5631 MacArthur Boulevard. At this stage, we are proceeding with the enforcement process in respect of the property. … Absent progress in that direction, we will continue to move forward with the process as required. If the process continues without a resolution, it is very likely to result in the loss of the property and Zanetta's equity."

24. Each of the foregoing communications was made (i) post-petition, (ii) with full knowledge of the bankruptcy and of undersigned counsel's representation of the Debtor, (iii) directly to the Debtor's managing member, and (iv) without authorization from undersigned counsel. None was a communication through bankruptcy counsel of record, and none was made by motion or pleading filed with the Court.

### D. The Cease-and-Desist Letter and IBI's Reservation of the Right to Continue

25. On May 5, 2026, undersigned counsel transmitted a written cease-and-desist demand to Maurice B. VerStandig, Esq., counsel of record for IBI.

26. Later that same day, Mr. VerStandig responded by letter. The letter (a) does not represent that IBI has agreed to cease the contacts, (b) commits only to "relay" the request to IBI, (c) maintains that the contacts are "not" violations of the automatic stay (thereby reserving IBI's asserted right to resume them), and (d) discloses for the first time on the record that "the debtor's principal has personally guaranteed the subject obligations."

## V. Claims for Relief

### COUNT I — Declaratory Judgment: Willful Violation of the Automatic Stay (11 U.S.C. § 362(a)(1), (3), (4), and (6))

27. Plaintiff incorporates by reference paragraphs 1 through 22 above.

28. The communications described above are post-petition acts to collect a claim against the Debtor, to obtain possession of and exercise control over property of the estate, to enforce a lien against property of the estate, and to continue an action against the Debtor in respect of the Property. Each communication violates 11 U.S.C. § 362(a)(1), (3), (4), and (6).

29. Defendants acted with knowledge of the bankruptcy and of undersigned counsel's representation of the Debtor. The violations were willful within the meaning of In re Bennett, 317 B.R. 313, 316 (Bankr. D. Md. 2004).

30. Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(i) that the Defendants willfully violated the automatic stay.

### COUNT II — Declaratory Judgment: Void Ab Initio Status of the Post-Petition Recordings (11 U.S.C. § 362; Fed. R. Bankr. P. 7001(b), (i))

31. Plaintiff incorporates by reference paragraphs 1 through 26 above.

32. In the Fourth Circuit, acts taken in violation of the automatic stay are void ab initio, not merely voidable. The Affidavit of Foreclosure (Doc. # 2025110562) and Deed of Appointment of Substitute Trustee (Doc. # 2025112580) were recorded post-petition and constitute acts to enforce a lien against, and to obtain possession or exercise control over, property of the estate.

33. Plaintiff is entitled to a declaratory judgment that the Post-Petition Recordings are void ab initio, and to an order directing Defendants to record an instrument in the District of Columbia land records noting the voidness of the Post-Petition Recordings.

### COUNT III — Preliminary and Permanent Injunctive Relief (11 U.S.C. § 105(a); Fed. R. Bankr. P. 7001(g), 7065; Fed. R. Civ. P. 65)

34. Plaintiff incorporates by reference paragraphs 1 through 29 above.

35. Plaintiff has a substantial likelihood of success on the merits, faces irreparable harm absent injunctive relief, the balance of equities favors the Debtor, and the public interest favors enforcement of the automatic stay. Winter v. NRDC, 555 U.S. 7, 20 (2008).

36. Defendants have, by counsel, expressly reserved their asserted right to resume the contacts. Absent injunctive relief, the conduct will continue and the estate will suffer irreparable injury, including the loss of its principal asset.

37. Plaintiff is entitled to a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants from any direct communication of any kind with the Debtor, with Zanetta M. Williams, with any prospective buyer or refinancing lender, or with any third party concerning the Loan, the Property, or any "enforcement" thereof, except (i) by motion or pleading filed with this Court, or (ii) in writing by Maurice B. VerStandig, Esq. directed to undersigned counsel.

## COUNT IV — Damages (11 U.S.C. § 362(k) and, in the alternative, § 105(a))

38. Plaintiff incorporates by reference paragraphs 1 through 33 above.

39. Defendants' willful violations of the automatic stay have caused, and are continuing to cause, actual damages to Plaintiff, including without limitation: (a) attorney's fees and costs; (b) disruption of the reorganization; (c) emotional distress to the Debtor's managing member; and (d) impairment of marketability and refinancing.

40. Plaintiff is entitled to recover its actual damages under 11 U.S.C. § 362(k) and, in the alternative, under 11 U.S.C. § 105(a), and to recover punitive damages by reason of the willful, persistent, and continuing nature of the violations.

## COUNT V — Civil Contempt (11 U.S.C. § 105(a); Fed. R. Bankr. P. 9020)

41. Plaintiff incorporates by reference paragraphs 1 through 36 above.

42. There is no fair ground of doubt that Defendants' conduct violated the automatic stay. Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2019).

43. Plaintiff is entitled to an order holding the Defendants in civil contempt and imposing appropriate compensatory, coercive, and punitive sanctions.

## COUNT VI — Extension of the Automatic Stay to Zanetta M. Williams as Personal Guarantor (11 U.S.C. § 105(a); A.H. Robins Co. v. Piccinin)

44. Plaintiff incorporates by reference paragraphs 1 through 39 above.

45. IBI has disclosed that the Debtor's principal, Zanetta M. Williams, is a personal guarantor of the obligations at issue and is being treated by IBI as a target of its post-petition pressure campaign.

46. Continued pursuit of Ms. Williams personally during the pendency of this case will have an immediate adverse effect on the Debtor's estate and will impair the Debtor's ability to administer the case and propose and confirm a Chapter 11 plan. These constitute the "unusual circumstances" recognized by A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

47. Plaintiff is entitled to an order extending the automatic stay to Zanetta M. Williams in her capacity as a personal guarantor of the obligations at issue, for the duration of this case.

## VI.  Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

- Declaring that Defendants willfully violated the automatic stay under 11 U.S.C. § 362(a)(1), (3), (4), and (6);
- Declaring that the Post-Petition Recordings (Doc. # 2025110562 and Doc. # 2025112580) are void ab initio and ordering Defendants to record an instrument in the District of Columbia land records noting the voidness of those filings;
- Issuing a temporary restraining order, preliminary injunction, and permanent injunction in the form requested;
- Awarding compensatory damages under 11 U.S.C. § 362(k) and, in the alternative, under 11 U.S.C. § 105(a);
- Awarding punitive damages;
- Holding Defendants in civil contempt and awarding all appropriate compensatory, coercive, and punitive sanctions;
- Extending the automatic stay to Zanetta M. Williams in her capacity as personal guarantor;
- Awarding attorney's fees and costs; and
- Granting such other and further relief as this Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2026, a copy of the foregoing COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, FOR DAMAGES, AND FOR CIVIL CONTEMPT FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY (11 U.S.C. § 362) was served via the Court's CM/ECF system, with copies via email to:

- Maurice B. VerStandig, Esq., mac@mbvesq.com
- L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov
- Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.