IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, and moves this Honorable Court to quash a subpoena (the "Subpoena," a copy of which is attached hereto as Exhibit A) directing IBI Falcon produce the wet-ink promissory note at-issue in this case—alongside the allonges thereto—more than 100 miles of the place where such documents are maintained in the Northern District of Ohio, and in support thereof states as follows:

I.      **Introduction**

5410 30th Street DC LLC (the "Debtor") has subpoenaed IBI Falcon to produce various documents. Copies of each requested document have been produced, of even date with the filing of this motion, via e-mail (using a secure DropBox link). IBI Falcon absolutely does *not* object to producing the non-privileged relevant documents and is producing them in advance of the subpoena deadline as a show of cooperation and good faith. IBI Falco also does *not* object to producing certain wet ink documents that are not negotiable instruments or allonges thereto, insofar as a loss, destruction or alteration of such documents would be legally immaterial since copies thereof exist (and, in many cases, are already in the land records).

Problematically, however, the Subpoena commands the production of the *original* versions of *all* documents—including a promissory note and the allonges thereto—at the law office of the

1

Debtor's counsel in Maryland. Such a request is contra to the plain dictates of Federal Rule of Civil Procedure 45 and, more importantly, would create myriad problems in the prism of a case where the Debtor has shown an unusual fixation on wet-ink originals.

Specifically, to bring the wet-ink originals to Maryland (or another locale in the Beltway region), IBI Falcon would need to either (i) have the documents hand-couriered to Maryland and then back to Ohio, at enormous expense, or (ii) entrust the documents to an overnight mailing service (FedEx, UPS, etc.), at risk of loss in transit (something that, as almost every attorney has experienced at least once in their career, does happen from time to time). Moreover, either of these options would likely also risk a loss of possession of the documents, insofar as IBI Falcon does not have a custodian to hold the documents in the Maryland area and IBI Falcon's counsel maintains a home office approximately 635 miles from this Honorable Court.

Neither of these options are practical. Both of these options introduce enormous expense and risk to IBI Falcon. And, fortunately, the Federal Rules of Civil Procedure appear to be acutely cognizant of such, expressly conditioning the place for compliance with a subpoena to a locale within 100 miles of a party's extant location.

For these reasons, and as extrapolated upon *infra*, IBI Falcon respectfully seeks to quash— or modify—the Subpoena such that any in-person inspection of the wet-ink originals of the promissory note and allonges thereto be within 100 miles of the locale of the documents' storage in the Northern District of Ohio.

## II.    Standard

The Federal Rules of Bankruptcy Procedure make applicable the provisions of Federal Rule of Civil Procedure 45. *See* Fed. R. Bankr. P. 9016. Rule 45, in turn, provides, *inter alia*:

A subpoena may command:

(A) production of documents, electronically stored information, or tangible things **at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person**; and

(B) inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45(c)(2) (emphasis added).

The same rule further provides, *inter alia*, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Most importantly, though, Rule 45 goes on to provide that a subpoena seeking compliance outside the aforementioned 100 miles zone "must" be quashed upon application to this Honorable Court:

On timely motion, the court for the district where compliance is required **must quash or modify** a subpoena that. . .

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c). . .

Fed. R. Civ. P. 45(d)(3) (emphasis added). *See also United States v. $122,640.00 in United States Currency*, 2014 U.S. Dist. LEXIS 143197, at \*4-5 (D. Md. Oct. 8, 2014) ("Rule 45(d)(3)(A)(ii) requires 'the court for the district where compliance is required [to] quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).'").

### III.    Argument: The Subpoena Should be Quashed or Modified

As observed above, IBI Falcon is producing copies of every single non-privileged, relevant document sought in the Subpoena that is actually in the entity's possession. IBI Falcon absolutely does *not* object to producing non-privileged, relevant documents. And IBI Falcon does not even object to permitting an inspection of wet-ink originals of the promissory note and alonges thereto. But IBI Falcon seeks protection from a subpoena that commands such inspection occur well more

3

than 100 miles from where those documents are kept—especially in a case where transit of the documents would create innumerable logistical issues and risks, alongside palpable expense.

