GUARANTY

THIS GUARANTY (the "Guaranty") is made and entered on May 3, 2023, by and between Zanetta Marie Williams, an individual and resident of the State of Maryland (the "Guarantor"), having an address for purposes of notice and legal process at 2011 Brooks Drive, APT 130, District Heights, Maryland 20747, and FTF Lending, LLC, a Delaware Limited Liability Company (the "Lender" or "Mortgagee"), having an address for purposes of notice and legal process at 1300 E. 9th St., Suite 800, Cleveland, OH 44114.

WITNESSETH:

WHEREAS, Lender has agreed to make a loan to 5410 30th Street DC LLC, a Maryland Limited Liability Company (the "Borrower" or "Mortgagor"), having an address for purposes of notices and legal process at 12138 Central Avenue, Suite 388, Bowie, Maryland 20721; and

WHEREAS, the loan is evidenced and secured by (a) that certain promissory note (the "Note"), of even date herewith, in the principal amount of $2,222,000.00 executed by Borrower in favor of Lender, (b) that certain Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Mortgage"), of even date herewith, executed by Mortgagor in favor of Mortgagee encumbering (among other things) that certain real property situated in the District of Columbia, and more commonly known as 5631 MacArthur Boulevard Northwest, Washington, D.C. 20016 (individually and collectively, the "Property"), and (c) certain other Loan Documents (as hereinafter defined). The Note, Mortgage, and all other documents now or hereafter executed and delivered by Borrower in connection with the loan are hereinafter collectively referred to as the "Loan Documents"; and

WHEREAS, Guarantor will materially benefit from Lender's agreement to make the loan to Borrower; and

WHEREAS, Lender has required as a condition to the making of the loan that Guarantor shall have executed and delivered this Guaranty, guaranteeing to Lender the payment and performance by Borrower of all of Borrower's obligations under the Loan Documents, as more fully set forth in this Guaranty, and has agreed to make the loan partially in reliance on the execution and delivery of this Guaranty; and

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration received and to induce Lender to make such loan, Guarantor does hereby covenant, agree, represent and warrant to Lender as follows:

1.      REPRESENTATIONS AND WARRANTIES OF GUARANTOR.

   1.1     Guarantor hereby represents and warrants that:

      1.1.1   Guarantor has the power to enter into and perform this Guaranty; and

      1.1.2   neither this Guaranty, the execution, delivery and performance hereof, the performance of the agreements herein contained nor the consummation of the transactions herein contemplated will violate:

         1.1.2.1 any statute, ordinance, regulation, court order or decree of any governmental authority or agency, or

41

1.1.2.2 any agreement to which Guarantor is subject or by which Guarantor is bound; and

1.1.3   this Guaranty constitutes a valid and binding obligation of Guarantor enforceable against Guarantor in accordance with its terms; and

1.1.4   all governmental approvals and consents required to be obtained to authorize the issuance of this Guaranty have been duly and validly issued and obtained.

2.      AGREEMENT TO GUARANTEE.

2.1     Obligations Guaranteed.

2.1.1   Guarantor hereby irrevocably and unconditionally guarantees to Lender the full and prompt:

2.1.1.1 payment when due of the principal, interest and other sums due with respect to the loan, whether now existing or hereafter incurred (including any increase in the indebtedness under the Loan Documents), and all other obligations whenever incurred by Borrower to Lender with respect to the loan and under or through the Loan Documents, when and as the same shall become due and payable, whether at the stated maturity thereof, by acceleration, or otherwise; and

2.1.1.2 payment and performance of all other obligations of Borrower under the Loan Documents, including, without limitation, the full and indefeasible payment and performance when due of all now existing or future indebtedness, obligations or liabilities of Borrower to Lender, howsoever arising, whether direct or indirect, absolute or contingent, secured or unsecured, whether arising under any of the Loan Documents as now written or as the same may be amended or supplemented hereafter, or by operation of law or otherwise.  Payments by Guarantor shall be made upon demand in the lawful money of the United States of America.

2.1.2   Each and every default in the payment of the principal or interest or any other sum due under, or borrowing in accordance with, the Loan Documents shall give rise to a separate cause of action hereunder, and separate suits may be brought hereunder as each cause of action arises.

