UNITED STATES BANKRUPTCY COURT

DISTRICT OF MARYLAND (GREENBELT DIVISION)

In re:

5410 30th Street DC, LLC,                                    Case No.: 25-19605

    Debtor                                                   Chapter 11

---

DEBTOR'S MOTION TO CONTINUE DOCUMENT INSPECTION,
TO MODIFY SCHEDULING ORDER, AND FOR RELATED RELIEF

5410 30th Street DC, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby moves this Honorable Court pursuant to Federal Rule of Bankruptcy Procedure 9006(b) and Federal Rule of Civil Procedure 6(b) (as incorporated by Fed. R. Bankr. P. 9006) for an order: (i) continuing the deadline for inspection of the original wet-ink promissory note and alfonges from May 29, 2026 to June 15, 2026; (ii) extending the deadline for service of the Debtor's Forensic Document Examiner's Report from June 17, 2026 to June 19, 2026; (iii) modifying the Scheduling Order [D.E. #156] to permit "minimally destructive" examination in lieu of the current "non-destructive" limitation; and (iv) granting such other and further relief as is just and proper. In support thereof, the Debtor states as follows:

I.  BACKGROUND

A.  The Scheduling Order

On May 8, 2026, this Court entered its Order Granting Debtor's Motion for Entry of Scheduling Order Governing Discovery on Contested Matters [D.E. #156] (the "Scheduling Order"). The Scheduling Order established: (i) disclosure of the Debtor's forensic document examiner's identity and qualifications by May 6, 2026; (ii) inspection of the original wet-ink

promissory note and allonges on or before May 29, 2026; and (iii) service of the Debtor's report by June 17, 2026. The examination was to be "non-destructive," encompassing physical and electronic forensic analysis of paper stock, ink composition, age indicators, signatures, metadata, and physical attachment of any allonges. These dates were proposed by the Debtor.

B.  The Debtor's Retained Expert — Gerald LaPorte

The Debtor has retained Gerald LaPorte of Riley Welch LaPorte & Associates Forensic Laboratories (Frankenmuth, Michigan) as its forensic document examiner. Mr. LaPorte is among the most credentialed forensic document examiners in the United States, with a career spanning the United States Secret Service, the Department of Justice, the Department of Homeland Security, and the Executive Office of the President. He holds a Master of Science in Forensic Science from the University of Alabama at Birmingham and undergraduate degrees (B.S. Biology; B.Com. Business Administration) from the University of Windsor. He served at the United States Secret Service for eight years, culminating as Chief Research Forensic Chemist, where he administered the world's largest forensic ink library and directed all document chemistry research for the Service. He subsequently served as Director of Research Innovation at Florida International University's Global Forensic and Justice Center—a Department of Justice-funded national forensic science center—and testified in Congress on behalf of the Department of Justice. He currently serves as Laboratory Director for the U.S. Department of Homeland Security, Homeland Security Investigations (DHS-HSI) Forensic Laboratory. He was appointed by the United States Attorney General as a Commissioner on the National Commission on Forensic Science. He chairs the Forensic Document Examination Subcommittee of the Organization of Scientific Area Committees (OSAC) for Forensic Science—the body that sets national standards for forensic document examination practice in the United States—and co-chairs the Standards Practices and

Protocols Interagency Working Group within the Executive Office of the President. He is the recipient of the FBI Director's Award of Excellence for Outstanding Scientific Advancement and the American Academy of Forensic Sciences Mary E. Cowan Outstanding Service Award. He has authored or co-authored over thirty peer-reviewed publications and book chapters on ink analysis and forensic document examination, including chapters in the Encyclopedia of Forensic Sciences (Elsevier, 3rd ed. 2022) and the Forensic Chemistry Handbook (John Wiley & Sons, 2012). He has served as an expert witness in over 110 court and deposition proceedings across federal and state courts in the United States, Canada, England, France, Portugal, Russia, and international arbitral tribunals (including ICSID, UNCITRAL, ICC, and LCIA proceedings). His curriculum vitae and qualifications are being disclosed to this Court and to counsel for IBI Falcon contemporaneously with the filing of this Motion.

