IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | &#124; |
| | &#124; |
| 5410 30th Street DC, LLC, | &#124;    Case No.: 25-19605 |
| | &#124; |
| Debtor | &#124;    Chapter 11 |
| | &#124; |

DEBTOR'S MOTION FOR DETERMINATION THAT IBI FALCON US LLC IS NOT A PARTY IN INTEREST PURSUANT TO 11 U.S.C. §§ 101(5), 101(10), AND 1109(b), AND FOR RELATED RELIEF BARRING IBI FALCON FROM EXERCISING PARTY-IN-INTEREST RIGHTS IN THIS CASE

5410 30th Street DC LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, respectfully moves this Honorable Court pursuant to 11 U.S.C. §§ 101(5), 101(10), 105(a), 502(b), 1109(b), 1112(b), 1125, 1126, and 1128, and Fed. R. Bankr. P. 9014, for entry of an order determining that IBI Falcon US LLC ("IBI Falcon") is not a "creditor" or "party in interest" in this case within the meaning of the Bankruptcy Code, and accordingly barring IBI Falcon from exercising the rights and privileges reserved to parties in interest, including prosecuting its pending motion to convert this case to Chapter 7, voting on or objecting to any plan of reorganization, objecting to any disclosure statement, and seeking relief from the automatic stay.

I. INTRODUCTION

1. This Motion arises directly from the Debtor's concurrently filed Objection to Amended Proof of Claim No. 2 (the "Claim Objection").

2. The Claim Objection establishes that the instruments through which IBI Falcon purportedly acquired the promissory note (the "Note") and the deed of trust (the "Deed of Trust")

encumbering the Debtor's primary asset are void or ineffective under the Uniform Commercial Code and D.C. law.

3. If those instruments are void—as the Debtor submits they are—then IBI Falcon has no valid right to payment from the Debtor, no "claim" within the meaning of 11 U.S.C. § 101(5), no status as a "creditor" within the meaning of 11 U.S.C. § 101(10), and therefore no standing as a "party in interest" within the meaning of 11 U.S.C. § 1109(b).

4. The consequences of this determination are concrete and immediate:

    a. IBI Falcon has filed a motion to convert this case to Chapter 7 (DE #95);

    b. It has appeared and filed objections in this case; and

    c. It has filed a Chapter 11 Disclosure Statement (DE #130) and Plan (DE #129).

5. If it is not a party in interest, none of these actions are legally permissible, and its pending motion to convert must be dismissed for lack of standing.

6. The Debtor respectfully requests that this Court make this determination concurrently with or immediately following its adjudication of the Claim Objection, and that it enter appropriate orders barring IBI Falcon from continuing to exercise rights it does not possess.

## II. JURISDICTION AND AUTHORITY

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

9. Venue is proper pursuant to 28 U.S.C. § 1409.

10. This Court has authority to make the requested determination under 11 U.S.C. § 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions" of the Bankruptcy Code, including orders defining and enforcing the boundaries of party-in-interest standing. See In re Caldor, Inc., 303 F.3d 161, 173 (2d Cir. 2002).

### III. THE STATUTORY FRAMEWORK

11. The term "party in interest" in Chapter 11 is defined by reference to a chain of definitions in the Bankruptcy Code. Working through that chain establishes why IBI Falcon does not qualify.

12. 11 U.S.C. § 1109(b) provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." The operative category for IBI Falcon's claimed status is "a creditor."

13. 11 U.S.C. § 101(10) defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." To be a creditor, an entity must have a "claim."

14. 11 U.S.C. § 101(5) defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." To have a "right to payment," an entity must have some legally cognizable basis—contract, statute, judgment, or otherwise—by which it is entitled to receive money from the debtor.

15. IBI Falcon's asserted right to payment from the Debtor rests entirely on its claimed status as the holder of the Note and the beneficiary of the Deed of Trust. If it is neither—if the

instruments purporting to transfer those interests to it are void or ineffective—then IBI Falcon has no legal basis for payment from the Debtor. It has no "right to payment," no "claim," no status as a "creditor," and therefore no standing as a "party in interest."

