IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | \| | |
| | \| | |
| 5410 30th Street DC, LLC, | \| | Case No.: 25-19605 |
| | \| | |
| Debtor | \| | Chapter 11 |
| | \| | |

PROPOSED ORDER GRANTING DEBTOR'S REVISED MOTION FOR DETERMINATION
THAT IBI FALCON US LLC IS NOT A PARTY IN INTEREST PURSUANT TO 11 U.S.C. §§
101(5), 101(10), AND 1109(b), AND BARRING IBI FALCON FROM EXERCISING PARTY-
IN-INTEREST RIGHTS IN THIS BANKRUPTCY CASE

THIS MATTER having come before the Court upon the Debtor's Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest Pursuant to 11 U.S.C. §§ 101(5), 101(10), and 1109(b), and for Related Relief Barring IBI Falcon from Exercising Party-in-Interest Rights in This Case (the "Motion"); the Court having reviewed the Motion, the Debtor's Objection to Amended Proof of Claim No. 2, all supporting documentation, and the arguments of counsel; the Court having sustained the Debtor's Objection to Amended Proof of Claim No. 2 by separate Order entered this date [OR: the Court having determined that IBI Falcon has not established that it is the valid holder of the Note and beneficiary of the Deed of Trust as of the Petition Date]; notice having been proper; and good cause appearing therefor, the Court hereby finds as follows:

1. A "party in interest" in a Chapter 11 case, within the meaning of 11 U.S.C. § 1109(b), includes, among others, "a creditor."

2. A "creditor" within the meaning of 11 U.S.C. § 101(10) is an entity that has a "claim" against the debtor arising at or before the order for relief.

3. A "claim" within the meaning of 11 U.S.C. § 101(5) is a "right to payment." An entity that has no legally cognizable basis for payment from the debtor has no "claim" and therefore is not a "creditor" and is not a "party in interest."

4. IBI Falcon's asserted right to payment from the Debtor rests entirely upon its claimed status as the holder of the Note and the beneficiary of the Deed of Trust. The instruments through which IBI Falcon purportedly acquired those interests—the allonges and assignments—are void or ineffective for the reasons set forth in this Court's Order on the Debtor's Objection to Amended Proof of Claim No. 2, which is incorporated herein by reference.

5. Because IBI Falcon holds neither the Note nor the Deed of Trust through any valid chain of title, it has no right to payment from the Debtor, no "claim" within the meaning of 11 U.S.C. § 101(5), no status as a "creditor" within the meaning of 11 U.S.C. § 101(10), and no standing as a "party in interest" within the meaning of 11 U.S.C. § 1109(b).

6. IBI Falcon's situation is distinguishable from that of a creditor whose claim has been disallowed while some underlying legal relationship with the debtor remains. IBI Falcon is a legal stranger to the Debtor's loan transaction, having acquired no valid interest through the void and ineffective transfer instruments. It therefore has no direct legal stake in the administration of this estate sufficient to confer party-in-interest standing under § 1109(b). See In re Global Industrial Technologies, Inc., 645 F.3d 201 (3d Cir. 2011); In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011); In re Amatex Corp., 755 F.2d 1034 (3d Cir. 1985).

7. 11 U.S.C. § 1112(b) authorizes conversion of a Chapter 11 case to Chapter 7 "on request of a party in interest." Because IBI Falcon is not a party in interest, it lacks standing to bring or prosecute a motion to convert under § 1112(b).

8. 11 U.S.C. § 1126(a) limits plan voting to the "holder of a claim or interest allowed under section 502." Because IBI Falcon's claim has been disallowed, it has no right to vote on any plan of reorganization.

9. 11 U.S.C. §§ 1125 and 1128 limit objections to disclosure statements and plan confirmation to parties in interest. Because IBI Falcon is not a party in interest, it lacks standing to object to any disclosure statement or plan.

10. 11 U.S.C. § 362(d) limits the right to seek relief from the automatic stay to parties in interest. Because IBI Falcon is not a party in interest and holds no valid lien on the Property, it lacks standing to seek stay relief with respect to the Property.

