IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                          )          Case No. 25-19605-LSS
                                                )          (Chapter 11)
5410 30TH STREET DC LLC                         )
                                                )
            Debtor.                             )
                                                )
_____            )

## OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, in opposition to the motion to modify scheduling order (the "Motion"), DE #176, filed by 5410 30th Street DC LLC (the "Debtor"), and states as follows:

The Debtor is asking to modify the very scheduling order it proposed to this Honorable Court, *see* DE #154-3, because (i) the Debtor missed its own expert designation deadline; (ii) the Debtor could not timely produce an expert report; and (iii) the Debtor now wishes to utilize "minimally destructive" testing for purposes of assessing a promissory note and two allonges thereto. This relief should be denied.

As a starting point, the Debtor *still* has not made a formal Rule 26(a)(2) disclosure of its expert witness (unless the Motion qualifies as a disclosure, in which case it would seem certain critical data points are missing). So the new proposed deadline of May 28, 2026 has already elapsed. And this is all-the-odder given that the Debtor now indicates it did not actually engage its expert until May 27, 2026—fully three weeks after the initial deadline. *Compare* Motion, DE #176, at p. 3 (noting the expert's availability to have been confirmed on May 27, 2026) *with* Scheduling Order, DE #156, at p. 2 (establishing a May 6, 2026 expert disclosure deadline). But such is not the biggest problem with the Motion.

1

The real issue, rather, is that the Debtor is now asking to undertake "minimally destructive" testing of a negotiable instrument the Debtor does not actually have any right to inspect in the first instance. While IBI Falcon has offered to produce the note and allonges, in the jury lounge on the first floor of this Honorable Court (a neutral meeting place well-guarded by security), such is entirely gratuitous. IBI Falcon is willing to show that it holds the note and allonges. IBI Falcon is willing to let the Debtor's principal and counsel look at the documents. But IBI Falcon is absolutely not willing to allow an expert to perform any variety of testing that may alter—even minimally— the nature and character of a negotiable instrument. Doing so would be reckless and would invite untold potential enforcement-centric issues.

In essence, the Debtor is not asking to review pertinent records—the Debtor is asking to alter pertinent records. A "minimally destructive" inspection will be, as titularly indicated, "destructive." So the Debtor is asking to partially (even if minimally) destroy the promissory note and allonges upon which the obligation to IBI Falcon is founded. This is far beyond the contours of Rule 26 discovery.

When a party seeks to undertake destructive testing, the United States District Court for the District of Maryland has laid out a four prong inquiry to determine the permissibility thereof:

> 1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 614 (D. Md. 2006).

Here, it is altogether unclear if the testing is "necessary" insofar as the Debtor has not actually explained what the proposed testing will entail. It is difficult, however, to fathom how

such testing could be "necessary" as part of a "show me the note" challenge when, as extrapolated upon below, such challenges have been firmly disclaimed by case law in this Honorable Court.

There is, however, a very real concern about IBI Falcon's ability to present evidence if such testing occurs. IBI Falcon cannot testify that it holds an original, unaltered note and allonges thereto if the Debtor is permitted to alter those documents. This is not proposed testing on a firearm in a criminal case or even a soup can in a products liability case; this is proposed testing on a negotiable instrument.

Similarly, it is unclear if less prejudicial alternative exists because the Debtor has not actually explained what testing will occur or what information is sought through such testing. All that is know is that such testing will involve destructive means. The Debtor has not explained the nature of the testing or what benefit is yielded from the destructive application.

Further, there do not appear to be any safeguards in place here. If "minimally destructive" testing were to inadvertently morph into "partially destructive" or even "fully destructive" testing, IBI would be left without the negotiable instrument on which its claim is founded. The Debtor has not offered to bond against this risk. And it is wholly unclear how much risk is being occasioned because, again, the Debtor has not explained what testing is to be undertaken.

All of which begets the larger problem: the whole theory of testing—pursuit of a "show me the note" defense to enforcement—has been roundly rejected by Judge Chuang, upholding an order of this Honorable Court:

> Although Green repeatedly argues in his brief to this Court that he did not make these arguments, the bankruptcy court reasonably interpreted Green's Objection as doing so, particularly where he asserted that "[t]hese false creditors do not possess the original wet ink mortgage note. I challenge them to produce the original mortgage note." The bankruptcy court was correct to reject these arguments, as "this Court has repeatedly rejected the 'wet ink' or 'show me the note' argument."

3

*Green v. 1900 Capital Tr. II*, 619 B.R. 121, 130-31 (D. Md. 2020) (citing *Powell v. Countrywide Bank*, 2016 U.S. Dist. LEXIS 138838 (D. Md. Oct. 4, 2016); *Jones v. Bank of New York Mellon*, 2014 U.S. Dist. LEXIS 102898 (D. Md. July 29, 2014)) (internal citations omitted).

So while IBI Falcon does remain agreeable to producing the note and allonges, inside of the courthouse, on a mutually-agreeable date (two of which were previously proposed by IBI Falcon), for viewing by the Debtor's principal and counsel, such is merely a gesture aimed at bringing about a close to an inquiry without solid legal footing in the first instance. There is no relevance to inspecting the documents. And there assuredly is no relevance in allowing a destructive process to befall the documents.

Such is all the truer since the Debtor has previously acknowledged—myriad times—having executed the note and the veracity of the note, while having also previously waived—at least two times—any defenses to the enforceability of the note. *See* Response to Claim Objection, DE #167, at § III(c).

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 11, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

4

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 11th day of June, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice                    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig
