IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                              |
                                                    |
5410 30th Street DC, LLC,                |          Case No.: 25-19605
                                                    |
   Debtor                                           |          Chapter 11
                                                    |          (Relates to Adv. Pro. No. 26-00129)
                                                    |

---

### APPLICATION FOR ALLOWANCE OF SUPPLEMENTAL ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

NOW COMES Deirdre T. Johnson, Esq., attorney for the Debtor, 5410 30th Street DC, LLC (hereafter "Applicant"), who respectfully submits this Application for the allowance of supplemental attorney's fees in the amount of $63,435.00 and reimbursement of expenses in the amount of $21.60 (for a total award of $63,456.60), pursuant to 11 U.S.C. §§ 330(a), 331, and 503(b)(2) and Fed. R. Bankr. P. 2016(a), in connection with extraordinary services rendered for the benefit of the Debtor and the bankruptcy estate during the period of November 1, 2025 through June 21, 2026, and in support thereof states as follows:

1. Applicant has served as counsel of record for the Debtor throughout the pendency of this Chapter 11 case, Case No. 25-19605.

2. The fees and expenses sought in this Application result from services rendered for or on behalf of the Debtor and the bankruptcy estate, as more fully described in the itemized statement of services and time records attached hereto as Exhibit A.

3. The fees and expenses sought to be paid to Applicant result from services rendered in connection with contested matters and litigation that arose after the commencement of this case and that were not contemplated within the general scope of Applicant's routine Chapter 11 case-administration services, specifically: (a) the Debtor's Motion to Enforce the Automatic Stay and the related Motion for Temporary Restraining Order and Preliminary Injunction, Adv. Pro. No. 26-00129; (b) the Debtor's Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest; and (c) related discovery, scheduling, and protective-order litigation arising from the foregoing contested matters (collectively, the "Extraordinary Services").

4. The Extraordinary Services for which the additional fees and expenses are now sought by Applicant are described in detail in the itemized statement of services and time records attached hereto as Exhibit A, which is incorporated herein by reference.

5. The Extraordinary Services were for the following reasons: (a) not reasonably expected at the commencement of this case; (b) extraordinary in nature, arising from contested litigation initiated by and against IBI Falcon US, LLC and IBI SBL Investment LP that exceeded the scope of routine case administration; and (c) reasonable and necessary services that benefited the Debtor and the bankruptcy estate.

6. In support of this Application, Applicant has attached as Exhibit A relevant time records identifying the professional who performed the work, the dates services were rendered, the tasks performed, the hours expended, the applicable hourly rate, and the amount billed for each task.

7. Prior to the filing of this Application, Applicant has only received the initial fees paid by the Debtor in this case, as follows:  Applicant has been paid a total of $1,500 in fees and $0 in expenses in this case, of which Applicant has received $1,500 in fees and $0 in expenses in payments from the Debtor or on the Debtor's behalf.

8. Applicant respectfully submits and hereby affirms to the Court that the fees and expenses requested by this Application are reasonable and necessary.

9. Applicant further submits that the fees and expenses described herein are reasonable based on the customary fees and expenses charged, and generally approved by this Court, for services of this nature provided by comparably skilled professionals in cases of similar size and complexity.

10. No agreement or understanding exists between Applicant and any other person for the division or sharing of compensation for services rendered, or costs advanced, in connection with Applicant's representation of the Debtor.

11. Applicant has reviewed the requested attorney's fees and expenses with the Debtor. Applicant represents that the Debtor has requested that Applicant provide the services described herein, that the Court allow payment of the requested fees and expenses, and that the Court approve payment of the fees and expenses as an administrative expense of the estate pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2).

12. Applicant avers that approval of the requested fees and expenses will not affect distribution to creditors under the Debtor's Chapter 11plan

WHEREFORE, Applicant respectfully prays that this Court enter an Order:

(a) approving and allowing Applicant's attorney's fees for Extraordinary Services in the amount of $63,435.00 and reimbursement of expenses in the amount of $21.60, for a total award of $63,456.60; and

(b) authorizing payment of such fees and expenses as an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2), to be paid by the Debtor or through the Chapter 11 Trustee in accordance with the terms of the Debtor's plan or further order of this Court; and

(c) granting such other and further relief as is just and proper.

Date: June 21, 2026                          /s/ Deirdre T. Johnson. Esq
                                             Deirdre T. Johnson, Esq.
                                             Law Office of Deirdre T. Johnson, Esq.
                                             9701 Apollo Dr, Suite 301
                                             Upper Marlboro, MD 20774
                                             (301) 742-5385
                                             dtjesq@dtjohnsonlaw.com
                                             Applicant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 21st day of June, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses will be served electronically by the Court's CM/ECF system on the following:

Jeanette Rice, Chapter 11 Trustee
Jeanette.Rice@usdoj.gov

Office of the United States Trustee
USTPRegion04.GB.ECF@USDOJ.GOV

Maurice B. VerStandig, Esq.
Counsel for IBI Falcon US, LLC and IBI SBL Investment LP
mac@mbvesq.com

I HEREBY FURTHER CERTIFY that, on the 21st day of June, 2026, a copy of the foregoing Application was also mailed first class, postage prepaid, to:

BHI Construction
9342 Annapolis Rd
Lanham, MD  20706

City Concrete
9284 Corp Circle
Manassas, VA 20110

DC Municipal Investments, LLC and
Any/All Affiliates
c/o Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD 21030

DC Office of Tax Rev
Office of CFO
1101 4th St, SW
Washington, DC 20024

Fund That Flip dba Upright
1300 E. 9th St, Suite 1310
Cleveland, OH  44114

Attn: Albeiro Medina
T&AA Construction
11820 Parklawn Dr, Suite 380
Rockville, MD  20852

/s/ Deirdre T. Johnson, Esq
Deirdre T. Johnson, Esq.