UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | Case No. 25-19605-LSS |
| 5410 30TH STREET DC, LLC, | (Chapter 11) |
| Debtor. | |

DEBTOR'S RESPONSE TO IBI FALCON'S OMNIBUS RESPONSE TO NEWLY-FILED MOTIONS, AS TO THE DEBTOR'S REVISED OBJECTION TO THE AMENDED PROOF OF CLAIM OF IBI FALCON (DE #179)

5410 30th Street DC, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby replies to the portion of the Omnibus Response to Newly-Filed Motions filed by IBI Falcon US LLC ("IBI Falcon"), DE #184 (the "Omnibus Opposition"), that responds to the Debtor's Revised Objection to the Amended Proof of Claim of IBI Falcon, DE #179 (the "Revised Objection"), and states as follows:

I. PRELIMINARY STATEMENT

IBI Falcon's response to the Revised Objection consists of two sentences within a four-page omnibus filing addressing four separate, unrelated motions. In its entirety, that response: (1) incorporates by reference the opposition brief IBI Falcon filed earlier in this case, DE #167, in response to the Debtor's original objection to IBI Falcon's original proof of claim; and (2) asserts that the Debtor is advancing a "show me the note" theory already "rejected by this Honorable Court and the United States District Court for the District of Maryland," and that "[t]he issues being raised by the Debtor are ones the Debtor lacks standing to assert," because they are "solely

within the ambit of assertions a competing creditor may make," citing Green v. 1900 Capital Tr. II, 619 B.R. 121, 130–31 (D. Md. 2020).

None of this withstands scrutiny. A brief filed against a since-amended claim and a since-superseded objection does not, by simple cross-reference, respond to the amended claim and revised objection that replaced them. The Revised Objection is not, and has never been, a "show me the note" or "wet ink" argument; it is a challenge to the validity of the specific instrument IBI Falcon now relies upon, advanced through the very burden-shifting framework the Bankruptcy Code and the Fourth Circuit prescribe for testing a proof of claim's validity. And most fundamentally, IBI Falcon's assertion that the Debtor lacks standing to object to a claim asserted against the Debtor's own estate inverts the Bankruptcy Code — and the single case IBI Falcon cites for that proposition, read in full, does not say what IBI Falcon represents it to say.

## II. ARGUMENT

### A. Incorporating DE #167 by Reference Does Not Respond to a Revised Objection to an Amended Proof of Claim.

IBI Falcon's only response to the substance of the Revised Objection is to incorporate, in full, its own previously filed opposition brief, DE #167 — a brief directed at the Debtor's original objection to IBI Falcon's original proof of claim. The proof of claim has since been amended, and the Debtor's objection to it has since been revised, because the claim and objection as they originally stood are no longer the claim and objection before the Court. IBI Falcon does not contend that nothing changed between the original and amended proof of claim; it is IBI Falcon, not the Debtor, that filed the amendment. A party that amends its own claim cannot discharge its obligation to respond to the objection its amendment provoked merely by re-filing, by reference,

an argument addressed to the claim's earlier and superseded form. Whatever portions of DE #167 IBI Falcon believes remain applicable to the claim as amended, it is IBI Falcon's burden to say which, and why; a bare incorporation by reference does not carry that burden. This Reply accordingly addresses what IBI Falcon has actually placed before the Court in the Omnibus Opposition — the two substantive sentences set out above.

*B. The Revised Objection Is Not a "Show Me the Note" Argument — It Proceeds Under the Rule 3001(f) Burden-Shifting Framework the Fourth Circuit Has Prescribed for Testing a Claim's Validity.*

A properly executed and filed proof of claim "is prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). A claim is accordingly "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Once an objection is interposed, the Court must disallow the claim, in whole or in part, to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The Fourth Circuit has held that these provisions "establish[ ] a burden-shifting framework for proving the amount and validity of a claim": the proof of claim is prima facie evidence of validity; the burden then shifts to the objecting party to "introduce evidence to rebut the claim's presumptive validity"; and if that burden is carried, "the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004) (citing Canal Corp. v. Finnman, 960 F.2d 396, 404 (4th Cir. 1992)). In Harford Sands, the Fourth Circuit affirmed a bankruptcy court's disallowance of a proof of claim after the Chapter 11 debtor met exactly this burden. Id. at 640–41.

3

The Revised Objection proceeds under that framework, not under a "show me the note" theory. A "show me the note" or "wet ink" argument contends that a note cannot be enforced unless the holder physically produces the original, regardless of whether anything is actually wrong with the document the holder possesses. See Green, 619 B.R. at 130–31 (describing the rejected argument that "[t]hese false creditors do not possess the original wet ink mortgage note") (citing Powell v. Countrywide Bank, 2016 U.S. Dist. LEXIS 138838 (D. Md. Oct. 4, 2016); Jones v. Bank of New York Mellon, 2014 U.S. Dist. LEXIS 102898 (D. Md. July 29, 2014)). The Debtor does not contend that IBI Falcon cannot locate or produce a document; the Debtor contends that the specific document IBI Falcon offers as the original note and allonges is not authentic and valid in the form IBI Falcon now presents it, and the Debtor has retained a forensic document examiner to test that contention — the same examiner and the same forensic protocol underlying the Debtor's pending Motion to Continue Document Inspection. Even Green itself did not treat an authenticity challenge as categorically foreclosed; the Green court resolved the "wet ink" assertion before it on the merits, holding that the objecting debtor there had "not produced evidence to overcome th[e] presumption of validity" a proof of claim carries. 619 B.R. at 130–31. The Revised Objection is not the bare, evidence-free assertion Green addressed, and IBI Falcon's Omnibus Opposition identifies no authority — from this Court, the Fourth Circuit, or elsewhere — holding that a forensically supported validity challenge must be treated the same as an unsupported demand to "see the note."

