IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| IBI FALCON US LLC | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM STAY**

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, pursuant to section 362(d)(2) of title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves this Honorable Court for relief from the automatic stay to foreclose upon that certain parcel of real property commonly known as 5631 MacArthur Blvd., NW, Washington, DC 20016 alongside any and all improvements thereupon (collectively, the "Property"), and in support thereof states as follows:

I.     **Introduction**

5410 30th Street DC LLC (the "Debtor") has no equity in the Property and this is a case where—as even the Debtor has tacitly suggested—reorganization is impossible. It is accordingly appropriate to grant IBI Falcon relief from the automatic stay enshrined in section 362 of title 11 of the United States Code (the "Automatic Stay") and to permit a foreclosure of the Property to proceed.

1

Ironically, there may have been some equity in the Property when this case was filed. Yet the Debtor—for whatever reason—has elected to not focus on the optimal means of securing a plan-centric asset sale, instead devoting efforts toward a series of asymmetrical attacks on IBI Falcon. Unfortunately, however, the end product of these attacks has been an increase in the claims of IBI Falcon and other secured creditors, with no discernable progress toward the proposal of a viable plan of liquidation (let alone confirmation thereof).

For these reasons, and as extrapolated upon *infra*, it is appropriate to afford relief from the Automatic Stay and permit IBI Falcon to proceed with a foreclosure of the Property.

## II.   Standard

Title 11 of the United States Code (the "Bankruptcy Code") provides that a court "shall grant relief from the stay," 11 U.S.C. § 362(d), when, *inter alia*, "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization," 11 U.S.C. § 362(d)(2).

"Equity," for purposes of this subsection, "is a function of the value of the collateral and the total of the liens against it. . ." *Drake v. Franklin Equip. Co. (In re Franklin Equip. Co.)*, 416 B.R. 483, 523 (Bankr. E.D. Va. 2009) (quoting *In re Colonial Ctr.*, 156 B.R. 452, 460 (Bankr. E.D. Pa. 1993)).

Further, "[o]nce the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is 'necessary to an effective reorganization.'" *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375 (1988) (emphasis in original). Such means "that the property is essential for an effective reorganization *that is in prospect*." *Id.* at 376 (emphasis in original).

### III.   Argument: Stay Relief is Appropriate Under 11 U.S.C. § 362(d)(2)

#### a.  There is No Equity in the Property

While this case has, thus far, largely focused on the lien of IBI Falcon and that of one other secured creditor, the Debtor appears to have neglected to bring another factoid to the attention of this Honorable Court: the Property is scheduled to go to tax sale in approximately two weeks' time. Indeed, the District of Columbia has directed the Property be sold at tax sale if the sum of $41,643.15 is not paid by July 14, 2026. *See* Tax Sale Notice, attached hereto as Exhibit A.

To be sure, any such tax sale will be void *ab initio* insofar as the Automatic Stay prevents the occurrence as a matter of law. *See Klemkowski v. CitiMortgage, Inc. (In re Klemkowski)*, 664 B.R. 681, 699 (Bankr. D. Md. 2024). Yet the Debtor's failure to take the actions requisite to have the event cancelled speak, more generally, to the ever-growing debt secured by the Property.

There exist two "traditional" creditors with claims secured by the Property: IBI Falcon and Santorini Capital, LLC ("Santorini"). *See* Schedule D, ECF No. 15, at § 2. The claim of Santorini is *at least* $975,000.00; since the entity has not filed a proof of claim, it is unclear at what rate interest is accruing on the correlative claim.

Meanwhile, the claim of IBI Falcon—as of the petition date—was $2,676,531.91. *See* Claims Register #2. This claim has been accruing interest, post-petition, at the rate of $1,481.33 per day. *Id.* at Part 8. As of the filing of this motion, the case has been pending for 258 days. Thus, even putting aside legal fees (which are significant on account of the Debtor's attacks on IBI Falcon), the claim has grown by an additional $382,183.14 post-petition (258 * $1,481.33), bringing the total claim of IBI Falcon to $3,058,715.05 ($2,676,531.91 + $382,183.14).[1]

---

[1] Pursuant to Local Rule 4001-2, IBI Falcon notes no post-petition payments have been made on its claim.

