IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                              |
                                                    |
5410 30th Street DC, LLC,                           |        Case No.: 25-19605
                                                    |
        Debtor                                      |        Chapter 11
                                                    |        (Relates to Adv. Pro. No. 26-00129)
                                                    |

---

## DECLARATION OF DEIRDRE T. JOHNSON, ESQ.

I, Deirdre T. Johnson, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that

the following is true and correct based on my personal knowledge:

1. I am an attorney duly licensed to practice law in the State of Maryland and am counsel of record for the Debtor, 5410 30th Street DC LLC, in the above-captioned bankruptcy case.

2. I am a solo practitioner operating the Law Office of Deirdre T. Johnson, Esq., located at 9701 Apollo Drive, Suite 301, Upper Marlboro, Maryland 20772.

3. I do not employ any office staff, paralegals, legal assistants, or administrative personnel. I am the sole attorney and the sole employee of my law practice.

4. On May 14, 2026, I prepared and served a subpoena to produce documents and permit inspection upon IBI Falcon US LLC, commanding production and inspection of original loan documents at my office on May 28, 2026.

5. On May 25, 2026, I received electronic service via the Court's CM/ECF system of IBI Falcon's Motion to Quash Subpoena (DE #173).

6. At the time I received the Motion to Quash, I was managing multiple competing deadlines in several other bankruptcy cases and civil litigation matters, all requiring immediate attention during the same time period.

7. I inadvertently miscalculated the response deadline for the Motion to Quash, believing under the local rules that a longer response period applied than was actually the case.

8. Due to this calendaring error, I failed to timely file a response to the Motion to Quash.

9. Because I am a solo practitioner with no office staff, paralegals, or administrative personnel, there was no one available to provide backup calendaring support, cross-check my deadline calculations, or alert me to the impending deadline.

10. In a law firm with multiple attorneys and administrative staff, such calendaring errors are often caught through institutional backup systems, secondary deadline monitoring, and cross-checking protocols. As a solo practitioner, I have no such institutional safeguards.

11. I did not become aware that the Court had entered the Order Quashing Subpoena on June 18, 2026 (DE #185) until on or about June 19, 2026, when I reviewed the Court's docket.

12. Immediately upon discovering the Order, I began preparing this Motion to Alter or Amend Order Quashing Subpoena and supporting memorandum.

13. On June 19, 2026, counsel for IBI Falcon and I engaged in a meet and confer conversation during which we briefly discussed the fact that I was preparing a motion for reconsideration of the order quashing the subpoena. During that conversation, counsel for IBI Falcon indicated that I may want to hold off on preparing or submitting the motion for reconsideration because he believed that IBI Falcon's response to the Debtor's request for production of documents, which would be provided within days, would provide everything the Debtor needed.

14. On June 22, 2026, IBI Falcon's discovery response was provided. However, upon review, it was determined that the discovery response did not in fact provide what the Debtor had requested in the subpoena.

15. Since the entry of the Order, counsel for IBI Falcon, Maurice B. VerStandig, Esq., has informed me that he is in possession of the documents requested by the subpoena and that he would have no problem producing them for inspection in the jury room at the Greenbelt courthouse. This confirmation demonstrates that the geographic limitations and burden concerns raised in IBI Falcon's Motion to Quash are no longer obstacles to compliance with the subpoena, and that inspection at a Maryland location—precisely the relief the Debtor originally sought—is achievable without the difficulty IBI Falcon initially asserted.

16. The parties have scheduled a meet and confer for July 3, 2026, at 11:00 a.m. to discuss scheduling and dates for all outstanding discovery items, including the inspection of documents at the Greenbelt courthouse.

17. This Motion is being filed on July 2, 2026, within fourteen (14) days of the entry of the Order on June 18, 2026.

18. My failure to respond to IBI Falcon's Motion to Quash was not the result of deliberate disregard, lack of diligence, or strategic choice. It was solely the result of an inadvertent calendaring error made while managing multiple competing matters as a solo practitioner without administrative support.

19. The Debtor has substantial and meritorious defenses to IBI Falcon's Motion to Quash, as set forth in the accompanying Motion and Memorandum of Law.

20. The discovery sought through the subpoena is critical to the Debtor's ability to defend against IBI Falcon's claim and to investigate the authenticity, chain of custody, and validity of the documents IBI Falcon relies upon to assert its secured claim.

21. I acted in good faith at all times and prepared to file this Motion at the earliest opportunity after discovering the Order.

22. IBI Falcon's subsequent agreement to produce the documents for inspection at the Greenbelt courthouse confirms that reconsideration of the Order is warranted and that the parties can proceed with the inspection efficiently and without burden.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2026.                    /s/ Deirdre T. Johnson, Esq.
                                             Deirdre T. Johnson, Esq.
                                             Law Office of Deirdre T. Johnson, Esq.
                                             9701 Apollo Dr, Suite 301
                                             Upper Marlboro, MD 20774
                                             (301) 742-5385
                                             dtjesq@dtjohnsonlaw.com