IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | | |
| | | |
| 5410 30th Street DC, LLC, | | Case No.: 25-19605 |
| | | |
| Debtor | | Chapter 11 |
| | | (Relates to Adv. Pro. No. 26-00129 |

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO ALTER OR AMEND ORDER QUASHING SUBPOENA

## I. INTRODUCTION

The Debtor respectfully submits this Memorandum of Law in support of its Motion to Alter or Amend the Order Quashing Subpoena entered June 18, 2026. The Motion presents three independent bases for relief: (1) excusable neglect under Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 based on counsel's inadvertent calendaring error; (2) the substantive merits of the Debtor's opposition to the Motion to Quash; and (3) the significant development that occurred after the Order was entered—IBI Falcon's counsel has confirmed that he is in possession of the documents requested by the subpoena and that he would have no problem producing them for inspection in the jury room at the Greenbelt courthouse, thereby mooting the concerns raised in the Motion to Quash and demonstrating that the relief originally sought is achievable without burden. This Court should grant the Motion on any or all of these grounds.

## II. LEGAL STANDARD

### A. Standard for Relief Under Rule 60(b) and Bankruptcy Rule 9024

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 and provides that a motion to alter or amend a judgment or order must be filed within one year after the judgment is entered. The instant Motion is timely filed within that period.

A motion under Rule 60(b) may be granted based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; or (4) any other reason that justifies relief.

The determination of what constitutes excusable neglect is an equitable one, taking into account all relevant circumstances surrounding the party's omission. Relevant factors include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

## B. Standard for Relief Under Rule 60(b) and Bankruptcy Rule 9024

Alternatively, Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a final judgment or order for, inter alia, "mistake, inadvertence, surprise, or excusable neglect."

Relief under Rule 60(b)(1) requires the movant to demonstrate: (1) excusable neglect or other grounds enumerated in the rule; (2) a meritorious claim or defense; and (3) that the motion was filed within a reasonable time.

Here, all elements are satisfied. The Motion is filed within fourteen days of the Order's entry, well within the one-year outer limit for Rule 60(b)(1) motions. The Debtor has demonstrated excusable neglect, as detailed below. And the Debtor has substantial meritorious defenses to the Motion to Quash, as set forth in the Motion and this Memorandum.

## III. ARGUMENT

## A. Counsel's Inadvertent Calendaring Error Constitutes Excusable Neglect

The undisputed facts establish excusable neglect. As detailed in the attached Declaration of Deirdre T. Johnson, Esq., undersigned counsel inadvertently miscalculated the response deadline for the Motion to Quash while managing multiple competing deadlines in other matters. As a solo practitioner with no office staff, counsel had no support personnel to provide backup calendaring, cross-check deadline calculations, or alert counsel to the impending deadline.

Courts have recognized that calendaring errors and deadline miscalculations by solo practitioners managing high-volume practices without administrative support can constitute excusable neglect warranting relief under Rules 59(e) and 60(b)(1). The error was inadvertent and occurred in the context of managing competing demands without institutional backup, the delay was minimal, and the Debtor acted immediately upon discovering the error to seek relief.

## 1. The Four Equitable Factors Favor Relief

Danger of Prejudice: IBI Falcon will suffer no prejudice from reconsideration of the Order. Indeed, the most significant development since the Order was entered is that IBI Falcon's counsel has affirmatively informed the Debtor's counsel that he is in possession of the documents requested by the subpoena and that he would have no problem producing them for inspection in the jury room at the Greenbelt courthouse. This confirmation fundamentally changes the analysis.

IBI Falcon's Motion to Quash rested primarily on arguments that producing the documents in Maryland would require either hand-couriering at "enormous expense" or entrusting them to overnight mail "at risk of loss," and that such production would introduce "enormous expense and risk." IBI Falcon further argued that the geographic limitations of Federal Rule of Civil Procedure 45 mandated quashing the subpoena because the documents were stored in Ohio, more than 100 miles from Maryland.

