Entered: July 8th, 2026
Signed: July 8th, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| 5410 30th Street DC LLC, | * | Case No. 25-19605-LSS |
| Debtor. | * | Chapter 11 |
| | * | |

## ORDER RESOLVING DISCOVERY RELATED MOTIONS

Before the Court are several discovery related matters including the Motion to Continue Document Inspection to Modify Scheduling Order, and for Related Relief [Dkt. No. 176] ("Motion to Inspect"), filed by Debtor, the Opposition [Dkt. No. 183], filed by IBI Falcon US LLC ("IBI Falcon"), the Reply [Dkt. No. 191], filed by Debtor, the Motion for Leave to Conduct Targeted Discovery in Connection with Objection to Amended Proof of Claim No. 2 [Dkt. No. 181] ("Motion for Leave"), filed by Debtor, the Response [Dkt. No. 184], filed by IBI Falcon, as well as the Motion to Alter or Amend Order Quashing Subpoena Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) [Dkt. No. 197] ("Motion to Reconsider"). Upon review of the foregoing and consideration of the arguments of counsel presented at the status conference on July 6, 2026, the Court has determined that no further hearing is necessary.

1

On April 20, 2026, Debtor requested that the Court continue a hearing on several matters and allow Debtor to conduct discovery related to the Promissory Note ("Note") and allonges thereto underlying the proof of claim filed by IBI Falcon. At that time, Debtor's articulated need for discovery was thin. However, the Court permitted the delay in expectation that Debtor's arguments would grow clearer after discovery was conducted. While Debtor's argument has come into better focus, Debtor has not articulated, in writing or orally on the record, what practical benefit it hopes to gain in this bankruptcy case even if it were to prove that IBI Falcon is unable to enforce the Note and Deed of Trust. In the motions discussed herein, Debtor asks the Court to further delay resolution of the underlying substantive matters and increase the burden on IBI Falcon and the Court despite Debtor's history of missing deadlines and failing to comply with Court orders and Local Rules in this bankruptcy case and in the ill-fated adversary proceeding it brought against IBI Falcon and its sister company and predecessor in interest IBI SBL Investment LP ("IBI SBL"). Excluding a few accommodations discussed below, the Court will largely deny Debtor's request for further delay and resource expenditure.

I.    **Motion to Inspect.**

In the Motion to Inspect, Debtor asks the Court to modify the Order Granting Debtor's Motion for Entry of Scheduling Order Governing Discovery on Contested Matters [Dkt. No. 156] ("Scheduling Order"), which was submitted to the Court by Debtor. Specifically, Debtor seeks to extend the deadlines related to its inspection of the original Note and allonges and expert disclosure. Debtor also seeks to alter the Scheduling Order's limitation of Debtor's and Debtor's expert's examination of those original documents to non-destructive means. Debtor requests that the Court authorize "minimally destructive" testing of those original documents.

Debtor asserts that it has retained the services of Gerald LaPorte of Riley Welch LaPorte & Associates Forensic Laboratories based in Michigan as a forensic document examiner. Debtor further asserts that Mr. LaPorte could not confirm availability until May 27, 2026, 21 days after the Scheduling Order's deadline for disclosure of Debtor's forensic expert's identity and qualifications. Debtor asserts that this delay in obtaining an expert was not within its control but does not explain its failure to request an extension of the deadline until three weeks after it had lapsed. While IBI Falcon agrees to allow Debtor to inspect the original Note and allonges, it strenuously objects to Debtor's request for destructive testing.

Obtaining relief from an order of the court, especially one prepared by Debtor, is an extraordinary remedy that is only appropriate under exceptional circumstances. *See Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984). In light of Debtor's delay in asserting its claim that IBI Falcon is not the proper holder of the Note, and its failure to adequately articulate its need for discovery or what practical benefit it hopes to gain on this journey, the Court hesitantly allowed a brief, sixty-day discovery period beginning April 22, 2026. Debtor now asks the Court to forgive its "*excusable*" neglect in delaying its expert disclosure for more than 1/3rd of that brief discovery period. Debtor also asks the Court to modify the Scheduling Order it prepared to allow for destructive testing of the Note and allonges. Further, Debtor made this request after roughly half of the brief discovery period had expired and yet it did not seek expedited consideration of its late request.

Based on Debtor's allegations in the Motion to Inspect, Debtor's delay in disclosing Mr. LaPorte was neither excusable nor neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993). Debtor states that it

3

could not have disclosed Mr. LaPorte sooner because Mr. LaPorte could not confirm his availability until May 27, 2026. However, Debtor does not explain why another forensic examiner could not have been obtained earlier or why Mr. LaPorte was singularly qualified for this job. Further, if, as Debtor alleges, it was awaiting Mr. LaPorte's availability confirmation, then its failure to meet the deadline was a strategic decision, not the result of negligence.

