**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| In re: | Case No. 25-19605-LSS |
| **5410 30TH STREET DC, LLC,** | (Chapter 11) |
| Debtor. | |

---

**DEBTOR'S INITIAL EXPERT WITNESS DISCLOSURE**
**PURSUANT TO FED. R. CIV. P. 26(a)(2)**

5410 30th Street DC, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby discloses the following expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2) (as incorporated by Federal Rule of Bankruptcy Procedure 7026) and the Order Resolving Discovery-Related Motions entered [DE #198], entered by this Court July 8, 2026:

I. IDENTITY OF EXPERT WITNESS

The Debtor discloses Gerald LaPorte as an expert witness whom the Debtor may call to provide opinion testimony at trial or evidentiary hearings in the above-captioned contested matters.

Name: Gerald LaPorte

Business Affiliation: Riley Welch LaPorte & Associates Forensic Laboratories

Business Address: PO Box 70  Frankenmuth, Michigan  48734

Telephone: 517-819-4277

Email: laportefde@aol.com

II. SUBJECT MATTER OF EXPERT TESTIMONY

Mr. LaPorte has been retained to provide expert testimony on the following subjects:

1. Forensic document examination of the original wet-ink promissory note and any allonges related to the Debtor's property located at 5631 McArthur Blvd, Washington, D.C.

2. Physical and electronic forensic analysis of paper stock, ink composition, age indicators, and signatures appearing on the promissory note and allonges.

3. Analysis of metadata and physical attachment of any allonges to the promissory note.

4. Detection of potential document fraud, forgery, alteration, substitution, backdating, or other irregularities through forensic laboratory methods.

5. Evaluation of the authenticity, age, composition, execution sequence, and chain of custody integrity of the promissory note and allonges.

6. Application of high-performance thin-layer chromatography (HPTLC), laser ablation inductively coupled plasma mass spectrometry (ICP-MS), liquid chromatography-mass spectrometry (LC-MS), visual microscopy, ultraviolet/infrared spectroscopy, Raman spectroscopy, and other forensic chemical and optical analysis techniques to the questioned documents.

7. Assessment of whether the promissory note and allonges were executed on the dates purported or at different times, and whether any portions were fraudulently composed using methods including but not limited to signature forgery, page substitution, clause alteration, electronic signature copying and pasting, or backdating.

III. QUALIFICATIONS OF EXPERT WITNESS

Mr. Gerald LaPorte is among the most credentialed forensic document examiners in the United States. His qualifications include, but are not limited to, the following:

## A. Education

1. Master of Science in Forensic Science, University of Alabama at Birmingham

2. Bachelor of Science in Biology, University of Windsor

3. Bachelor of Commerce in Business Administration, University of Windsor

## B. Professional Experience

1. Laboratory Director, U.S. Department of Homeland Security, Homeland Security Investigations (DHS-HSI) Forensic Laboratory (current position)

2. Chief Research Forensic Chemist, United States Secret Service (eight-year tenure), where he administered the world's largest forensic ink library and directed all document chemistry research for the Service

3. Director of Research Innovation, Florida International University's Global Forensic and Justice Center, a Department of Justice-funded national forensic science center

4. Court-Appointed Special Master, Estate of Tony Hsieh, Clark County District Court, Las Vegas, Nevada, where he was specifically selected by a district court judge to evaluate whether forensic testing of a disputed will should be conducted and to propose a comprehensive testing protocol encompassing physical, microscopic, optical, and chemical testing

## C. Government Service and Appointments

1. Commissioner, National Commission on Forensic Science, appointed by the United States Attorney General

2. Chair, Forensic Document Examination Subcommittee of the Organization of Scientific Area Committees (OSAC) for Forensic Science, the body that sets national standards for forensic document examination practice in the United States

