Entered: July 12th, 2026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | \| | |
| | \| | |
| 5410 30th Street DC, LLC, | \| | Case No.: 25-19605 |
| | \| | |
| Debtor | \| | Chapter 11 |
| | \| | |

ORDER SUSTAINING DEBTOR'S REVISED OBJECTION TO AMENDED PROOF
OF CLAIM NO. 2 FILED BY IBI FALCON US LLC

THIS MATTER having come before the Court upon the Debtor's Objection to Amended Proof of Claim No. 2 Filed by IBI Falcon US LLC (the "Objection"); the Court having reviewed the Objection, the Amended Proof of Claim No. 2 (Claims Register 2-2) (the "Amended Claim") filed by IBI Falcon US LLC ("IBI Falcon"), and all supporting documentation, pleadings, and arguments of counsel; notice having been proper; and good cause appearing therefor, the Court hereby finds as follows:

1.  The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 14, 2025 (the "Petition Date").

2.  IBI Falcon filed Proof of Claim No. 2 asserting a secured claim of $2,676,531.91 against the Debtor's estate, which was subsequently amended as Amended Proof of Claim No. 2 (Claims Register 2-2).

3. The Amended Claim rests upon a chain of purported transfers of a Promissory Note dated May 3, 2023 in the original principal amount of $2,222,000.00 (the "Note") and a Deed of Trust recorded May 10, 2023 as Instrument No. 2023039109 in the DC Land Records (the "Deed of Trust").

4. The allonges purporting to endorse the Note bear only "effective dates" and no execution dates. Both allonges were absent from IBI Falcon's original Proof of Claim and were produced for the first time only after the Debtor filed its objection. IBI Falcon has not demonstrated that the allonges were executed, delivered, and affixed to the Note as required to establish holder status under the Uniform Commercial Code.

5. The First Assignment of Deed of Trust, recorded March 27, 2024, was executed by an agent of FTF Lending, LLC without any power of attorney being recorded in the DC Land Records at or before the time of execution and recording, in violation of D.C. Code § 21-2603.03.

6. The First Allonge was signed by an individual whose title does not carry apparent authority to endorse a negotiable instrument of this magnitude on behalf of a corporate entity. No corporate authorization for the endorsement has been produced. The signature is unauthorized under UCC § 3-403.

7. The Second Assignment of Deed of Trust, recorded July 9, 2025, was executed by an Attorney-in-Fact whose authorizing power of attorney was not recorded in the DC Land Records until October 6, 2025—89 days after the Assignment—in violation of D.C. Code § 21-2603.03's mandatory "with or prior to" recording requirement. The Second Assignment also fails to cross-reference any recorded power of attorney as required by D.C. law.

8. IBI Falcon is not a holder in due course under D.C. Code § 28:3-302 because the Note was overdue at the time of the purported transfer.

9. The fees and charges included in the Amended Claim beyond principal and properly accrued interest—including the forbearance fee and the extension fees—are not supported by valid written agreements executed by authorized parties.

10. The Affidavit of Non-Residential Mortgage Foreclosure (DC Recorder Doc. No. 2025110562), recorded November 13, 2025, and the Deed of Appointment of Substitute Trustee (DC Recorder Doc. No. 2025112580), recorded November 19, 2025, were recorded after the Petition Date in violation of the automatic stay imposed by 11 U.S.C. § 362(a).

**It is, by the United States Bankruptcy Court for the District of Maryland, hereby ORDERED that:**

11. The Debtor's Objection is SUSTAINED;

12. Amended Proof of Claim No. 2 filed by IBI Falcon US LLC is DISALLOWED IN ITS ENTIRETY pursuant to 11 U.S.C. § 502(b)(1), on the grounds that the claim is unenforceable against the Debtor and property of the estate under applicable law, and that IBI Falcon has not established that it is the holder of the Note and beneficiary of the Deed of Trust as of the Petition Date;

13. In the alternative, if the Court does not disallow the Amended Claim in its entirety, the Amended Claim is RECLASSIFIED as wholly unsecured pursuant to 11 U.S.C. §§ 506(a) and 544(a)(3), and the Debtor's avoidance of the imperfectly perfected assignments of the Deed of Trust is hereby sustained;

14. In the further alternative, the allowed amount of the Amended Claim is REDUCED to eliminate: (a) the forbearance fee of $44,440.00; (b) the extension fee of $22,220.00 through June 30, 2025, to the extent not supported by valid written agreement; (c) the extension fee of $22,220.00 through September 30, 2025, which was executed by an entity that had already transferred its interest in the Note; and (d) any and all costs, fees, and expenses associated with the post-petition foreclosure instruments described herein;

15. The Affidavit of Non-Residential Mortgage Foreclosure (DC Recorder Doc. No. 2025110562, recorded November 13, 2025) is hereby declared VOID AB INITIO as an act taken in violation of the automatic stay of 11 U.S.C. § 362(a);

16. The Deed of Appointment of Substitute Trustee (DC Recorder Doc. No. 2025112580, recorded November 19, 2025) is hereby declared VOID AB INITIO as an act taken in violation of the automatic stay of 11 U.S.C. § 362(a);

17. IBI Falcon is hereby found to have willfully violated the automatic stay of 11 U.S.C. § 362(a) by recording the instruments described in paragraphs 5 and 6 above with actual and/or imputed knowledge of the bankruptcy case;

18. The Debtor is awarded actual damages, including reasonable attorneys' fees and costs incurred in connection with IBI Falcon's stay violations, pursuant to 11 U.S.C. § 362(k)(1), in an amount to be determined upon the filing of a fee application by the Debtor;

19. IBI Falcon is hereby held in civil contempt of this Court pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9020 for its willful violation of the automatic stay;

20. The Court reserves the issue of punitive damages under 11 U.S.C. § 362(k) for further hearing upon motion by the Debtor;

21. The Claims Agent is directed to update the claims register to reflect the disallowance, reclassification, or reduction of Amended Proof of Claim No. 2, consistent with this Order; and

22. This Order is without prejudice to the Debtor's right to file an adversary proceeding to avoid the purported liens asserted by IBI Falcon under 11 U.S.C. §§ 544, 548, and 549.

Copies: All Counsel of Record

**\* \* \* END OF ORDER \* \* \***