IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION FOR CLARIFICATION**
**OR, IN THE ALTERNATIVE, RECONSIDERATION**

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1, 6), and moves this Honorable Court to clarify—or, in the alternative, reconsider—the order entered on July 12, 2026, sustaining the objection of the debtor (the "Debtor") to the proof of claim of IBI Falcon (the "Order"), ECF No. 201, and in support thereof states as follows:

This Honorable Court recently set a hearing on the Debtor's objection to IBI Falcon's claim in this matter (alongside myriad other items), during a status conference held on July 6, 2026. Shortly thereafter, this Honorable Court issued an order governing topical discovery. *See* ECF No. 198. However, on July 12, 2026 (a Sunday), a proposed order—of close resemblance to one drafted by the Debtor (if not identical thereto), *see* ECF No. 179-2—was re-docketed by a member of the staff of the Clerk of the Court, *see* ECF No. 201, and labeled—on the docket—as "Order Sustaining Debtor's Revised Objection to Amended Proof of Claim 2," *id.*

While IBI Falcon originally did not believe such to be an order of this Honorable Court, insofar as the putative order is not signed, *id.*, counsel for the Debtor has now indicated that she has spoken to the Clerk's office and been informed such is, in fact, the order of this Honorable Court. *See* E-mail Exchange, attached hereto as Exhibit A.

1

The Order—if an actual order of this Honorable Court—merits reconsideration, on the basis of mistake or inadvertence, *see* Fed. R. Civ. P. 60(b)(1), insofar as (i) the Debtor lacks standing to attack the standing of a noteholder to file a claim, *see Green v. 1900 Capital Tr. II*, 619 B.R. 121, 130-31 (D. Md. 2020); (ii) the Order is premised upon an objective legal error, insofar as one does *not* need to file a power of attorney in the land records of the District of Columbia in order to file an assignment of a deed of trust (with assignments of deeds of trust being superfluous in the first instance, *see Smith v. Wells Fargo Bank*, 991 A.2d 20, 30 n.19 (D.C. 2010) (quoting *Carpenter v. Longan*, 83 U.S. 271, 275 (1873))); (iii) the Order is premised upon factual findings that appear to have been made without an evidentiary hearing being conducted and which, in some instances, directly contradict the Debtor's own attestations in pre-petition forbearance agreements, *see* Response to Claim Objection, ECF No. #167, at § III(c); and (iv) the Order sustains a claim objection that is well refuted by law and fact, *see* ECF Nos. 167, 184.

IBI Falcon will not rehash the whole of its opposition to the Debtor's claim objection herein, and appreciates that motions for reconsideration—premised simply upon a proverbial second bite at the apple—are enormously disfavored. But IBI Falcon raises these issues, previously addressed in detail on the docket, because it appears the Order does not meaningfully address these assertions and because these issues certainly seem to support the holding of a hearing before sustaining the claim objection.

As noted *supra*, IBI Falcon did not believe the Order was an actual order for myriad reasons (not the least of which being the document is unsigned). However, based on the representation of Debtor's counsel that someone in the Clerk's office has confirmed this is an order of this Honorable Court, IBI Falcon would be remiss to not seek clarification and/or reconsideration.

WHEREFORE, IBI Falcon respectfully prays this Honorable Court (i) clarify whether or not the Order is actually an order of this Honorable Court; (ii) reconsider entry of the Order, pending a hearing thereupon, if such is actually an order of this Honorable Court; and (iii) afford such other and further relief as may be just and proper.[1]

Respectfully submitted,

Dated: July 13, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

*[Certificate of Service on Following Page]*

---

[1] This motion has been drafted using a laptop and a cell phone hotspot, in a rental car parked on the side of the road. Counsel for IBI Falcon sincerely apologies for any typographical errors that have not been caught and has tried to balance the temporal exigency of the issues raised herein with the understood mandate of professionalism in all facets of the practice of law. It is absolutely not counsel's normal practice to file a hastily-scribed brief and there is a sincere hope this filing not suffer any palpable defects.

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 13th day of July, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig