IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                              |
                                    |
5410 30th Street DC, LLC, |                Case No.: 25-19605
                                    |
     Debtor                         |                Chapter 11
                                    |

---

**DEBTOR'S MOTION TO COMPEL DISCOVERY RESPONSES FROM IBI FALCON
US LLC AND IBI SBL INVESTMENT LP, AND FOR AN AWARD OF EXPENSES
<u>UNDER FED. R. CIV. P. 37(a)(5)(A)</u>**

5410 30th Street DC, LLC, debtor and debtor in possession in the above-captioned Chapter 11 case (the "Debtor"), by and through undersigned counsel, respectfully moves this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as incorporated by Rules 7037 and 9014(c) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), and Local Bankruptcy Rule 7026-1, for entry of an Order compelling Respondents IBI Falcon US LLC ("IBI Falcon") and IBI SBL Investment LP ("IBI SBL," and together with IBI Falcon, "Respondents") to serve full, complete, and properly verified supplemental responses to the Debtor's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents (collectively, the "Discovery Requests"), and for an award of the Debtor's reasonable expenses, including attorney's fees, incurred in making this Motion. In support of this Motion to Compel (the "Motion"), the Debtor states as follows:

**LOCAL BANKRUPTCY RULE 7026-1(f) CERTIFICATION**

Undersigned counsel certifies that she has, in good faith, conferred and attempted to confer with counsel for Respondents in an effort to resolve the discovery disputes addressed in this Motion without the need for Court action. Specifically, undersigned counsel transmitted a detailed, eleven-

page letter to Maurice B. VerStandig, Esq., counsel for Respondents, on June 29, 2026, identifying each deficiency addressed in this Motion and requesting supplemental, compliant responses no later than July 10, 2026 (a true and correct copy of which is attached hereto as Exhibit A). Respondents did not serve any supplemental responses by that date. On July 13, 2026 — after undersigned counsel was compelled to follow up — counsel for Respondents replied by letter addressing certain of the deficiencies identified but expressly declining to remedy the great majority of them, including the relevance objections to ownership, control, and financial-record discovery and the absence of any privilege log, and without resolving the unexplained, three-way conflict concerning the present location and chain of custody of the original promissory note at issue (the "Note") (a true and correct copy of which is attached hereto as Exhibit B). As of the filing of this Motion, Respondents have not withdrawn a single relevance objection identified in the Debtor's June 29, 2026 letter, have not served a privilege log, and — although Respondents' July 13, 2026 letter represented that amended, verified interrogatory answers would be served "within the next 48 hours" — no verified interrogatory answers had been served as of the filing of this Motion. The parties have reached an impasse, and, given the imminence of the August 5, 2026 hearing described below, further conferral would serve only to compound the prejudice to the Debtor. This paragraph, together with the correspondence attached as Exhibits A and B, constitutes the Debtor's certification of good-faith conferral required by Fed. R. Civ. P. 37(a)(1) and Local Bankruptcy Rule 7026-1(f).

## I. <u>INTRODUCTION</u>

This is not an ordinary dispute over the outer margins of relevance. The discovery at issue goes to the identity of the true holder of the Note, whether IBI Falcon and IBI SBL are, in fact, real parties in interest and "creditors" within the meaning of 11 U.S.C. §§ 101(10), and 1109(b), and the chain

of custody of the Note itself — issues squarely presented by the Debtor's Objection to IBI Falcon's Amended Proof of Claim No. 2 and related Party-in-Interest Motion, scheduled for evidentiary hearing before this Court on August 5, 2026 (the "Hearing"). The Court's own July 8, 2026 Order Resolving Discovery Related Motions (Dkt. No. 198) (the "July 8 Order") has already recognized the legitimacy of the Debtor's interest in the Note's provenance by directing that the original Note and allonges be made available for inspection no later than July 20, 2026. This Motion seeks only to compel Respondents to meet discovery obligations that predate, and are independent of, the July 8 Order — obligations Respondents have owed since the Debtor served the Discovery Requests on May 21, 2026.

