IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | &#124; | |
| | &#124; | |
| 5410 30th Street DC, LLC, | &#124; | Case No.: 25-19605 |
| | &#124; | |
| Debtor | &#124; | Chapter 11 |
| | &#124; | |

---

**DEBTOR'S MOTION TO CONTINUE THE AUGUST 5, 2026 HEARING AND
RELATED PRETRIAL DEADLINES**

5410 30th Street DC, LLC, debtor and debtor in possession in the above-captioned Chapter 11 case (the "Debtor"), by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Bankr. P. 9006(b), Local Bankruptcy Rule 9013-7, and the Court's inherent authority to control its own docket, for entry of an Order continuing the evidentiary hearing presently scheduled for August 5, 2026 at 11am on the Debtor's Objection to IBI Falcon's Amended Proof of Claim No. 2, the Debtor's related Party-in-Interest Motion, and/or Respondents' opposition to the Debtor's Motion to Enforce the Automatic Stay, and all other outstanding matters (collectively, the "Hearing"), together with all related pretrial deadlines — including the deadline to exchange and pre-file hearing exhibits under Local Bankruptcy Rule 9014 and Local Bankruptcy Rule 7016-1(c) — to a date certain following full compliance by Respondents IBI Falcon US LLC ("IBI Falcon") and IBI SBL Investment LP ("IBI SBL," and together with IBI Falcon, "Respondents") with their outstanding discovery obligations. This Motion is filed contemporaneously with, and incorporates by reference the grounds set forth in, the Debtor's Motion to Compel Discovery Responses from IBI Falcon US LLC and IBI SBL Investment LP (the "Motion to Compel"). In support of this Motion to Continue (the "Motion"), the Debtor states as follows:

## I. INTRODUCTION

The Debtor does not seek delay for its own sake; no party has less to gain from delay than a Chapter 11 debtor attempting to resolve contested matters and move its case toward resolution. The Debtor seeks a continuance because Respondents' own pattern of untimely, unverified, evasive, and incomplete discovery responses — detailed at length in the Motion to Compel — has left the Debtor unable to complete the discovery record, evaluate Respondents' positions, or prepare an accurate and complete exhibit list in time to satisfy this Court's pretrial deadlines in advance of the Hearing.

Under the Local Bankruptcy Rules, hearing exhibits must ordinarily be exchanged and pre-filed no later than seven days before a scheduled hearing or trial — here, on or before July 29, 2026. As of the date of this Motion, Respondents have not served verified interrogatory answers, have not withdrawn or substantiated their blanket relevance objections to ownership, control, and financial-record discovery, have not produced a privilege log for any of the material withheld on privilege grounds, and have not resolved the unexplained, three-way conflict concerning the present location and chain of custody of the promissory note underlying the Debtor's Claim Objection. Respondents' July 13, 2026 letter promised verified answers "within the next 48 hours"; that promise remains unfulfilled. Proceeding to the Hearing on August 5, 2026 on this record would force the Debtor to identify and pre-file exhibits without the benefit of discovery to which it is plainly entitled — and would reward the very delay of which the Debtor complains.

The Debtor is mindful of this Court's July 8, 2026 Order Resolving Discovery Related Motions (Dkt. No. 198) (the "July 8 Order") and its observations regarding the pace of discovery in this case. As explained in Part III.A below, the relief requested here is readily distinguishable from the relief the Court denied in the July 8 Order, and this Motion does not seek to disturb the July 20,

2026 inspection deadline or the July 27, 2026 expert-report deadline the July 8 Order sets —
deadlines with which the Debtor intends to fully comply.

## II. <u>BACKGROUND</u>

1. The factual and procedural background of the parties' discovery dispute is set forth in full in the Motion to Compel, filed contemporaneously herewith, and is incorporated by reference. In summary:

2. The Court's Scheduling Order Governing Discovery on Contested Matters (Docket No. 156), entered May 8, 2026, required responses to the Debtor's discovery requests by June 20, 2026.

