

## DERICK T. JOHNSON, ESQ

### Attorney at Law

Admitted to practice in Maryland

**VIA EMAIL**

June 29, 2026

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
5410 30th Street DC, LLC, Case No. 25-19605-LSS

Re:     In re 5410 30th Street DC, LLC, Case No. 25-19605-LSS

Discovery Deficiencies in Responses Served by IBI Falcon US LLC and IBI SBL Investment LP

Dear Mr. VerStandig:

I write regarding the written discovery responses served by your clients, IBI Falcon US LLC ("IBI Falcon") and IBI SBL Investment LP ("IBI SBL"), on June 22, 2026, in response to the Debtor's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production of Documents served May 21, 2026. While your clients have provided admissions on certain matters, the responses contain numerous deficiencies that fail to comply with the Federal Rules of Civil Procedure and Bankruptcy Rules and obstruct the Debtor's ability to conduct meaningful discovery on the pending motions.

This letter identifies the specific deficiencies requiring correction and requests that IBI Falcon and IBI SBL serve supplemental, compliant responses within fourteen (14) calendar days of the date of this letter. If supplemental responses are not provided by that date, the Debtor will move to compel discovery and seek an award of reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(a)(5)(A). PLEASE NOTE that a forthcoming

9701 Apollo Dr, Suite 301    Upper Marlboro, MD 20774
P : (301) 742-5385          F: (301) 731-4055
dtjesq@dtjohnsonlaw.com

communication will specifically address deficiencies related to the documents produced and not produced.

### I. Timeliness and Verification Deficiencies

### A. Late Service Without Extension or Good Cause

The Court's Scheduling Order Governing Discovery on Contested Matters (Docket No. 156), entered May 8, 2026, required responses to the Debtor's discovery requests by June 20, 2026. The Order expressly advised that the Debtor would not consent to any extension absent a showing of good cause. Both entities served their responses on June 22, 2026—two days after the deadline—without seeking an extension, stipulating to additional time under Fed. R. Civ. P. 29, or providing any statement of good cause for the delay. This untimely service violates the Court's express scheduling directive and constitutes grounds for sanctions independent of the substantive deficiencies discussed below.

### B. Absence of Party Verification for Interrogatory Answers

Federal Rule of Civil Procedure 33(b)(3) and (b)(5), incorporated by Fed. R. Bankr. P. 7033 and 9014(c), require that interrogatory answers be signed under oath by the responding party itself, not merely by counsel. Both the IBI Falcon and IBI SBL Interrogatory responses are signed only by you as counsel; no signature page, verification, or declaration from any officer, manager, member, general partner, or other authorized representative of either IBI Falcon or IBI SBL appears in either document.

This is not a technicality. Both response sets contain substantive, fact-specific answers—including IBI Falcon's representations as to the dates of execution, affixation, and delivery of the Second Allonge (Interrogatory Nos. 22–24); IBI SBL's representation as to where its document custodian held the Note (Interrogatory No. 12); and the date IBI SBL delivered the Note to Gingo Palumbo Law Group LLC (Interrogatory No. 24)—that Rule 33 requires the party, not its lawyer, to swear to. Absent a verification, these answers are unsworn and incomplete.

Requested Action: IBI Falcon and IBI SBL must each serve properly verified supplemental interrogatory answers signed under oath by an officer, manager, member, or general partner as required by Fed. R. Civ. P. 33(b)(3) and (b)(5).

### II. Entity-Identification Errors in Interrogatory Answers

IBI SBL's responses to Interrogatory Nos. 20 and 23 are answered entirely in the name and identity of "IBI Falcon US LLC," not IBI SBL. Interrogatory No. 20 asks IBI SBL to state the date on which IBI SBL first received actual or constructive notice of the bankruptcy—the central disputed fact in the Stay Motion as it pertains to IBI SBL—yet the response reads:

"Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows: November 19, 2025."

