

Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

July 13, 2026

**Via First Class Mail and E-mail**
Deirdre T. Johnson, Esq.
9701 Apollo Drive
Suite 301
Upper Marlboro, Maryland 20774
dtjesq@dtjohnsonlaw.com

> Re:    *In re 5410 30th Street DC LLC*
> Case No. 25-19605-LSS (Bankr. D. Md. 2025)

Ms. Johnson:

This letter follows on your correspondence of June 29, 2026, raising various concerns about my clients' responses to discovery requests issued by the debtor (the "Debtor") in the above-referenced matter. Endeavoring to address your comments in turn, I note as follows:

1.    Signatures and Typographical Errors: My clients will produce—within the next 48 hours—amended interrogatory answers, signed under oath by an appropriate agent of each entity. I appreciate your raising this issue and we do not oppose addressing the matter. Similarly, the amended answers will address certain typographical issues raised in your letter.

2.    IBI Falcon Interrogatory #4: As I believe the Debtor is aware, at no point in time has the Debtor ever made a payment to IBI Falcon US LLC ("IBI Falcon"). The date indicated in this response is the date upon which IBI Falcon came to hold the note. Suffice it to posit, I do not believe there is any contention the Debtor made payments to IBI Falcon before IBI Falcon held the promissory note.

3.    IBI Falcon Interrogatory #25: I believe the issue here may be your client's request for a listing of every "natural person" who has possessed the promissory note. The note was held, following execution, by FTF Lending, LLC (which is, of course, not a natural person). FTF continued to hold the note, as a custodian for the benefit of IBI SBL Investment LP (and, in turn, IBI Falcon US LLC), until shortly after this case was commenced—continuing to preclude custody by a natural person. Once this case was commenced, and your client inquired as to the note's whereabouts, the note was then transferred to my clients' counsel in Ohio (as noted in prior communications and motions practice), before being transferred to my law firm. Since the law firms are, too, not "natural persons," it genuinely does not appear a natural person has served as a custodian at any time.

9812 Falls Road
#114-160
Potomac, Maryland 20854

1452 W. Horizon Ridge Pkwy
#665
Henderson, Nevada 89012



For want of ambiguity, my firm does not maintain formal office space in which the note is held. While I am reticent to share (with anyone) exactly where I have elected to keep the note since it was conveyed to my firm (to be held for the benefit of my client), I can share that it has resided (i) under lock and key; (ii) in a fireproof environment accessibly only by myself; (iii) in the State of Maine. When I brought the note to the Beltway region, in anticipation of producing the document for inspection at the Greenbelt courthouse, the note was stored in a similarly secure environment accessible (and known) only to myself. In bringing the document to—and from—the Beltway region, the document traveled with me on an airplane, in a carry-on bag, encased in waterproof packaging, and only left my physical control while placed in TSA screening. Upon returning to Maine, the document was restored to the aforesaid environment under lock and key.

4.      IBI SBL Interrogatories #3 and #4: I believe this is likely a ministerial oversight. To the extent IBI SBL executed a document, after the note was conveyed to IBI Falcon, the execution has been ratified by IBI Falcon. Please note that IBI Falcon has not—and will not—urge the extension agreements to be void for want of authority, and your client fully realized the benefit of each such agreement. I do not believe anyone is questioning the validity of these agreements (which have been fully performed under at this juncture).

5.      IBI SBL Interrogatory #5: While I respect your inquiry here, I believe such would either be fodder for questioning at deposition (something your client elected to not pursue) or through a separate interrogatory. I am also candidly uncertain of the relevance of this interrogatory. There has been an unfortunate theme—from the outset of this case—of your client's reliance on a District of Columbia statute concerning the need for a power of attorney document to exist for a *deed* to be recorded in the land records. As noted in prior briefing, such rigor does not apply (and, for myriad reasons, could not apply) to allonges, promissory notes, or even assignments of deeds of trust. As also noted throughout this case, both prior noteholders acknowledge IBI Falcon to be the rightful noteholder and to have been the rightful noteholder since before the bankruptcy case was filed.

6.      Ownership: Concerning these interrogatories, my clients stand by their objections and will not provide sensitive information as to their respective beneficial owners. I do not see how such is even vaguely relevant to the case at bar and, to the contrary, furnishing this information would seemingly only invite the undue harassment of my clients' investors. The Debtor has already sued the three natural persons it knows to be associated with my clients; the concerns that underly keeping this information confidential are very much real in nature.

7.      Payment Records for Transfer of the Note (*not* on the Note): Again, I believe we disagree as to relevance. The extent, *vel non*, of any payment for a transfer of the note is immaterial to the issues before the court. FTF is not alleging it still owns the note, nor is IBI SBL. Everyone (other than your client) seems to agree IBI Falcon is the owner and holder of the note. The financial dealings of the three entities are sensitive and irrelevant. If one of the three lender entities were alleging a failure of consideration in transferring the note, such would be one thing. But, as

**9812 Falls Road**          **1452 W. Horizon Ridge Pkwy**
**#114-160**                      **#665**
**Potomac, Maryland 20854**          **Henderson, Nevada 89012**

observed in myriad filings, such is a defense only one of the three entities would have standing to raise (not something your client may raise). Seeking to delve into a lender's financial dealings with anyone other than the Debtor is irrelevant to almost every chapter 11 case and this hardly seems an exception to that rule.

8. Adverse Documents: While we stand by this objection, please note that no documents have been withheld.

9. Privilege Log: I do not believe your letter fairly summarizes the privilege objections. Importantly, each privilege objection is made alongside a relevance objection. Since the underlying material (or information) is not relevant, the material (or information) is necessarily outside the scope of discovery. And a privilege log is not appropriate for documents that would not be independently discoverable in the first instance.

10. IBI Falcon High Yield: Based on the manner in which these were worded, the responses given are—and remain—valid. For want of ambiguity, however, I would share that the entity to which payment is to be sent is an entity that would hold monies for the benefit of IBI Falcon, not an entity that holds the note or purports to have an independent entitlement to collect on the note. I would also point out that this is a rather common practice amongst lenders and servicers of secured debt, especially since many noteholders do not have their own depository accounts.

A final note: While I appreciate you are bound to advocate within the contours of what is urged by your client in good faith, I remain deeply concerned about the tactics being utilized by the Debtor in this case—as exemplified by the enormously prophylactic and unwieldy discovery that has been issued in furtherance of topics that are, as a matter of law, irrelevant. I truly do not understand how almost any of this is relevant. And I hope you appreciate that my client's provision of responses, and production of reems of documents, ought not be confused with a waiver of the relevance objection that transcends so much of this case.

In lieu of seeking irrelevant and immaterial documents, I sincerely wish the Debtor would devote efforts to proposing a viable plan of reorganization. With enormous sincerity, I do not feign to even begin to understand why the Debtor so steadfastly declines to do so.

*[Signature on Following Page]*

| | |
|---|---|
| **9812 Falls Road** | **1452 W. Horizon Ridge Pkwy** |
| **#114-160** | **#665** |
| **Potomac, Maryland 20854** | **Henderson, Nevada 89012** |



Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

9812 Falls Road                    1452 W. Horizon Ridge Pkwy
#114-160                              #665
Potomac, Maryland 20854        Henderson, Nevada 89012