IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:

5410 30th Street DC LLC,

Debtor.

Case No. 25-19605-LSS

Chapter 11

**DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION**

**(As Filed July 22, 2026)**

5410 30th Street DC LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), proposes the following Second Amended Plan of Liquidation (this "Plan") pursuant to 11 U.S.C. § 1121(a). This Plan supersedes and replaces, in its entirety, the Debtor's Amended Plan of Liquidation and Amended Disclosure Statement filed March 5, 2026 (DE #120, #121). Reference should be made to the accompanying Second Amended Disclosure Statement (the "Disclosure Statement") for a discussion of the Debtor's history, the events leading to this proceeding, a summary and analysis of this Plan, the Debtor's response to the objections of creditor IBI Falcon US LLC ("IBI Falcon"), a comparison of this Plan to the competing Substitute Plan filed by IBI Falcon (DE #129), and certain risk factors. This Plan and the Disclosure Statement are filed in advance of the omnibus hearing scheduled for August 5, 2026, at which the Bankruptcy Court is expected to consider, together: (i) the Debtor's Motion for Determination That IBI Falcon Is Not a Party in Interest (DE #133); (ii) IBI Falcon's Motion to Convert Case to Chapter 7 (DE #95); (iii) the Debtor's Objection to IBI Falcon's Amended Proof of Claim No. 2 (DE #132); (iv) approval of this Disclosure Statement and Plan; (v) approval of IBI Falcon's competing Substitute Disclosure Statement and Plan; and (vi) IBI Falcon's Motion for Relief from the Automatic Stay (DE #195). All holders of Claims against, and Interests in, the Debtor are encouraged to read this Plan and the Disclosure Statement in their entirety.

## ARTICLE I

### DEFINITIONS AND RULES OF CONSTRUCTION

**1.1 Definitions.**

The following terms used in this Plan have the meanings set forth below. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Local Bankruptcy Rules, has the meaning given to that term in the Bankruptcy Code or the Local Bankruptcy Rules, as applicable.

1

| | |
|---|---|
| **Administrative Claim** | A Claim for costs and expenses of administration of the Chapter 11 Case allowed under 11 U.S.C. § 503(b) and entitled to priority under 11 U.S.C. § 507(a)(2), including, without limitation, Professional Fee Claims (including the Supplemental Fee Claim described in Section 2.2) and fees payable under 28 U.S.C. § 1930. |
| **Allowed** | With respect to a Claim or Interest, a Claim or Interest (a) scheduled by the Debtor pursuant to Federal Rule of Bankruptcy Procedure 1007-1, other than a Claim scheduled as disputed, contingent, unliquidated, or in an unknown amount; or (b) as to which a proof of claim or interest has been timely filed on or before the bar date  (c) as to which any objection has been resolved by a Final Order in favor of the holder, or (d) that has been allowed by a Final Order or by this Plan (e) that is deemed filed pursuant to 11 U.S.C 1111(a) and Bankruptcy Rule 3003, provided that such claim is not scheduled as disputed, contingent, amount unknown, or unliquidated and has not been superseded by a timely filed proof of claim  A claim scheduled as disputed, contingent, unliquidated, or as "Unknown" for which no timely Proof of Claim was filed before the Bar Date is NOT an Allowed Claim. |
| **Bankruptcy Code** | Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as in effect on the Confirmation Date. |
| **Bankruptcy Court** | The United States Bankruptcy Court for the District of Maryland, Greenbelt Division. |
| **Bankruptcy Rules** | The Federal Rules of Bankruptcy Procedure, together with the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland ("Local Rules"). |
| **Broker** | Zanetta Williams, a REALTOR® affiliated with Keller Williams Capital Properties, and Keller Williams Capital Properties, subject to retention as real estate broker under Section 5.2 of this Plan. |
| **Cash** | Legal tender of the United States of America. |
| **Chapter 11 Case** | The above-captioned case, In re 5410 30th Street DC LLC, Case No. 25-19605-LSS, pending in the Bankruptcy Court. |
| **Claim** | As defined in 11 U.S.C. § 101(5). |

| | |
|---|---|
| **Claims Objection Deadline** | The date that is ninety (90) days after the Effective Date, or such later date as may be fixed by the Bankruptcy Court, by which the Reorganized Debtor must file objections to Claims (other than the IBI Falcon Claim Objection, which is unaffected by this deadline). |
| **Closing** | The closing of a sale of the Property, whether pursuant to a private contract of sale or a sale under 11 U.S.C. § 363. |
| **Confirmation Date** | The date on which the Bankruptcy Court enters the Confirmation Order on its docket. |
| **Confirmation Order** | The order of the Bankruptcy Court confirming this Plan pursuant to 11 U.S.C. § 1129. |
| **Debtor** | 5410 30th Street DC LLC, a Maryland limited liability company. |
| **Disclosure Statement** | The Second Amended Disclosure Statement for this Plan, as approved by the Bankruptcy Court under 11 U.S.C. § 1125, as it may be amended, modified, or supplemented. |
| **Distribution** | Any distribution of Cash or other property under this Plan. |
| **Effective Date** | The first Business Day on which all conditions to the effectiveness of this Plan set forth in Section 8.2 have been satisfied or waived. |
| **Estate** | The estate created in the Chapter 11 Case pursuant to 11 U.S.C. § 541. |
| **Final Order** | An order or judgment of the Bankruptcy Court (or other court of competent jurisdiction) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument or rehearing is pending, has been waived, or, if sought, has been finally resolved without further right of review. |
| **General Unsecured Claim** | Any Claim against the Debtor that is not a Secured Claim, an Administrative Claim, or a Priority Tax Claim, including, without limitation, any portion of the IBI Falcon Claim that is disallowed as a Secured Claim or reclassified as unsecured, and all undisputed Claims listed on Schedule E/F not superseded by a timely filed proof of claim. |
| **IBI Falcon** | IBI Falcon US LLC. |

