Entered: July 23rd, 2026
Signed: July 23rd, 2026

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:                                              *

5410 30th Street DC LLC,                *          Case No. 25-19605-LSS

    Debtor.                              *          Chapter 11

                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER SETTING EXPEDITED BRIEFING SCHEDULE

This case is scheduled to come before the Court for an omnibus hearing on August 5, 2026, on several contested matters including the Motion to Enforce the Automatic Stay and for Sanctions for Willful Violation of 11 U.S.C. § 362 [Dkt. No. 60] ("Motion to Enforce Stay"), filed by Debtor, Motion to Convert Case to Chapter 7 [Dkt. No. 95] ("Motion to Convert"), filed by IBI Falcon US LLC ("IBI Falcon") and IBI SBL Investments LP ("IBI SBL"), Objection to Proof of Claim No. 2 [Dkt. No. 116] ("Claim Objection"), filed by Debtor, Motion for Determination that IBI Falcon is Not a Party in Interest [Dkt. No. 133] ("Party in Interest Motion"), filed by Debtor, Motio for Relief from Stay [Dkt. No. 195], filed by IBI Falcon, and the responses and oppositions to the foregoing. The Court continued a previously scheduled hearing on some of the foregoing matters to allow Debtor to conduct discovery. In the interim,

the parties have appeared before the Court on multiple occasions. It has become apparent that the issue of standing of both Debtor and IBI Falcon will be central to these matters. However, the pleadings do not adequately discuss the standing issues. Accordingly, the Court has determined that the Debtor and IBI Falcon should submit briefs citing applicable statutory provisions and case law addressing the following:

(1) Whether, under District of Columbia law, Debtor has standing to challenge the assignments of the Note in connection with Debtor's Claim Objection;

(2) Whether, under Bankruptcy law, IBI Falcon has standing to bring the Motion for Relief from Stay; and

(3) Whether, under District of Columbia and Bankruptcy law, IBI Falcon has standing to bring the Motion to Convert.

In conducting brief research, the Court found two opinions the parties should include in their respective discussions. *See Rivera v. Rosenberg & Assocs., LLC*, 142 F. Supp. 3d 149, 155 (D.D.C. 2015) (as to Debtor's standing to challenge the assignments); and *Singh v. Lai*, 417 F. Supp. 3d 694, 699 (D. Md. 2019) (as to IBI Falcon's standing to bring the Motion for Relief from Stay). In addition, the Debtor should include in its brief a clear explanation of why IBI Falcon is not entitled to enforce the Note and Deed of Trust under District of Columbia law, and who is or may be entitled to enforce the Note and Deed of Trust. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Debtor shall file a brief addressing the issues described above no later than **Thursday, July 30, 2026**; and it is further,

**ORDERED**, that IBI Falcon shall file a response brief addressing the issues described above and Debtor's brief no later than **Monday, August 3, 2026**; and it is further,

**ORDERED**, that the parties should be prepared to present oral argument on the issue of standing at the beginning of the hearing scheduled on **Wednesday, August 5, 2026**.

cc:    Debtor – Deirdre Theresa Johnson
       IBI Falcon & IBI SBL – Maurice B. VerStandig

**End of Order**