Doc #: 2025038726
04/18/2025 02:48 PM



**EXHIBIT**

**30**

## DEED OF TRUST
## AND SECURITY AGREEMENT

5631 MacArthur Boulevard, N.W.
Washington, District of Columbia

THIS DEED OF TRUST AND SECURITY AGREEMENT (the "**Deed of Trust**") is made as of the 3ʳᵈ day of April, 2025, by and among **5410 30ᵀᴴ STREET DC LLC**, a Maryland limited liability company ("**Borrower**") having an address at 2011 Broks Drive, Apt. 130, District Heights, Maryland 20747, and **BRIAN P. DONEGAN** and **WILLIAM F. LEAHY**, each having an address at 2000 Massachusetts Avenue, N.W., Suite 200, Washington, D.C. 20036, as Trustees (collectively, the "**Trustee**"), either of whom may act, for the benefit of **SANTORINI CAPITAL LLC**, a District of Columbia limited liability company having an address at 2000 Massachusetts Avenue, N.W., Suite 200, Washington, D.C. 20036 (the "**Beneficiary**" or "**Lender**").

Borrower and Lender have entered a loan transaction pursuant to which Lender has agreed to advance to Borrower certain funds, in the aggregate amount of $368,000, in connection with the renovation and development of the property known as 5410 MacArthur Boulevard, N.W., Washington, D.C. and Borrower has agreed to re-pay such funds, with interest, and to pay certain additional funds, in the aggregate sum of $36,800 (together with the $368,000.00 in renovation funds, all said funds are referred to herein as the "**Loan**"), to Lender in consideration of the loan to be made to Borrower by Lender (all said funds are referred to herein as the "**Loan**"), to Lender in consideration of the loan to be made to Borrower by Lender. The secured indebtedness hereunder totals **FOUR HUNDRED FOUR THOUSAND EIGHT HUNDRED and 00/100 DOLLARS ($404,800.00)**, together with all interest thereon and all other fees and costs described herein. Borrower has executed and delivered its promissory note payable to the order of Lender, dated of even date herewith (the "**Note**"), in the original principal sum of $404,800.00. The Note is secured by this Deed of Trust and the terms, covenants and conditions of the Note are hereby incorporated herein and made a part hereof.

In consideration of the premises and of other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, and in order to secure the Obligations (as hereinafter defined), and subject to the rights of (i) FTF Lending, LLC ("**First Mortgagee**") pursuant to that certain Deed of Trust dated May 3, 2023 and recorded with the District of Columbia Recorder of Deeds on May 10, 2023 as Instrument No. 2023039109 (the "**First Mortgage**"), said First Mortgage securing a loan in the principal amount of $2,222,000.00, and (ii) Santorini Capital LLC ("**Second Mortgagee**") pursuant to that certain Deed of Trust dated January 12, 2024 and recorded with the Recorder of Deeds for the District of Columbia as Instrument No. 2024012684 (the "**Second Mortgage**"), said Second Mortgage securing a loan in the principal amount of $374,500.00, Borrower hereby mortgages, grants, assigns, releases, conveys, transfers, pledges and sets over to Trustee, its successor or successors and assigns in trust, with the power of sale, with general warranty of title, for the benefit and security of Beneficiary, and its successors and assigns, all of Borrower's right, title and interest in and to the Mortgaged Property (as defined below); provided, however, that if Borrower shall pay or cause to be paid to Lender all sums secured hereby in the manner stipulated in the Notes and this Deed of Trust, then

IBI Falcon US LLC - 000431

and in such case, the estate, right, title and interest of the Trustee in the Mortgaged Property shall cease, determine and become void, and upon proof being given to the satisfaction of the Trustee that the Notes have been paid or satisfied, in accordance with their terms, and upon payment of all fees, costs, charges, expenses and liabilities chargeable or incurred or to be incurred by the Trustee and of any other sums as in this Deed of Trust provided, the Trustee shall, upon receipt of the written request of Lender, and at the expense of Borrower, release and discharge this Deed of Trust of record, and shall transfer and deliver up to Borrower any property at the time subject to this Deed of Trust which may be then in their possession.

The term "**Borrower**" shall include, wherever the context permits, its successors and assigns. The terms "**Beneficiary**" or "**Lender**" shall include, wherever the context permits, its successors and assigns as the holder for the time being of this Deed of Trust and Security Agreement and the Notes and other Obligations hereby secured.

The term "**Mortgaged Property**" shall mean and include all of the following described property:

A.    Real Estate. (i) The land more particularly described on Exhibit A which is annexed hereto and made a part hereof (the "**Land**"), together with the improvements and other structures now or hereafter situated on the Land (such improvements being sometimes called the "**Improvements**") commonly known as and numbered 5631 MacArthur Boulevard, N.W., Washington, D.C., together with all rights, privileges, tenements, hereditaments, appurtenances, easements, including, but not limited to, rights and easements for access and egress and utility connections, and other rights now or hereafter appurtenant thereto ("**Real Estate**");

B.    Fixtures. All real estate fixtures or items which by agreement of the parties may be deemed to be such fixtures, now or hereafter owned by Borrower, or in which Borrower has or hereafter obtains an interest, and now or hereafter located in or upon the Real Estate, or now or hereafter attached to, installed in, or used in connection with any of the Real Estate, including, but not limited to, any and all portable or sectional buildings, bathroom, plumbing, heating, lighting, refrigerating, ventilating and air-conditioning apparatus and equipment, garbage incinerators and receptacles, elevators and elevator machinery, boilers, furnaces, stoves, tanks, motors, sprinkler and fire detection and extinguishing systems, doorbell and alarm systems, window shades, screens, awnings, screen doors, storm and other detachable windows and doors, mantels, partitions, built-in cases, counters and other fixtures whether or not included in the foregoing enumeration ("**Fixtures**");

C.    Additional Appurtenances. All bridges, easements, rights of way, licenses, privileges, hereditaments, permits and appurtenances hereafter belonging to or enuring to the benefit of the Real Estate and all right, title and interest of Borrower in and to the land lying within any street or roadway adjoining any of the Real Estate and all right, title and interest of Borrower in and to any vacated or hereafter vacated streets or roads adjoining any of the Real Estate and any and all reversionary or remainder rights ("**Additional Appurtenances**");

D.    Awards. All of the right, title and interest of Borrower in and to any award or awards heretofore made or hereafter to be made by any municipal, county, state or federal authorities to the present or any subsequent owners of any of the Real Estate or the Land, or the Improvements, or the Fixtures, or the Additional Appurtenances, or the Leases, or the Personal

- 2 -

IBI Falcon US LLC - 000432

Property, including, without limitation, any award or awards, or settlements or payments, or other compensation hereafter made resulting from (x) condemnation proceedings or the taking of the Real Estate, or the Land, or the Improvements, or the Fixtures, or the Additional Appurtenances, or the Leases, or the Personal Property, or any part thereof, under the power of eminent domain, or (y) the alteration of grade or the location or discontinuance of any street adjoining the Land or any portion thereof, or (z) any other injury to or decrease in value of the Mortgaged Property ("**Awards**"); and

