

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |
|---|---|
| In re: | CASE NO. 25-19605-LSS |
| **5410 30TH STREET DC, LLC,** | CHAPTER 11 |
| Debtor | |

## IBI US FALCON LLC'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI Falcon US LLC, a Delaware limited liability company ("**IBI Falcon US LLC**"), by and through its undersigned counsel, hereby provides its responses and objections to the First Set of Interrogatories of Debtor 5410 30th Street, LLC, a Maryland limited liability company (the "**Debtor**").

IBI Falcon US LLC expressly reserves the right to amend and/or supplement IBI Falcon US LLC's responses as discovery progresses.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

IBI Falcon US LLC's Responses are subject to the following general objections:

A.      To the extent that any of Debtor's Interrogatories seek information to which the following objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to those Interrogatories.

1

B.      IBI Falcon US LLC objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI Falcon US LLC that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C.      IBI Falcon US LLC objects to each Interrogatory to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D.      In making these responses, IBI Falcon US LLC does not concede that the information is properly discoverable or admissible at trial.  Accordingly, IBI Falcon US LLC reserves the right to object to further discovery into the subject matter of each topic set forth in these Interrogatories, and to object to the admissibility of the information provided.

E.      IBI Falcon US LLC objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information that is too burdensome or unreasonably expensive for IBI Falcon US LLC to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

G.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory is propounded solely for purposes of delay, harassment, or oppression.

2

H.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI Falcon US LLC.

I.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K.      IBI Falcon US LLC objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for or contemplates an answer that involves an opinion or contention of law.

L.      IBI Falcon US LLC's responses are based on knowledge and information presently available to IBI Falcon US LLC, and IBI Falcon US LLC's responses follow a reasonable search. IBI Falcon US LLC continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI Falcon US LLC's responses. IBI Falcon US LLC reserves the right to correct, clarify, amend, or supplement information contained in these responses.

**INTERROGATORIES**

INTERROGATORY NO. 01
State whether IBI Falcon US LLC contends that it is the real party in interest with respect to the Note and the Amended Proof of Claim, and state with particularity the factual and legal basis for that contention.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

IBI Falcon US LLC is the real party in interest with respect to the Note and the Amended Proof of Claim pursuant to that certain Second Allonge.

INTERROGATORY NO. 02
Identify the natural person or legal entity that is the ultimate beneficial owner of the right to receive payments on the Note as of the Petition Date.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

IBI Falcon US LLC is the ultimate beneficial owner of the right to receive payments on the Note as of the Petition Date.

INTERROGATORY NO. 03
Explain in complete detail why the payoff statement attached to the Amended Proof of Claim as Document 8 directs payment to IBI Falcon High Yield, LP rather than to IBI Falcon US LLC, the named Claimant.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 04
Identify every payment ever received by IBI Falcon US LLC on account of the Note directly into a bank account held in its own name, stating for each the date, amount, source, and receiving account.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

IBI Falcon US LLC states it has not received any payment from Debtor since June 30, 2025.

INTERROGATORY NO. 05
Identify each natural person who is a member, manager, officer, or beneficial owner of IBI Falcon US LLC.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 06
Identify each natural person who performs any function on behalf of IBI Falcon US LLC, stating the function performed and the source of compensation for such function.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 07
Identify each asset of IBI Falcon US LLC as of the Petition Date.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 08
Identify every payment ever made by IBI Falcon US LLC to IBI SBL Investment LP as consideration for the alleged acquisition of the Note, stating for each the date, amount, source of funds, and originating and receiving bank accounts.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

5

<u>INTERROGATORY NO. 9</u>
Identify every capital contribution, intercompany loan, equity investment, or other funding received by IBI Falcon US LLC from any source from its formation through the date of Your response.

<u>RESPONSE:</u>
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

<u>INTERROGATORY NO. 10</u>
State the formation date, state of organization, and stated business purpose of IBI Falcon US LLC.

<u>RESPONSE:</u>
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

February 6, 2025.
Delaware.
All lawful and legal business purposes.

<u>INTERROGATORY NO. 11</u>
Identify each loan, note, or other debt instrument (other than the Note at issue) ever owned or held by IBI Falcon US LLC.

<u>RESPONSE:</u>
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

<u>INTERROGATORY NO. 12</u>
Identify each book, ledger, or record on which the Note is or has been carried as an asset of IBI Falcon US LLC.

