

EXHIBIT
74

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:

**5410 30TH STREET DC, LLC,**

Debtor

CASE NO. 25-19605-LSS

CHAPTER 11

<u>IBI US FALCON LLC'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy

Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI

US Falcon LLC, a Delaware limited liability company ("**IBI Falcon US LLC**"), by and through

its undersigned counsel, hereby provides its responses and objections to the First Set of Requests

for Production of Documents of Debtor 5410 30th Street, LLC, a Maryland limited liability

company (the "**Debtor**").

IBI Falcon US LLC expressly reserves the right to amend and/or supplement IBI Falcon

US LLC's responses as discovery progresses.

<u>PRELIMINARY STATEMENT AND GENERAL OBJECTIONS</u>

IBI Falcon US LLC's Responses are subject to the following general objections:

A.     To the extent that any of Debtor's Requests for Production of Documents seek

information to which the following objections apply, specification of or failure to note particular

general objections is not a waiver of those or other general objections with respect to those

Requests for Production of Documents.

1

B.      IBI Falcon US LLC objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI Falcon US LLC that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C.      IBI Falcon US LLC objects to each Request for Production of Documents to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D.      In making these responses, IBI Falcon US LLC does not concede that the information is properly discoverable or admissible at trial.  Accordingly, IBI Falcon US LLC reserves the right to object to further discovery into the subject matter of each topic set forth in these Requests for Production of Documents, and to object to the admissibility of the information provided.

E.      IBI Falcon US LLC objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F.      IBI Falcon US LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information that is too burdensome or unreasonably expensive for IBI Falcon US LLC to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

2

G.     IBI Falcon S LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents is propounded solely for purposes of delay, harassment, or oppression.

H.     IBI Falcon US LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI Falcon US LLC.

I.     IBI Falcon US LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J.     IBI Falcon US LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K.     IBI Falcon US LLC objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for or contemplates an answer that involves an opinion or contention of law.

L.     IBI Falcon US LLC's responses are based on knowledge and information presently available to IBI Falcon US LLC, and IBI Falcon US LLC's responses follow a reasonable search. IBI Falcon US LLC continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI Falcon US LLC's responses.  IBI

3

Falcon US LLC reserves the right to correct, clarify, amend, or supplement information contained in these responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 01
The operating agreement of IBI Falcon US LLC, including all amendments, restatements, schedules, exhibits, and side letters.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 02
The certificate of formation of IBI Falcon US LLC, together with all amendments.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 03
A current schedule of members and beneficial owners of IBI Falcon US LLC, including the percentage interest of each.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 04
The federal and state income tax returns of IBI Falcon US LLC for tax years 2023, 2024, and 2025, redacted only for information unrelated to the loan-asset and inter-entity questions presented herein.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

4

REQUEST FOR PRODUCTION NO. 05
All audited, reviewed, compiled, or internally prepared financial statements of IBI Falcon US LLC for fiscal years 2023, 2024, and 2025.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 06
The general ledger of IBI Falcon US LLC from January 1, 2025 through the date of Your response, including all entries reflecting the Note.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 07
All loan tapes, loan schedules, or investor reports on which the Note has been carried as an asset of any IBI-Affiliated Entity, identifying for each which entity is shown as the holder.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 08
All bank statements for accounts held by or in the name of IBI Falcon US LLC from January 1, 2025 through the date of Your response, redacted only for transactions unrelated to the alleged acquisition of the Note or payments received on the Note.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 09
All documents evidencing the consideration paid by IBI Falcon US LLC to IBI SBL for the alleged acquisition of the Note, including wire confirmations, bank statements, escrow ledgers, intercompany funding memoranda, and source-of-funds records.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 10
All capital contribution records, equity infusion documents, and intercompany loan agreements under which IBI Falcon US LLC received capital from any source from formation through the date of Your response.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 11
The formation, organizational, and operating documents of IBI Falcon High Yield, LP, including the limited partnership agreement and a current schedule of partners.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 12
All intercompany agreements among IBI Falcon US LLC, IBI Falcon High Yield, LP, IBI SBL Investment LP, IBI Investment House Ltd., and any other IBI-Affiliated Entity relating to the Note, the Loan Documents, or the Property.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 13
All participation agreements, syndication agreements, securitization documents, trust agreements, fund agreements, and investor disclosures under which any person other than IBI Falcon US LLC has or may have an economic, participation, or beneficial interest in the Note.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 14
All servicing, sub-servicing, payment-direction, and sweep agreements pursuant to which payments on the Note are or have been remitted to any person or entity other than IBI Falcon US LLC.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