As explained by a sister court, in interpreting the compulsory provisions of Rule 45 when applied to the production of documents:

> Rule 45(d) is very clear—"[a court] *must* quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." This mandatory language supersedes the discretionary language of Rule 45(d)(2)(A) cited by Plaintiffs that a person "need not appear." Therefore, a subpoena requiring a nonparty to produce documents at a place more than 100 miles away is invalid.

*Cone v. Vortens, Inc.*, 2018 U.S. Dist. LEXIS 1681, at *5-6 (E.D. Tex. Jan. 4, 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A); citing Fed. R. Civ. P. 45(c)(2)(A)) (emphasis added by *Cone* Court). *See also* Fed. R. Civ. P. 45 (Notes of Advisory Committee on 2013 amendments) ("For other discovery, Rule 45(c)(2) directs that inspection of premises occur at those premises, and that production of documents, tangible things, and electronically stored information may be commanded to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person.").

As has been addressed extensively in this case, IBI Falcon maintains its primary place of business in Israel. The entity does, however, use outside counsel in Independence, Ohio (a suburb of Cleveland within the Northern District of Ohio) and the at-issue "wet ink" original documents are held by IBI Falcon in the offices of counsel in Ohio.

IBI Falcon does not regularly transact any business "in person" outside of Israel, much less within the District of Maryland or the surrounding regions. IBI Falcon does not maintain a place of business in the District of Maryland or the surrounding area. IBI Falcon does not have an office in the District of Maryland or the surrounding area. Indeed, IBI Falcon's only real nexus to the region—aside from holding certain promissory notes secured by real estate—is through undersigned counsel, who represents IBI Falcon in this case (and in no other cases) in this

4

Honorable Court. Moreover, while undersigned counsel does have rights to use shared office space in the District of Columbia (alongside a UPS Store box in Potomac, Maryland), such space is not staffed by any employee of counsel's firm and does not contain a safe (or comparable secure facility) in which negotiable paper may be safely stored.

### IV.    IBI Falcon Does Not Object to Producing Certain Documents—in Wet Ink Form—via FedEx

The Subpoena seeks various categories of documents, each of which is discussed below in consideration of what can—and what cannot—be reasonably produced in Maryland:

1.    The original promissory note. *See* Subpoena, attached hereto as Exhibit A, at p. 5. As discussed *passim*, this is currently held in Ohio and IBI Falcon cannot reasonably produce this for inspection in Maryland without great risk and expense.

2.    The original allonges to the note. *Id.* These are also in Ohio and suffer the same problems.

3.    The original deed of trust. *Id.* While this is stored in Ohio, IBI Falcon *is* agreeable to transmitting the original to counsel for the Debtor insofar as this is not a negotiable instrument and was long-ago recorded in the land records of the District of Columbia.

4.    The original assignments of the deed of trust. *Id.* at pp. 5-6. IBI Falcon has one of these documents in original form (conveying the deed of trust from IBI SBL Investment LP to IBI Falcon) and does not have the other in original form (conveying the deed of trust from FTF Lending, LLC to IBI SBL Investment LP). While it is unclear what relevance these documents have to the case at bar, IBI Falcon *is* agreeable to producing the one original it possesses—to counsel for the Debtor—since, as with the deed of trust, this is not a negotiable instrument and was long-ago recorded in the applicable land records.

5. The loan agreement. *Id.* at p. 6. IBI Falcon has the original iteration of this document and does *not* object to producing such via FedEx, to the Debtor's counsel. Again, this is not a negotiable instrument.

6. The affidavit of non-residential mortgage foreclosure. *Id.* IBI Falcon does not possess the wet ink original of this document, insofar as this document is of a variety where wet ink originals are not customarily maintained by lenders. A copy of this document is in the applicable land records.

7. The deed of appointment of substitute trustee that appoints Michael J. Palumbo as trustee. *Id.* IBI Falcon does not possess the wet ink original of this document, insofar as this document is of a variety where wet ink originals are not customarily maintained by lenders. A copy of this document is in the applicable land records.