2.1.3   Guarantor further agrees that this Guaranty constitutes an absolute, unconditional, present and continuing GUARANTEE OF PAYMENT AND PERFORMANCE AND NOT OF COLLECTION, and Guarantor waives any right to require that any resort be had by Lender to:

2.1.3.1 any security (including, without limitation, the Collateral) held by Lender or for its benefit for payment of the principal, interest or any other sums due under the Loan Documents; or

2.1.3.2 Lender's rights against any other person including Borrower or any other guarantor of the loan; or

42

2.1.3.3 any other right or remedy available to Lender by contract, applicable law or otherwise.

It is the intent of this Guaranty that Lender shall have the right to resort to Guarantor without resorting to any remedy against Borrower and without demand by it, as though Guarantor is primarily liable for the repayment of the indebtedness.

2.2     Obligations Unconditional. The obligations of Guarantor under this Guaranty shall be absolute and unconditional and shall remain in full force and effect until the entire principal, interest and all other sums due under the Loan Documents have been paid in full (subject to the provisions of Section 2.7 hereof) and all costs and expenses, if any, referred to in Section 2.4 hereof shall have been paid in full. To the extent permitted by law, the obligations of Guarantor hereunder shall not be affected, modified, released, or impaired by any state of facts or the happening from time to time of any event, including, without limitation, any of the following whether or not with notice to, or the consent of, Guarantor:

2.2.1    the invalidity, irregularity, illegality or unenforceability of, or any defect in, the Loan Documents; or

2.2.2    any present or future law or order of any government (de jure or de facto) or of any agency thereof purporting to reduce the amount of the loan or otherwise amend or affect the Loan Documents; or

2.2.3    the compromise, settlement, release, extension, indulgence, change, modification (including without limitation, a change in the maximum amount which may be borrowed or in the maximum interest rate) or the termination of any or all of the obligations, covenants or agreements of Borrower or any other guarantor, other than the payment in full of (i) the entire principal, interest and all other sums during under the Loan Documents (subject to the provisions of Section 2.7 hereof) and (ii) all costs and expenses set forth in Section 2.4 hereof; or

2.2.4    the failure to give notice to Guarantor of the occurrence of any default or Event of Default under the terms and provisions of the Loan Documents; or

2.2.5    the actual or purported assignment of any of the obligations, covenants and agreements contained in this Guaranty; or

2.2.6    the waiver of the payment, performance or observance by Borrower or any other guarantor of any or all of the obligations, conditions, covenants or agreements contained in the Loan Documents or any other guaranty; or

2.2.7    the receipt and acceptance by Lender of notes, checks, or other instruments for the payment of money made by Borrower and any extensions or renewals thereof; or

2.2.8    the extension of the time for payment of the principal, interest or any other sum due under the Loan Documents; or

2.2.9    the modification or amendment (whether material or otherwise but including, without limitation, any increase in the principal amount of the loan or the rate of

43

interest) of any term, duty, obligation, covenant or agreement set forth in the Loan Documents; or

2.2.10 the taking of, or the omission to take, any action referred to in the Loan Documents; or

2.2.11 any failure, omission, delay or lack of action on the part of Lender or any other person to enforce, assert or exercise any right, power or remedy conferred upon it under the Loan Documents; or

2.2.12 the voluntary commencement or the existence of an involuntary case or proceeding under the United States Bankruptcy Code or under any other (state or foreign) bankruptcy, insolvency or similar statute affecting Borrower; the liquidation, dissolution, merger, consolidation, sale or other disposition of all or substantially all the assets of Borrower; the marshaling of assets and liabilities; any receivership, insolvency, assignment for the benefit of creditors, reorganization, arrangement, composition with creditors or readjustment of debts; any other similar events or proceedings affecting Borrower; or any allegation or contest of the validity of this Guaranty or the Loan Documents in any such proceeding; it being specifically understood, consented and agreed to that this Guaranty shall remain and continue in full force and effect and shall be enforceable against Guarantor to the same extent and with the same force and effect as if such events and proceedings had not been instituted; and it is the intent and purpose of this Guaranty that Guarantor shall and does hereby waive all rights and benefits which might accrue to Guarantor by reason of any such proceedings; or

2.2.13 any impairment of any security or other collateral pledged or granted by Borrower in connection with the loan, whether by negligence or otherwise (it being understood and agreed that there is no obligation on the part of Lender to preserve, protect, defend or maintain in any way any such security or collateral); or

2.2.14 any impairment, whether by negligence or otherwise, of any rights of subrogation of Guarantor; or

2.2.15 the release, substitution or replacement whether or not in accordance with the terms of the Loan Documents of any property subject thereto or any redelivery, repossession, surrender or destruction of any such property, in whole or in part; or

2.2.16 any limitation on the liability or obligations of Borrower under the Loan Documents or any termination, cancellation, frustration, invalidity or unenforceability, in whole or in part, of the Loan Documents; or

2.2.17 any failure of Lender to mitigate damages resulting from any default by Borrower under the Loan Documents.

2.3 No Waiver of Set-Off; No Right to Jury Trial. No act of commission or omission of any kind or at any time made by or upon the part of Lender, or its successors and assigns, in respect of any matter whatsoever shall in any way impair the rights of Lender, or any such successor or assign, to enforce any right, power or benefit under this Guaranty and no set-off, counterclaim (other than a mandatory or compulsory counterclaim), reduction or

44

diminution of any obligation, or any defense of any kind or nature which Guarantor has or may have against Lender, or any assignee or successor thereof, shall be available hereunder to Guarantor in respect of any matter arising out of this Guaranty.   GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF, OR ARISING OUT OF, THIS GUARANTY OR THE OBLIGATIONS OF GUARANTOR HEREUNDER.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.

2.4     Waiver of Notice; Expenses.

    2.4.1     Guarantor hereby expressly waives notice from Lender of its acceptance and reliance on this Guaranty. Guarantor agrees to pay all costs, fees, commissions and expenses (including, without limitation, all reasonable attorneys' fees) which may be incurred by Lender in enforcing or attempting to enforce this Guaranty, whether the same shall be enforced by suit or otherwise.

    2.4.2     Guarantor hereby waives presentment of any instrument, demand of payment, protest and notice of non-payment or protest thereof.

2.5     Restriction on the Guarantor. Guarantor represents and warrants that all financial information provided by Guarantor to Lender is true, accurate and complete in all material respects.  Guarantor agrees not to dispose of all or substantially all of his property, business or assets after the execution and delivery of this Guaranty without fair consideration.

2.6     Waiver of Subrogation.  Guarantor hereby waives any and all rights and claims of Guarantor against Borrower or any of Borrower's property in connection with claims arising out of any payment made by Guarantor pursuant to this Guaranty including but not limited to claims arising pursuant to rights of subrogation.

2.7     Preferences, Etc.  If after receipt of any payment of, or proceeds applied to the payment of, all or any part of Borrower's indebtedness guaranteed hereby, Lender is for any reason compelled to surrender such payment or proceeds to any person, because such payment or application of proceeds is invalidated, declared fraudulent, set aside, determined to be void or voidable as a preference, impermissible set-off, or a diversion of trust funds, or for any other reason, then the obligations guaranteed hereby or part thereof intended to be satisfied shall be revived and continue and this Guaranty shall continue in full force as if such payment or proceeds had not been received by Lender and Guarantor shall be liable to pay to Lender, and hereby does indemnify Lender and hold Lender harmless for, the amount of such payment or proceeds surrendered. The provisions of this paragraph shall survive the termination of this Guaranty.

3.     NOTICE OF SERVICE OF PROCESS PLEADINGS AND OTHER PAPERS.

3.1     Service of Process and Notice.  All notices to be given hereunder shall be deemed sufficiently served for all purposes hereunder if:

    3.1.1     mailed to the respective parties with the United States Postal Service by certified mail, return receipt requested, postage prepaid; or

45

3.1.2   personally served on the respective parties; or

3.1.3   sent prepaid by Federal Express, United Parcel Service or any other recognized overnight courier service for next business day delivery to the respective parties.

3.2   Any notice which, under the provisions of this Guaranty or otherwise, is required or permitted to be given shall be deemed to be given and effective (a) upon delivery of refusal of delivery, if delivered by hand, (b) upon the earlier of receipt or three (3) days after mailing, if mailed with the United States Postal Service by certified mail, return receipt requested, postage prepaid, or (c) on the next business day after being sent, if sent by Federal Express, United Parcel Service, or any other recognized overnight courier service for next business day delivery.

3.3   Any notice required to be sent to Guarantor shall be sent to Guarantor at the address first set forth above or to such other address as Guarantor shall specify by delivery of notice as aforesaid to Lender. Any notice required to be sent to Lender shall be sent to Lender at the address first set forth above or to such other address as Lender shall specify to Guarantor, with a copy to 1300 E. 9th St., Suite 800, Cleveland, OH 44114.

3.4   Consent of Jurisdiction. Guarantor irrevocably and unconditionally:

3.4.1   agrees that any suit, action or other legal proceeding arising out of this Guaranty may be brought in the courts of record of the District of Columbia or any Federal court in the District of Columbia, and that such courts shall have in personam jurisdiction of Guarantor in any such suit, action or other legal proceeding; and

3.4.2   consents to the jurisdiction of each such court in any such suit, action or other legal proceeding; and

3.4.3   waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts.

4.   MISCELLANEOUS.

4.1   Remedies Not Exclusive. No remedy herein conferred upon or reserved to Lender is intended to be exclusive of any other available remedy given under this Guaranty or hereafter existing at law or in equity. No delay or failure to exercise any right or power accruing upon any default, omission or failure of performance hereunder shall impair any such right or power or shall be construed to be a waiver thereof, but any such right and power may be exercised from time to time and as often as may be deemed expedient. In the event any provision contained in this Guaranty should be breached by Guarantor and thereafter duly waived by the Lender, such waiver shall be limited to the particular breach so waived and shall not be deemed to waive any other breach hereunder. No waiver, amendment, release or modification of this Guaranty shall be established by conduct, custom, or course of dealing, but solely by an instrument in writing duly executed by Lender and Guarantor.

4.2   Severability. The invalidity or unenforceability of any one or more phrases, sentences, clauses or sections of this Guaranty shall not affect the validity or enforceability of the remaining portions of this Guaranty, or any part thereof.

46

4.3     Applicable Law. This Guaranty shall be governed by and construed in accordance with the laws of the District of Columbia without regard to conflicts of laws principles.

4.4     Successors and Assigns. This Guaranty shall be binding upon and be enforceable against Guarantor and their respective heirs and legal representatives and shall inure to the benefit of Lender, its successors or assigns.

4.5     Gender. As used in this Guaranty, the masculine shall include the feminine as the context may require.

4.6     Entire Agreement. This Guaranty sets forth the entire agreement and obligations of Guarantor and Lender and supersedes any and all other understandings (whether oral or written) between them.

[END OF PAGE – SIGNATURE PAGE FOLLOWS]

5410 30th Street DC LLC, a Maryland Limited Liability Company
FTF_158847_71928 Tranche

IN WITNESS WHEREOF, the Guarantor, in the Guarantor's individual capacity, has executed and delivered this Guaranty to the Lender on May 3, 2023.

GUARANTOR:
Zanetta Marie Williams
an individual and resident of the State of Maryland

By: Zanetta Marie Williams

NOTARIAL CERTIFICATE

STATE OF _Maryland_ )
                    ) SS:
COUNTY OF _Anne Arundel_ )

An oath was administered to the signer with regard to the notarial act.

The foregoing Instrument was sworn and subscribed before me this _3rd_ day of _May_, 2023 by Zanetta Marie Williams.

Notary Public
State of _Maryland_

[NOTARIAL SEAL]

My commission expires 6/22/2025

CHERYL L. LATHAM
NOTARY PUBLIC
CALVERT COUNTY, MD

48

5410 30th Street DC LLC, a Maryland Limited Liability Company
FTF_158847_71928 Tranche