Mr. LaPorte is not an ordinary retained expert: he has most recently been serving as a court-appointed special master in the high-profile estate proceedings of the late Tony Hsieh, founder of Zappos, pending in the Clark County District Court in Las Vegas, Nevada. A Clark County District Court judge specifically selected Mr. LaPorte to evaluate whether forensic testing of a disputed will should be conducted and to propose a testing protocol. Court documents from that proceeding, as reported by KTNV News (Las Vegas) on May 18, 2026, describe him as a "forensic chemist and document authentication specialist" and reflect that he proposed a comprehensive testing protocol encompassing "physical, microscopic, optical, and chemical testing" of the disputed will—precisely the type of multidisciplinary examination the Debtor seeks to conduct in this case.

The testing in the Hsieh estate matter was scheduled for June 1, 2026—just days from now—which is why Mr. LaPorte was unable to confirm his availability for this case until today, May 27, 2026. His prior engagement was a judicially imposed obligation as a court-appointed officer in

ongoing proceedings in another jurisdiction. The Debtor could not have asked Mr. LaPorte to abandon that court appointment in order to meet a self-proposed scheduling deadline.

> "Documents can be fraudulently composed using multiple methods, such as forging a signature; substituting a page(s) in a multiple page document; altering clauses and/or verbiage within a page; electronically copying an authentic signature from one source and 'pasting' into the questioned; and executing a signature on a date later than purported to have been signed, i.e., backdating. Many critical features, such as ink characteristics, line quality, pressure patterns, indented or impressed writing, paper properties, and the identification of a potential tracing, are highly complex and must be evaluated using a range of forensic laboratory equipment."

*KTNV News*, "Court documents: Alleged Tony Hsieh will could undergo forensic testing," May 18, 2026, https://www.ktnv.com/news/court-documents-alleged-tony-hsieh-will-could-undergo-forensic-testing . This statement—authored by the Debtor's own expert in his capacity as a court-appointed officer—underscores both his expertise and the necessity of the "minimally destructive" examination standard the Debtor seeks in this case.

C. IBI's Motion to Quash

On May 25, 2026, IBI Falcon US LLC filed its Motion to Quash Subpoena [D.E. #173], seeking to quash or modify the Debtor's subpoena on the grounds that production of the original promissory note and allonges in Maryland would require compliance more than 100 miles from where those documents are maintained in the Northern District of Ohio. The Motion to Quash remains pending as of the date of this filing, creating independent uncertainty as to whether the May 29, 2026 inspection can proceed as currently ordered.

IBI's Motion also noted that the Debtor had not yet disclosed its expert and asserted that the Debtor has missed its expert disclosure deadline by nearly three weeks. The Debtor addresses this head-on: the reason for that delay is that Mr. LaPorte was engaged as a court-appointed special

master in another jurisdiction, an obligation that could not be deferred at the Debtor's request. This constitutes good cause and excusable neglect for a modest continuance.

## II.  ARGUMENT

### A.  Good Cause Exists for a Brief Continuance.

Federal Rule of Bankruptcy Procedure 9006(b)(1) permits this Court to extend a deadline "for cause shown." The cause here is compelling: the Debtor's expert was and is serving as a court-appointed special master in ongoing proceedings in Clark County, Nevada, requiring his attention through at least June 1, 2026. The Debtor could not have reasonably required Mr. LaPorte to abandon his judicial appointment to meet this case's scheduling deadlines. Under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), the most relevant factor in the excusable neglect analysis is whether the delay was within the movant's control. In this case, it was not.

The brief continuance sought—approximately seventeen days—is modest. IBI's own document production deadline is not until June 1, 2026, and its expert disclosure deadline is not until June 24, 2026. The evidentiary hearings continue through July 1, 2026, and the status conference remains July 6, 2026. None of those dates are affected.

IBI's own pending Motion to Quash has independently impeded the May 29 inspection date by leaving the location of the inspection unresolved. A brief continuance allows the Court to address the Motion to Quash concurrently, conserving judicial and party resources.

### B.  The Court Should Permit Minimally Destructive Examination.

The Scheduling Order limits the examination to "non-destructive" methods. The Debtor requests that this be modified to permit "minimally destructive" examination.

Non-destructive methods—visual microscopy, UV/IR spectroscopy, Raman spectroscopy—allow examination without physical alteration. However, they are significantly limited for ink age dating and chemical composition analysis. Minimally destructive methods involve extraction of nanogram-to-microgram quantities of material for chemical analysis. High-performance thin-layer chromatography (HPTLC), the gold standard for dating ballpoint pen inks, requires extraction of a small ink sample. Laser ablation ICP-MS and LC-MS similarly require minimal but non-zero sampling. As the Debtor's own court-designated expert has publicly stated, detecting backdating "must be evaluated using a range of forensic laboratory equipment"— equipment that necessarily encompasses more than non-destructive visual inspection.

The Debtor proposes that any minimally destructive sampling be conducted pursuant to: (i) a written sampling protocol served on IBI's counsel at least three business days before the inspection; (ii) extraction of the minimum quantity of material necessary for each identified test; and (iii) preservation of all extracted samples, made available to IBI's experts for confirmatory or rebuttal testing. The amounts involved are invisible to the naked eye and will not impair the legal value or physical integrity of these instruments.

C.  Proposed Revised Schedule

| No. | Event / Deadline | Proposed New Date |
|---|---|---|
| 1. | Disclosure of Debtor's Forensic Document Examiner (Gerald LaPorte) identity and qualifications | May 28, 2026 (immediate) |
| 2. | Inspection of original wet-ink Promissory Note and allonges by Gerald LaPorte (minimally destructive examination) | On June 15, 2026 |
| 3. | Production of responsive documents by IBI Falcon US LLC and IBI SBL Investment LP | On or before June 1, 2026 (unchanged) |

| 4. | Return dates for Rule 45 subpoenas duces tecum | On or before June 8, 2026 (unchanged) |
| 5. | Deposition of Michael J. Palumbo, Esq. | On or before June 24, 2026 (unchanged) |
| 6. | Service of Debtor's Forensic Document Examiner Report | On or before June 19, 2026 |
| 7. | Initial expert disclosures by both parties | On or before June 24, 2026 |
| 8. | Rebuttal expert disclosures by both parties | On or before June 28, 2026 |
| 9. | Continuation of all hearings on the Contested Matters | Through July 1, 2026 (unchanged) |
| 10. | Continued virtual Status Conference | July 6, 2026, at 10:00 a.m. (unchanged) |

## III.  CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court enter an order: (i) continuing the document inspection deadline to June 15, 2026; (ii) extending the deadline for service of Mr. LaPorte's report to June 19, 2026; (iii) modifying the Scheduling Order to permit minimally destructive forensic examination; and (iv) granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: May 28, 2026

By: /s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
dtjesq@dtjohnsonlaw.com
Counsel for 5410 30th Street DC, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2026, a copy of the foregoing DEBTOR'S MOTION TO CONTINUE DOCUMENT INSPECTION, TO MODIFY SCHEDULING ORDER,

AND FOR RELATED RELIEF, along with the Declaration of Zanetta Williams, and the Proposed Order, was served electronically via ECF, with copies to:

Maurice B. VerStandig, Esq. (mac@mbvesq.com);

Office of the U.S. Trustee (USTPRegion04.GB.ECF@USDOJ.GOV);

and all parties requesting notice.

/s/ Deirdre T. Johnson