IV. THE LEGAL BASIS FOR THE DETERMINATION

A. The Transfers Are Void, Leaving IBI Falcon as a Stranger to the Transaction

16. As set forth in detail in the concurrently filed Claim Objection, which the Debtor incorporates herein by reference, the instruments purporting to transfer the Note and Deed of Trust to IBI Falcon are void or ineffective on multiple independent grounds:

    a. The First Allonge, signed by Nolan Helline as "Capital Markets Financial Analyst" for FTF Lending, LLC, is ineffective under UCC § 3-403 (D.C. Code § 28:3-403) because Mr. Helline had no documented authority to endorse a $2,222,000.00 negotiable instrument on behalf of a corporate entity. An unauthorized signature does not operate as the signature of the represented person. The Note was therefore never validly negotiated to IBI SBL Investment LP.

    b. The First Assignment of Deed of Trust, signed by Mr. Helline as agent for FTF Lending, is void under D.C. Code § 21-2603.03 because no power of attorney authorizing Mr. Helline to convey FTF Lending's interest in real property was ever recorded in the DC Land Records. Recording the POA with or prior to the instrument it authorizes is a condition precedent to a valid conveyance by an agent under D.C. law. This condition was never satisfied.

    c. The Second Allonge, purporting to transfer the Note from IBI SBL to IBI Falcon, is also void. Because the First Allonge was ineffective and IBI SBL never validly

received the Note, IBI SBL had nothing to transfer. One cannot endorse an instrument one does not hold. UCC § 3-201.

    d.   The Second Assignment of Deed of Trust, signed by Anthony J. Gingo through Gingo Palumbo Law Group LLC as Attorney-in-Fact for IBI SBL, is void under D.C. Code § 21-2603.03 because the authorizing power of attorney was not recorded in the DC Land Records until October 6, 2025—89 days after the Assignment was recorded on July 9, 2025. The mandatory "with or prior to" recording requirement was not satisfied. The Second Assignment also fails to cross-reference any recorded POA as required by D.C. law. It is defective and fails to provide constructive notice.

    e.   Both allonges bear only an "effective date"—not an execution date. No evidence has been produced of when either allonge was actually signed. Both were submitted for the first time only after the Debtor objected to the original claim, which was filed without them. The only reasonable inference is that the allonges were created after the Debtor's objection, and the "effective dates" were inserted as retroactive backdating devices. IBI Falcon therefore cannot factually demonstrate the date on which it purports to have become the holder of the Note .

17. The cumulative effect of these defects is that IBI Falcon is a legal stranger to the transaction between FTF Lending and the Debtor. It holds neither the Note nor the Deed of Trust through any valid chain of title. It has no right to payment from the Debtor. It has no claim, is not a creditor, and is not a party in interest.

B. This Is Not Merely a Disallowed Claim — It Is the Absence of Any Claim

18. The Court should understand the critical distinction between this Motion and a routine claim disallowance. A claim may be "disallowed" under 11 U.S.C. § 502(b) for many reasons—including that it is unenforceable as filed, or that it is overstated, or that it lacks supporting documentation—while the claimant retains some underlying legal relationship to the debtor. In such cases, courts have sometimes held that the claimant retains a degree of party-in-interest status despite disallowance, at least for purposes of appealing the disallowance order. See In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983).

19. This case is fundamentally different. IBI Falcon is not a creditor whose claim was filed incorrectly or whose lien is partially overstated. It is an entity that acquired—or purports to have acquired—instruments that were never validly transferred to it. If the allonges and assignments are void, as the Debtor submits, IBI Falcon has no legal relationship to the Debtor whatsoever. It is not a holder of the Note. It is not the beneficiary of the Deed of Trust. It is not a party to the original loan transaction. It is a complete stranger asserting rights that were never lawfully conveyed to it.

20. A complete stranger to a transaction has no "right to payment" from the debtor. It therefore has no "claim" under § 101(5), no status as a "creditor" under § 101(10), and no standing as a "party in interest" under § 1109(b). See In re Hwang, 396 B.R. 757, 766 (Bankr. C.D. Cal. 2008) (entity that cannot prove it holds or has been assigned the beneficial interest in the debt instrument is not a real party in interest); In re Jacobson, 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009).

## C. The Avoidance Powers of the Debtor-in-Possession Provide an Independent Basis

21. Even if this Court were to find that the transfers were not void ab initio but merely voidable, the Debtor-in-Possession may avoid them under 11 U.S.C. § 544(a)(3).

22. As of the Petition Date, a bona fide purchaser of real property examining the DC Land Records would find no recorded power of attorney supporting the First Assignment, and a Second Assignment that fails to cross-reference the POA that was belatedly recorded 89 days after the Assignment itself. Such a purchaser could not verify the authority chain underlying either Assignment from the public record.

23. The Debtor may therefore avoid both assignments as imperfectly perfected, eliminating any lien IBI Falcon might claim on the Property.

24. Upon avoidance, IBI Falcon holds no lien and—to the extent it claims any right to payment based solely on those instruments—no claim.

## V. CONSEQUENCES: THE SPECIFIC RIGHTS FROM WHICH IBI FALCON MUST BE BARRED

### A. Motion to Convert to Chapter 7 (DE #95) Must Be Dismissed

25. 11 U.S.C. § 1112(b) provides that the Court may convert a Chapter 11 case to Chapter 7 "on request of a party in interest."

26. IBI Falcon filed a motion to convert this case (DE #95).

27. If IBI Falcon is not a party in interest, it lacked standing to file that motion, and DE #95 must be dismissed.

28. The pending motion to convert is not a collateral or peripheral proceeding—it is an existential threat to the Debtor's reorganization. Allowing a non-party-in-interest to prosecute such a motion would cause irreparable harm to the estate and to the Debtor's creditors who have a legitimate stake in the outcome.

29. The Debtor respectfully requests that this Court, at a minimum, hold DE #95 in abeyance pending resolution of the Claim Objection and this Motion, so that IBI Falcon's standing to bring that motion may be determined before the Court expends resources adjudicating it.

## B. Plan Voting Rights

30. 11 U.S.C. § 1126(a) provides that "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan."

31. Because IBI Falcon's claim should be disallowed in its entirety, IBI Falcon has no right to vote on any plan of reorganization.

32. Any ballot cast by IBI Falcon must be disregarded by the plan proponent and by this Court in determining plan confirmation. See 11 U.S.C. § 1126€ (court may designate votes cast in bad faith); In re Adelphia Communications Corp., 359 B.R. 54, 61 (Bankr. S.D.N.Y. 2006).

## C. Disclosure Statement Objection Rights

33. 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017 permit parties in interest to object to a disclosure statement.

34. As a non-party-in-interest, IBI Falcon lacks standing to object to any disclosure statement filed by the Debtor in this case.

35. Any objection IBI Falcon purports to file with respect to a disclosure statement should be overruled without reaching the merits for lack of standing.

D. Plan Confirmation Objection Rights

36. 11 U.S.C. § 1128(b) provides that "a party in interest may object to confirmation of a plan."

37. IBI Falcon, as a non-party-in-interest, lacks standing to object to confirmation of the Debtor's plan of reorganization.

38. Any objection to confirmation it purports to file should be overruled for lack of standing.

E. Relief from the Automatic Stay

39. 11 U.S.C. § 362(d) provides that "on request of a party in interest," the Court may grant relief from the automatic stay.

40. IBI Falcon, as a non-party-in-interest holding no valid lien on the Property, has no standing to seek relief from the automatic stay with respect to the Property.

41. Any motion for relief from stay it may file should be dismissed for lack of standing without prejudice to the rights of the actual holder of a valid lien, if any, to seek such relief.

F. All Other Party-in-Interest Rights

42. More broadly, IBI Falcon should be barred from filing any motion, objection, or other pleading in this case in the capacity of a creditor or party in interest unless and until it demonstrates to this Court's satisfaction—through production of the original Note and competent documentary evidence of valid, pre-petition execution and delivery of the allonges—that it is in fact the holder of an enforceable claim against the Debtor.

43. To permit an entity with no valid claim to continue participating in this case as a party in interest would undermine the integrity of the bankruptcy process and prejudice the Debtor, the estate, and creditors with legitimate claims.

## VI. ALTERNATIVE RELIEF: SUSPENSION PENDING DETERMINATION

44. The Debtor recognizes that the ultimate determination of IBI Falcon's party-in-interest status depends on the outcome of the Claim Objection, which may require an evidentiary hearing and, potentially, Rule 2004 discovery regarding the actual execution dates and chain of custody of the allonges.

45. If this Court is not prepared to make a final party-in-interest determination at this time, the Debtor respectfully requests the following interim relief:

   a. That all of IBI Falcon's party-in-interest rights be suspended pending final resolution of the Claim Objection, including specifically that IBI Falcon be barred from taking any further action in this case in the capacity of a creditor or party in interest while the Claim Objection is pending;

   b. That the motion to convert (DE #95) be held in abeyance pending resolution of the Claim Objection, as the Court cannot properly adjudicate a motion brought by a movant whose standing to bring it is actively disputed; and

   c. That IBI Falcon be barred from casting any ballot with respect to any plan of reorganization until the Claim Objection has been finally resolved and, if the claim is allowed in any amount, the amount and classification of the allowed claim has been determined.

46. This interim relief is necessary and appropriate under 11 U.S.C. § 105(a) to protect the integrity of the reorganization process and to prevent IBI Falcon from exercising rights it may not possess to the detriment of the estate and all legitimate creditors.

## VII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order:

A. Determining that, by reason of the void and ineffective transfers of the Note and Deed of Trust, IBI Falcon has no "claim" against the Debtor within the meaning of 11 U.S.C. § 101(5), is not a "creditor" within the meaning of 11 U.S.C. § 101(10), and is not a "party in interest" within the meaning of 11 U.S.C. § 1109(b);

B. Dismissing IBI Falcon's pending Motion to Convert this case to Chapter 7 (DE #95) for lack of standing, as IBI Falcon is not a "party in interest" within the meaning of 11 U.S.C. § 1112(b);

C. Barring IBI Falcon from voting on or objecting to any plan of reorganization pursuant to 11 U.S.C. §§ 1126 and 1128;

D. Barring IBI Falcon from objecting to any disclosure statement pursuant to 11 U.S.C. § 1125;

E. Barring IBI Falcon from seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d) with respect to the Property;

F. Barring IBI Falcon from filing any further motion, objection, or pleading in this case in the capacity of a creditor or party in interest unless and until it demonstrates to this Court's satisfaction that it is the valid holder of an enforceable claim against the Debtor;

G. In the alternative, pending final resolution of the Debtor's Objection to Amended Proof of Claim No. 2: (a) suspending all of IBI Falcon's party-in-interest rights; (b) holding the motion to convert (DE #95) in abeyance; and (c) barring IBI Falcon

from casting any ballot with respect to any plan until the Claim Objection is finally

resolved; and

H.   Granting such other and further relief as this Honorable Court may deem just and

proper.

Respectfully submitted,

Dated: May 29, 2026

By: /s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385 | dtjesq@dtjohnsonlaw.com
*Counsel for Debtor, 5410 30th Street DC LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2026, a copy of the foregoing Motion to

Strike was served electronically via the Court's ECF system upon all parties registered to receive

notice, including:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV).

/s/ Deirdre T. Johnson, Esq.