It is, by the United States Bankruptcy Court for the District of Maryland, hereby ORDERED that:

11. The Motion is GRANTED.

12. The Court hereby DETERMINES AND DECLARES that IBI Falcon US LLC has no "claim" against the Debtor within the meaning of 11 U.S.C. § 101(5), is not a "creditor" within the meaning of 11 U.S.C. § 101(10), and is not a "party in interest" within the meaning of 11 U.S.C. § 1109(b).

13. IBI Falcon's Motion to Convert this Case to Chapter 7 (DE #95) is hereby DISMISSED WITH PREJUDICE for lack of standing, as IBI Falcon is not a "party in interest" within the meaning of 11 U.S.C. § 1112(b).

14. IBI Falcon is hereby BARRED from voting on any plan of reorganization in this case. Any ballot cast by IBI Falcon with respect to any plan shall be disregarded by the plan proponent

and by this Court. The Debtor's plan proponent is directed to exclude IBI Falcon from any ballot tabulation.

15. IBI Falcon is hereby BARRED from objecting to any disclosure statement filed in this case. Any objection to a disclosure statement filed by IBI Falcon shall be overruled without reaching the merits for lack of standing.

16. IBI Falcon is hereby BARRED from objecting to confirmation of any plan of reorganization filed in this case. Any objection to plan confirmation filed by IBI Falcon shall be overruled without reaching the merits for lack of standing.

17. IBI Falcon is hereby BARRED from filing any motion for relief from the automatic stay with respect to the Debtor's property at 5631 MacArthur Boulevard NW, Washington, D.C. 20016, or any other property of the estate. Any such motion filed by IBI Falcon shall be dismissed without hearing for lack of standing.

18. IBI Falcon is hereby BARRED from filing any further motion, objection, application, notice, or other pleading in this case in the capacity of a creditor or party in interest. The Clerk of Court is directed to reject for filing any pleading submitted by IBI Falcon in a creditor or party-in-interest capacity, unless IBI Falcon first obtains leave of this Court upon a showing that it has established, through competent evidence, that it is the valid holder of an enforceable claim against the Debtor.

19. Nothing in this Order shall preclude IBI Falcon from appearing before this Court solely for the purpose of: (a) appealing this Order or the Order on the Claim Objection; (b) seeking reconsideration of this Order upon a showing of new facts or law; or (c) complying with any Order of this Court directed to it, including any order regarding the void foreclosure instruments or the payment of sanctions.

20. This Order is entered pursuant to 11 U.S.C. §§ 101(5), 101(10), 105(a), 502(b), 1109(b), 1112(b), 1125, 1126, and 1128.

21. This Court retains jurisdiction to enforce this Order, to consider any application by IBI Falcon to establish party-in-interest status through competent evidence, and to address any violation of this Order.

ALTERNATIVE INTERIM ORDER (if the Court is not yet prepared to make a final party-in-interest determination):

In the alternative, pending final resolution of the Debtor's Objection to Amended Proof of Claim No. 2, IT IS HEREBY ORDERED THAT:

22. All party-in-interest rights of IBI Falcon US LLC in this case are hereby SUSPENDED, including but not limited to the right to vote on any plan, object to any disclosure statement, object to plan confirmation, and seek relief from the automatic stay.

23. IBI Falcon's Motion to Convert this Case to Chapter 7 (DE #95) is hereby HELD IN ABEYANCE pending final resolution of the Claim Objection. No further briefing on DE #95 shall be accepted by the Court until the Claim Objection has been finally adjudicated.

24. IBI Falcon is barred from casting any ballot with respect to any plan of reorganization until the Claim Objection has been finally resolved and, if the claim is allowed in any amount, the allowed amount and classification have been determined.

25. A status conference is hereby scheduled for _____, 20___, at ___:___ __.m., to address the status of the Claim Objection, the Rule 2004 discovery, and IBI Falcon's party-in-interest status.

Copies: All Counsel of Record

* * * END OF ORDER * * *