C. *IBI Falcon's Standing Argument Inverts the Bankruptcy Code and Misreads the Very Case IBI Falcon Cites for It.*

IBI Falcon's assertion that the Debtor "lacks standing" to object to IBI Falcon's own proof of claim, and that doing so is "solely within the ambit of assertions a competing creditor may

make," cannot be reconciled with the Bankruptcy Code. Section 1109(b) provides, without qualification, that "[a] party in interest, including the debtor, … may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis added). Section 1107(a) gives a Chapter 11 debtor in possession "all the rights … and powers, and … all the functions and duties," other than a short list of enumerated exceptions not relevant here, "of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a). Among the duties a trustee — and therefore a debtor in possession — must perform is to, "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). Objecting to an improper claim is thus not merely something the Debtor is permitted to do; under §§ 1107(a) and 704(a)(5), it is a duty the Debtor owes to the estate.

The Fourth Circuit's own decision in Harford Sands confirms the point in practice, not merely in statutory text: it affirmed a bankruptcy court's disallowance of a proof of claim after the Chapter 11 debtor objected to it and carried its burden of rebutting the claim's presumptive validity. 372 F.3d at 640–41. If, as IBI Falcon contends, a debtor lacked standing to challenge the validity of a claim filed against its own estate, Harford Sands could not have come out as it did. IBI Falcon's Omnibus Opposition does not cite Harford Sands, or any other Fourth Circuit authority, for its standing argument. It cites only Green.

Green does not support it. Green's discussion of standing addresses an entirely different question: whether a Chapter 13 debtor could challenge the validity of inter-creditor assignments of a note and deed of trust executed among other parties — assignments to which the debtor was a stranger. The Green court held that "[s]tate contract law governs whether a plaintiff can challenge a mortgage assignment," and that, under Maryland law, "only a party or third-party beneficiary to a contract can sue to enforce the terms of that contract," citing Wolf v. Fed. Nat'l Mortg. Ass'n,

512 F. App'x 336, 342 (4th Cir. 2013), and 120 W Fayette St., LLLP v. Mayor & City Council of Balt., 43 A.3d 355, 368 (Md. 2012). Because the debtor in Green was "not a party to, or an intended third-party beneficiary of," the assignments he sought to challenge, the court held he had no standing to challenge them. Green, 619 B.R. 121. That is a holding about a third party's standing to challenge a contract between other parties to which he was a stranger. It has no application here: the Revised Objection does not challenge any assignment between IBI Falcon and a third party; it challenges the authenticity and validity of the note and alonges IBI Falcon itself has filed against the Debtor's own estate, in a claim the Debtor — by definition a real party in interest to its own bankruptcy case — has every right, and indeed a duty, to test.

Nor did Green treat the "wet ink" authenticity challenge actually before it as a standing problem at all. The Green court resolved that challenge on the merits, for lack of evidence — holding that the proof of claim there satisfied the requirements for prima facie validity and that the objecting debtor had "not produced evidence to overcome that presumption." 619 B.R. at 130–31. A challenge a court resolves on the merits is not a challenge the court has held the challenger lacks standing to raise. And the phrase IBI Falcon uses to describe Green's supposed holding — that authenticity challenges are "solely within the ambit of assertions a competing creditor may make" — does not appear anywhere in the Green opinion. IBI Falcon's standing argument is not supported by the authority offered for it, and is contrary to 11 U.S.C. §§ 1109(b), 1107(a), and 704(a)(5), and to the Fourth Circuit's own affirmance of a debtor's successful claim objection in Harford Sands.

III. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court overrule the Omnibus Opposition insofar as it responds to DE #179, sustain the Debtor's Revised Objection to the Amended Proof of Claim of IBI Falcon on the merits in due course, and grant such other and further relief as is just and proper.

Respectfully submitted,

Dated: June 26, 2026

By:　/s/ Deirdre T. Johnson
　　　Deirdre T. Johnson, Esq.
　　　dtjesq@dtjohnsonlaw.com
　　　Counsel for 5410 30th
　　　Street DC, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2026, a copy of the foregoing DEBTOR'S REPLY TO IBI FALCON'S OMNIBUS RESPONSE TO NEWLY-FILED MOTIONS, AS TO THE DEBTOR'S REVISED OBJECTION TO THE AMENDED PROOF OF CLAIM OF IBI FALCON (DE #179) was served electronically via the ECF system, with copies to:

Jeanette Rice　　　　Jeanette.Rice@usdoj.gov

Maurice VerStandig　mac@mbvesq.com

US Trustee　　　　　USTPRegion04.GB.ECF@USDOJ.GOV

and all parties requesting notice.

　　　　　　　　　　　　　　　　/s/ Deirdre T. Johnson
　　　　　　　　　　　　　　　　Deirdre T. Johnson

7