Meanwhile, there exist at least $41,643.15 in unpaid taxes secured by the Property. *See* Tax Sale Notice, attached hereto as Exhibit A. Under District of Columbia law, these obligations are secured by a superpriority lien on the Property. *See In re Cong. 819, LLC*, 2013 Bankr. LEXIS 1237, at *28 (Bankr. D.D.C. Mar. 28, 2013) ("Because tax liens are a superior lien on real property, the consequence is that PNC's lien position is being eroded from above by the accrual of real estate taxes on the property if there is no equity in the property.").

The Property is thusly burdened by a total of $4,075,358.20 in "secured" claims (being equal to the Santorini claim, the IBI Falcon claim, and the tax claim). Yet the Debtor has made clear that the asset is presently on the market for approximately $3,999,000.00, and no sale offers have been brought before this Honorable Court. This necessarily means the Property has a fair market value of not more than $3,999,000.00. *See, e.g.*, *United States v. 0.01 Acre of Land*, 310 F. Supp. 1379, 1388 (D. Md. 1970) ("The parties further agree that market value is defined as the price which a willing buyer would pay to a willing seller."). *Accord In re Serra Builders, Inc.*, 128 B.R. 615, 619 (Bankr. D. Md. 1991); *Credit Suisse Sec. (USA), LLC v. TMST, Inc. (In re TMST, Inc.)*, 2012 Bankr. LEXIS 620, at *35 (Bankr. D. Md. Feb. 22, 2012).

Clearly, at least one of the three "secured" claims is, in fact, partially unsecured. 11 U.S.C. § 506(a)(1). A property worth no more than $3,999,000.00 cannot support secured claims of $4,075,358.20. And such does not even take into account (i) the legal fees of IBI Falcon, which form a part of the entity's secured claim; (ii) the transaction costs of a sale; or (iii) the accrual of interest on Santorini's claim.

Accordingly, the Debtor lacks equity in the Property and the first prong of section 362(d)(2) is handily satisfied.

4

**b.   The Debtor Cannot Show a Successful Reorganization is "In Prospect"**

Under *Timbers*, the burden now shifts to the Debtor to not merely show that the Property is necessary for an "effective reorganization," 11 U.S.C. § 362(d)(2)(B), but, too, that such reorganization is "in prospect," *Timbers*, 484 U.S. at 376. Plainly, the Debtor cannot do so in this case.

The Debtor allowed exclusivity to lapse in this case without first proposing a confirmable plan of reorganization. The Debtor is still yet to propose a confirmable plan of reorganization. The plan that has been proposed by the Debtor, meanwhile, is one of liquidation, not reorganization, showing the futility of any reorganizational prospects. *See* ECF No. 120. Worse, the proposed plan is facially unconfirmable. *See* ECF No. 122 at § II(a). Such is, unto itself, dispositive of the *Timber* test: "if the plan proposed cannot meet confirmation standards, it cannot form the basis for finding there to be a reasonable possibility of a successful reorganization." *Mass. Mut. Life Ins. Co. v. Shady Grove Tech Ctr. Assocs. Ltd. Pshp. (In re Shady Grove Tech Ctr. Assocs. Ltd. Pshp.)*, 227 B.R. 422, 426 (Bankr. D. Md. 1998) (quoting *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 325 (Bankr. E.D. Va. 1996) (quoting *Steele v. Cho (In re Cho)*, 164 B.R. 730, 733 (Bankr. E.D. Va. 1994))).

There is no reorganization in this case. In reality, there likely never has been a reorganization. The Debtor has not expended time and estate resources working toward a consensual plan; the Debtor has expended time and estate resources igniting truly bizarre spats. Such is, no doubt, the Debtor's prerogative. But a necessary consequence of such is that the Debtor cannot now feign reorganization to be "in prospect."

**IV.     Conclusion**

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) grant IBI Falcon relief from the Automatic Stay so as to proceed with foreclosure of the Property; (ii) permit IBI Falcon to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, so long a such proceeds not exceed the sum of the Debtor's obligation to IBI Falcon; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 29, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

*[Certificate of Service on Following Page]*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY that on the 30th day of June, 2026, a copy of this motion—alongside the notice filed herewith—is being served via US Mail, postage prepaid, on all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7