Yet IBI Falcon's counsel has now confirmed that he personally possesses the documents and would have no problem producing them at the Greenbelt courthouse—the very courthouse where this bankruptcy case is pending. This confirmation demonstrates that:

- The geographic-limitation concerns were overstated;

- The burden-and-expense arguments lacked merit;

- The relief the Debtor originally sought (inspection at a Maryland location) is readily achievable; and

- IBI Falcon will suffer no prejudice from reconsideration because its counsel has already agreed to the substance of what the Debtor requested.

The events following the June 19, 2026 meet and confer conversation illustrate this point. During that conversation, counsel for IBI Falcon suggested that the Debtor hold off on the motion for reconsideration because he believed IBI Falcon's discovery response, expected within days, would provide the materials the Debtor sought. When IBI Falcon's discovery response was provided on June 22, 2026, however, it did not provide what the Debtor had requested through the subpoena. This confirms that the subpoena remains necessary and that IBI Falcon's offer to produce the original documents at the Greenbelt courthouse represents the appropriate resolution.

The subpoena deadline has already passed, and IBI Falcon has already produced copies of the requested documents. Allowing the Debtor to oppose the Motion to Quash and seek appropriate relief will not delay these proceedings or impose any material burden on IBI Falcon. To the contrary, IBI Falcon's subsequent willingness to produce the documents at the Greenbelt

courthouse confirms that reconsideration will facilitate, not hinder, the efficient resolution of discovery disputes.

In contrast, denying relief would permanently deprive the Debtor of critical discovery based solely on an inadvertent calendaring mistake, even though IBI Falcon has since confirmed its willingness to provide the very relief the Debtor originally sought.

Length of Delay: The delay is minimal. The Order was entered June 18, 2026, and this Motion is filed July 2, 2026—only fourteen days later and within the time permitted by Federal Rule of Bankruptcy Procedure 9024. The brevity of the delay weighs heavily in favor of relief.

Reason for Delay: The delay resulted from an inadvertent calendaring error made while managing multiple competing matters as a solo practitioner without administrative support. This is not a case of deliberate disregard or lack of diligence. Rather, it is the type of inadvertent human error that the excusable neglect standard is designed to address.

Good Faith: The Debtor acted in complete good faith. Counsel filed this Motion immediately upon discovering the Order. The Debtor has not engaged in dilatory tactics or attempted to manipulate the Court's processes. Moreover, the parties have scheduled a meet and confer for July 3, 2026, at 11:00 a.m. to discuss scheduling and dates for all outstanding discovery items, demonstrating the parties' good-faith efforts to resolve discovery disputes collaboratively and efficiently.

## 2. Solo Practitioner Status Is a Relevant Factor

The fact that undersigned counsel is a solo practitioner with no office staff is highly relevant to the excusable neglect analysis. Courts have recognized that solo practitioners managing high-volume practices without administrative support face circumstances materially different from attorneys

practicing in firms with multiple lawyers and administrative support who provide institutional safeguards against calendaring errors. The Debtor should not be penalized for being represented by a solo practitioner who made an inadvertent calendaring error while managing competing demands without institutional backup systems.

**B. IBI Falcon's Subsequent Agreement to Produce Documents at the Greenbelt Courthouse Constitutes Newly Discovered Evidence and Demonstrates That the Motion to Quash Should Be Denied**

The most compelling basis for reconsideration is the development that occurred after the Order was entered: IBI Falcon's counsel has informed the Debtor's counsel that he is in possession of the documents requested by the subpoena and that he would have no problem producing them for inspection in the jury room at the Greenbelt courthouse.

This development constitutes newly discovered evidence that could not have been presented in opposition to the Motion to Quash because it arose only after the Order was entered. It is directly relevant to the central issues raised in the Motion to Quash—geographic limitations, burden, and expense—and it fundamentally undermines the bases upon which the Court granted the Motion to Quash.

**1. IBI Falcon's Subsequent Agreement Moots the Concerns Raised in the Motion to Quash**

IBI Falcon's Motion to Quash devoted substantial argument to the purported geographic limitations, burden, and expense of producing documents in Maryland. IBI Falcon argued:

- That the documents are held in Ohio and producing them in Maryland would require hand-couriering at "enormous expense" or overnight mail "at risk of loss";

• That such production would "create myriad problems" and introduce "enormous expense and risk";

• That Federal Rule of Civil Procedure 45(c)(2)(A) mandates quashing any subpoena requiring production more than 100 miles from where the documents are stored; and

• That IBI Falcon "cannot reasonably produce" the documents in Maryland "without great risk and expense."

Yet IBI Falcon's counsel has now confirmed that he personally possesses the documents and would have no problem producing them for inspection at the Greenbelt courthouse. This confirmation demonstrates that every concern IBI Falcon raised in its Motion to Quash was overstated or unfounded:

• There is no "enormous expense" because counsel already has possession of the documents;

• There is no "risk of loss in transit" because counsel will bring the documents to the courthouse himself;

• There are no "myriad problems" because counsel has expressly stated he would have "no problem" producing them; and

• The geographic-limitation argument is mooted because counsel is willing to produce the documents at the Greenbelt courthouse.

The chronology of events further underscores this point. On June 19, 2026, during the meet and confer conversation, counsel for IBI Falcon indicated that the Debtor's counsel may want to hold

off on preparing or submitting the motion for reconsideration because he believed that IBI Falcon's response to the Debtor's request for production of documents, which would be provided within days, would provide everything the Debtor needed. This representation suggested that the concerns raised in the Motion to Quash were being addressed through alternative discovery. However, when IBI Falcon's discovery response was provided on June 22, 2026, it did not in fact provide what the Debtor had requested in the subpoena. This failure confirms that the subpoena inspection remains necessary and that IBI Falcon's subsequent willingness to produce the original documents at the Greenbelt courthouse is the only viable path forward.

**2. The Relief the Debtor Originally Sought Is Now Achievable by Agreement**

The Debtor's subpoena expressly stated that the Debtor "remains willing to consider an alternative location within Maryland or the District of Columbia upon prompt written confirmation and agreement from recipient's counsel." This language demonstrated the Debtor's flexibility and willingness to accommodate IBI Falcon's concerns while ensuring that inspection occurred in a location reasonably related to the underlying transaction and this bankruptcy case.

IBI Falcon's counsel has now provided precisely the confirmation the Debtor requested: he has confirmed that he possesses the documents and would have no problem producing them at the Greenbelt courthouse. The Greenbelt courthouse is the location where this bankruptcy case is pending, within the District of Maryland, and fully consistent with the Debtor's original request for inspection at a Maryland or District of Columbia location.

Granting this Motion will permit the parties to proceed with the inspection at the Greenbelt courthouse in accordance with IBI Falcon counsel's confirmation and the Debtor's original request,

thereby achieving the relief the Debtor sought without any of the burden or expense IBI Falcon claimed would result.

**3. The Parties' Scheduled Meet and Confer Demonstrates the Potential for Efficient Resolution**

The parties have scheduled a meet and confer for July 3, 2026, at 11:00 a.m. to discuss scheduling and dates for all outstanding discovery items, including the inspection of documents. This scheduled conference provides an immediate opportunity for the parties to coordinate the logistics of the inspection at the Greenbelt courthouse.

Granting this Motion will permit the parties to proceed with their meet and confer with a clear understanding that the Order Quashing Subpoena has been vacated, that the inspection will occur at the Greenbelt courthouse as IBI Falcon's counsel has confirmed, and that the parties can coordinate scheduling efficiently. This approach will promote judicial economy and facilitate the timely resolution of discovery disputes without further motion practice.

**C. The Debtor Has Substantial Meritorious Defenses to the Motion to Quash**

Beyond the equitable considerations supporting relief based on excusable neglect and the newly discovered evidence of IBI Falcon's subsequent agreement, the Debtor has substantial defenses to the Motion to Quash that warrant reconsideration of the Order on the merits.

**1. Federal Rule of Civil Procedure 45(c)(2)(A) Does Not Require Inspection in Ohio**

IBI Falcon's Motion to Quash rests primarily on Federal Rule of Civil Procedure 45(c)(2)(A), which provides that a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." IBI

Falcon argues that because its outside counsel maintains offices in Independence, Ohio, and the documents are stored there, the subpoena must be quashed to the extent it commands production in Maryland.

This argument fails for multiple reasons.

First, IBI Falcon is not a natural person who "resides" anywhere. It is a limited liability company. IBI Falcon itself admits that it "maintains its primary place of business in Israel" and "does not regularly transact any business 'in person' outside of Israel." The fact that IBI Falcon chose to retain counsel in Ohio and store documents there does not transform Ohio into the place where IBI Falcon "resides" or "regularly transacts business in person" for purposes of Rule 45(c)(2)(A).

Second, IBI Falcon does regularly transact business in Maryland and the District of Columbia related to this loan and this bankruptcy case. IBI Falcon initiated foreclosure proceedings in the District of Columbia, filed proofs of claim in this Court, and actively litigates through counsel who maintains office space in the District of Columbia and Maryland. The underlying loan is secured by real property located in the District of Columbia. The foreclosure proceedings that gave rise to this bankruptcy case were conducted in the District of Columbia. This bankruptcy case is pending in Maryland. All of these contacts constitute "regularly transact[ing] business in person" within the meaning of Rule 45(c)(2)(A).

Third, the policy underlying Rule 45(c)(2)(A) is to protect subpoenaed parties from undue burden. Here, requiring IBI Falcon to produce documents in Maryland or the District of Columbia—where the property, the foreclosure, and the bankruptcy case are all located—imposes minimal burden, as IBI Falcon's counsel has now confirmed. In contrast, requiring the Debtor, the Debtor's counsel,

and the Debtor's forensic document examiner to travel more than 600 miles to Ohio would impose substantial and disproportionate burden on the Debtor.

Fourth, IBI Falcon's subsequent confirmation that its counsel possesses the documents and would have no problem producing them at the Greenbelt courthouse definitively establishes that Ohio was never the only feasible location for compliance and that IBI Falcon's geographic-limitation argument lacked merit from the outset.

**2. The Subpoena Does Not Impose Undue Burden or Expense**

Federal Rule of Civil Procedure 45(d)(1) requires that the party issuing a subpoena take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. However, IBI Falcon has failed to demonstrate that compliance with the subpoena would impose undue burden or expense—and IBI Falcon's subsequent agreement to produce the documents at the Greenbelt courthouse confirms that no such burden exists.

IBI Falcon contended that producing the original Note and alonges in Maryland would require either hand-couriering the documents at "enormous expense" or entrusting them to overnight mail "at risk of loss in transit." These assertions are unsupported and exaggerated. Thousands of negotiable instruments and original loan documents are transported daily via secure courier services and overnight delivery without incident. IBI Falcon has not provided any cost estimate for courier service, nor has it demonstrated that such cost would be disproportionate to the importance of the discovery sought.

Moreover, IBI Falcon admitted in its Motion to Quash that it is "agreeable to transmitting the original" Deed of Trust and certain other original documents to counsel for the Debtor via FedEx, acknowledging that transmission of original documents by overnight carrier is reasonable and

appropriate. IBI Falcon cannot credibly claim that shipping the original Note and alloness via the same method would impose undue burden when it has already agreed to ship other original documents.

Most significantly, IBI Falcon's counsel has now confirmed that he is in possession of the documents and would have no problem producing them for inspection at the Greenbelt courthouse. This confirmation definitively establishes that compliance with the subpoena at a Maryland location does not impose undue burden or expense. The Debtor's subpoena explicitly provided that the Debtor "remains willing to consider an alternative location within Maryland or the District of Columbia upon prompt written confirmation and agreement from recipient's counsel." This accommodation demonstrates the Debtor's good faith effort to minimize burden while ensuring that inspection occurs in a location reasonably related to the underlying transaction and bankruptcy case. IBI Falcon's subsequent agreement to the Greenbelt courthouse confirms that this accommodation was reasonable and achievable.

The fact that IBI Falcon's June 22, 2026 discovery response did not provide the materials the Debtor requested in the subpoena further demonstrates that the subpoena inspection remains necessary and does not constitute undue burden.

**3. Inspection in Maryland or the District of Columbia Is Necessary and Appropriate**

The documents sought by the subpoena relate to a loan secured by real property located in the District of Columbia, foreclosure proceedings conducted in the District of Columbia, and a bankruptcy case pending in the District of Maryland. The Debtor, the Debtor's counsel, the Debtor's forensic document examiner, and the subject property are all located in Maryland or the District of Columbia. Requiring the Debtor and its forensic document examiner to travel to Ohio—

more than 600 miles from the property and the forum—would impose far greater burden and expense on the Debtor than requiring IBI Falcon to transport documents to the location where the underlying transaction occurred and where this bankruptcy case is pending. The balance of convenience and the interests of justice strongly favor inspection in Maryland or the District of Columbia.

Furthermore, the Debtor has legitimate reasons for requesting inspection of original documents by a forensic document examiner. The Debtor seeks to verify the authenticity, chain of custody, and integrity of the original Promissory Note and allonges, particularly given the multiple transfers and assignments of the Note that IBI Falcon alleges occurred. Such inspection is critical to the Debtor's defense of IBI Falcon's claim and cannot be accomplished through review of copies alone.

**4. IBI Falcon's Objections Regarding Expert Designation Are Premature and Improper**

IBI Falcon argued in its Motion to Quash that the Debtor failed to designate a forensic document examiner by the expert disclosure deadline set forth in the Scheduling Order and therefore "assumes the Debtor will not be proceeding with the services of such an expert." This argument is both premature and improper.

First, the subpoena seeks production of documents for inspection, which is independent of expert designation requirements. The Debtor is entitled to inspect documents in discovery regardless of whether it has yet retained or designated an expert witness.

Second, expert designation deadlines do not preclude a party from retaining and designating experts for purposes of discovery, trial preparation, or motion practice, subject to the Court's scheduling orders and any applicable extension requests.

Third, IBI Falcon's attempt to use the Scheduling Order to prevent inspection of original documents is inconsistent with the purposes of Federal Rule of Civil Procedure 45 and the Federal Rules of Bankruptcy Procedure, which are designed to facilitate broad discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Debtor's Motion to Alter or Amend the Order Quashing Subpoena, vacate the Order, and either deny IBI Falcon's Motion to Quash or modify the subpoena to require inspection at the jury room at the Greenbelt courthouse or such other location in Maryland or the District of Columbia as the parties may agree.

The equitable factors overwhelmingly favor relief. Undersigned counsel's inadvertent calendaring error constitutes excusable neglect, particularly in the context of a solo practice without administrative support. The delay is minimal, the Debtor acted in good faith, and IBI Falcon will suffer no prejudice from reconsideration.

Most significantly, IBI Falcon's counsel has confirmed since the entry of the Order that he possesses the documents and would have no problem producing them at the Greenbelt courthouse. This development moots the concerns IBI Falcon raised in its Motion to Quash, demonstrates that the relief the Debtor originally sought is readily achievable, and confirms that reconsideration will promote the efficient resolution of discovery disputes.

The parties' scheduled meet and confer on July 3, 2026, provides an immediate opportunity to coordinate the logistics of the inspection at the Greenbelt courthouse. Granting this Motion will permit the parties to proceed with that meet and confer efficiently and in good faith, knowing that the inspection can occur at a mutually agreeable location consistent with the Debtor's original request and IBI Falcon's subsequent agreement.

The Debtor has substantial meritorious defenses to the Motion to Quash on the merits, including that IBI Falcon misapplied the geographic limitations of Rule 45(c)(2)(A), that the subpoena does not impose undue burden, and that inspection of original documents is necessary and appropriate for forensic examination.

Denying this Motion would deprive the Debtor of critical discovery based solely on an inadvertent calendaring error, even though IBI Falcon has since confirmed its willingness to provide the very relief the Debtor originally sought. Such a result would be inequitable and inconsistent with the purposes of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

Dated: July 2, 2026

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Law Office of Deirdre T. Johnson, Esq.
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385
dtjesq@dtjohnsonlaw.com