Although Debtor characterizes its proposed testing as minimally destructive, the Court must still "balance[] between the costs of irreversibly altering the object and the benefits of obtaining the evidence sought in the case." *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611 (D. Md. 2006). In *Mirchandani*, the court provided the following four-prong test to apply in balancing those interests:

> 1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Id*. at 614. In the Motion to Inspect, Debtor fails to assert reasonable grounds for needing to perform destructive testing. The closest it comes to doing so is providing a long quote from Mr. LaPorte about ways individuals may forge or alter documents. However, Debtor presents nothing to suggest that IBI Falcon or any predecessor in interest may have committed such actions. The Court will not allow, even minimally, destructive testing for a baseless fishing expedition. Further, at the status conference, Debtor's counsel stated that Debtor believes that IBI Falcon failed to satisfy certain filing requirements to perfect its security interest. Certainly, the less prejudicial alternative for obtaining the necessary evidence to prove such a claim is available in

the documents recorded or not recorded in the land records. Even assuming the prejudice to IBI Falcon was minimal and safeguarded, Debtor has not articulated a reasonable need for the testing. As such, the balance tips decidedly against Debtor's request.

Notwithstanding the foregoing, IBI Falcon has agreed to allow Debtor and its expert to examine the original Note and all allonges in the jury lounge of the U.S. Courthouse in Greenbelt, Maryland on a date to be agreed upon by Debtor and IBI Falcon. The Court finds and concludes that this accommodation is more than reasonable given the circumstances.

## II.    Motion for Leave.

In the Motion for Leave, Debtor requests an opportunity to conduct discovery related to its objection to IBI Falcon's proof of claim, to depose Michael J. Palumbo, and to inspect the original Note and allonges in person. Each of those requests has been ruled upon. *See* Amended Order Granting Motion to Continue, Dkt. No. 143; Scheduling Order, Dkt. No. 156; and Protective Order, Dkt. No. 189. To the extent the Motion for Leave should be interpreted to request relief broader than has been granted to Debtor either in prior orders or this Order, the Motion for Leave should be denied for the reasons discussed above.

## III.   Motion to Reconsider.

In the Motion to Reconsider, Debtor asks the Court to alter or amend its Order Quashing Subpoena [Dkt. No. 185] arguing that its failure to file a timely response to IBI Falcon's Motion to Quash Subpoena [Dkt. No. 173] was due to a calendaring error by Debtor's counsel. Debtor posits that "[c]ourts have recognized that calendaring errors and miscalculation of deadlines by solo practitioners with no office staff can constitute excusable neglect," without citing to a single opinion. Conversely, numerous courts have held that failure to calendar or mis-calendaring of

deadlines is not excusable neglect and will not support a motion to reconsider under Fed. R. Civ.

P. 60(b)(1). *See In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (holding that mis-

calendaring of deadline is not "excusable neglect."); *Rhodes v. Comcast Cable Commun. Mgt.,*

*LLC*, 2019 WL 5697130, at *6 (D. Md. Aug. 8, 2019) (holding that the court erred in ruling

attorney's mis-calendaring of deadline constituted "excusable neglect."); *Blazer v. Chrisman*

*Mill Farms, LLC*, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018) (listing several cases

holding the same).    In *Symbionics Inc. v. Ortlieb*, 432 Fed. Appx. 216 (4th Cir. 2011)

(unpublished), the Fourth Circuit was presented with a similar issue. In concluding that mis-

calendaring of a deadline did not rise to the level of "excusable neglect," it held as follows:

> With due respect for the unique position of the district court to evaluate the circumstances relevant to an excusable neglect determination, we underscore the caution of our precedent: " 'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534. Indeed, "a district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." *Id*. (internal quotation marks omitted). These limiting principles confine the circumstances under which a district court may properly find excusable neglect, particularly in instances of mere "inadvertence, mistake, or carelessness." *Pioneer*, 507 U.S. at 388, 113 S.Ct. 1489.
>
> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application—the operation of which counsel did not completely comprehend—to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. *See* J.A. 997. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past. *See, e.g., Thompson*, 76 F.3d at 535.

*Symbionics*, 432 Fed. Appx. at 220. Accordingly, the Court finds and concludes that it should

deny the Motion to Reconsider, but will allow Debtor to examine the Note and all allonges as

provided for above.

IV.    **Conclusion.**

For the reasons stated above, the Court with grant, in part, and deny, in part, the Motion

to Inspect, and will deny the Motion for Leave and Motion to Reconsider, it is, by the United

States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion to Inspect is **GRANTED**, in part, and **DENIED**, in part, as

provided herein, it is further,

**ORDERED**, that the Motion for Leave is **DENIED**; and it is further,

**ORDERED**, that the Motion to Reconsider is **DENIED**; and it is further,

**ORDERED**, that IBI Falcon shall make the original Note and all allonges available for

inspection by Debtor and Debtor's expert in the jury lounge of the U.S. Courthouse in Greenbelt,

Maryland on a mutually agreeable date no later than **July 20, 2026**; and it is further,

**ORDERED**, that Debtor's request for minimally destructive testing of the original Note

and allonges is **DENIED**; and it is further,

**ORDERED**, that the deadline for Debtor to provide initial expert disclosure to IBI

Falcon under Fed. R. Civ. P. 26(a)(2) is extended to **July 10, 2026**, as to Mr. LaPorte only; and it

is further,

**ORDERED**, that the deadline for Debtor to provide Mr. LaPorte's written report under

Fed. R. Civ. P. 26(a)(2)(B) to IBI Falcon is **July 27, 2026**.

cc:    Debtor
       Debtor's Counsel – Deirdre T. Johnson
       IBI - Maurice B. VerStandig
       U.S. Trustee

**End of Order**