3. Co-Chair, Standards Practices and Protocols Interagency Working Group within the Executive Office of the President

4. Congressional testimony on behalf of the Department of Justice

## D. Awards and Honors

1. FBI Director's Award of Excellence for Outstanding Scientific Advancement

2. American Academy of Forensic Sciences Mary E. Cowan Outstanding Service Award

## E. Publications and Scholarly Contributions

Mr. LaPorte has authored or co-authored over thirty peer-reviewed publications and book chapters on ink analysis and forensic document examination, including:

1. Chapters in the *Encyclopedia of Forensic Sciences* (Elsevier, 3rd ed. 2022)

2. Chapters in the *Forensic Chemistry Handbook* (John Wiley & Sons, 2012)

## F. Expert Witness Experience

Mr. LaPorte has served as an expert witness in over 110 court and deposition proceedings across federal and state courts in the United States, Canada, England, France, Portugal, Russia, and international arbitral tribunals, including proceedings before ICSID, UNCITRAL, ICC, and LCIA tribunals.

A complete and detailed curriculum vitae for Mr. LaPorte is attached hereto as Exhibit A.

IV. OPINIONS TO BE EXPRESSED

Mr. LaPorte is expected to offer expert opinions on the following matters, subject to completion of his forensic examination scheduled to take place prior to July 20, 2026:

1. Whether the promissory note and any allonges were executed on the dates purported or were backdated to earlier dates.

2. Whether the signatures on the promissory note and allonges are authentic or were forged, traced, electronically copied and pasted, or otherwise fraudulently created.

3. Whether any pages of the promissory note or allonges have been substituted, altered, or added after initial execution.

4. Whether the ink composition, paper stock, and physical characteristics of the promissory note and allonges are consistent with execution on the purported dates or indicate execution at different times.

5. Whether any clauses, verbiage, or other content within the promissory note or allonges have been altered or modified after initial execution.

6. Whether the physical attachment of any allonges to the promissory note is consistent with contemporaneous execution or indicates subsequent attachment.

7. Whether indented writing, impressed markings, pressure patterns, line quality, or other forensic indicators suggest fraudulent composition or alteration.

8. The extent to which the forensic evidence supports or contradicts the authenticity and chain of custody representations made by IBI Falcon US LLC and IBI SBL Investment LP regarding the promissory note and allonges.

9. Any other opinions regarding the authenticity, age, composition, execution sequence, and integrity of the promissory note and allonges that become evident through forensic examination.

10. Any and all documents, instruments, records, copies, originals, electronically stored documents, recorded or unrecorded instruments, land records, loan documents,

amendments, extensions, assignments, allonges, endorsements, powers of attorney, corporate authorizations, affidavits, declarations, signature exemplars, comparison materials, and any other documentary or evidentiary materials received, produced, discovered, obtained, identified, or otherwise made available to Mr. LaPorte before or during the course of his examination and analysis, whether obtained through discovery, public or land records, from any party or nonparty, or independently identified by the Debtor, including documents not previously received by or known to the Debtor and any materials subsequently obtained or identified, to the extent the examination, testing, or comparison of such materials falls within Mr. LaPorte's education, training, experience, and forensic document examination expertise and may bear upon the authenticity, integrity, chronology, execution, dating, alteration, attachment, composition, provenance, consistency, irregularity, anomaly, or relationship among any questioned documents or related instruments, and any additional opinions, findings, or conclusions within Mr. LaPorte's field of expertise that reasonably arise from his examination, testing, comparison, or analysis of such materials.

## V. BASES AND REASONS FOR OPINIONS

Mr. LaPorte's opinions will be based upon the following facts, data, and materials:

1. Physical examination of the original wet-ink promissory note and allonges, scheduled for June 15, 2026, including visual, microscopic, optical, and chemical analysis.

2. Non-destructive forensic testing using visual microscopy, ultraviolet/infrared (UV/IR) spectroscopy, Raman spectroscopy, and other non-invasive analytical methods.

3. Analysis of ink characteristics, line quality, pressure patterns, indented or impressed writing, paper properties, and identification of potential tracing or other fraud indicators.

4. Comparison of the forensic findings with known standards for ink dating, paper aging, signature authentication, and document composition timelines.

5. Review of any documents, photographs, depositions, affidavits, or other evidentiary materials produced in discovery related to the promissory note and allonges.

6. Review of pleadings, motions, and court filings in this case, including the Scheduling Order [D.E. #156] and IBI Falcon's Motion to Quash Subpoena [D.E. #173].

7. Application of nationally recognized standards for forensic document examination practice as established by the Organization of Scientific Area Committees (OSAC) for Forensic Science.

8. Mr. LaPorte's specialized knowledge, training, experience, education, and professional expertise in forensic document examination, ink analysis, and document chemistry accumulated over many years in the field.

9. Any supplemental materials, tests, or analyses that become necessary or relevant following initial examination of the promissory note and allonges.

A complete written report setting forth Mr. LaPorte's detailed findings, opinions, and the bases and reasons therefor will be served on or before June 19, 2026, pursuant to the Court's Scheduling Order as modified by the Debtor's pending Motion to Continue Document Inspection, to Modify Scheduling Order, and for Related Relief.

VI. MATERIALS CONSIDERED

In forming his opinions, Mr. LaPorte has reviewed or will review the following documents and materials:

1. Original wet-ink promissory note and allonges

2. Scheduling Order [D.E. #156] entered May 8, 2026

3. Debtor's Motion to Continue Document Inspection, to Modify Scheduling Order, and for Related Relief, filed May 28, 2026

4. IBI Falcon US LLC's Motion to Quash Subpoena [D.E. #173], filed May 25, 2026

5. Order Resolving Discovery-Related Motions entered [DE #198], entered July 8, 2026

6. Discovery responses and document production from IBI Falcon / IBI SBL dated May 25, 2026 and June 22, 2026

7. Scientific literature, treatises, and authoritative sources on forensic document examination, ink dating, signature authentication, and related forensic chemistry topics

8. Any additional documents or materials produced in discovery or otherwise made available prior to or during the course of Mr. LaPorte's examination and analysis

A complete list of all materials considered by Mr. LaPorte will be included in his written expert report to be served on or before July 27, 2026.

VII. COMPENSATION

Mr. LaPorte is being compensated for his services at the rate of $1,600.00 for analysis, examination, report preparation, and testimony. He is also being reimbursed for reasonable and necessary expenses incurred in connection with this engagement, including but not limited to:

1. Travel expenses to and from the location of document inspection

2. Laboratory testing and equipment costs

3. Shipping and handling of forensic samples and materials

4. Preparation and production of reports, exhibits, and demonstrative aids

The total anticipated fees and expenses through completion of his written report are estimated at $3,200.00, subject to adjustment based on the scope and complexity of the examination and any supplemental work required.

Complete records of all compensation paid or to be paid to Mr. LaPorte will be made available for inspection and copying upon request.

## VIII. PRIOR TESTIMONY

During the previous four years, Mr. LaPorte has provided deposition or trial testimony as an expert witness in the following proceedings:

1. Estate of Tony Hsieh, Clark County District Court, Las Vegas, Nevada (court-appointed special master, May–June 2026)

A complete list of Mr. LaPorte's expert testimony during the previous four years is included in his curriculum vitae attached as Exhibit A.

## IX. SUPPLEMENTATION

The Debtor reserves the right to supplement this disclosure as required or permitted by Federal Rule of Civil Procedure 26(e) and the Court's Scheduling Order, including but not limited to

supplementation following completion of Mr. LaPorte's forensic examination and analysis, receipt of additional discovery materials, or development of additional facts or opinions.

X. EXHIBITS

The following exhibits are attached to this disclosure:

Exhibit A: Curriculum Vitae of Gerald LaPorte

Date: July 9, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for the Debtor and*
*Debtor-in-Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July, 2026, a copy of the foregoing DEBTOR'S INITIAL EXPERT WITNESS DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(2) was served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including:

• Maurice B. VerStandig, Esq., Counsel for IBI Falcon US LLC and IBI SBL Investment LP,

   mac@mbvesq.com

• L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov

• Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.