Respondents served their discovery responses two days late and without seeking leave, verified none of their interrogatory answers, answered multiple interrogatories in the wrong entity's name, gave circular and non-responsive answers to interrogatories going to the heart of the case, asserted blanket relevance objections to discovery concerning their own ownership and financial dealings while simultaneously denying common ownership, refused to produce a privilege log for any of the material they are withholding on privilege grounds, and offered three mutually irreconcilable accounts — including one describing the Note traveling in a waterproof bag in counsel's carry-on luggage between an undisclosed location in the State of Maine and Greenbelt, Maryland — of where the original Note presently is and has been. Respondents then promised, in writing, that verified answers would follow "within the next 48 hours" of July 13, 2026. That promise, too, has gone unfulfilled.

The Debtor respectfully submits that this pattern reflects not inadvertence but a considered strategy to run out the discovery clock so that, by the time compliant responses are (if ever) provided, it will be too late for the Debtor to meaningfully review and designate the responsive material as

hearing exhibits, which, under the Local Bankruptcy Rules, must be pre-filed at least seven days before the Hearing — i.e., on or before July 29, 2026. Respondents' across-the-board refusal to produce any metadata for any electronically stored information — discussed in Part V.K below — is a particularly stark example of this pattern, since it deprives the Debtor of what may be the only objective evidence of when key documents were actually created and signed.

The Debtor accordingly seeks an order compelling full and complete compliance with the Discovery Requests on an expedited basis, together with an award of the reasonable expenses Respondents' conduct has made necessary.

## II. <u>JURISDICTION AND PROCEDURAL BASIS</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a contested matter within the meaning of Fed. R. Bankr. P. 9014.

2. Fed. R. Bankr. P. 9014(c)(1) applies Fed. R. Bankr. P. 7026 through 7037 (which, in turn, incorporate Fed. R. Civ. P. 26 through 37) to contested matters, including the discovery underlying the Debtor's Party-in-Interest Motion and Claim Objection.

3. Fed. R. Civ. P. 37(a), as incorporated by Fed. R. Bankr. P. 7037 and 9014(c), authorizes a party to move for an order compelling disclosure or discovery where, as here, a party fails to answer an interrogatory under Rule 33, fails to produce documents requested under Rule 34, or provides an evasive or incomplete answer or response, which is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(3)-(4).

4. Local Bankruptcy Rule 7026-1 governs discovery conferral and certification in this District, and this Motion is accompanied by the certification required by subsection (f) of that Rule, set forth above.

III. **FACTUAL AND PROCEDURAL BACKGROUND**

5. On May 8, 2026, the Court entered its Scheduling Order Governing Discovery on Contested Matters (Docket No. 156) (the "Scheduling Order"), which required responses to the Debtor's discovery requests by June 20, 2026, and expressly advised that the Debtor would not consent to any extension absent a showing of good cause.

6. On May 21, 2026, the Debtor served its First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents on each of IBI Falcon and IBI SBL.

7. On June 22, 2026 — two days after the Scheduling Order's deadline — Respondents served their objections and responses. Respondents did not seek an extension, did not stipulate to additional time under Fed. R. Civ. P. 29, and offered no statement of good cause for the delay.

8. On June 29, 2026, undersigned counsel sent Respondents' counsel a detailed letter identifying numerous deficiencies in the responses — including untimely service; the absence of any party verification for the interrogatory answers; interrogatory answers given in the wrong entity's name; non-responsive and evasive answers to material interrogatories; unsupported blanket relevance objections to discovery concerning ownership, control, and financial records; the failure to produce a chain-of-custody log expressly required by the Scheduling Order; the failure to produce documents responsive to a request for IBI Falcon's own adverse or contradictory documents; the assertion of privilege without any privilege log; and Requests for Admission responses that do not fairly respond to the

substance of the matters presented — and requesting supplemental, compliant responses no later than July 10, 2026. Ex. A.

9. Respondents did not serve any supplemental responses by July 10, 2026.

10. On July 13, 2026, counsel for Respondents sent a responsive letter. Ex. B. That letter represented that "amended interrogatory answers, signed under oath by an appropriate agent of each entity," would be served "within the next 48 hours." It otherwise (a) maintained Respondents' relevance objections to discovery concerning beneficial ownership and intercompany financial dealings; (b) maintained that "a privilege log is not appropriate for documents that would not be independently discoverable," without producing any log; (c) did not address the entity-mixing errors identified in the June 29 letter; and (d) offered a new, previously undisclosed account of the Note's custody — that it has been kept "somewhere" in the State of Maine and transported to and from Maryland in a waterproof bag in counsel's carry-on luggage — that does not reconcile, and was not offered under oath by any party, with IBI Falcon's RFA No. 13 denial or IBI SBL's Interrogatory No. 24 admission regarding the Note's custody.

11. As of the filing of this Motion, no verified interrogatory answers, corrected entity-specific answers, privilege log, or coordinated chain-of-custody response has been served.

12. The Hearing on the Debtor's Objection to IBI Falcon's Amended Proof of Claim No. 2 and related Party-in-Interest Motion is presently scheduled for August 5, 2026. Under the Local Bankruptcy Rules governing exhibits and pretrial procedure, hearing exhibits must ordinarily be exchanged and pre-filed no later than seven days before the Hearing — that is, on or before July 29, 2026. Absent immediate relief, Respondents' continued non-

compliance will deprive the Debtor of any meaningful opportunity to obtain, review, and timely designate as exhibits material to which it is plainly entitled.

13. On July 8, 2026, the Court entered its Order Resolving Discovery Related Motions (Dkt. No. 198) (the "July 8 Order"), which, among other things, (a) directed IBI Falcon to make the original Note and all allonges available for inspection by the Debtor and its expert no later than July 20, 2026; (b) extended the deadline for the Debtor's expert disclosure as to Mr. LaPorte to July 10, 2026; (c) set July 27, 2026 as the deadline for Mr. LaPorte's written report; and (d) denied the Debtor's Motion for Leave and Motion to Reconsider. The July 8 Order did not address, and is not implicated by, Respondents' separate and independent failure to timely and completely respond to the Discovery Requests, which is the sole subject of this Motion. The Debtor does not seek, by this Motion, to disturb the July 20, 2026 inspection deadline or the July 27, 2026 expert-report deadline set by the July 8 Order, and intends to comply fully with both. If anything, the compressed timeline the July 8 Order has now set for inspection of the Note and the expert's report — sandwiched between the present filing and the July 29, 2026 exhibit deadline — makes it more, not less, essential that Respondents' long-overdue discovery obligations concerning the Note's chain of custody, the Respondents' ownership and financial structure, and the other deficiencies addressed herein be resolved without further delay.

14. Separately, and independently of the deficiencies addressed above, neither IBI Falcon nor IBI SBL has produced any metadata for any responsive electronically stored information, notwithstanding that the Debtor's discovery requests define "Document" to include electronically stored information "(with metadata)," instruct that electronically stored information be produced "in its native file format with all metadata intact, or, where native

production is not feasible, as text-searchable PDFs with a load file containing equivalent metadata," and — in IBI Falcon Request for Production Nos. 21 and 27 and the parallel IBI SBL Request for Production Nos. 16 and 22 — specifically and expressly demand metadata, native files, and time-stamped electronic-signature data. This deficiency is addressed in Part V.K below.

## IV. <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A general, unparticularized relevance or burden objection does not satisfy a responding party's burden. See Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 357-58 (D. Md. 2008) (boilerplate objections that a discovery request is "overbroad and unduly burdensome" or "not reasonably calculated to lead to the discovery of admissible evidence" are improper "unless based on particularized facts,"). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## V. <u>ARGUMENT</u>

**A. The Interrogatory Answers Must Be Verified Under Oath by the Responding Parties, Not by Counsel.**

Fed. R. Civ. P. 33(b)(3) and (b)(5), as incorporated by Fed. R. Bankr. P. 7033 and 9014(c), require that interrogatory answers be signed under oath by the responding party — not merely by counsel. Both the IBI Falcon and IBI SBL interrogatory responses are signed only by counsel; no verification by any officer, manager, member, general partner, or other authorized representative of either entity appears in either document. Respondents' July 13, 2026 letter acknowledges this

defect and promises correction "within the next 48 hours," but no verified answers have been served. The Court should compel service of properly verified answers on an expedited basis.

**B. The Entity-Specific Errors Must Be Corrected.**

IBI SBL's responses to Interrogatory Nos. 20 and 23 are answered entirely in the name of "IBI Falcon US LLC." Interrogatory No. 20, which asks IBI SBL to state the date it first received notice of the bankruptcy — the central disputed fact bearing on IBI SBL as to the pending Motion to Enforce Stay — is answered in IBI Falcon's name. Conversely, IBI Falcon's response to Interrogatory No. 25 invokes IBI SBL's general objections, and IBI Falcon's response to Interrogatory No. 30 begins "IBI SBL Investment LP states as follows" before reverting to IBI Falcon's name mid-sentence. These are not isolated drafting slips; they are complete identity substitutions in responses purporting to bind specific entities on material facts, and they were not addressed at all in Respondents' July 13, 2026 letter. The Court should compel corrected, entity-specific, sworn answers to IBI Falcon Interrogatory Nos. 25 and 30 and IBI SBL Interrogatory Nos. 20 and 23.

**C. Respondents Must Fully Answer, Rather Than Evade, Material Interrogatories.**

IBI Falcon Interrogatory No. 4 asked IBI Falcon to identify every payment it has ever received on account of the Note into any bank account held in its own name, from any source, at any time. IBI Falcon answered only that it "has not received any payment from Debtor since June 30, 2025" — a different question than the one asked, and one that, read alongside IBI Falcon's admission in RFA No. 5 that it has never received any payment directly into an account in its own name, appears designed to avoid restating an admission that is independently damaging to IBI Falcon's real-party-in-interest position. Respondents' July 13, 2026 letter does not supply the missing answer; it reargues the point already made in the response.

IBI Falcon Interrogatory No. 25 asked IBI Falcon to identify the present location of the original Note and every natural person who has had physical custody of it since May 3, 2023. IBI Falcon's answer addresses only the location of the First and Second Allonges — not the Note — and supplies no custody chain. This cannot be reconciled with IBI Falcon's own RFA No. 13 denial (that the Note is not in Gingo Palumbo's Ohio custody) or with IBI SBL's Interrogatory No. 24 admission that the Note was hand-delivered to Gingo Palumbo Law Group LLC. Respondents' July 13, 2026 letter offers a fourth, previously undisclosed account — that the Note has resided "somewhere" in the State of Maine, under lock and key, and has traveled to and from Maryland in a waterproof bag in counsel's carry-on luggage — which was not sworn to by any party and does not resolve the conflict among the three prior, inconsistent, discovery responses. The Court should compel a single, coordinated, sworn supplemental response resolving this conflict.

IBI SBL Interrogatory Nos. 3 and 4 asked IBI SBL to explain why it executed the July 2025 Extension as "Lender" ten days after the Second Allonge's stated effective date already purported to transfer the Note to IBI Falcon, and whether IBI SBL contends it still held the right to enforce or modify the Note as of that date. IBI SBL gave the identical, circular sentence in response to both interrogatories, restating the conclusion without identifying any document, communication, or legal basis for it. The Court should compel complete, non-circular answers.

IBI SBL Interrogatory No. 5 asked IBI SBL to identify the source, form, and date of the authority under which Gingo Palumbo executed the Second Allonge and Second Assignment on IBI SBL's behalf. IBI SBL's answer — citing a "Limited Power of Attorney" effective September 10, 2024 — cannot be squared with IBI SBL's own Requests for Admission, which establish that the operative power of attorney recorded in connection with the Second Assignment (the "Marcus POA") was executed by Amir Golan on June 26, 2025, notarized in Israel, and not recorded until

October 6, 2025. IBI SBL's answer never mentions the Marcus POA. The Court should compel a supplemental answer clarifying the relationship between the two instruments.

**D. The Blanket Relevance Objections to Ownership, Control, and Financial-Record Discovery Cannot Be Sustained.**

Both entities have lodged unparticularized "not relevant" objections to nearly every interrogatory and request for production concerning (a) ownership, control, and intercompany funding structure, and (b) the chain of custody, authority, and consideration underlying the Note transfers — precisely the two subjects on which the Party-in-Interest Motion turns. See Mancia, 253 F.R.D. at 357-58. Both IBI Falcon and IBI SBL deny common beneficial ownership (IBI Falcon RFA No. 3; IBI SBL RFA No. 3), yet both refuse discovery into who, in fact, owns either of them (IBI Falcon Interrogatory Nos. 5 and 20; IBI SBL Interrogatory Nos. 13 and 14). A party cannot credibly deny common ownership while refusing all discovery into who actually owns it.

IBI Falcon admits that no document has been produced evidencing payment by IBI Falcon to IBI SBL for the alleged transfer of the Note (RFA No. 7), yet denies the request asking it to admit that it has paid no cash consideration for that transfer (RFA No. 6) — meaning IBI Falcon affirmatively maintains that consideration was paid even as it admits no document evidences any such payment — while simultaneously maintaining a relevance objection to the very financial records (Interrogatory Nos. 8 and 9; RFP No. 9) that would substantiate or refute that position. IBI SBL's parallel admissions (RFA Nos. 24-26) and objections (Interrogatory Nos. 8 and 9; RFP Nos. 9-10) present the identical problem. Respondents' July 13, 2026 letter reasserts, rather than withdraws or substantiates, these objections. The Court should compel substantive answers and complete production.

**E. The Court-Ordered Chain-of-Custody Log Must Be Produced.**

IBI Falcon RFP No. 20 and IBI SBL RFP No. 15 seek the chain-of-custody log for the Note and allonges that the Scheduling Order (Docket No. 156) expressly requires. Respondents objected on relevance grounds. A relevance objection cannot override the Court's own Scheduling Order. The Court should compel production of the chain-of-custody log.

**F. Respondents Must Respond to the Request for Their Own Adverse Documents.**

IBI Falcon RFP No. 30 seeks all documents that refute, contradict, or are inconsistent with any position IBI Falcon has taken in its Proof of Claim, Amended Proof of Claim, or related pleadings — functionally, a request for IBI Falcon's own adverse or impeaching documents. IBI Falcon objected solely on relevance grounds and was not addressed at all in the July 13, 2026 letter. A relevance objection to a party's own contradictory documents is exceptionally difficult to sustain, since such documents are paradigmatically relevant to the claims IBI Falcon has itself placed at issue. The Court should compel IBI Falcon to withdraw its objection and produce all responsive documents.

**G. Respondents Must Serve a Proper Privilege Log or Their Privilege Claims Should Be Deemed Waived.**

Fed. R. Civ. P. 26(b)(5)(A), as incorporated by Fed. R. Bankr. P. 7026 and 9014(c), requires a party withholding responsive information on privilege grounds to expressly assert the claim and describe the nature of the withheld material in a manner that will enable other parties to assess the claim. Respondents have asserted privilege in response to IBI Falcon Interrogatory Nos. 26, 27, and 29 and IBI SBL Interrogatory Nos. 19 and 30 without producing any log at all, and Respondents' stated position — that "a privilege log is not appropriate for documents that would not be independently discoverable" — uses an antecedent relevance objection as a permanent shield against ever substantiating the privilege claim. That position is difficult to reconcile with

the requirement that a privilege log be provided once the underlying scope objection is tested. See United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003) (where an antecedent objection to a discovery request is overruled, the responding party must be afforded the opportunity to submit a Rule 26(b)(5) privilege log for any responsive material it contends is privileged); see also Hopson v. Mayor & City Council of Balt., 232 F.R.D. 228, 240 (D. Md. 2005) (describing the specificity required of an adequate privilege log in this District). Because this Motion, if granted, will overrule the antecedent relevance objections that Respondents have used to avoid logging, the Court should compel Respondents to produce a compliant privilege log within seven days or be deemed to have waived any privilege as to the withheld material.

**H. The Requests for Admission Responses Do Not Fairly Respond to the Substance of the Matter.**

Fed. R. Civ. P. 36(a)(4) requires that an answer "fairly respond to the substance of the matter," and a party who lacks information sufficient to admit or deny must state that it has made "reasonable inquiry" and that the information it has is insufficient. A bare denial, without a showing of reasonable inquiry, does not satisfy Rule 36(a) where the answering party could readily ascertain the fact. See Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981).

IBI Falcon RFA No. 9 denies that the payoff statement attached to IBI Falcon's own Amended Proof of Claim directs payment to IBI Falcon High Yield, LP — a fact readily verifiable from the face of Respondents' own exhibit, and one IBI Falcon simultaneously declined to explain when asked to do so in Interrogatory No. 3. IBI SBL RFA No. 30 denies notice of the bankruptcy by October 21, 2025 without stating an alternative date or basis, contrary to Rule 36(a)(4), and in a manner difficult to reconcile with IBI SBL's own (unverified) Interrogatory No. 20 answer. The Court should compel complete, non-conclusory responses to both.

**I. This Motion Enforces, Rather Than Expands, the Discovery Schedule the Court Has Already Set, and Is Readily Distinguishable From the Relief Denied in the July 8 Order.**

The Debtor is mindful of the July 8 Order and the Court's observations regarding the pace of discovery in this case. The relief the Court denied in the July 8 Order — destructive testing of the Note, an extension of the Debtor's own expert-disclosure deadline beyond the accommodation the Court granted, and reconsideration of an order arising from a missed deadline attributable to Debtor's counsel — concerned requests to excuse or expand upon deadlines that were, by the Court's own description, within the Debtor's control. This Motion presents the converse situation: it asks the Court to enforce, on an expedited basis, a discovery schedule that Respondents — not the Debtor — have missed. The Scheduling Order the Debtor seeks to enforce is the same Scheduling Order (Docket No. 156) that the Debtor itself proposed and that the Court adopted; the Debtor has diligently pursued compliance with that Order since Respondents' service of untimely responses on June 22, 2026, including by sending a detailed deficiency letter within one week and by following up when Respondents missed the July 10, 2026 date the Debtor proposed for supplemental responses. Granting this Motion would not create delay; it would prevent Respondents' delay from depriving the Debtor of discovery to which it has been entitled since May 21, 2026, and would ensure the record is complete in time for the Debtor to comply — not to seek further relief from — the exhibit deadlines already in place.

**J. Expedited Relief Is Necessary Given the Imminent August 5, 2026 Hearing.**

Pursuant to Local Bankruptcy Rule 9013-6, the Debtor respectfully requests that the Court shorten the notice period for this Motion and set it for expedited hearing, or rule on the papers without a hearing, sufficiently in advance of the deadline — on or about July 29, 2026 — by which the Debtor must, under Local Bankruptcy Rule 9070-1 (incorporating Local Bankruptcy Rule 7016-1(c)), exchange and pre-file its hearing exhibits in connection with the August 5, 2026 Hearing.

Absent expedited relief, Respondents' delay will achieve precisely the result the Debtor believes it is designed to achieve: forcing the Debtor to the Hearing without the benefit of complete, verified discovery it is entitled to under the Federal Rules and this Court's own Scheduling Order.

K. Respondents Have Produced No Metadata for Any Responsive Electronically Stored Information, in Violation of the Debtor's Discovery Requests and Fed. R. Civ. P. 34(b).

The Debtor's First Set of Requests for Production of Documents defines "Document" to include "all writings, electronically stored information, ... emails (with metadata), text messages, calendar entries, databases, ledgers, agreements, instruments, courier records, and all originals, copies, and drafts," and separately instructs that "[e]lectronically stored information shall be produced in its native file format with all metadata intact, or, where native production is not feasible, as text-searchable PDFs with a load file containing equivalent metadata." Two Requests make this obligation explicit beyond any doubt: IBI Falcon Request for Production No. 21 sought "All documents reflecting the actual calendar date on which the First Allonge and the Second Allonge were executed, including drafts, emails, calendar entries, document-management metadata, time-stamped electronic signatures, and notary records," and IBI Falcon Request for Production No. 27 sought the complete payment history of the loan "in native electronic format with metadata, reflecting the entity that actually received each payment." IBI SBL was served parallel requests, numbered 16 and 22, respectively, seeking the identical categories of metadata.

Neither Respondent has produced a single native file, a single item of document-management or email metadata, or a single load file, in response to any Request. IBI Falcon objected to Request No. 21 in its entirety on relevance grounds and produced nothing responsive — no drafts, no emails, no calendar entries, no document-management metadata, and no time-stamped electronic-

signature data reflecting when the First and Second Allonges were actually executed. IBI SBL likewise objected to its parallel Request No. 16 on relevance grounds and produced nothing responsive. As to Request No. 27 (payment history), IBI Falcon did not object but responded only that the Debtor was "directed to the production of documents accompanying these Responses" — a production that, on information and belief, consists exclusively of static, non-native document images stripped of all metadata, with no accompanying load file of the kind the Request expressly requires. IBI SBL again objected outright to its parallel Request No. 22 on relevance grounds. Beyond these two Requests, Respondents' entire document production to date — regardless of the specific Request at issue — has been produced without any native files, metadata, or load files of any kind, notwithstanding the Debtor's discovery instructions.

Metadata is discoverable where, as here, it is relevant to a party's claims or defenses. See Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dep't of Homeland Sec., 255 F.R.D. 350, 355-57 (S.D.N.Y. 2008) (metadata is discoverable if relevant and not privileged, and a producing party's obligation under Fed. R. Civ. P. 34(b) to produce electronically stored information in a "reasonably usable form" turns on whether the chosen form preserves the functional utility of the data). Fed. R. Civ. P. 34(b)(2)(E)(ii), as incorporated by Fed. R. Bankr. P. 7034 and 9014(c), requires that, absent a party specification, electronically stored information be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form." Static, unsearchable document images divorced from their native files and metadata do not satisfy that standard here, where the precise calendar dates on which the First and Second Allonges were executed — and whether those dates were altered, backdated, or created after the fact — is a central, disputed issue bearing on the validity of the very transfers by which IBI Falcon claims to hold the Note. Metadata reflecting creation dates, modification dates, authorship, and time-stamped electronic signatures is

not a peripheral request; it is often the only objective evidence capable of resolving the chain-of-custody and execution-date disputes that pervade this case. Respondents' blanket refusal to produce any such metadata — whether by outright objection (Request Nos. 16 and 21) or by producing stripped, non-native documents while claiming compliance (Request Nos. 22 and 27) — deprives the Debtor of exactly the evidence these Requests were designed to capture.

The Court should compel IBI Falcon and IBI SBL to produce, within seven (7) days, all responsive electronically stored information in native format with metadata intact — or, where native production is genuinely infeasible, as text-searchable files accompanied by a load file containing equivalent metadata — for all Requests for Production served in this matter, including specifically IBI Falcon Request for Production Nos. 21 and 27 and IBI SBL Request for Production Nos. 16 and 22.

**L. An Award of the Debtor's Reasonable Expenses Is Warranted.**

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted — or if the requested discovery is provided after the motion is filed — the Court must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or other circumstances make an award unjust. None of those exceptions applies here: the Debtor attempted in good faith to resolve these issues through the June 29, 2026 letter and subsequent correspondence before filing this Motion, and Respondents' positions — for the reasons set forth above — are not substantially justified. The Debtor requests an award of its reasonable attorney's fees and costs incurred in preparing and prosecuting this Motion, in an amount to be established by supplemental fee petition or declaration.

## VI. <u>CONCLUSION AND RELIEF REQUESTED</u>

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

(a). Compelling IBI Falcon and IBI SBL to serve, within three (3) days of the Order, complete, properly verified (signed under oath by an authorized officer, manager, member, or general partner) supplemental answers to IBI Falcon Interrogatory Nos. 4, 5, 8, 9, 20, 25, and 30, and IBI SBL Interrogatory Nos. 3, 4, 5, 8, 9, 13, 14, 20, and 23;

(b). Compelling IBI Falcon and IBI SBL to produce, within three (3) days, complete responsive documents to IBI Falcon RFP Nos. 9, 20, and 30, and IBI SBL RFP Nos. 9, 10, and 15, notwithstanding the relevance objections addressed herein;

(c). Compelling IBI Falcon and IBI SBL to serve, within three (3) days, a single, coordinated, sworn supplemental response resolving the conflict among IBI Falcon's RFA No. 13 denial, IBI Falcon's Interrogatory No. 25 answer, and IBI SBL's Interrogatory No. 24 admission regarding the present location and complete chain of custody of the Note;

(d). Compelling IBI Falcon and IBI SBL to serve, within seven (7) days, a privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A) for every interrogatory objection asserting privilege identified herein, or deeming any privilege waived as to such material for failure to timely log it;

(e). Compelling IBI Falcon to serve a complete, non-conclusory response to Interrogatory No. 3 addressing the discrepancy identified in RFA No. 9, and compelling IBI SBL to state, with a specific date and supporting basis, when it first received actual or constructive notice of the bankruptcy, in lieu of its bare denial of RFA No. 30;

(f). Shortening the notice period for this Motion pursuant to Local Bankruptcy Rule 9013-6 and setting it for expedited hearing, or ruling on the papers, sufficiently in advance of July 29, 2026;

(g). Compelling IBI Falcon and IBI SBL to produce, within seven (7) days, all responsive electronically stored information in native format with metadata intact — or, where native production is genuinely infeasible, as text-searchable files accompanied by a load file containing equivalent metadata — for all Requests for Production served in this matter, including IBI Falcon RFP Nos. 21 and 27 and IBI SBL RFP Nos. 16 and 22;

(h). Awarding the Debtor its reasonable expenses, including attorney's fees, incurred in making this Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A); and

(h). Granting such other and further relief as the Court deems just and proper.

Date:  July 14, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.
Bar #14227
9701 Apollo Drive, Suite 301
Upper Marlboro, Maryland 20774
Telephone: (301) 742-5385
Email: dtjesq@dtjohnsonlaw.com
Counsel for Debtor and Debtor in Possession
5410 30th Street DC, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July, 2026, a true and correct copy of the foregoing Motion to Compel Discovery Responses was served electronically, via the Court's CM/ECF system, upon all parties who have entered an appearance and consented to electronic service in this case, including:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)


/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.