3. Respondents served responses two days late, on June 22, 2026, without seeking an extension or showing good cause.

4. On June 29, 2026, the Debtor sent Respondents a detailed letter identifying numerous deficiencies in those responses and requesting supplemental, compliant responses by July 10, 2026.

5. Respondents did not serve any supplemental responses by that date. On July 13, 2026, Respondents' counsel replied by letter, addressing certain issues, promising verified interrogatory answers "within the next 48 hours," but otherwise declining to remedy the majority of the deficiencies identified, including the relevance objections to ownership, control, and financial-record discovery and the absence of any privilege log.

6. As of the filing of this Motion, no verified answers, corrected entity-specific answers, privilege log, or coordinated chain-of-custody response has been served.

7. The Hearing on the Debtor's Objection to IBI Falcon's Amended Proof of Claim No. 2 and related Party-in-Interest Motion is presently scheduled for August 5, 2026, with hearing exhibits due to be pre-filed no later than seven days beforehand — on or about July 29, 2026.

8. On July 8, 2026, the Court entered the July 8 Order (Dkt. No. 198), resolving several discovery-related motions filed by the Debtor concerning inspection of the Note and related expert discovery. The July 8 Order (a) directed IBI Falcon to make the original Note and all alonges available for inspection by the Debtor and its expert no later than July 20, 2026; (b) extended the Debtor's expert-disclosure deadline as to forensic examiner Gerald LaPorte to July 10, 2026; (c) set July 27, 2026 as the deadline for Mr. LaPorte's written report; (d) denied the Debtor's request for destructive testing of the Note and alonges; and (e) denied the Debtor's Motion for Leave to Conduct Targeted Discovery and Motion to Reconsider the Order Quashing Subpoena. The Debtor does not seek, by this Motion, to disturb the July 20, 2026 or July 27, 2026 deadlines set by the July 8 Order and intends to comply fully with both.

### III. <u>ARGUMENT</u>

**A. This Motion Is Readily Distinguishable From the Relief the Court Denied in the July 8 Order.**

The July 8 Order denied the Debtor's requests for destructive testing of the Note, for discovery beyond what prior orders already afforded, and for reconsideration of an order arising from a deadline missed by Debtor's counsel. In each instance, the delay or burden at issue was one the Court attributed, in whole or in part, to choices or omissions within the Debtor's own control. That is not the case here. This Motion concerns Respondents' failure to timely and completely respond

to discovery the Debtor served on May 21, 2026, under a Scheduling Order (Docket No. 156) that the Debtor itself proposed and has diligently pursued — including by conferring with Respondents in writing within one week of receiving their untimely responses, and by following up when Respondents missed their own, self-selected date for supplemental compliance. The Debtor is not asking the Court to excuse any delay of its own, is not asking to reopen matters the July 8 Order has resolved, and is not asking to disturb the July 20, 2026 inspection deadline or the July 27, 2026 expert-report deadline. The Debtor asks only that Respondents be held to the same discovery schedule the Debtor itself has honored, and that the Hearing not proceed on a record left incomplete solely by Respondents' own default.

**B. The Court Has Broad Authority to Continue the Hearing for Good Cause.**

Fed. R. Bankr. P. 9006(b)(1) permits the Court, for cause shown, to enlarge periods of time in a case, including on motion made after the time has expired where the failure to act was the result of excusable neglect. Local Bankruptcy Rule 9013-7 likewise governs the postponement or continuance of matters and proceedings before this Court. More fundamentally, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). And Fed. R. Bankr. P. 9014(a) requires that a party against whom relief is sought in a contested matter be given "reasonable notice and an opportunity to be heard" — an opportunity that becomes illusory where a party is forced to a hearing without the discovery to which it is entitled to prepare for it.

**C. Good Cause Exists Because Respondents' Own Discovery Failures Have Made the Current Hearing Date Untenable.**

The deficiencies detailed in the Motion to Compel are not peripheral. Discovery into Respondents' ownership, control, and intercompany financial structure bears directly on the Debtor's pending Party-in-Interest Motion. Discovery resolving the chain of custody of the Note bears directly on the authenticity and enforceability of the very instrument underlying the Debtor's Claim Objection. Discovery of the date(s) on which each Respondent received notice of the bankruptcy bears directly on the Debtor's Motion to Enforce the Automatic Stay. Respondents have withheld or evaded discovery on each of these subjects, have not produced a privilege log identifying what, if anything, is properly withheld, and have not delivered on their own commitment to provide verified interrogatory answers within 48 hours of July 13, 2026.

The Debtor cannot responsibly identify, let alone pre-file by July 29, 2026, a complete and accurate exhibit list when it does not yet have verified answers to material interrogatories, a resolution of the three-way conflict over the Note's chain of custody, the ownership and financial records bearing on Respondents' real-party-in-interest status, or a privilege log identifying what has been withheld and why. Proceeding on the current schedule would require the Debtor either to designate an incomplete exhibit list or to forgo the pretrial deadline altogether — prejudicing the Debtor's ability to present its case at the Hearing through no fault of its own.

**D. A Continuance Will Not Prejudice Respondents, While Denial Would Prejudice the Debtor and Reward Respondents' Delay.**

Respondents cannot claim prejudice from a continuance occasioned by their own failure to timely and completely respond to discovery requests they have had since May 21, 2026. Denying a continuance, by contrast, would allow Respondents to obtain the practical benefit of the very conduct the Debtor believes was designed to produce it: forcing the Debtor to the Hearing without

a complete evidentiary record. Courts do not condone permitting a party to profit from its own discovery delay, and this Court should not do so here.

**E. In the Alternative, the Court Should Preclude Respondents From Relying on Any Evidence Not Timely and Fully Produced.**

Should the Court decline to continue the Hearing, the Debtor alternatively requests, pursuant to Fed. R. Civ. P. 37(c)(1), as incorporated by Fed. R. Bankr. P. 7037 and 9014(c), an order precluding Respondents from introducing or relying upon, at the Hearing, any document, witness, or item of information responsive to the Debtor's First Set of Interrogatories, Requests for Admission, or Requests for Production that Respondents failed to timely and completely disclose or produce.

## IV. <u>RELIEF REQUESTED</u>

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

(a). Continuing the Hearing presently scheduled for August 5, 2026, together with all related pretrial deadlines (including the exhibit and witness pre-filing deadlines under Local Bankruptcy Rules 7026 and 7016-1(c), to the earliest available date on the Court's calendar that is at least fourteen (14), but no more than thirty (30), days after Respondents' full compliance with the Motion to Compel — a brief, narrowly tailored continuance tied solely to curing Respondents' default, and not a request to reopen or extend the July 20, 2026 inspection deadline or the July 27, 2026 expert-report deadline set by the July 8 Order; and

(b). Precluding Respondents from introducing or relying upon, at the Hearing, any evidence responsive to the Debtor's First Set of Interrogatories, Requests for Admission, or Requests for Production that was not timely and completely produced; and

(c). Granting the Debtor's contemporaneously filed Motion to Compel; and

(d). Granting such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.

Bar #14227

9701 Apollo Drive, Suite 301

Upper Marlboro, Maryland 20774

Telephone: (301) 742-5385

Email: dtjesq@dtjohnsonlaw.com

Counsel for Debtor and Debtor in Possession

5410 30th Street DC, LLC


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2026, a copy of the foregoing Motion to Continue Hearing was served electronically via the Court's ECF system upon all parties registered to receive notice, including:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)
L. Jeanette Rice Jeanette.Rice@usdoj.gov, and
Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV).

/s/ Deirdre T. Johnson, Esq.