Similarly, IBI Falcon's response to Interrogatory No. 25 invokes "IBI SBL Investment LP's general objection(s)" in a response document that purports to be IBI Falcon's, and IBI Falcon's response to Interrogatory No. 30 states "IBI SBL Investment LP states as follows" before reverting to IBI Falcon's name in the substantive sentence that follows.

These are not isolated drafting slips but complete identity substitutions in responses purporting to bind specific entities on material facts. The pattern across both response sets supports the inference that the responses were assembled from a shared template without entity-specific review, and that neither entity has in fact verified, under oath, the substantive answers given in its name.

Requested Action: IBI Falcon and IBI SBL must each serve corrected, entity-specific answers to the four interrogatories presently answered in the wrong entity's name (IBI Falcon Interrogatory Nos. 25 and 30; IBI SBL Interrogatory Nos. 20 and 23), properly attributed and signed under oath.

III. Non-Responsive and Incomplete Interrogatory Answers

A. IBI Falcon Interrogatory No. 4 (Payment History)

Interrogatory No. 4 asked IBI Falcon to identify every payment it has ever received on account of the Note directly into a bank account held in its own name, stating the date, amount, source, and receiving account for each. IBI Falcon answered only that it "has not received any payment from Debtor since June 30, 2025"—a response that does not answer the question asked. The Interrogatory asks what IBI Falcon has received into its own account at any time, from any source; IBI Falcon's answer instead describes what it has not received from the Debtor since a single date, leaving entirely unaddressed whether IBI Falcon has ever received any payment into its own account, from any source, at any time.

Read in combination with IBI Falcon's admission in RFA No. 5 that it has never received any payment of principal or interest directly into an account in its own name, this non-responsive answer appears designed to avoid restating, in interrogatory form and under the heightened specificity Rule 33 demands, an admission that is independently damaging to IBI Falcon's real-party-in-interest position.

Requested Action: IBI Falcon must provide a complete answer to Interrogatory No. 4, identifying every payment it has received into any bank account in its own name from any source at any time, or affirmatively state, if true, that it has never received any such payment.

B. IBI Falcon Interrogatory No. 25 (Present Location of the Note and Chain of Custody)

Interrogatory No. 25 asked IBI Falcon to identify the present location of the original Note and every natural person who has had physical custody of it from May 3, 2023 to the present. IBI Falcon answered only that "the present location of the original First Allonge and the original Second Allonge are at The VerStandig Law Firm, LLC"—addressing the allonges, not the Note, and supplying no custody chain whatsoever.

This answer cannot be reconciled with IBI Falcon's own RFA No. 13 denial (that the Note is not in Gingo Palumbo's Ohio custody) or with IBI SBL's Interrogatory No. 24 admission that the Note was hand-delivered to Gingo Palumbo Law Group LLC. Three discovery responses—none identifying where the Note actually is today—cannot all be true at once.

Requested Action: IBI Falcon and IBI SBL must each provide a coordinated supplemental response stating, in a single answer, the present location of the original Note and the complete chain of custody from May 3, 2023 to the present, resolving the direct conflict among IBI Falcon's RFA No. 13 denial, IBI Falcon's Interrogatory No. 25 answer, and IBI SBL's Interrogatory No. 24 admission.

C. IBI SBL Interrogatory Nos. 3 and 4 (Authority to Execute the July 2025 Extension)

Interrogatory No. 3 asked IBI SBL to explain in detail why it executed the July 2025 Extension as "Lender" on July 10, 2025—ten days after the Second Allonge's stated effective date already purported to transfer the Note to IBI Falcon. IBI SBL's entire answer is: "As of the effective date of the July 2025 Extension, IBI SBL Investment LP was the Lender and the appropriate party to sign the same." This is circular—it restates the conclusion the Interrogatory asked IBI SBL to explain, without identifying any document, communication, or legal basis for the conclusion.

Interrogatory No. 4 asked whether IBI SBL contends it still held the right to enforce or modify the Note as of July 10, 2025, and for the factual and legal basis for that contention; IBI SBL gave the identical sentence verbatim as its answer to No. 3, again failing to address either the "whether" or the "basis" the Interrogatory asked for. Both answers are non-responsive on their face.

Requested Action: IBI SBL must provide complete, non-circular answers to Interrogatory Nos. 3 and 4, identifying the actual factual and legal basis (beyond restating the conclusion) for IBI SBL's continuing authority to execute the July 2025 Extension as "Lender" after the Second Allonge's effective date.

D. IBI SBL Interrogatory No. 5 (Ambiguity Regarding Power of Attorney)

Interrogatory No. 5 asked IBI SBL to identify the source, form, and date of all authority pursuant to which Gingo Palumbo executed the Second Allonge and the Second Assignment on IBI SBL's behalf. IBI SBL answered: "The source is that certain Limited Power of Attorney entered by and between IBI SBL Investment LP and Gingo Palumbo Law Group LLC effective as of September 10, 2024."

This answer is difficult to reconcile with IBI SBL's own Requests for Admission responses, which establish that the operative power of attorney recorded in connection with the Second Assignment—the instrument the Debtor's Requests refer to as the "Marcus POA"—was executed by Amir Golan on June 26, 2025, notarized in Israel by notary Ran Marcus on that date, and not recorded until October 6, 2025 (RFA Nos. 19–22). IBI SBL's Interrogatory No. 5 answer never mentions the Marcus POA at all, instead citing a "Limited Power of Attorney" with a September 10, 2024 effective date—a document that appears to be the general engagement-level authorization that accompanied IBI SBL's September 9, 2024 fee agreement with Gingo Palumbo, not the transaction-specific instrument the RFAs identify as authorizing the Second Allonge and Second Assignment specifically.

If the September 2024 Limited Power of Attorney and the June 2025 Marcus POA are the same instrument, IBI SBL's answer has supplied a fictional "effective date" nine and a half months removed from the instrument's actual notarized execution—the same effective-date-versus-execution-date gap the Debtor has identified with both the First and Second Allonge. If they are different instruments, IBI SBL's answer to Interrogatory No. 5 is materially incomplete, because it omits the Marcus POA entirely from its description of "all authority" for the Second Allonge and Second Assignment.

Requested Action: IBI SBL must clarify, in a single supplemental interrogatory answer, the relationship between the "Limited Power of Attorney" referenced in Interrogatory No. 5 (effective September 10, 2024) and the Marcus POA described in RFA Nos. 19–22 (executed June 26, 2025)—including whether they are the same instrument and, if not, to identify and produce both in full.

IV. Overbroad and Unsupported Relevance Objections

Both entities have lodged blanket "not relevant" objections to nearly every interrogatory and request for production concerning (a) ownership, control, and intercompany funding structure, or (b) the chain of custody, authority, and consideration underlying the Note transfers—precisely the two subjects on which the Party-in-Interest Motion turns.

Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case. A general, unparticularized relevance objection does not satisfy a responding party's burden under Rule 26(b) or 34, and boilerplate objections asserted "to the extent" a request might implicate privilege or burden, without more, are treated as waived in most jurisdictions for failure to state the objection "with specificity," as Fed. R. Civ. P. 34(b)(2)(B) requires.

The specific relevance objections that cannot be sustained include:

A. Ownership and Control Interrogatories

- IBI Falcon Interrogatory No. 5 (members, managers, or beneficial owners of IBI Falcon)

- IBI Falcon Interrogatory No. 20 (ownership and control relationships among the five IBI-affiliated entities)

- IBI SBL Interrogatory No. 13 (ownership and control relationships among the five IBI-affiliated entities)

- IBI SBL Interrogatory No. 14 (general partners, limited partners, officers, or beneficial owners of IBI SBL)

Both IBI Falcon and IBI SBL deny common beneficial ownership (IBI Falcon RFA No. 3; IBI SBL RFA No. 3), yet both refuse all discovery into who, in fact, owns either of them. A party cannot credibly deny common ownership while simultaneously refusing all discovery into who actually owns it. Interrogatory No. 20 in particular—the core inquiry into common ownership, control, and revenue-sharing among IBI Falcon, IBI SBL, IBI Falcon High Yield LP, IBI Investment House Ltd., and Gingo Palumbo Law Group LLC—is squarely relevant to the real-party-in-interest and alter-ego theory underlying the Party-in-Interest Motion, and a bare relevance objection to it cannot be sustained.

B. Consideration and Financial Records

- IBI Falcon Interrogatory No. 8 (payment made to IBI SBL as consideration for the Note)

- IBI Falcon Interrogatory No. 9 (capital contributions, intercompany loans, or funding received)

- IBI SBL Interrogatory No. 8 (consideration received from IBI Falcon)

- IBI SBL Interrogatory No. 9 (consideration paid to FTF)

- IBI Falcon RFP No. 9 (all documents evidencing consideration paid by IBI Falcon to IBI SBL)

- IBI SBL RFP No. 9 (all documents evidencing consideration received from IBI Falcon)

- IBI SBL RFP No. 10 (all documents evidencing consideration paid to FTF)

IBI Falcon admits that no document has been produced evidencing payment by IBI Falcon to IBI SBL for the alleged transfer of the Note (IBI Falcon RFA No. 7), yet IBI Falcon denies the request asking it to admit that it "has not paid IBI SBL Investment LP any cash consideration ... in exchange for the alleged transfer of the Note" (IBI Falcon RFA No. 6)— meaning IBI Falcon affirmatively maintains that consideration was paid, even though it simultaneously admits no document evidences any such payment.

IBI SBL, for its part, admits that no document has been produced to the Debtor evidencing payment by IBI SBL to FTF for the alleged transfer of the Note (IBI SBL RFA No. 24); admits that no document has been produced evidencing payment by IBI Falcon to IBI SBL for the alleged transfer (IBI SBL RFA No. 25); and admits that IBI SBL possesses no bank-generated wire confirmation, ACH confirmation, or other contemporaneous financial-institution document showing any transfer of funds from IBI Falcon to IBI SBL in connection with the purchase or acquisition of the Note (IBI SBL RFA No. 26).

IBI Falcon cannot maintain a relevance objection to financial records substantiating a fact (payment of consideration) that its own RFA No. 6 denial affirmatively places at issue. The objection to IBI Falcon RFP No. 9 and the parallel objections to IBI SBL RFP Nos. 9 and 10 are especially difficult to sustain in light of these admissions.

Requested Action: IBI Falcon and IBI SBL must withdraw their relevance objections to Interrogatory Nos. 5, 8, 9, 13, 14, and 20 and RFP Nos. 9 and 10, and provide complete substantive answers and responsive document production.

C. Chain-of-Custody Log

- IBI Falcon RFP No. 20 (chain-of-custody log for the Note and allonges)

- IBI SBL RFP No. 15 (chain-of-custody log for the Note and allonges)

Both entities objected, on relevance grounds, to producing the chain-of-custody log that the Requests expressly note is "required by the Scheduling Order." Neither entity may withhold a chain-of-custody log expressly contemplated by the Scheduling Order on relevance grounds given the order's express terms.

Requested Action: IBI Falcon and IBI SBL must produce the chain-of-custody log expressly contemplated by the Scheduling Order (IBI Falcon RFP No. 20; IBI SBL RFP No. 15).

D. Adverse and Contradictory Documents

- IBI Falcon RFP No. 30 (all documents that refute, contradict, or are inconsistent with any position taken by IBI Falcon in its Proof of Claim, Amended Proof of Claim, prior pleadings, or opposition papers)

IBI Falcon objected to Request No. 30, which sought "all documents that refute, contradict, or are otherwise inconsistent with any allegation, contention, or position taken by IBI Falcon" in its own Proof of Claim, Amended Proof of Claim, prior pleadings, or opposition papers—functionally, a request for IBI Falcon's own adverse or impeaching documents. A relevance objection to a request for a party's own contradictory documents is exceptionally difficult to sustain, since such documents are paradigmatically relevant to the very claims and defenses IBI Falcon has placed at issue.

Requested Action: IBI Falcon must withdraw its relevance objection to RFP No. 30 and produce all responsive documents.

V. Privilege Asserted Without a Privilege Log

Several interrogatory objections invoke attorney-client privilege or work-product protection—IBI Falcon's Interrogatory Nos. 26, 27, and 29; IBI SBL's Interrogatory Nos. 19 and 30—without any accompanying privilege log identifying the withheld communications, their dates, authors, recipients, and the specific basis for the claimed privilege, as Fed. R. Civ. P. 26(b)(5) (incorporated by Fed. R. Bankr. P. 7026) requires.

A privilege objection asserted without a log ordinarily preserves nothing beyond the bare assertion. If your clients contend that responsive communications exist but are privileged, they must provide a proper log as Rule 26(b)(5) requires.

Requested Action: IBI Falcon and IBI SBL must serve a proper privilege log, satisfying Fed. R. Civ. P. 26(b)(5), for every interrogatory objection asserting privilege without one (IBI Falcon Interrogatory Nos. 26, 27, 29; IBI SBL Interrogatory Nos. 19, 30), or provide substantive answers in the absence of a timely log.

VI. Specific RFA Responses That Do Not Fairly Respond to the Substance of the Matter

A. IBI Falcon RFA No. 9 (Payoff Statement Directing Payment to IBI Falcon High Yield, LP)

IBI Falcon denied that the payoff statement attached to the Amended Proof of Claim as Document #8 directs payment to IBI Falcon High Yield, LP—an entity other than IBI Falcon. This is a fact that should be readily verifiable from the face of a document already in IBI's own possession and filed with this Court as an exhibit to its own Amended Proof of Claim. If the payoff statement in fact identifies IBI Falcon High Yield as the payee, this denial does not fairly respond to the substance of the matter under Rule 36(a)(4) and may expose

IBI Falcon to fee-shifting under Rule 37(c)(2) if the Debtor is put to the expense of proving the point at an evidentiary hearing.

IBI Falcon compounded the issue by objecting, on relevance grounds, to Interrogatory No. 3, which asked it to explain why the payoff statement directs payment to a different entity—denying the underlying fact in the Request for Admission while simultaneously refusing to explain it in the Interrogatory.

Requested Action: IBI Falcon must provide a complete, non-conclusory answer to Interrogatory No. 3 explaining why the payoff statement attached to its own Amended Proof of Claim directs payment to IBI Falcon High Yield, LP rather than to IBI Falcon, in light of IBI Falcon's denial of the same fact in RFA No. 9.

B. IBI SBL RFA No. 30 (Notice of Bankruptcy)

IBI SBL denied that it had actual or imputed notice of the commencement of the Bankruptcy Case on or before October 21, 2025—a denial that puts IBI SBL's notice date squarely at issue rather than conceding it. The denial is not necessarily inconsistent with IBI SBL's own Interrogatory No. 20 answer (which, notwithstanding its entity-mixing defect, gives November 19, 2025 as the date of notice—a date after October 21, 2025), but it leaves IBI SBL's actual notice date and the basis for denying notice by the earlier date entirely unexplained, particularly where the Stay Motion alleges the Debtor's BNC notice issued October 15, 2025.

A denial under Rule 36 must "fairly respond to the substance of the matter," Fed. R. Civ. P. 36(a)(4). A party who lacks information sufficient to admit or deny must state that it has made "reasonable inquiry" and that the information it has is insufficient—a recitation that does not appear anywhere in either response set.

Requested Action: IBI SBL must state, with a specific date and supporting basis, when it first received actual or constructive notice of the bankruptcy, rather than the bare denial given in response to RFA No. 30 (denying notice by October 21, 2025 without stating an alternative date).

VI-A. Document Production and Non-Production Deficiencies

The deficiencies identified in this letter concern the form and substance of the written discovery responses themselves—admissions, denials, objections, and interrogatory answers. The Debtor reserves the right to address, in a forthcoming separate communication, deficiencies related to the specific documents that have been produced and those that have not been produced in response to the Requests for Production of Documents, including any failure to produce responsive documents, incomplete

production, improper redaction, or inadequate Bates-stamping and organization of produced materials.

## VII. Requested Supplemental Responses and Deadline

To avoid the necessity of a motion to compel, please provide supplemental responses addressing each of the deficiencies identified in Sections I through VI above no later than July 10, 2026 (fourteen calendar days from the date of this letter). The supplemental responses must include:

1. Properly verified interrogatory answers signed under oath by an officer, manager, member, or general partner of each entity, as required by Fed. R. Civ. P. 33(b)(3) and (b)(5);

2. Corrected, entity-specific answers to IBI Falcon Interrogatory Nos. 25 and 30 and IBI SBL Interrogatory Nos. 20 and 23, properly attributed and signed under oath;

3. Complete, responsive answers to IBI Falcon Interrogatory Nos. 4 and 25 and IBI SBL Interrogatory Nos. 3, 4, and 5, as detailed above;

4. Substantive answers (not objections) to IBI Falcon Interrogatory Nos. 3, 5, 8, 9, and 20 and IBI SBL Interrogatory Nos. 8, 9, 13, and 14, or withdrawal of the relevance objections to those interrogatories;

5. Responsive document production for IBI Falcon RFP Nos. 9, 20, and 30 and IBI SBL RFP Nos. 9, 10, and 15, or withdrawal of the relevance objections to those requests;

6. A proper privilege log satisfying Fed. R. Civ. P. 26(b)(5) for IBI Falcon Interrogatory Nos. 26, 27, and 29 and IBI SBL Interrogatory Nos. 19 and 30, or substantive answers in the absence of a valid privilege claim; and

7. A coordinated supplemental response resolving the direct conflict among IBI Falcon's RFA No. 13 denial, IBI Falcon's Interrogatory No. 25 answer, and IBI SBL's Interrogatory No. 24 admission regarding the present location of the original Note and the complete chain of custody from May 3, 2023 to the present.

## VIII. Consequences of Non-Compliance

If supplemental responses are not provided by July 10, 2026, the Debtor will move to compel discovery under Fed. R. Civ. P. 37(a) and will seek an award of reasonable expenses incurred in making the motion, including attorney's fees, as Rule 37(a)(5)(A) requires. The Court must order payment of the movant's reasonable expenses if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, unless the movant filed the motion before attempting in good faith to obtain the discovery without court

action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust.

Moreover, due to the significant time constraints facing the Debtor and the pattern of deficiencies in IBI Falcon's and IBI SBL's discovery responses, the Debtor's counsel may be compelled to move forward with submitting a motion for reconsideration of the Court's Order to Quash Debtor's Discovery Subpoena, entered June 18, 2026. The inadequate responses from IBI Falcon and IBI SBL have hampered the Debtor's ability to obtain critical information through party discovery, potentially necessitating renewed efforts to obtain relevant evidence through third-party discovery that the Court previously quashed. The Debtor reserves all rights to seek such relief if your clients' supplemental responses do not adequately remedy the deficiencies identified herein.

This letter constitutes the good-faith attempt to confer required by Fed. R. Civ. P. 37(a)(1) and will be attached to any motion to compel if supplemental responses are not timely provided.

Please confirm receipt of this letter and your clients' intention to provide supplemental responses by July 13, 2026.

Respectfully,

Deirdre T. Johnson, Esq.
Counsel for the Debtor