3

| | |
|---|---|
| **IBI Falcon Claim** | The Claim asserted by IBI Falcon against the Debtor, as reflected in Proof of Claim No. 2-1 (filed January 29, 2026, in the asserted amount of $2,676,531.91) and Amended Proof of Claim No. 2-2 (filed March 28, 2026, asserting the same amount), asserted to be secured by a deed of trust encumbering the Property. |
| **IBI Falcon Claim Objection** | The Debtor's Objection to Amended Proof of Claim No. 2 (DE #132, filed April 15, 2026), together with the Motion for Determination That IBI Falcon Is Not a Party in Interest (DE #133), and all further proceedings thereon, including any determination that IBI Falcon's claimed lien or note-holder status is void, unperfected, or otherwise unenforceable. |
| **Impaired** | With respect to a Class of Claims or Interests, a Class that is impaired within the meaning of 11 U.S.C. § 1124. |
| **Interest** | Any membership interest in the Debtor, including the 100% membership interest held by Zanetta Williams. |
| **Net Sale Proceeds** | The gross proceeds of any sale of the Property, less customary and reasonable closing costs, transfer and recordation taxes, and the Broker's Bankruptcy-Court-approved commission. |
| **Omnibus Hearing** | The hearing scheduled for August 5, 2026, at which the Bankruptcy Court is expected to consider the Party in Interest Motion, the Motion to Convert, the IBI Falcon Claim Objection, approval of this Disclosure Statement and Plan, approval of the IBI Substitute Disclosure Statement and Plan, and the Stay Relief Motion. |
| **Party in Interest Motion** | The Debtor's Motion for Determination That IBI Falcon Is Not a Party in Interest (DE #133). |
| **Person** | As defined in 11 U.S.C. § 101(41). |
| **Petition Date** | October 14, 2025. |
| **Plan** | This Second Amended Plan of Liquidation, as it may be amended, modified, or supplemented from time to time. |
| **Priority Tax Claim** | Any Claim of a governmental unit entitled to priority under 11 U.S.C. § 507(a)(8), including the claim of the District of Columbia Office of Tax and Revenue ("OTR") for unpaid real property taxes on the Property. |

| | |
|---|---|
| **Pro Rata** | The proportion that an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in that Class. |
| **Property** | The real property located at 5631 MacArthur Boulevard NW, Washington, D.C. 20016 (Square/Suffix 1446/0043; Hickory Creek, Lot 15, Section 3), together with all improvements thereon, which constitutes substantially all of the Debtor's assets. |
| **Reorganized Debtor** | The Debtor, or any successor thereto, on and after the Effective Date. |
| **Sale** | The sale of the Property as contemplated by Article V of this Plan. |
| **Santorini** | Santorini Capital, LLC. |
| **Santorini Claim** | The Claim asserted by Santorini to be secured by a junior lien on the Property, in an asserted amount of approximately $975,000.00, as to which no proof of claim has been filed as of the date of this Plan. |
| **Secured Claim** | A Claim that is secured by a lien on property of the Estate, to the extent of the value of such collateral, as determined in accordance with 11 U.S.C. § 506(a). |
| **Stay Relief Motion** | IBI Falcon's Motion for Relief from the Automatic Stay (DE #195, filed June 29, 2026). |
| **Supplemental Fee Claim** | The Administrative Claim of Debtor's counsel, Deirdre T. Johnson, Esq., for supplemental attorney's fees and costs described in Section 2.2, totaling not less than $70,116.60 as of the date of this Plan, subject to supplementation through the Confirmation Date. |
| **Unsecured Distribution Fund** | The Cash fund described in Section 4.4 of this Plan, from which holders of Allowed Class 4 Claims shall receive their Pro Rata Distributions. |
| **U.S. Trustee** | The United States Trustee for Region 4. |

**1.2 Rules of Construction.**

For purposes of this Plan: (a) any reference to the Bankruptcy Code or the Local Bankruptcy Rules, includes any successor statute, rule, or regulation; (b) unless otherwise specified, all references to Articles and Sections are references to Articles and Sections of this Plan; (c) words denoting the singular include the plural and vice versa; (d) the words "include," "includes," and "including" are not limiting; and (e) the rules of construction set forth in 11 U.S.C. § 102 apply.

5

## ARTICLE II

## ADMINISTRATIVE CLAIMS

In accordance with 11 U.S.C. § 1123(a)(1), Administrative Claims are not classified under this Plan.

### 2.1 Administrative Claims.

Except to the extent that a holder of an Allowed Administrative Claim agrees to different treatment, each holder of an Allowed Administrative Claim shall be paid the full unpaid amount of such Allowed Administrative Claim in Cash (a) on the Effective Date, or as soon as reasonably practicable thereafter, or (b) if such Administrative Claim is not Allowed as of the Effective Date, within fourteen (14) days after the date such Claim becomes an Allowed Administrative Claim, consistent with 11 U.S.C. § 1129(a)(9)(A). Professional Fee Claims remain subject to final review and approval by the Bankruptcy Court under 11 U.S.C. §§ 330 and 331. No Professional Fee Claim shall be paid, in the ordinary course of business or otherwise, from Net Sale Proceeds, Cash on hand, or any other source, unless and until allowed by a separate order of the Bankruptcy Court entered on a properly noticed fee application filed in accordance with 11 U.S.C. §§ 330 and 331 and Local Bankruptcy Rule 2016-1; this Plan does not authorize payment of any Professional Fee Claim without prior Bankruptcy Court approval.

### 2.2 Supplemental Attorney Fee Claim.

Deirdre T. Johnson, Esq., counsel for the Debtor, holds a Professional Fee Claim for supplemental attorney's fees and costs incurred in this Chapter 11 Case that, as of the date of this Plan, totals not less than $70,116.60 (the "Supplemental Fee Claim"). The Supplemental Fee Claim is an Administrative Claim, treated in accordance with Section 2.1, and remains subject to a fee application and final review and allowance by the Bankruptcy Court under 11 U.S.C. §§ 330 and 331 before payment. The Debtor has included the Supplemental Fee Claim, as it may be supplemented through the Confirmation Date, in the projections and liquidation analysis set forth in the Disclosure Statement.

### 2.3 Statutory Fees.

All fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court, have been or will be paid in full on or before the Effective Date, consistent with 11 U.S.C. § 1129(a)(12).

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to 11 U.S.C. § 1122, Claims against and Interests in the Debtor (other than Administrative Claims, which are unclassified pursuant to Article II) are classified for all purposes, including voting, confirmation, and distribution under this Plan, as follows. A Claim or Interest is placed in

a particular Class only to the extent the Claim or Interest falls within the description of that Class, and is placed in a different Class to the extent the remainder of the Claim or Interest falls within the description of a different Class. Each Class of Claims scheduled or filed against the Debtor — including undisputed general unsecured claims scheduled on Schedule E/F for which no proof of claim has been filed — is classified in Class 4, so that no creditor is omitted from the Plan's classification scheme.

| Class | Designation | Impairment | Voting Rights |
|---|---|---|---|
| Class 1 | Priority Tax Claims | Unimpaired if paid in full on or before the Effective Date; otherwise Impaired | Not entitled to vote if Unimpaired (deemed to accept under 11 U.S.C. § 1126(f)); entitled to vote if Impaired |
| Class 2 | IBI Falcon Secured Claim | Impaired | Entitled to vote (subject to resolution of the Party in Interest Motion) |
| Class 3 | Santorini Secured Claim | Unimpaired | Not entitled to vote (deemed to accept under 11 U.S.C. § 1126(f)) |
| Class 4 | General Unsecured Claims | Impaired | Entitled to vote |
| Class 5 | Equity Interests | Impaired | Entitled to vote |

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

### 4.1 Class 1 – Priority Tax Claims (Unimpaired if Paid in Full; Otherwise Impaired).

Except to the extent that the holder of an Allowed Priority Tax Claim agrees to different treatment, each holder of an Allowed Priority Tax Claim shall receive, at the Debtor's election, either: (a) payment in full in Cash from Net Sale Proceeds at Closing or on the Effective Date, whichever is later; or (b) regular installment payments in Cash of a total value, as of the Effective Date, equal to the Allowed amount of such Claim, over a period ending not later than five (5) years after the

Petition Date (i.e., not later than October 14, 2030), with interest at the rate required by 11 U.S.C. § 511, in a manner not less favorable than the most favored nonpriority unsecured Claim provided for by this Plan, consistent with 11 U.S.C. § 1129(a)(9)(C).

The Debtor shall pay the allowed Class1 Priority Tax Claim of the District of Columbia Office of Tax and Revenue in accordance with this Section from Available funds, including from Net Sale Proceeds at closing if necessary.

### 4.2 Class 2 – IBI Falcon Secured Claim (Impaired).

The IBI Falcon claim remains subject to the Party in Interest Motion and the IBI Falcon Claim objection. Nothing contained herein shall prejudice either party's position regarding those contested matters.  Pending Final Order, treatment shall occur as provided herein. No distribution, cash payment, or cure shall be made to Class 2 unless and until the holder obtains an Order of the Bankruptcy Court establishing an Allowed Claim.  At Closing, the Debtor  shall place disputed funds into a segregated escrow account pending resolution of the Debtor's claim objection.  If the Class 2 Claim is disallowed in whole or in part the disallowed portion shall receive $0.00 dollars under this plan.  The full factual grounds supporting the Debtor's objection to Class 2 are set forth in the Disclosure Statement.

Distribution on account of Class 2 is governed as follows:

(1) Escrow at Closing. At Closing, the Debtor shall pay, from Net Sale Proceeds, into a segregated, interest-bearing escrow account (the "IBI Falcon Disputed Claim Escrow"), an amount equal to the amount asserted by IBI Falcon as of the Closing Date, or such lesser amount as the Bankruptcy Court determines is adequate pending resolution of the IBI Falcon Claim Objection and the Party in Interest Motion, to be held pending a Final Order or a settlement approved by the Bankruptcy Court under Local Bankruptcy Rule 9019.

(2) Treatment if IBI Falcon Is Determined Not to Be a Party in Interest. If the Bankruptcy Court determines, in connection with the Party in Interest Motion, the IBI Falcon Claim Objection, or otherwise, that IBI Falcon is not a creditor or party in interest, or that its claimed lien or note-holder status is void, unperfected, or otherwise unenforceable, IBI Falcon shall receive no Distribution on account of the IBI Falcon Claim under this Plan, its Claim shall be disallowed in its entirety, and any amount held in the IBI Falcon Disputed Claim Escrow shall revert to the Estate for Distribution in accordance with Section 5.3.

(3) Treatment of the Allowed Secured Portion. To the extent the IBI Falcon Claim (or any portion thereof) is Allowed as a Secured Claim by Final Order or approved settlement, IBI Falcon shall receive, on account of such Allowed Secured Claim, at the Debtor's election: (a) payment in full in Cash from the IBI Falcon Disputed Claim Escrow, in an amount equal to the lesser of (i) the Allowed Secured Claim, or (ii) the value of IBI Falcon's interest in the Property's Net Sale Proceeds as determined under 11 U.S.C. § 506(a); or (b) retention of its lien on the Net

Sale Proceeds to the extent of the Allowed Secured Claim, with deferred Cash payments satisfying 11 U.S.C. § 1129(b)(2)(A)(i)(I).

(4) Treatment of Any Disallowed or Reclassified Portion. To the extent the IBI Falcon Claim, or any portion of it, is disallowed, avoided, or reclassified as unsecured pursuant to a Final Order or approved settlement, such amount shall not be paid as a Class 2 Claim. Instead, to the extent thereafter Allowed as a general unsecured claim, it shall be treated exclusively as a Class 4 Claim under Section 4.4.

(5) Fees, Costs, and Interest. To the extent IBI Falcon holds an Allowed Secured Claim and is oversecured within the meaning of 11 U.S.C. § 506(b), it shall be entitled to reasonable fees, costs, and interest provided for under its loan documents, to the extent Allowed by Final Order. The disputed extension fees, forbearance fee, default-interest calculation, and any fees or costs attributable to the post-petition foreclosure instruments described in the IBI Falcon Claim Objection shall not be paid absent a Final Order specifically allowing them.

(6) Reversion of Excess Escrow. Any funds remaining in the IBI Falcon Disputed Claim Escrow after payment of the Allowed Secured Claim (if any) shall revert to the Estate and shall be distributed in accordance with the priority scheme set forth in Section 5.3.

**4.3 Class 3 – Santorini Secured Claim (Unimpaired).**

As of the date of this Plan, Santorini has not filed a proof of claim in the Chapter 11 Case. The absence of a filed proof of claim does not, by itself, extinguish or avoid a validly perfected lien; a secured creditor's lien passes through bankruptcy unaffected unless properly avoided, limited, or disallowed by a Final Order, motion, or plan provision that affords the lienholder due process. *See* 11 U.S.C. § 506(d)(2). Accordingly:

(7) To the extent Allowed, the Santorini Claim shall be paid in full in Cash from Net Sale Proceeds at Closing, and Santorini's lien shall otherwise ride through unimpaired to Closing in accordance with Section 9.1.

(8) Class 3 is Unimpaired and is conclusively presumed to accept this Plan pursuant to 11 U.S.C. § 1126(f).

**4.4 Class 4 – General Unsecured Claims (Impaired).**

Class 4 consists only of Allowed General unsecured Claims.  A holder of a Claim required under the Bankruptcy Code, Bankruptcy Rules, or order of the Bankruptcy Court to file a proof of claim, but who did not timely do so, shall not receive a distribution unless otherwise ordered by the Bankruptcy Court.  Nothing contained herein shall constitute an admission regarding the validity, amount, priority, or allowance of any scheduled or filed claim.  This includes any Claim listed on the Debtor's Schedule E/F (DE #16, §§ 3.5–3.6) that is not marked as disputed, contingent, an amount that is unknown, or unliquidated —to the extent not superseded by a timely filed proof of claim, in accordance with Bankruptcy Rule 3003(b)(1). The Reorganized Debtor shall reconcile

9

all such scheduled Claims against the claims register and, in advance of any Distribution under this Section, shall file with the Bankruptcy Court a schedule identifying all Claims treated as Allowed Class 4 Claims for purposes of that Distribution. The Reorganized Debtor expressly reserves all rights to object to any claim prior to distribution.

Each holder of an Allowed Class 4 Claim shall receive its Pro Rata share of the Unsecured Distribution Fund, in full and final satisfaction of such Claim. The "Unsecured Distribution Fund" means Cash in an amount equal to the greater of:

(9) $100,000.00 (the "Minimum Distribution"), payable from Net Sale Proceeds at Closing, or, if Net Sale Proceeds remaining after payment in full of Classes 1 through 3 and all Allowed Administrative Claims are less than $100,000.00, the largest amount then available, provided that in no event shall funding of the Minimum Distribution reduce or delay amounts required to be paid to Classes 1 through 3 or to Allowed Administrative Claims; or

(10) The amount, if any, by which Net Sale Proceeds exceed the amounts required to pay Classes 1, 2, and 3 in full (including full funding of the IBI Falcon Disputed Claim Escrow under Section 4.2) and all Allowed Administrative Claims in full, up to the full Allowed amount of all Class 4 Claims, such that Class 4 is paid one hundred cents on the dollar if Net Sale Proceeds are sufficient to do so.

(11) Any creditor (including any schedule creditor listed as disputed, unliquidated, contingent, or an unknown dollar amount) required to file a proof of claim that failed to timely do so shall not be entitled to receive a Distribution under this plan unless otherwise ordered by the Bankruptcy Court. This term applies regardless of whether the Debtor holds positive equity in the Property, or whether such equity is subsequently revalued, adjusted, or realized upon Sale. No unfiled, disallowed, or time-barred creditor shall have any right or claim to any portion of the Debtor's surplus equity.

If the Unsecured Distribution Fund is insufficient to pay all Allowed Class 4 Claims in full, each holder of an Allowed Class 4 Claim shall receive its Pro Rata share, and, except as provided in Section 4.5, no property shall be distributed to or retained by Class 5 on account of its Interests, consistent with 11 U.S.C. § 1129(b)(2)(B)(ii).

**4.5 Class 5 – Equity Interests (Impaired).**

The holder of the Class 5 Interest (Zanetta Williams) shall retain her Interest in the Reorganized Debtor. However, consistent with the absolute priority rule, this Plan does not permit Ms. Williams to retain her Interest or receive any distribution ahead of, or without the consent of, a dissenting impaired Class of unsecured creditors:

(12) If Class 4 votes to accept this Plan as a Class (determined in accordance with 11 U.S.C. § 1126(c), and without counting any acceptance by an insider for purposes of 11 U.S.C. § 1129(a)(10)), and this Plan otherwise satisfies 11 U.S.C. § 1129(a), the Class 5 Interest holder

10

may retain her Interest and receive any Surplus (as defined below) notwithstanding that Class 4 may not be paid in full, consistent with consensual confirmation under 11 U.S.C. § 1129(a)(8) and (10).

(13) If Class 4 does not accept this Plan as a Class, the Class 5 Interest holder shall receive or retain Cash or other property on account of her Interest only if and to the extent that: (a) Classes 1 through 4 have been paid or treated in full as required by Sections 4.1 through 4.4 (including full funding of the IBI Falcon Disputed Claim Escrow), and (b) all Allowed Administrative Claims have been paid in full, in which case the Class 5 Interest holder shall receive any Net Sale Proceeds remaining thereafter (the "Surplus"). If the conditions in this subsection are not satisfied, the Class 5 Interest holder shall not receive or retain any property on account of her Interest, consistent with 11 U.S.C. § 1129(b)(2)(B)(ii).

(14) No Distribution shall be made to Class 5 unless and until the IBI Falcon Disputed Claim Escrow has been finally resolved by Final Order or Bankruptcy-Court-approved settlement, and any reverted excess has first been applied to complete payment of Class 4 in accordance with Section 4.4.

Any and all equity, surplus value, or unencumbered asset value remaining from the Sale of the Property after the satisfaction of Allowed Claims in Classes 1 through 4 and Allowed Administrative Claims shall revert entirely to the Debtor and be retained by the Equity Interest Holder (Ms. Williams) pursuant to 11 U.S.C. 1123(a)(5)(D)

This structure requires no new-value contribution and because Ms. Williams retains her Interest only where a dissenting Class 4 is paid in full or affirmatively accepts the Plan, she receives no property "on account of" her prior Interest ahead of a non-consenting senior impaired class.

## ARTICLE V

## MEANS OF IMPLEMENTATION

**5.1 Continued Marketing and Sale of the Property.**

This Plan is a plan of liquidation. The sole source of funding for Distributions under this Plan is the Sale of the Property. The Debtor has marketed the Property since August 29, 2025, as described in the Disclosure Statement, and shall continue such marketing efforts through the Reorganized Debtor following the Effective Date, as follows:

• Listing Price. The Reorganized Debtor shall market the Property through the Broker at a listing price determined by the Reorganized Debtor in the exercise of reasonable business judgment, in consultation with the Broker, subject to adjustment based on market conditions.

• 120-Day Marketing Reviews. Not later than every 120 days after the Effective Date, the Reorganized Debtor shall review pricing and marketing strategy with the Broker and shall file with the Bankruptcy Court, with copies to IBI Falcon (if its Claim remains pending or Allowed), Santorini, and the U.S. Trustee, a status report describing marketing efforts undertaken, offers received (if any), and any proposed adjustment to the listing price or marketing strategy.

• Outside Date. If the Property has not been sold within twelve (12) months after the Effective Date (the "Outside Date"), unless extended by the Bankruptcy Court for cause shown on motion of the Reorganized Debtor filed before the Outside Date, the Reorganized Debtor shall, within fourteen (14) days after the Outside Date, either: (a) file a motion to sell the Property free and clear of liens, claims, and interests pursuant to 11 U.S.C. § 363(b) and (f), with such liens, claims, and interests to attach to the proceeds of sale, through a Bankruptcy-Court-supervised auction or marketing process with notice in accordance with Bankruptcy Rule 6004 and any other applicable Local Rule; or (b) consent to conversion of the Chapter 11 Case to a case under Chapter 7. This mechanism provides a defined outer limit on the sale process while preserving flexibility to continue an active, broker-led marketing and sale process for so long as it is producing results — an approach the Debtor submits will realize materially more value for all creditors.

Nothing contained herein shall prohibit the Debtor from accepting an offer at any time that, in the exercise of reasonable business judgement, and subject to Bankruptcy Court approval where required, maximizes value for the Estate.

**5.2 Retention of Broker.**

Concurrently with or promptly after confirmation of this Plan, the Debtor shall seek Bankruptcy Court approval, under 11 U.S.C. §§ 327(a) and 328(a) and Bankruptcy Rule 2014, of the retention of Zanetta Williams and Keller Williams Capital Properties as the real estate broker to market and sell the Property, on a commission to be disclosed in the retention application and subject to Bankruptcy Court approval. Ms. Williams is a REALTOR® with approximately six years of active brokerage experience who has closed approximately 25 transactions over the preceding five years with an aggregate value of approximately $15.7 million, including sales up to $1.7 million, and has represented both buyers and sellers in the District of Columbia and Maryland markets. The retention application shall fully disclose Ms. Williams's status as an insider of the Debtor (its sole member and manager) and any other connections required to be disclosed under Bankruptcy Rule 2014(a).

**5.3 Closing and Order of Distribution.**

Upon Closing, the Reorganized Debtor shall distribute Net Sale Proceeds in the following order of priority, with each tier paid in full (to the extent funds are available) before any Distribution is made to the next tier:

(15) Class 1 (Priority Tax Claims), to the extent then due under Section 4.1;

(16) Class 3 (Santorini Secured Claim), in full;

(17) Class 2 (IBI Falcon Secured Claim), including full funding of the IBI Falcon Disputed Claim Escrow, as provided in Section 4.2;

(18) Allowed Administrative Claims, in full, including the Supplemental Fee Claim described in Section 2.2, to the extent Allowed;

(19) Class 4 (General Unsecured Claims), as provided in Section 4.4; and

(20) Class 5 (Equity Interests), as provided in Section 4.5.

**5.4 IBI Falcon Disputed Claim Escrow.**

The IBI Falcon Disputed Claim Escrow described in Section 4.2 shall be held by an escrow agent acceptable to the Bankruptcy Court (which may be a licensed title or escrow company) in an interest-bearing account, and shall be released only upon a Final Order or a settlement approved by the Bankruptcy Court under Bankruptcy Rule 9019.

**5.5 Prosecution of the IBI Falcon Claim Objection, the Party in Interest Motion, and Retained Causes of Action.**

The Reorganized Debtor shall continue to prosecute the IBI Falcon Claim Objection, the Party in Interest Motion, and retains all causes of action belonging to the Debtor or the Estate, including under 11 U.S.C. §§ 502(b), and 506(a), except to the extent any such cause of action is expressly released, settled, or compromised by Final Order or Bankruptcy-Court-approved settlement. This Plan preserves those causes of action for the benefit of the Estate and creditors generally.

**5.6 Post-Confirmation Management.**

Zanetta Williams shall continue to serve as the sole manager of the Reorganized Debtor after the Effective Date, subject to the reporting obligations of Section 5.1 and the Bankruptcy Court's retained jurisdiction under Article X.

**5.7 Dissolution.**

Upon completion of all Distributions required by this Plan and the filing of a final report and accounting with the Bankruptcy Court, the Reorganized Debtor may be dissolved in accordance with applicable non-bankruptcy law without further order of the Bankruptcy Court.

## ARTICLE VI

## PROVISIONS FOR RESOLVING DISPUTED CLAIMS

**6.1 Objections to Claims.**

The Reorganized Debtor may object to any Claim through the Claims Objection Deadline, or such later date as the Bankruptcy Court may allow on motion made before expiration of the Claims Objection Deadline.

**6.2 The IBI Falcon Claim Objection and Party in Interest Motion.**

Confirmation of this Plan shall not affect, resolve, waive, or otherwise limit the IBI Falcon Claim Objection or the Party in Interest Motion, both of which shall continue to be prosecuted by the Reorganized Debtor until resolved by Final Order or by a settlement approved by the Bankruptcy Court under Bankruptcy Rule 9019.

**6.3 No Distribution Pending Allowance.**

Except as otherwise expressly provided in this Plan (including the escrow mechanism in Sections 4.2 and 5.4), no Distribution shall be made on account of a Claim that is not an Allowed Claim unless and until it becomes an Allowed Claim.

**6.4 Reservation of Rights.**

Nothing contained in this Plan shall waive any objections to any Claim, defense, offset recoupment, cause of action, or other rights of the Estate or the Reorganized Debtor unless expressly provided herein or by Final Order of the Bankruptcy Court.

## ARTICLE VII

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1 Assumption of Broker Agreement.**

Any listing or brokerage agreement between the Debtor and Ms. Williams or Keller Williams Capital Properties shall be assumed as of the Effective Date, subject to and conditioned upon Bankruptcy Court approval of the retention application described in Section 5.2.

**7.2 Rejection of Other Contracts.**

Except as otherwise provided in this Plan or previously ordered by the Bankruptcy Court, all executory contracts and unexpired leases to which the Debtor is a party that have not been previously assumed, assumed and assigned, or rejected shall be deemed rejected as of the Effective Date.

## ARTICLE VIII

## CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

### 8.1 Conditions to Confirmation.

Entry of the Confirmation Order is subject to the Bankruptcy Court having determined that the Disclosure Statement contains "adequate information" within the meaning of 11 U.S.C. § 1125(a), following notice and a hearing in accordance with Bankruptcy Rule 3015-2. The Bankruptcy Court has scheduled the Omnibus Hearing for August 5, 2026, at which approval of this Disclosure Statement, together with the Party in Interest Motion, the Motion to Convert, the IBI Falcon Claim Objection, approval of IBI Falcon's competing Substitute Disclosure Statement, and the Stay Relief Motion, are expected to be considered.

### 8.2 Conditions to the Effective Date.

The following are conditions to the occurrence of the Effective Date: (a) the Confirmation Order shall have been entered by the Bankruptcy Court; and (b) either the fourteen-day period described in Bankruptcy Rule 3022-1 shall have expired without a stay having been obtained, or any such stay shall have been vacated or shall have expired.

### 8.3 Waiver of Conditions.

The Debtor may waive any condition to the Effective Date set forth in Section 8.2, except the requirement of entry of the Confirmation Order.

## ARTICLE IX

## EFFECT OF CONFIRMATION

### 9.1 Vesting of Property.

Except as otherwise provided in this Plan, on the Effective Date, all property of the Estate, including the Property (until Sale) and any Net Sale Proceeds, shall vest in the Reorganized Debtor, free and clear of all Claims, liens, and Interests, except as expressly provided in this Plan, pursuant to 11 U.S.C. § 1141(b) and (c). Notwithstanding the foregoing, and consistent with 11 U.S.C. § 1129(b)(2)(A)(i)(I), the Allowed Secured Claims of Class 2 and Class 3 are not released, extinguished, waived, or discharged by this vesting provision or by confirmation of this Plan. The liens securing such Allowed Secured Claims shall continue, unaltered and unimpaired, to encumber the Property until Closing, and shall thereafter attach to the Net Sale Proceeds with the same validity, priority, and extent as existed immediately before the Effective Date, until such Allowed Secured Claims are paid in full in accordance with Sections 4.2 and 4.3 or the holder thereof otherwise consents, in writing, to release of its lien.

**9.2 No Discharge.**

Because this Plan provides for the liquidation of substantially all of the property of the Estate and the Debtor does not intend to continue business after consummation of this Plan, and because the Debtor, as a non-individual (limited liability company) debtor, would be denied a discharge under 11 U.S.C. § 727(a)(1) if the Chapter 11 Case were a case under Chapter 7, confirmation of this Plan does NOT result in a discharge of the Debtor's debts pursuant to 11 U.S.C. § 1141(d)(3). Holders of Claims not paid in full under this Plan therefore retain, after the Effective Date, whatever rights and remedies they would otherwise have against the Debtor and the Reorganized Debtor with respect to the unpaid portion of their Claims, except as such rights and remedies are limited by the injunction in Section 9.3, the vesting provisions of Section 9.1, and applicable non-bankruptcy law.

**9.3 Injunction.**

Except as otherwise provided in this Plan or the Confirmation Order, from and after the Effective Date, all Persons who have held, hold, or may hold Claims against or Interests in the Debtor are permanently enjoined from taking any of the following actions on account of such Claims or Interests, to the extent inconsistent with the treatment provided in this Plan: (a) commencing or continuing any action or proceeding against the Reorganized Debtor or property distributed or to be distributed under this Plan, other than to enforce rights expressly preserved by this Plan (including rights preserved by Section 9.2); (b) enforcing, attaching, collecting, or recovering any judgment, award, decree, or order against the Reorganized Debtor or Net Sale Proceeds otherwise than in accordance with the priority scheme set forth in Section 5.3; and (c) creating, perfecting, or enforcing any lien or encumbrance against the Property or Net Sale Proceeds other than the liens expressly preserved under Section 9.1 and the liens (if any) securing Allowed Class 1, Class 2, and Class 3 Claims. This injunction does not enjoin: (i) any Person from asserting or prosecuting the IBI Falcon Claim Objection, the Party in Interest Motion, or any defense thereto; (ii) the U.S. Trustee from performing its statutory duties; or (iii) any Person from pursuing a Claim against any Person other than the Debtor or the Reorganized Debtor. This injunction is limited to the specific acts described above and does not constitute a release, exculpation, or discharge of any Claim except as, and to the extent, a discharge is available under Section 9.2.

**9.4 Exculpation and Release.**

<u>Exculpation from Liability</u>.  Neither the Debtor, nor the Sole Member of the LLC, nor any of their attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any person or Entity for any act taken or omitted to be taken in connection with or arising out of the commencement of the Chapter 11 Case, the formulation, preparation, dissemination, implementation, confirmation or approval of this Plan, any other plan of reorganization or any compromises or settlements contained herein, any disclosure statement related thereto or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the transactions set forth in the Plan or

16

in connection with any other proposed plan; provided, however, that the foregoing provisions shall not affect the liability that otherwise would result from any such act or omission to the extent that any such act or omission is determined in a Final Order to have constituted gross negligence, willful misconduct or bad faith.  Each of the foregoing parties in all respects shall have been and shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities during the Chapter 11 Case and under this Plan.  The rights granted under this paragraph are cumulative with (and not restrictive of) any and all rights, remedies, and benefits that the Exculpated Parties have or obtain pursuant to any provision of the Bankruptcy Code or other applicable law.  Nothing in this Section 10.3 or elsewhere in this Plan shall release, discharge, or exculpate any non-Debtor party from (a) any claim owed to the United States government or its agencies, including any liability arising  under the Internal Revenue Code or criminal laws of the United States, (b)  any claim arising pre-petition, or (c)  any claim of any Claimant except as expressly set forth herein.  This exculpation from liability provision is an integral part of the Plan and is essential to its implementation.

Release.   Upon completion of all payments under the Plan, for good and valuable consideration, the adequacy of which is hereby confirmed, Creditors Claims shall be discharged and not have or incur, and the Debtor is hereby released from, any claim, obligation, cause of action,  or liability to one another, for any act or omission before or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the operation of the Debtor's business (other than liabilities incurred in the ordinary course of business), this Chapter 11 case, the filing of this case, the formulation, preparation, dissemination, approval, confirmation, administration, implementation, or consummation of the Plan.

## ARTICLE X

## RETENTION OF JURISDICTION

Notwithstanding confirmation of this Plan or occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case to the fullest extent permitted by law, including jurisdiction to:

(21) hear and determine the Party in Interest Motion, the IBI Falcon Claim Objection, and any other objections to Claims;

(22) hear and determine the Motion to Convert, if not previously resolved or if renewed;

(23) hear and determine the Stay Relief Motion and any renewal thereof;

(24) hear and determine all applications for compensation of Professionals and the Broker, including the fee application for the Supplemental Fee Claim described in Section 2.2;

(25) enforce and interpret the terms and conditions of this Plan;

(26) resolve any disputes arising under or related to this Plan, including disputes regarding the IBI Falcon Disputed Claim Escrow or the Santorini Bar Date;

(27) hear and determine the Debtor's Motion to Enforce the Automatic Stay and for Sanctions and any related causes of action;

(28) enter such orders as are necessary to implement or consummate this Plan; and

(29) determine the allowance or disallowance of Claims and the entitlement of any creditor to participate in Distributions under this Plan.

(30) enter a final decree closing the Chapter 11 Case.

## ARTICLE XI

## MISCELLANEOUS PROVISIONS

### 11.1 Modification of Plan.

The Debtor reserves the right to modify this Plan at any time prior to confirmation in accordance with 11 U.S.C. § 1127(a), and after confirmation in accordance with 11 U.S.C. § 1127(b).

### 11.2 Amended Plan Filings.

Any further amendment to this Plan or the Disclosure Statement shall be filed and served in accordance with Local Bankruptcy Rule 3016-2, including a clean copy and a copy showing all changes from the previously filed version, with stricken material lined through or bracketed and new material underlined or in bold face type.

### 11.3 Governing Law.

Except to the extent governed by the Bankruptcy Code or Bankruptcy Rules, the rights and obligations arising under this Plan shall be governed by the laws of the State of Maryland, without giving effect to principles of conflicts of law, except that matters concerning title to, and liens against, the Property shall be governed by the law of the District of Columbia.

### 11.4 Severability.

If, prior to confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted. The remainder of the terms and provisions of this Plan shall remain in full force and effect.

**11.5 Notices.**

All notices required or permitted to be made in accordance with this Plan shall be in writing and served in accordance with the Bankruptcy Rules and Local Rules, including Local Bankruptcy Rule 2002-1, and addressed as follows:

> Deirdre T. Johnson, Esq
> Attorney at Lae
> 9701 Apollo Dr, Suite 301
> Upper Marlboro, MD  20774

**11.6 Successors and Assigns.**

This Plan is binding upon and inures to the benefit of the Debtor, the Reorganized Debtor, and all holders of Claims against and Interests in the Debtor, and their respective successors and assigns.

Dated: July 22, 2026

Respectfully submitted,

**5410 30TH STREET DC LLC,**
Debtor and Debtor in Possession

By counsel:

/s/ Deirdre T. Johnson, Esq.
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385 | dtjesq@dtjohnsonlaw.com
Counsel for Debtor, 5410 30th Street DC LLC

19

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of July, 2026, a copy of the foregoing DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION was served by US Mail, postage prepaid, upon all parties in interest, including:


Maurice B. VerStandig, Esq. (mac@mbvesq.com)

L. Jeanette Rice Jeanette.Rice@usdoj.gov, and

Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)


And by US Mail (First Class) pursuant to Local Bankruptcy Rules of the District of Maryland upon:

•        All Creditors and Parties in Interest as listed on the Court's Mailing Matrix (attached)


/s/ Deirdre T. Johnson, Esq.

Attn: Albeiro Medina
T&AA Construction, and Any / All Affiliates
11820 Parklawn Dr, Suite 380
Rockville, MD  20852

BHI Construction, and Any/All Affiliates
9342 Annapolis Rd
Lanham, MD  20706

City Concrete, and Any / All Affiliates
9284 Corp Circle
Manassas, VA 20110

DC Municipal Investments, LLC
c/o:  Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD  21030

DC Office of Tax & Revenue
Office of CFO
1101 4th St, SW
Washington, DC  20024

DC Water
1385 Canal St, SE
Washington, DC  20003

Fund That Flip / Upright
1300 E. 9th St, Suite 1310
Cleveland, OH  44114

IBI SBL Investment LP
IBI Falcon US, LLC
c/o The VerStandig Law Firm
9812 Falls Rd, #114-160
Potomac, MD  20854

Kylie Properties, LLC
Suite 200 #1060
12345 Parklawn Dr
Washington, DC 20002

PEPCO
701 9th St, NW
Washington, DC  20068

Santorini Capital LLC, and Any/All
Affiliates
Suite 200
2000 Massachusetts Ave, NW
Washington, DC 20036

Washington Gas
Attn:  Customer Care
6801 Industrial Rd
Springfield, VA  22151

Yonis Benitez
612 Oglethorpe St, NW
Washington, DC  20011

21