E.    Leases.  All leases now or hereafter entered into of the Real Estate, or any portion thereof, and all rents, issues, profits, revenues, earnings and royalties therefrom, and all right, title and interest of Borrower thereunder, including, without limitation, cash, letters of credit, or securities deposited thereunder to secure performance by the tenants or occupants of their obligations thereunder, whether such cash, letters of credit, or securities are to be held until the expiration of the terms of such leases or occupancy agreements or applied to one or more of the installments of rent coming due prior to the expiration of such terms including, without limitation, the right to receive and collect the rents thereunder ("**Leases**"); and

F.    Personal Property.  All tangible and intangible personal property now owned or at any time hereafter acquired by Borrower of every nature and description, and used in any way in connection with the Real Estate, the Fixtures, the Additional Appurtenances, or any other portion of the Mortgaged Property, including, without limitation express or implied upon the generality of the foregoing, all Equipment, Goods, Inventory, Fixtures, Accounts, Instruments, Documents and General Intangibles (as each such capitalized term is defined in the Uniform Commercial Code in effect in the jurisdiction where the Real Estate is situated) and further including, without any such limitation, the following whether or not included in the foregoing: materials; supplies; furnishings; chattel paper; money; bank accounts; security deposits; utility deposits; any insurance or tax reserves deposited with Lender; any cash collateral deposited with Lender; claims to rebates, refunds or abatements of real estate taxes or any other taxes; contract rights; plans and specifications; licenses, permits, approvals and other rights; the rights of Borrower under contracts with respect to the Real Estate or any other portion of the Mortgaged Property, signs, brochures, advertising, the name by which the Mortgaged Property is known and any variation of the words thereof, and goodwill; copyrights, service marks, and all goodwill associated therewith; and trademarks; all proceeds paid for any damage or loss to all or any portion of the Real Estate, the Fixtures, the Additional Appurtenances, any other Personal Property or any other portion of the Mortgaged Property ("**Insurance Proceeds**"); all Awards; all Leases; all books and records; and all proceeds, products, additions, accessions, substitutions and replacements to any one or more of the foregoing (collectively, the "**Personal Property**").

The term "**Obligations**" shall mean and include:

A.    The payment of the principal sum, interest at variable rates, charges and indebtedness evidenced by the Notes, including any extensions, renewals, replacements, modifications and amendments thereof;

B.    The payment, performance, discharge and satisfaction of each covenant, warranty, representation, undertaking and condition to be paid, performed, satisfied and complied with by Borrower under and pursuant to this Deed of Trust and also by Borrower under and pursuant to any other document (such documents, collectively with the Notes and this Deed of Trust, the "**Loan Documents**") executed in connection with the loan evidenced by the Notes (the "**Loan**");

- 3 -

IBI Falcon US LLC - 000433

C. The payment of all costs, expenses, legal fees and liabilities incurred by Lender in connection with the enforcement of Lender's rights or remedies under this Deed of Trust, the other Loan Documents, or any other instrument, agreement or document which evidences or secures any other Obligations or collateral therefor, whether now in effect or hereafter executed; and

D. The payment, performance, discharge and satisfaction of all other liabilities and obligations of Borrower to Lender, whether now existing or hereafter arising, direct or indirect, absolute or contingent, and including, without limitation express or implied upon the generality of the foregoing, each liability and obligation of Borrower under any one or more of the Loan Documents and any amendment, extension, modification, replacement or recasting of any one or more of the instruments, agreements and documents referred to herein or therein or executed in connection with the transactions contemplated hereby or thereby.

This instrument is sometimes referred to as "this Deed of Trust".

Borrower hereby grants to Lender a continuing security interest in all of the Mortgaged Property in which a security interest may be granted under the Uniform Commercial Code as such is in effect in the District of Columbia including, without limitation, the Fixtures and the Personal Property, together with all proceeds and products, whether now or at any time hereafter acquired and used in any way in connection with the development, construction, marketing or operation of the Real Estate, to secure all Obligations.

Borrower covenants, warrants, represents and agrees with Lender, its successors and assigns, that:

1.    Title. Borrower has good record and marketable title to the Mortgaged Property and has good right, full power and lawful authority to grant and convey the same in the manner aforesaid; and that the Mortgaged Property are free and clear of all encumbrances and exceptions, except for the permitted title exceptions (the "**Permitted Title Exceptions**"), as set forth on the title insurance policy delivered to Lender. Borrower shall make any further assurances of title that Lender may in good faith require including, without limitation, such further instruments as may be requested by Lender to confirm the assignment to Lender of all Awards.

2.    Performance of Obligations. Borrower shall pay the Notes and interest thereon as the same shall become due and payable, and pay and perform and observe all of the obligations and conditions set forth in each of the Notes, this Deed of Trust and Security Agreement and each of the other Loan Documents or other agreements, if any, executed by Borrower in connection with the Loan.

3.    Protection and Maintenance. Borrower shall protect and maintain, or cause to be maintained, in good, first-class and substantial order, repair and tenantable condition at all times, the buildings and structures now standing or hereafter erected on the Mortgaged Property, and any additions and improvements thereto, and all Personal Property now or hereafter situated therein, and the utility services, the parking areas and access roads, and all building fixtures and equipment and articles of personal property now or hereafter acquired and used in connection with the operation of the Mortgaged Property. Borrower shall promptly replace any of the aforesaid which may become lost, destroyed or unsuitable for use with other first-class property of similar character.

- 4 -

IBI Falcon US LLC - 000434

4.      Insurance Coverages.  Borrower shall insure the Mortgaged Property and the operation thereof with such coverages and in such amounts as may be required by the Lender and shall at all times keep such insurance in full force and effect and pay all premiums therefor. At all times that there is any construction activity at the Mortgaged Property, Borrower shall maintain builder's risk insurance (non-reporting form) of the type customarily carried in the case of similar construction for the full replacement cost of work in place and materials stored at or upon the Mortgaged Property. The original or certified copies of all such policies of insurance (or certificates or binders thereof issued by the insurer in form, content and manner of execution reasonably satisfactory to Lender) shall be delivered to Lender and Borrower shall deliver to the Lender a new policy or certified copy thereof (or such a certificate) as replacement for an expiring policy (or such a certificate) required to be deposited hereunder in advance at least thirty (30) days before the date of such expiration together with proof of payment of the premiums then required to be paid by Borrower therefor. Borrower hereby irrevocably appoints Lender its true and lawful attorney-in-fact, with full power of substitution, to assign any such policy in the event of the foreclosure of this Deed of Trust.

5.      Insurance Proceeds.  The proceeds of any hazard insurance shall be applied to or toward the indebtedness secured hereby in such order as Lender may determine. Notwithstanding anything in this Section 5 to the contrary, however, if the insurer denies liability to Borrower, Borrower shall not be relieved of any obligation under Section 3 of this Deed of Trust. If, pursuant to the provisions hereof, Lender applies, insurance proceeds to the Loan and does not release the same to Borrower, the obligation of Borrower to repair, restore or rebuild shall be limited to taking all actions reasonably required to make the Mortgaged Property safe and in compliance with any applicable legal requirements and to restore the undamaged portion to an economically functional unit to the extent that it is reasonably possible to do so.

6.      Eminent Domain.  The Awards of damages on account of any condemnation for public use of, or injury to, the Mortgaged Property shall be paid to Lender; such Awards shall, at the option of Lender, be applied to or toward the indebtedness secured hereby in such order as the Lender may determine, or, in the case of a partial taking, at Lender's discretion, may be so applied or released to Borrower upon such conditions as Lender may prescribe to be applied to restoration of that part of the Mortgaged Property which remains, but not more than such portion of such Awards as may be required to restore or repair such damage or injury shall be so released; and any balance remaining shall be applied by Lender to or toward the indebtedness secured hereby in such order as Lender may determine.

7.      No Waste; Compliance With Law.  Borrower shall not commit or suffer any strip or waste of the Mortgaged Property, or any portion thereof, or any violation of any law, rule, regulation, ordinance, license or permit, or the requirements of any licensing authority affecting the Mortgaged Property or any business conducted thereon, and shall not commit or suffer any demolition, removal or material alteration of any of the Mortgaged Property (except for the replacement of Fixtures and Personal Property and installation of tenant improvements in the ordinary course of business, so long as items of comparable value and quality are installed free and clear of liens in favor of any other party), without the express prior written consent of Lender in each instance which consent shall not be unreasonably withheld or delayed, and shall not violate nor suffer the violation of the covenants and agreements, if any, of record against the Mortgaged Property, and in all respects Borrower shall do all things necessary to comply with, and keep in

- 5 -

IBI Falcon US LLC - 000435

full force and effect all licenses, permits and other governmental authorizations for the operation of the Mortgaged Property for its intended purposes.

8.    Environmental and Related Matters; Indemnification. Borrower shall at all times, both before and after the repayment of the Loan, at Borrower's sole cost and expense, indemnify, exonerate and save harmless Lender against and from all damages, losses, liabilities, obligations, penalties, claims, litigation, demands, defenses, judgments, suits, proceedings, costs, disbursements or expenses of any kind whatsoever, including, without limitation, attorneys' fees and experts' fees and disbursements which may at any time (including, without limitation, before or after the discharge or foreclosure of this Deed of Trust) be imposed upon, incurred by or asserted or awarded against Lender and arising from or out of the presence in, on or under, or the escape, seepage, leakage, spillage, discharge, emission, discharging or release from, the Mortgaged Property of any Hazardous Materials (hereinafter defined), including, without limitation, any losses, liabilities, damages, injuries, costs, expenses or claims asserted or arising under any Hazardous Waste Laws (hereinafter defined), or on account of any liability for damage to person or property arising out of any act, omission, negligence, or conduct at the Mortgaged Property, or arising or claiming to have arisen, out of any act, omission, negligence or conduct of Borrower, or any contractor, subcontractor, tenant, occupant or invitee thereof which is in any way related to the Mortgaged Property. Hazardous Materials shall mean any substance defined as "hazardous substances," "hazardous materials," or "toxic substances," or defined by similar names, in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by tie Superfund Amendments and Reauthorization Act of 1986, the Resource Conservation and Recovery Act 1976, as amended by the Used Oils Recycling Act of 1980, the Solid Waste Disposal Act amendment of 1984, the Toxic Substances Control Act, the Clean Air Act, the Clean Water Act, and each rule and regulation promulgated under such laws, all as amended from time to time, as well as any "PCBs" or "PCB items" (as defined in 40 C.F.R. § 761.3) and any asbestos (as defined in 40 C.F.R. § 763.63). Hazardous Waste Laws shall mean any federal, state or municipal law, decision, statute, rule, ordinance or regulation currently in existence or hereinafter enacted or rendered relating to Hazardous Materials.

9.    Payment of Taxes and Prevention of Liens. Borrower shall pay before delinquent or before any penalty for nonpayment attached thereto, all taxes, assessments and charges of every nature and to whomever assessed that may now or hereafter be levied or assessed upon the Mortgaged Property or any part thereof, or upon the rents, issues, income or profits thereof or upon the lien or estate hereby created, whether any or all of said taxes, assessments or charges be levied directly or indirectly or as excise taxes or as income taxes. Borrower may apply for tax abatements and prosecute diligently and in good faith claims for refund so long as: (i) no additional taxes, interest thereon or penalties are incurred thereby, (ii) a sufficient tax reserve fund as reasonably determined by Lender in good faith has been deposited with Lender, adequate to cover any and all interest and penalties and (iii) no proceedings are instituted to divest Borrower of title to all or any portion of the Mortgaged Property. Borrower shall pay all sums which, if unpaid, may result in the imposition of a lien on the Mortgaged Property before such lien may attach (except that real estate taxes need not be paid prior to the due date thereof) or which may result in conferring upon a tenant of any part or all of the Mortgaged Property a right to recover such sums as prepaid rent.

10.    Due On Sale; No Other Encumbrances; No Transfer of Ownership Interests; Failure to Comply with Permitted Exceptions. Except as otherwise specifically provided for in this Deed of Trust, it shall be a breach of the conditions of this Deed of Trust and an event permitting Lender

- 6 -

IBI Falcon US LLC - 000436

to accelerate all indebtedness secured hereby, if, without Lender's prior written consent in each instance, which consent may be granted, withheld or conditionally granted in Lender's sole discretion: (a) there is any sale, conveyance, transfer or encumbrance of, or lease of any interest in, or lien imposed upon, all or any portion of the Mortgaged Property, or Borrower enters into an agreement to sell, convey or transfer, directly or indirectly, any portion of the Mortgaged Property without the prior written consent of Lender; or (b) there is any transfer or assignment of, or grant of any security interest in, any of the direct or indirect ownership interests in Borrower without the prior written consent of Lender; or (c) there is a failure to comply with the provisions of, or there is a default under, any of the Permitted Title Exceptions unless cured within any applicable grace period provided for in the applicable Permitted Title Exception.

11.     Lender's Rights.  If Borrower shall neglect or refuse: (a) to maintain and keep in good repair the Mortgaged Property or any part thereof as required by this Deed of Trust, or (b) to maintain and pay the premiums for insurance which may be required by this Deed of Trust, or (c) to pay and discharge all taxes of whatsoever nature, assessments and charges of every nature and to whomever assessed, as required by this Deed of Trust, or (d) to pay the sums required to be paid by this Deed of Trust, or (e) to satisfy any other terms or conditions of this Deed of Trust, or any instrument secured hereby, Lender may, at its election in each instance, but without any obligation whatsoever to do so, upon thirty (30) days' prior written notice (except in the case of (i) an emergency where there is danger to person or property, or (ii) required insurance coverage would lapse, in each of which events no notice shall be required), cause such repairs or replacements to be made, obtain such insurance or pay said taxes, assessments, charges, and sums, incur and pay reasonable amounts in protecting its rights hereunder and the security hereby granted, pay any balance due under any conditional agreement of sale of any property included as a part of the Mortgaged Property, and pay any amounts as Lender deems reasonably necessary or appropriate to satisfy any term or condition of this Deed of Trust, which Borrower shall have failed to satisfy, or to remedy any breach of such term or condition, and any amounts or expenses so paid or incurred, together with interest thereon from the date of payment by Lender at any default rate as provided in the Notes shall be immediately due and payable by Borrower to Lender and until paid shall be secured hereby equally and ratably, and the same may be collected as part of said principal debt in any suit hereon or upon the Notes. No payment by Lender shall relieve Borrower from any default hereunder or impair any right or remedy of Lender consequent thereon.

12.     Tax Reserve and Insurance Reserve.  Borrower shall, upon the reasonable request of Lender from time to time and after thirty (30) days written notice from Lender, pay to Lender on dates upon which installments of interest are payable under the Notes, such amount as Lender from time to time reasonably estimates as necessary to create and maintain a reserve fund from which to pay before the same become due: (a) all taxes, assessments, liens and charges on or against the Mortgaged Property, and (b) all premiums for insurance policies which are required by this Deed of Trust. Such payments, if so requested, shall be invested in a non-interest bearing account which shall be held by Lender as collateral for the Obligations, and so long as no default exists hereunder or under any of other Loan Documents, shall be paid to or for Borrower's benefit as set forth below. Payments from such reserve fund for said purposes maybe made by Lender at its discretion even though subsequent owners of the property described herein may benefit thereby. In the event of any default under the terms of this Deed of Trust, any part or all of such reserve fund maybe applied, at the option of Lender, to cure any such default or to any part of the indebtedness hereby secured and, in refunding any part of said reserve fund, Lender may deal with whomever is the record owner of such property at that time. Prior to a default, the amount in such

IBI Falcon US LLC - 000437

reserve fund, but not in excess of the applicable real estate taxes or insurance premiums then due, shall be paid to the taxing authority or the insurer upon written request of Borrower provided that such request is accompanied by the applicable current billing from the taxing authority or the insurer.

13.    Certain Expenses.  If any action or proceeding is commenced, including, without limitation, an action to foreclose this Deed of Trust and Security Agreement or to collect the debt hereby secured, to which action or proceeding Lender is made a party by reason of the execution of this Deed of Trust and Security Agreement, or by reason of any obligation which it secures, or by reason of entry or any other action under this Deed of Trust and Security Agreement, or if in Lender's reasonable good faith judgment it becomes necessary in connection with legal proceedings or otherwise to defend or uphold the mortgage hereby granted or the lien hereby created or any act taken to defend or uphold the mortgage hereby granted or the lien hereby created or any act taken under this Deed of Trust and Security Agreement, all sums reasonably paid or incurred by Lender for the expense of any litigation or otherwise, in connection with any rights created by this Deed of Trust and Security Agreement or any other Loan Document, shall be paid by Borrower, or may at the option of Lender, if not so paid, be added to the debt secured hereby and shall be secured hereby equally and ratably and shall bear interest until paid at any default rate set forth in the Notes.

14.    Regarding Leases.  Borrower shall not enter into any leases or occupancy agreements with respect to the Mortgaged Property and shall not modify or amend any such leases or occupancy agreements without Lender's prior written consent in each instance.  As to each permitted lease or occupancy agreement, Borrower will perform every material obligation of the lessor and, to the extent commercially reasonable, will enforce every material obligation of the lessee in the leases in effect with respect to all or any part or all of the Mortgaged Property and Borrower will not: (i) cancel any such lease, nor terminate or accept a surrender thereof, or reduce the rent payable thereunder or modify or amend any such lease; (ii) accept any prepayment of rent thereunder (except any rent which may be required to be prepaid by the terms of any such lease); or (iii) enter into any new leases, without first obtaining on each occasion the prior written consent of Lender.  If any portion of the Mortgaged Property is leased or rented for residential purposes, Borrower shall comply with all legal requirements pertaining to security deposits, last month's rent, and interest thereon, and Borrower shall defend, indemnify and save harmless Lender with respect to all claims relating thereto. As to all leases and occupancy agreements, Lender, at its option from time to time, may require that all security deposits and similar funds or security provided by a lessee or occupant be deposited with Lender, or with an escrow agent satisfactory to Lender, subject to the rights of the lessee or occupant, but otherwise subject to a security interest in favor of Lender. With respect to any lease in effect with respect to the Property on the date hereof, Borrower shall, within thirty (30) days after written request therefor from Lender, cause the tenant under such lease to comply with the terms of such tenant's lease and deliver to Lender a subordination, non-disturbance and attornment agreement with Lender in connection with such lease.

15.    Declaration of Subordination.  At the option of Lender, which may be exercised at any time or from time to time, by written notice to Borrower and to any applicable tenant, this Deed of Trust shall become subject and subordinate, in whole or in part (but not with respect to priority of entitlement to insurance proceeds or condemnation proceeds), to any and all leases of all or any part of the Mortgaged Property upon the execution by Lender and recording or filing

- 8 -

IBI Falcon US LLC - 000438

thereof, at any time hereafter in the appropriate registry of deeds wherein the Mortgaged Property are situated of a unilateral declaration to that effect.

16.     Further Assignment by Borrower.  Borrower hereby further assigns to Lender, as security for the Obligations, and to the extent it may lawfully do so, Borrower's interests in all agreements, contracts, licenses and permits, now or hereafter outstanding, affecting all or any portion of the Mortgaged Property. Borrower shall execute, acknowledge and deliver such further or confirmatory assignments thereof, by instruments in form satisfactory to the Lender, as Lender may reasonably require. Borrower hereby authorizes Lender in the event of foreclosure, to sell and assign said interests to the purchaser at foreclosure, but, except where Lender has specifically otherwise agreed in writing, neither such assignment nor any such future assignment shall be construed as binding Lender to any agreement, contract, license or permit so assigned, or to impose upon Lender any obligations with respect thereto. Borrower hereby irrevocably appoints Lender, or any agent designated by Lender, the true and lawful attorney-in-fact of Borrower, with full power of substitution, to execute, acknowledge and deliver any such assignment on behalf of Borrower which Borrower fails or refuses to do after the occurrence and during the continuance of a default under this Deed of Trust or any other Document.

17.     UCC Filing.  Borrower, upon Lender's written request, shall promptly cause this Deed of Trust and Security Agreement and any required financing statements to be recorded and re-recorded, registered and re-registered, filed and re-filed at such times and places as may be required by law or reasonably deemed advisable by Lender to create, preserve or protect the priority hereof and of any lien created hereby upon the Mortgaged Property or any part thereof; and Borrower shall from time to time do and cause to be done all such things as may be required by Lender, or required by law, including all things which may from time to time be necessary under the Uniform Commercial Code of the District of Columbia fully to create, preserve and protect the priority hereof and of any lien created hereby upon said property. Borrower hereby irrevocably appoints Lender, or any agent designated by Lender, the true and lawful attorney-in-fact of Borrower, with full power of substitution, to execute, acknowledge and deliver any such things on behalf of Borrower which Borrower fails or refuses to do after the occurrence and during the continuance of a default under this Deed of Trust or any other Loan Document.

18.     Right to Deal with Successor.  Lender may, without notice to any person, deal with any successor in interest of Borrower herein regarding this Deed of Trust and the debt hereby secured in all respects as it might deal with Borrower herein, without in any way affecting the liability hereunder or upon the debt hereby secured of any predecessor in interest of the person so dealt with; and no sale of the premises hereby mortgaged, nor any forbearance on the part of Lender, nor any extension by Lender of the time for payment of the debt hereby secured, shall operate to release, discharge, modify, change or affect the original liability of any predecessor in interest of the equity owner at the time of such sale, forbearance or extension.

19.     Default; Acceleration of Debt.  Upon the occurrence of any of the following events:

(a)     Borrower fails to pay (i) when and as required to be paid pursuant to each Note and/or this Deed of Trust, any amount owed to Lender, or (ii) when and as required to be paid, whether on the scheduled due date or upon acceleration, maturity or otherwise, any fees or other amounts payable hereunder or under any other Loan Document; or

- 9 -

IBI Falcon US LLC - 000439

(b)     any representation or warranty made or deemed made by Borrower herein or in any other Loan Document or which is contained in any certificate, document or financial or other statement furnished at any time under or in connection herewith or therewith, shall prove to have been incorrect or misleading in any material respect on or as of the date made or deemed made; or

(c)     any covenant, agreement or obligation of Borrower (other than a covenant to pay money) is not fully and timely performed, observed or kept in accordance with the terms thereof, and such non-performance or non-observance is not remedied within five (5) business days after the earlier of (a) actual knowledge by the Borrower of such breach or default or (b) receipt by Borrower of written notice of such breach or default from Lender (provided that no notice or cure period shall be required with respect to a failure to comply with the terms of Sections 4, 5, 8, 9, 10 and 14 of this Deed of Trust, nor shall any notice or cure period be required with respect to any breach or default by Borrower pursuant to any of the other Loan Documents, except as expressly required by such other document); or

(d)     Borrower shall commence any case, proceeding or other action (i) under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution, composition or other relief with respect to it or its debts, or (ii) seeking appointment of a receiver, trustee, custodian or other similar official for it or for all or any substantial part of its assets, or Borrower or any Guarantor of the Note(s) (a "**Loan Party**") shall make a general assignment for the benefit of its creditors; or (iii) there shall be commenced against Borrower any case, proceeding or other action of a nature referred to in clause (i) above which (A) results in the entry of an order for relief of any such adjudication or appointment, and (B) remains undismissed, undischarged or unbonded for a period of 90 days; or (iv) there shall be commenced against Borrower any case, proceeding or other action seeking issuance of a warrant of attachment, execution, distraint or similar process against all or any substantial part of its assets which results in the entry of an order for any such relief which shall not have been vacated, discharged, or stayed or bonded pending appeal within 90 days from the entry thereof; or (v) any Loan Party shall take any action indicating its consent to, approval of, or acquiescence in, any of the acts set forth in clauses (i), (ii) or (iii) above; or (vi) Borrower shall admit in writing its general inability to pay its debts as they become due; or

(e)     one or more final judgments or decrees shall be entered against Borrower involving, in the aggregate, a liability (not covered by insurance) of $5,000 or more and all such judgments or decrees in excess of $5,000 shall not have been vacated, satisfied, discharged, or stayed or bonded pending appeal within 30 days from the entry thereof; or

(f)     any attempted enforcement of or realization upon any security interest, lien or judgment affecting the Mortgaged Property or any part thereof, whether prior to or subordinate to the lien of this Deed of Trust; or

(g)     if any default occurs under any of the Notes, the Deed of Trust, Guaranty or any other Loan Document, or if a default occurs under any other loan made by Lender to Borrower

- 10 -

IBI Falcon US LLC - 000440

or under any loan made by Lender to any other entity, which loan is guaranteed by Zanetta M. Williams,

THEN, and in any such event, Borrower shall be in default hereunder and Lender shall be entitled to exercise any and all remedies set forth herein with respect to the Mortgaged Property, including, without limitation and at Lender's sole discretion, acceleration of the indebtedness owing by Borrower to Lender.

20.    Receiver.  Lender shall, as a matter of right, be entitled to the appointment of a receiver or receivers for all or any part of the Mortgaged Property, whether such receivership be incident to a proposed sale (or sales) of such property or otherwise, and without regard to the value of the Mortgaged Property or the solvency of any person or persons liable for the payment of the indebtedness secured hereby, and Borrower does hereby irrevocably consent to the appointment of such receiver or receivers, waives notice of such appointment, of any request therefor or hearing in connection therewith, and any and all defenses to such appointment, agrees not to oppose any application therefor by Lender, and agrees that such appointment shall in no manner impair, prejudice or otherwise affect the rights of Lender to application of rents as provided in this Deed of Trust. Nothing herein is to be construed to deprive Lender of any other right, remedy or privilege it may have under the law to have a receiver appointed. Any money advanced by Lender in connection with any such receivership shall be a demand obligation (which obligation Borrower hereby promises to pay) owing by Borrower to Lender pursuant to this Deed of Trust.

21.    Additional Rights of Lender.

21.1    Enter and Perform.  Borrower authorizes Lender, in addition to all other rights granted by law or by this Deed of Trust, or by any of the other Loan Documents, upon the occurrence and during the continuance of any default by Borrower under this Deed of Trust or any other Loan Document, to enter and take possession of all or any part of the Mortgaged Property and to use, lease, operate, manage and control the same and conduct the business thereof, and perform lessor's obligations under any lease or Borrower's obligations under any other agreement affecting all or any part of the Mortgaged Property, and collect the rents, profits and all receipts of every nature therefrom as Lender shall in the exercise of commercial reasonableness deem best.

21.2    Repairs and Improvements.  Upon every such entry, Lender may from time to time at the expense of Borrower make all such repairs, replacements, alterations, additions and improvements to the Mortgaged Property as Lender may deem proper in the exercise of commercial reasonableness, but in no event shall Lender be obligated to do so, and may, but shall not be obligated to, exercise all rights and powers of Borrower, either in the name of Borrower, or otherwise as Lender shall in the exercise of commercial reasonableness determine. Without limitation express or implied upon the generality of the foregoing, Lender shall have the right to do all things necessary or desirable in order to keep in full force and effect all applicable licenses, permits and authorizations and any amendments thereto.

21.3    Pay Costs and Expenses.  Upon such entry, Lender may, at its option, but without any obligation to do so, do any one or more of the following: pay and incur all expenses necessary or deemed by it appropriate for the holding and operating of the Mortgaged Property, the conduct of any business thereon, the maintenance, repair, replacement, alteration, addition and improvement of the Mortgaged Property, including without limitation payments of taxes,

- 11 -

IBI Falcon US LLC - 000441

assessments, insurance, wages of employees connected with the Mortgaged Property or any business conducted thereon, charges and reasonable compensation for services of Lender, its attorneys and accountants and all other persons engaged or employed in connection with the Mortgaged Property or of any business conducted thereon and, in addition, Lender, at its option, may, but shall not be obligated to, make payments or incur liability with respect to obligations arising prior to the date it takes possession. In the event that Lender advances any funds to pay taxes and/or insurance premiums with respect to the Mortgaged Property, Borrower shall reimburse Lender an amount equal to Three Hundred Percent (300%) of the amount advanced by Lender, together with interest upon such sum at the default rate of interest described in the Notes. This is not intended as a penalty, but rather as a strong disincentive to Borrower to fail to satisfy its obligations to pay all taxes and insurance premiums as the same become due and payable and thereby compel Lender to pay such sums to protect its interest in the Mortgaged Property.

21.4    Add to Secured Indebtedness. All obligations so paid or incurred by Lender shall be reimbursed or paid for by Borrower upon demand and prior to the repayment thereof shall be added to the debt secured hereby and shall bear interest at any default rate provided for in the Notes, and shall be secured hereby equally and ratably. Lender may also reimburse itself therefor from the income or receipts of the Mortgaged Property or any business conducted thereon, or from the sale of all or any portion of the Mortgaged Property. Lender may also apply toward any of the Obligations any tax or insurance reserve account, deposit or any sum credited or due from Lender to Borrower without first enforcing any other rights of Lender against Borrower or against any endorser or guarantor of any of the Obligations or against the Mortgaged Property.

21.5    Attorney-In-Fact. Upon the occurrence and during the continuance of a default under this Deed of Trust or any other Loan Document, Borrower hereby irrevocably constitutes and appoints Lender, for so long as this Deed of Trust remains undischarged of record, as attorney-in-fact of Borrower to execute, acknowledge, seal and deliver all instruments, agreements, deeds, certificates and other documents of every nature and description in order to carry out or implement the exercise of Lender's rights hereunder and under the other Loan Documents.

22.    Contest of Laws. Borrower shall have the right to contest by appropriate legal proceedings, but without cost or expense to Lender, the validity of any legal requirements affecting the Mortgaged Property, but only if compliance may be so contested without: (a) the imposition of any charge, lien or liability against the Mortgaged Property, (b) the loss or suspension of any license, right or permit with respect to the Mortgaged Property, and (c) causing any default to exist under this Deed of Trust or any other Loan Document. Subject to the foregoing, Borrower may postpone compliance therewith until the final determination of any such proceedings, provided it shall be prosecuted with due diligence and dispatch, and if any lien or charge is incurred, Borrower may, nevertheless, make the contest and delay compliance, provided Lender is furnished with security satisfactory to Lender in its sole and absolute discretion against any loss or injury by reason of such noncompliance or delay and provided further that the same is and maybe done without causing any default to exist under this Deed of Trust or any of the other Loan Documents.

23.    Notices. Any notice, request, demand, consent, approval, termination or other communication under this Deed of Trust shall be in writing to be deemed given, and shall be deemed duly given or made at the time and on the date (i) when personally delivered as shown on a receipt therefore (which shall include delivery by a nationally recognized overnight delivery service) or (ii) when delivered by electronic mail to the address set forth for such party in the

- 12 -

IBI Falcon US LLC - 000442

Notes, followed by delivery of a copy of such e-mail transmission in accordance with the preceding subclause (i) within one (1) business day of the original e-mail communication, or (iii) three (3) business days after being mailed by (prepaid) registered or certified mail, return receipt requested, in each instance to the address for each party set forth below. Any party, by written notice to the other in the manner herein provided, may designate an address different from that set forth below.

If to Borrower:

> c/o Zanetta M. Williams
> 2011 Brooks Drive, Apt 130
> District Heights, Maryland 20747

If to Lender:

> Santorini Capital LLC
> 2000 Massachusetts Avenue, N.W., Suite 200
> Washington, D.C. 20036

If to Trustees:

> Brian P. Donegan and William F. Leahy
> Snider Weinstein PLLC
> 2000 Massachusetts Avenue, N.W, Suite 200
> Washington, D.C. 20036

24.     Lender Not Obligated; Cumulative Rights. Nothing in this instrument shall be construed as obligating Lender to take any action or incur any liability with respect to the Mortgaged Property or any business conducted thereon, and all options given to Lender are for its benefit and shall and may be exercised in such order and in such combination as Lender in its sole discretion may from time to time decide.

25.     Severability. In case any one or more of the provisions of this Deed of Trust and Security Agreement, the Notes, any of the other Loan Documents, or any other agreement now or hereafter executed in connection with any one or more of the foregoing are held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof. Each of the provisions of every such agreement, document or instrument shall be enforceable by Lender to the fullest extent now or hereafter not prohibited by applicable law.

26.     No Waiver. No consent or waiver, express or implied, by Lender to or of any Default by Borrower shall be construed as a consent or waiver to or of any other Default at the same time or upon any future occasion.

27.     Foreclosure and Power of Sale. If one or more default occurs and is continuing, Borrower hereby authorizes and empowers the Trustee, or his successor or substitute, and it shall be his special duty at the request of Lender to sell (or in the case of any default of any purchaser to resell) the Mortgaged Property or any part thereof and in connection therewith, all in accordance with the law of the District of Columbia or rule of court relating to deeds of trust, including any amendments thereto or additions thereto. Any sale made by Trustee hereunder maybe as an entirety

- 13 -

IBI Falcon US LLC - 000443

or in such parcels as Lender may request at such time and place, and after such previous public advertisement as the Trustee shall deem advantageous and proper and as required by applicable laws and rules, without regard to any right of the Borrower or any other person to the marshaling of assets. To the extent permitted by applicable law, any sale may be adjourned by announcement at the time and place appointed for such sale without further notice except as may be required bylaw. The sale by Trustee of less than the whole of the Mortgaged Property shall not exhaust the power of sale herein granted, and Trustee is specifically empowered to make successive sale or sales under such power until the whole of the Mortgaged Property shall be sold; and, if the proceeds of such sale of less than the whole of the Mortgaged Property shall be less than the aggregate of the indebtedness secured hereby and the expenses of executing this trust as provided herein, this Deed of Trust and the lien hereof shall remain in full force and effect as to the unsold portion of the Mortgaged Property just as though no sale had been made; provided, however, that Borrower shall never have any right to require the sale of less than the whole of the Mortgaged Property but Lender shall have the right, at its sole election, to request Trustee to sell less than the whole of the Mortgaged Property. Trustee may, after any request or direction by Lender, sell not only the real property but also the Personal Property and other interests which are a part of the Mortgaged Property, or any part thereof, as a unit and as a part of a single sale, or may sell any part of the Mortgaged Property separately from the remainder of the Mortgaged Property. It shall not be necessary for Trustee to have present or to exhibit at any sale any of the Mortgaged Property. After each sale, Trustee shall make to the purchaser or purchasers at such sale good and sufficient conveyances, conveying the property so sold to the purchaser or purchasers in fee simple, subject to the Permitted Title Exceptions (and to such leases and other matters, if any, as Trustee may elect upon request of Lender), and shall receive the proceeds of said sale or sales and apply the same as herein provided. Payment of the purchase price to the Trustee shall satisfy the obligation of purchaser at such sale therefor, and such purchaser shall not be responsible for the application thereof. The power of sale granted herein shall not be exhausted by any sale held hereunder by Trustee or his substitute or successor, and such power of sale may be exercised from time to time and as many times as Lender may deem necessary until all of the Mortgaged Property has been duly sold and all secured indebtedness has been fully paid. In the event any sale hereunder is not completed or is defective in the opinion of Lender, such sale shall not exhaust the power of sale hereunder and Lender shall have the right to cause a subsequent sale or sales to be made hereunder. Any and all statements of fact or other recitals made in any deed or deeds or other conveyances given by Trustee or any successor or substitute appointed hereunder as to nonpayment of the secured indebtedness or as to the occurrence of any default, or as to Lender's having declared all of said indebtedness to be due and payable, or as to the request to sell, or as to notice of time, place and terms of sale and the properties to be sold having been duly given, or as to the refusal, failure or inability to act of Trustee or any substitute or successor trustee, or as to the appointment of any substitute or successor Trustee, or as to any other act or thing having been duly done by Lender or by such Trustee, substitute or successor, shall be taken as prima facie evidence of the truth of the facts so stated and recited. The Trustee or his successor or substitute may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Trustee, including the posting of notices and the conduct of sale, but in the name and on behalf of Trustee, his successor or substitute. If Trustee or his successor or substitute shall have given notice of sale hereunder, any successor or substitute Trustee thereafter appointed may complete the sale and the conveyance of the property pursuant thereto as if such notice had been given by the successor or substitute Trustee conducting the sale.

- 14 -

IBI Falcon US LLC - 000444

The proceeds of any sale held by Trustee or Lender or any receiver or public officer in foreclosure of the liens and security interest evidenced hereby shall be applied: first, to the payment of all necessary costs and expenses incident to such foreclosure sale, including but not limited to all attorneys' fees and legal expenses, advertising costs, auctioneers' fees, costs of title rundowns and lien searches, inspection fees, appraisal costs, fees for professional services, environmental assessment and remediation fees, all court costs and charges of every character, and a reasonable fee (not exceeding five percent (5%) of the gross proceeds of such sale) to Trustee acting under the provisions of this Deed of Trust if foreclosed by power of sale as provided herein and to the payment of the other secured indebtedness (said Trustee fee to be one-half of the foregoing sum in the event that a foreclosure sale is advertised following default by Borrower hereunder, but for whatever reason such sale is not held), including specifically without limitation the principal, accrued interest and attorneys' fees due and unpaid on the Notes and the amounts due and unpaid and owed to Lender under this Deed of Trust, the order and manner of application to the items in this clause to be in Lender's sole discretion; and second, the remainder, if any there shall be, shall be paid to Borrower, or to Borrower's heirs, devisees, representatives, successors or assigns, or such other persons (including the holder or beneficiary of any inferior lien) as may be entitled thereto by law; provided, however, that if Lender is uncertain which person or persons are so entitled, Lender may interplead such remainder in any court of competent jurisdiction, and the amount of any attorneys' fees, court costs and expenses incurred in such action shall be a part of the secured indebtedness and shall be reimbursable (without limitation) from such remainder.

Lender shall have the right to become the purchaser at any sale held by Trustee or substitute or successor or by any receiver or public officer or at any public sale, and Lender shall have the right to credit upon the amount of Lender's successful bid, to the extent necessary to satisfy such bid, all or any part of the secured indebtedness in such manner and order as Lender may elect.

28.     Governing Law.  This Deed of Trust shall be governed, construed, applied and enforced in accordance with the laws of the District of Columbia. Borrower submits itself to the jurisdiction of the courts of the District of Columbia for all purposes with respect to this Deed of Trust and Borrower's relationship with Lender.

29.     Waivers by Borrower.  Borrower, to the fullest extent that Borrower may do so, hereby: (a) agrees that Borrower will not at any time insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for any appraisement, valuation, stay or extension, or any redemption after foreclosure sale, and waives and releases all rights of redemption after foreclosure sale, valuation, appraisement, stay of execution, notice of election to mature or declare due the debt secured hereby; and (b) waives all rights to a marshaling of the assets of Borrower, including the Mortgaged Property, or to a sale in inverse order of alienation in the event of a sale hereunder of the Mortgaged Property, and agrees not to assert any right under any statute or rule of law pertaining to the marshaling of assets, sale in inverse order of alienation, or other matters whatever to defeat, reduce or affect the right of Lender under the terms of this Deed of Trust and Security Agreement or the Notes to a sale of the Mortgaged Property for the collection of the indebtedness evidenced by the Notes without any prior or different resort for collection, or the right of Lender to the payment of such indebtedness out of the proceeds of sale of the Mortgaged Property in preference to every other claimant whatever.

30.     Business Loan; Not Personal Residence.  Borrower covenants, warrants and represents that all of the proceeds of the Loan secured hereby shall be used for business or commercial purposes only, none of the proceeds of the Loan secured hereby shall be used for

- 15 -

IBI Falcon US LLC - 000445

personal, family or household purposes, and that no individual liable for the Loan resides or intends to reside in any portion of the Mortgaged Property.

31.     Certification.  The undersigned hereby certify that Borrower is a duly organized, validly existing limited liability company organized and in good standing under the laws of the State of Maryland and that the execution and delivery hereof and of all of the other Loan Documents by Borrower has been duly authorized by all required entity actions and proceedings.

32.     Headings.  Headings and captions in this Deed of Trust are for convenience and reference only and the words and phrases contained therein shall in no way be held to explain, modify, amplify or aid in the interpretation, construction or meaning of any of the provisions hereof.

33.     Time of Essence.  Time shall be of the essence of each and every provision of the Notes, this Deed of Trust and each of the other Loan Documents.

34.     Counterparts.  This Deed of Trust may be executed in several counterparts, each of which when executed or delivered is an original, but all of which together shall constitute one instrument, in making proof of this Deed of Trust, it shall not be necessary to produce or account for more than one such counterpart, which is executed by the party against whom enforcement of this Deed of Trust is sought.

35.     Trustee.

35.1     Actions of Trustee.  The Trustee shall be protected in acting upon any notice, request, consent, demand, statement, note or other paper or document believed by him to be genuine and to have been signed by the party or parties purporting to sign the same. The Trustee shall not be liable for any error of judgment, nor for any act done or step taken or omitted, nor for any mistake of law or fact, nor for anything which he may do or refrain from doing in good faith nor generally shall a Trustee have any accountability hereunder except for his own individual willful default or misconduct. Either of the Trustees may act individually hereunder.

35.2     Trustee as Attorneys.  The Trustee may act hereunder and may sell and convey the Mortgaged Property as herein provided although the Trustee has been, may now be or may hereafter be, an attorney or agent of Lender, in respect of any matter or business whatsoever.

35.3     Substitution of Trustee.  Lender shall be entitled to remove, substitute, or add a Trustee or Trustees, at its option, with or without cause or notice, by instrument duly executed, acknowledged and recorded in the Recorder of Deeds of the District of Columbia where this Deed of Trust is recorded, and thereupon such additional or successor Trustee or Trustees, without any further act, deed or conveyance, shall become vested with all the estates, property, title, rights, powers, privileges, discretions, trusts, duties and obligations of his or their co-trustees, or predecessor or predecessors in the trust hereunder with like effect as if originally named as Trustee hereunder; exercise of said power, no matter how often, shall not be an exhaustion thereof

35.4     Incapacity or Absence From District of Columbia.  It is further understood and agreed that in the event of the disability of one of the Trustees, or of such Trustee's absence from the District of Columbia, the rights, powers, privileges, discretions, duties, obligations, and

- 16 -

IBI Falcon US LLC - 000446

trust hereby created and reposed in the Trustee may be executed by the other Trustee or Trustees with the same legal force, effect and virtue as though executed by both or all of them.

36.    Senior Mortgage Indebtedness

(a)    Borrower covenants and agrees to pay each installment of principal and interest due under that certain promissory note (the "**Prior Notes**") that is secured by the First Mortgage and Second Mortgage (together, the "**Senior Mortgages**"), not later than the date such installment is due thereunder, irrespective of any notice or applicable grace period under the Senior Mortgages which would allow Borrower to make an installment payment later than the due date. Beneficiary acknowledges and agrees that its rights under this Deed of Trust are subject to the operation and effect of the Senior Mortgages. If Borrower fails to make any payment when due under the Senior Mortgages, or otherwise defaults thereunder (such default being deemed to include any event under the Senior Mortgages which, with notice or the passage of time, or both, would constitute an "Event of Default" as defined in such Senior Mortgages), Beneficiary shall have the right, but shall not be obligated, to make such payment directly to the holder of the respective Senior Mortgages or to otherwise cure such default, and all sums expended by Beneficiary in order to make such payment or otherwise to cure a default under the Senior Mortgages (i) shall bear interest from the date advanced until paid at the Default Rate of Interest (as defined in the Prior Notes), (ii) shall be immediately due and payable by Borrower to Beneficiary, and (iii) shall be and become a part of the indebtedness secured hereby. The curing by Beneficiary of any default under the Senior Mortgages shall not constitute a curing or waiver of a default under this Deed of Trust that results from Borrower being in breach of hereof and Beneficiary shall remain entitled to exercise all of the rights and remedies to which it is entitled by virtue of such default. Borrower covenants and agrees to furnish Beneficiary evidence of payment of all sums paid under the Senior Mortgages, in the form of copies of Borrower's transmittal letter and check in payment of the installment or other payments due and to mail Beneficiary evidence of such payment at the same time the payment is mailed to the Senior Mortgagees. However, with respect to a default hereunder that results from the failure of Borrower to make such mailing, such default shall be deemed cured at any time before acceleration of the indebtedness secured hereby by Borrower furnishing evidence satisfactory to Beneficiary that such payment has been made to and accepted by the beneficiary of the Senior Mortgages.

(b)    Any act or omission by Borrower which, with notice or the passage of time, or both, would constitute a default under any Senior Mortgage, shall constitute a default hereunder.

(c)    Borrower shall notify Beneficiary promptly of (i) the occurrence of any default under the Senior Mortgages, or of any event which, with the passage of time or service of notice, or both, would constitute a default thereunder and (ii) the receipt by Borrower of any notice (written or oral) from the beneficiary or trustee of the Senior Mortgages noting or claiming the occurrence of any default by Borrower under such Senior Mortgage.

(d)    The occurrence of any renewal, extension, restructuring or refinancing of the indebtedness evidenced by the note secured by the Senior Mortgages, or modification of or amendment to such note or to the Senior Mortgages, without the prior written consent of Beneficiary, shall constitute a default hereunder and shall entitle Beneficiary to declare the entire indebtedness secured hereby to be immediately due and payable.

- 17 -

IBI Falcon US LLC - 000447

(e)     At the request of Beneficiary, Borrower covenants and agrees that all payments of principal, interest and other charges due under the Prior Notes shall be paid in escrow to Beneficiary at least fifteen (15) days prior to the date such payments are due under the Prior Notes.  If Borrower is not in default under any of the Loan Documents, Beneficiary agrees to make all payments so received directly to the holder of the Prior Notes.

(f)     **BORROWER REPRESENTS AND WARRANTS TO BENEFICIARY THAT BORROWER (I) HAS READ EACH AND EVERY PROVISION OF THIS DEED OF TRUST, (II) HAS CONSULTED, OR HAS BEEN GIVEN AN OPPORTUNITY TO HAVE THIS INSTRUMENT REVIEWED BY, COMPETENT LEGAL COUNSEL OF ITS CHOOSING, AND (III) UNDERSTANDS, AGREES TO AND ACCEPTS THE PROVISIONS HEREOF.**

37.     Execution Under Seal.  Borrower agrees that this instrument is executed under seal.

IN WITNESS WHEREOF, this Deed of Trust has been executed as of the day and year first above written by Borrower, which has caused these presents to be signed under seal in its name by its duly authorized representative(s) to acknowledge and deliver these presents as its act and deed for the purposes herein expressed.

BORROWER:

**5410 30TH STREET DC LLC**, a Maryland limited liability company

By:  _____
Zanetta M. Williams
Sole Member

STATE OF MARYLAND        )
                         )        ss.
COUNTY OF Anne Arundel  )

On this 3rd day of ~~March~~ April, 2025, before me, a Notary Public of the jurisdiction aforesaid, personally appeared Zanetta M. Williams, the sole Member of 5410 30th Street DC LLC, who did in my presence sign and seal the foregoing instrument and acknowledged that she executed the same for the purposes therein stated.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal.

_____
Notary Public
My commission expires:  6/22/2025

- 18 -

IBI Falcon US LLC - 000448

<u>EXHIBIT "A" ANNEXED TO AND MADE A PART OF THE</u>
<u>DEED OF TRUST AND</u>
<u>SECURITY AGREEMENT</u>

All that piece or parcel of land situate in the District of Columbia and being more particularly described as follows:

Lot numbered Forty-three (0043) in Square numbered One Thousand Four Hundred Forty-six (1446) in a subdivision by Zoran Dragacevac and Snezana Mitrovic Living Trust, as per Plat recorded in the Office of the Surveyor for the District of Columbia in Plat Book 220 at page 24.

Tax ID# SSL          1446/0043

Property Address:    5631 MacArthur Boulevard, NW, Washington D.C. 20016

IBI Falcon US LLC - 000449

```
Doc #: 2025038726
Filed & Recorded
04/18/2025 02:48 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
  RECORDING FEES            $150.00
  SURCHARGE                 $5.00
  RECORDATION TAX FEES      $5,869.60
TOTAL:                      $6,024.60
```

IBI Falcon US LLC - 000450