<u>RESPONSE:</u>
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 13
Identify the entity that has reported the Note as an asset on a federal income tax return for tax year 2024 or 2025.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 14
Identify each agreement, written or oral, by which any person other than IBI Falcon US LLC has an economic, participation, beneficial, or equitable interest in the Note or the right to payments thereunder.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 15
Identify each securitization, participation, syndication, fund, trust, or pooled-loan vehicle in which the Note has ever been included, contributed, pledged, or treated as collateral.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 16
Identify the corporate authorization (resolution, written consent, or similar instrument) on which IBI Falcon US LLC relied to file the Amended Proof of Claim.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 17
Identify the corporate authorization on which IBI Falcon US LLC relied to file the Motion to Convert this case to Chapter 7 (DE #95), the Disclosure Statement (DE #130), and the Plan (DE #129).

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 18
Identify the natural person at IBI Falcon US LLC who made the decision to acquire the Note from IBI SBL, and the date of that decision.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.


INTERROGATORY NO. 19
Identify the entity that has actually paid or will pay the legal fees and costs of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC in connection with this Bankruptcy Case.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.


INTERROGATORY NO. 20
Identify the legal and corporate relationship—including common ownership, control, management, custody, and revenue-sharing arrangements—among IBI Falcon US LLC, IBI SBL Investment LP, IBI Falcon High Yield, LP, IBI Investment House Ltd., and Gingo Palumbo Law Group LLC.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.


INTERROGATORY NO. 21
Describe in detail every material respect in which IBI Falcon US LLC and IBI Falcon High Yield, LP are operationally and organizationally separate.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 22
State the precise calendar date on which each signatory of the Second Allonge actually affixed his or her signature to the instrument, as distinct from the stated "effective date" of June 30, 2025.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

July 8, 2025.


INTERROGATORY NO. 23
State the precise calendar date on which the Second Allonge was physically affixed to the Note such that it became a part thereof within the meaning of D.C. Code § 28:3-204(a) and identify the natural person who effected such affixation.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

July 8, 2025.


INTERROGATORY NO. 24
State the precise calendar date on which IBI Falcon US LLC first took physical possession of the Note, and identify each document evidencing such delivery.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

July 8, 2025.


INTERROGATORY NO. 25
Identify the present location of the original wet-ink Note and each natural person who has had physical custody of the original Note from May 3, 2023 to the present.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

IBI Falcon US LLC states the present location of the original First Allonge and the original Second Allonge are at The VerStandig Law Firm, LLC.

INTERROGATORY NO. 26
Identify the source, form, and date of all authority pursuant to which Gingo Palumbo executed the Second Allonge and the Second Assignment on behalf of IBI SBL.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence. Further, IBI Falcon US LLC objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege and attorney work-product protection.

INTERROGATORY NO. 27
Describe IBI Falcon US LLC's authorization, ratification, or knowledge (if any) of IBI SBL's execution of the July 2025 Extension on or about July 10, 2025.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence. Further, IBI Falcon US LLC objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege and attorney work-product protection.

INTERROGATORY NO. 28
State the date on which You (including any officer, employee, agent, attorney, or attorney-in-fact, including Gingo Palumbo) first received actual or constructive notice of the commencement of the Bankruptcy Case.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

November 19, 2025.

INTERROGATORY NO. 29
Identify all communications between IBI Falcon and IBI SBL concerning the alleged transfer of the Note from IBI SBL to IBI Falcon.

RESPONSE:
IBI Falcon US LLC objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

10

INTERROGATORY NO. 30
Identify each natural person whom You intend to call as a witness at any evidentiary hearing on the Claim Objection or the Party-in-Interest Motion, stating the subject matter of each witness's expected testimony.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

IBI Falcon US LLC identifies a corporate representative of IBI Falcon US LLC and/or Michael Palumbo.  Each witness would generally testify to the subject loan documents.


                                        Respectfully submitted,


Dated: June 22, 2026          By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The VerStandig Law Firm, LLC
                                      9812 Falls Road, #114-160
                                      Potomac, Maryland 20854
                                      Phone: (301) 444-4600
                                      mac@mbvesq.com
                                      *Counsel for IBI Falcon US LLC*


11