6

REQUEST FOR PRODUCTION NO. 15
All corporate resolutions, written consents, or other governance documents authorizing IBI Falcon US LLC to file the Amended Proof of Claim, the Motion to Convert (DE #95), the Disclosure Statement (DE #130), the Plan (DE #129), or to retain counsel in this case.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16
All retention agreements, engagement letters, billing records, and payment records reflecting the retention, billing, and payment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC in this matter, including documents identifying the entity actually paying such fees.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17
The original wet-ink Promissory Note dated May 3, 2023, made available for in-person inspection by the Debtor and the Debtor's Forensic Document Examiner at the time and location set forth in the Scheduling Order.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 18
The original wet-ink First Allonge bearing the "effective date" of March 6, 2024, made available for in-person inspection in physical association with the original Note.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

7

REQUEST FOR PRODUCTION NO. 19
The original wet-ink Second Allonge bearing the "effective date" of June 30, 2025, made available for in-person inspection in physical association with the original Note.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 20
The chain-of-custody log identifying each person or entity that has had possession of the original Note from origination through the date of the Scheduling Order, as expressly required by the Scheduling Order.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 21
All documents reflecting the actual calendar date on which the First Allonge and the Second Allonge were executed, including drafts, emails, calendar entries, document-management metadata, time-stamped electronic signatures, and notary records.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 22
All documents reflecting the date, means, and place at which the First Allonge and the Second Allonge were physically affixed to the Note.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 23
All custodial records, vault logs, courier receipts, and FedEx/UPS/USPS tracking records reflecting each physical transfer or shipment of the original Note and any allonge thereto from May 3, 2023 to the present.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 24
All powers of attorney, whether or not recorded, executed by FTF, IBI SBL, or IBI Falcon that purport to authorize any person to endorse, assign, transfer, or otherwise convey any interest in the Note or the Deed of Trust.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 25
All purchase and sale agreements, assignment agreements, bills of sale, transfer instruments, fund-flow memoranda, settlement statements, and closing instructions relating to the alleged transfer of the Note from FTF to IBI SBL and from IBI SBL to IBI Falcon.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 26
All communications between IBI Falcon and any of IBI SBL, FTF, IBI Falcon High Yield, or IBI Investment House Ltd. concerning the Note, the Deed of Trust, the Property, the Bankruptcy Case, or the Claim Objection.

RESPONSE:
IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

9

## REQUEST FOR PRODUCTION NO. 27

The complete payment history of the loan evidenced by the Note from origination to the present, in native electronic format with metadata, reflecting the entity that actually received each payment.

## RESPONSE:

Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

## REQUEST FOR PRODUCTION NO. 28

All notices of default, notices of acceleration, and notices of intent to foreclose sent by or on behalf of FTF, IBI SBL, or IBI Falcon to the Debtor or any guarantor at any time.

## RESPONSE:

Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

## REQUEST FOR PRODUCTION NO. 29

All documents that You contend support or establish that IBI Falcon US LLC is the real party in interest with respect to the Note and the Amended Proof of Claim, and is a "creditor" and "party in interest" within the meaning of 11 U.S.C. §§ 101(5), 101(10), and 1109(b).

## RESPONSE:

Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

## REQUEST FOR PRODUCTION NO. 30

All documents that refute, contradict, or are otherwise inconsistent with any allegation, contention, or position taken by IBI Falcon in the Proof of Claim, the Amended Proof of Claim, the Response to the Original Claim Objection (DE #126), the Opposition to the Motion to Enforce Stay (DE #68), or any opposition to the Party-in-Interest Motion.

## RESPONSE:

IBI Falcon US LLC objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

Respectfully submitted,

Dated: June 22, 2026   By: /s/ Maurice B. VerStandig
            Maurice B. VerStandig, Esq.
            Bar No. MD18071
            The VerStandig Law Firm, LLC
            9812 Falls Road, #114-160
            Potomac, Maryland 20854
            Phone: (301) 444-4600
            mac@mbvesq.com
            *Counsel for IBI Falcon US LLC*