8. "All original **bailee letters, custodial agreements, vault logs, collateral file inventories, transmittal slips, FedEx/UPS receipts, and shipping records** reflecting the chain of custody of the original Promissory Note from its execution on May 3, 2023 through the date of inspection." *Id.* (emphasis in original). IBI Falcon does not have wet ink iterations of any of these documents and, candidly, is unsure what the Debtor intends by some of these terms (none of which are defined) or how they would be even vaguely relevant. "Vault logs," "custodial agreements," and "collateral file inventories" are not particularly common terms and do not appear to have any relevance outside mostly-anachronistic state court consumer mortgage issues from the late aughts. Moreover, it is believed that there does not exist such a thing as an "original" iteration of a "FedEx/UPS receipt," insofar as such documents are innately digital in nature. IBI Falcon will produce whatever it has that is seemingly responsive, but does not believe it has most (if any) of these items and is confident there are no originals to be conveyed.

9. "Corporate authority documents." *Id.* It is not believed any originals of these are extant. IBI Falcon will produce copies of non-sensitive documents but is still in the process of assessing whether or not any internal corporate documents are non-sensitive in nature.

10. Notary journals and logs. *Id.* This appears to be directed to a specific notary who is not the recipient of the Subpoena and this is accordingly outside the possession, custody and control of IBI Falcon (to the extent a log exists).[1] To the extent this log is nonetheless sought (the recipient is the law partner of IBI Falcon's outside counsel), such absolutely cannot be produced in original form in Maryland for the simple reason such should not ever leave the possession of the correlative notary.

11. Metadata. It does not appear "original" iterations of metadata are sought, insofar as metadata is definitionally exclusive of wet ink. IBI Falcon will produce native files where available but also notes it does not possess most such native files. Original iterations of e-mails with the Debtor are being produced in native format of even date herewith.

In short, IBI Falcon does not have everything being sought, and the "originals" of numerous documents are not believed to still be in existence. But IBI Falcon will absolutely produce digital copies of the records it has (except where in the nature of sensitive internal documents or privileged communications) and is comfortable producing the wet ink iteration of several original documents. IBI Falcon is not, however, prepared to cede custody—or incur the cost of couriering or risk of loss—of the promissory note or allonges, and seeks an order quashing the Subpoena to the extent it seeks production of those items more than 100 miles from where they are presently kept.

Finally, it bears notation that much of the Debtor's rationale for seeking originals of these documents correlates to an inspection to be had by an expert. *See* Subpoena, attached hereto as

---

[1] Undersigned counsel does not know if this notary maintains a logbook or if such is required under Ohio law.

Exhibit A, at p. 4. Yet the Debtor has failed to designate such an expert by the deadline established in the scheduling order proposed by the Debtor (and entered over the objection of IBI Falcon). *See* Scheduling Order, DE #156, at p. 2. IBI Falcon thusly assumes the Debtor will not be proceeding with the services of such an expert. To whatever extent the Debtor intends to do so, however, IBI Falcon would necessarily object as the Debtor has now missed—by nearly three weeks—the Debtor's own, hand-selected disclosure deadline.

## V.      Conclusion

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) quash the Subpoena; (ii) in the alternative, modify the Subpoena such that inspection of the promissory note and alonges thereto is to occur within 100 miles of where such documents are stores; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 25, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## LOCAL RULE 7026-1(f) CERTIFICATION

It is unclear if Local Rule 7026-1(f) is applicable to this motion, insofar as the discovery in question is being sought via subpoena and not through a request for production of documents. However, prior to entry of a scheduling order in this matter, I conferred with counsel for the

8

Debtor, on April 27, 2026, regarding numerous issues, inclusive of the local for production. That call lasted for 0.7 hours and I believe the call commenced at or about 1:00 pm prevailing eastern time. During that call, we discussed where documents might be inspected. While I did indicate I would speak to my client about a Beltway-area inspection, I also made clear such was subject to discussions with my client. In a follow-up written exchange, I have made clear that my client is not comfortable moving certain documents to the Greenbelt, Maryland area and believes certain originals must be inspected pursuant to the geographic limitations imprinted in controlling rules. Opposing counsel, in turn, has expressed disagreement with this concept.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L.    Jeanette    Rice                    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig