

EXHIBIT

75

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:

**5410 30TH STREET DC, LLC,**

Debtor

CASE NO. 25-19605-LSS

CHAPTER 11

## IBI SBL INVESTMENT LP'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI SBL Investment LP, a Delaware limited partnership ("**IBI SBL Investment LP**"), by and through its undersigned counsel, hereby provides its responses and objections to the First Set of Interrogatories of Debtor 5410 30th Street, LLC, a Maryland limited liability company (the "**Debtor**").

IBI SBL Investment LP expressly reserves the right to amend and/or supplement IBI SBL Investment LP's responses as discovery progresses.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

IBI SBL Investment LP's Responses are subject to the following general objections:

A.      To the extent that any of Debtor's Interrogatories seek information to which the following objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to those Interrogatories.

1

B.      IBI SBL Investment LP objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI SBL Investment LP that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C.      IBI SBL Investment LP objects to each Interrogatory to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D.      In making these responses, IBI SBL Investment LP does not concede that the information is properly discoverable or admissible at trial.  Accordingly, IBI SBL Investment LP reserves the right to object to further discovery into the subject matter of each topic set forth in these Interrogatories, and to object to the admissibility of the information provided.

E.      IBI SBL Investment LP objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F.      IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information that is too burdensome or unreasonably expensive for IBI SBL Investment LP to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

G.      IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory is propounded solely for purposes of delay, harassment, or oppression.

H. IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI SBL Investment LP.

I. IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J. IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K. IBI SBL Investment LP objects to each Interrogatory of Debtor to the extent that each Interrogatory asks for or contemplates an answer that involves an opinion or contention of law.

L. IBI SBL Investment LP's responses are based on knowledge and information presently available to IBI SBL Investment LP, and IBI SBL Investment LP's responses follow a reasonable search. IBI SBL Investment LP continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI SBL Investment LP's responses. IBI SBL Investment LP reserves the right to correct, clarify, amend, or supplement information contained in these responses.

3

## INTERROGATORIES

INTERROGATORY NO. 01
State whether IBI SBL Investment LP contends that, as of the Petition Date, the right to payment on the Note belonged to IBI Falcon US LLC, to IBI SBL Investment LP, to IBI Falcon High Yield, LP, or to some other entity, and state with particularity the factual and legal basis for that contention.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

The right to payment on the Note belongs to IBI Falcon US LLC pursuant to that certain Second Allonge.

INTERROGATORY NO. 02
Identify the ultimate beneficial owner of the right to receive payments on the Note as of the Petition Date.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

The ultimate beneficial owner of the right to receive payments on the Note as of the Petition Date is IBI Falcon US LLC.

INTERROGATORY NO. 03
Explain in detail why, on July 10, 2025—ten (10) days after the "effective date" of the Second Allonge purporting to transfer the Note to IBI Falcon—IBI SBL executed the July 2025 Extension with the Debtor as "Lender."

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

As of the effective date of the July 2025 Extension, IBI SBL Investment LP was the Lender and the appropriate party to sign the same.

4

INTERROGATORY NO. 04
State whether IBI SBL contends that, as of July 10, 2025, IBI SBL still held the right to enforce or modify the Note, and state the factual and legal basis for that contention.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

As of the effective date of the July 2025 Extension, IBI SBL Investment LP was the Lender and the appropriate party to sign the same.

INTERROGATORY NO. 05
Identify the source, form, and date of all authority pursuant to which Gingo Palumbo (including Anthony J. Gingo and Michael J. Palumbo) executed the Second Allonge and the Second Assignment on Your behalf.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

The source is that certain Limited Power of Attorney entered by and between IBI SBL Investment LP and Gingo Palumbo Law Group LLC effective as of September 10, 2024.

INTERROGATORY NO. 06
Explain in detail why the Limited Power of Attorney from IBI SBL to Gingo Palumbo was not recorded in the District of Columbia Land Records until October 6, 2025, eighty-nine (89) days after the Second Assignment it purported to authorize was recorded.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 07
Identify each natural person at IBI SBL who authorized, ratified, or approved any action taken by Gingo Palumbo with respect to the Note, the Deed of Trust, the Property, or the Bankruptcy Case.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

IBI SBL Investment LP identifies Oren Streit and Tova Greenbaum.

INTERROGATORY NO. 08
Identify the consideration (if any) received by IBI SBL from IBI Falcon US LLC in exchange for the alleged transfer of the Note, including amount, date, form of payment, originating and receiving bank accounts, and wire reference.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 09
Identify the consideration (if any) IBI SBL paid to FTF in exchange for the alleged transfer of the Note from FTF to IBI SBL.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 10
Identify each book, ledger, or record maintained by IBI SBL on which the Note is or has been carried as an asset.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 11
State whether the Note is reflected as an asset on any tax return or financial statement of IBI SBL Investment LP for tax year 2024 or 2025.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 12
State whether IBI SBL ever physically possessed the original Note, and if so identify the dates of possession and the location at which the Note was stored.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

IBI SBL Investment LP's document custodian maintained physical possession of the original Note at 1300 East Ninth Street, Suite 1310, Cleveland, Ohio 44114.

INTERROGATORY NO. 13
Identify the legal and corporate relationship—including common ownership, control, management, and revenue-sharing arrangements—among IBI SBL Investment LP, IBI Falcon US LLC, IBI Falcon High Yield, LP, IBI Investment House Ltd., and Gingo Palumbo Law Group LLC.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 14
Identify each general partner, limited partner, officer, or beneficial owner of IBI SBL Investment LP.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 15
Identify each agreement, written or oral, by which any person other than IBI SBL had or has an economic, participation, or beneficial interest in the Note.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 16
Identify each securitization, participation, syndication, fund, trust, or pooled-loan vehicle in which the Note was ever included, contributed, pledged, or treated as collateral during IBI SBL's alleged ownership.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 17
Identify all communications between IBI SBL and IBI Falcon US LLC concerning the alleged transfer of the Note.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 18
Identify all communications between IBI SBL and the Debtor (including Zanetta Marie Williams) from January 1, 2024 to the present.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence. Further, IBI SBL Investment LP objects to this Interrogatory to the extent that it calls for information within the control of Debtor.

INTERROGATORY NO. 19
Identify all instructions, directions, or authorizations IBI SBL provided to any agent or counsel to take any action with respect to the Note, the Deed of Trust, the Property, or the conduct of this litigation.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence. Further, IBI SBL Investment LP objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege and attorney work-product protection.

8

INTERROGATORY NO. 20
State the date on which IBI SBL (including Gingo Palumbo as its attorney-in-fact) first received actual or constructive notice of the commencement of the Bankruptcy Case.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

November 19, 2025.

INTERROGATORY NO. 21
Identify the present location of the original First Allonge and the original Second Allonge.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence. Further, IBI SBL Investment LP objects to this Interrogatory to the extent that it calls for information within the control of a third-party.

INTERROGATORY NO. 22
State the precise calendar date on which each signatory of the First Allonge actually affixed his or her signature, as distinct from the stated "effective date" of March 6, 2024.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence. Further, IBI SBL Investment LP objects to this Interrogatory to the extent that it calls for information within the control of a third-party.

INTERROGATORY NO. 23
State the precise calendar date on which each signatory of the Second Allonge actually affixed his or her signature, as distinct from the stated "effective date" of June 30, 2025.

RESPONSE:
Notwithstanding and without waiving IBI Falcon US LLC's general objection(s) to these Interrogatories, IBI Falcon US LLC states as follows:

July 8, 2025.

9

INTERROGATORY NO. 24
Describe in detail any physical delivery by IBI SBL of the original Note to IBI Falcon US LLC, including the date, means, courier, tracking number, location of delivery, and each document evidencing the delivery.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

IBI SBL Investment LP states the original Note was hand-delivered by IBI SBL Investment LP's document custodian to Gingo Palumbo Law Group LLC.


INTERROGATORY NO. 25
Identify the entity that has actually paid or will pay the legal fees and costs of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC in this Bankruptcy Case as it relates to IBI SBL's involvement.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.


INTERROGATORY NO. 26
Identify each natural person whom You intend to call as a witness at any evidentiary hearing on the Claim Objection or the Party-in-Interest Motion, stating the subject matter of each witness's expected testimony.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

IBI SBL Investment LP identifies a corporate representative of IBI SBL Investment LP and/or Michael Palumbo. Each witness would generally testify to the subject loan documents.


INTERROGATORY NO. 27
Identify the corporate authorization (resolution, written consent, or similar instrument) on which IBI SBL relied to execute the July 2025 Extension.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.

10

INTERROGATORY NO. 28
State whether IBI SBL gave the Debtor any written notice, on or before July 10, 2025, that IBI SBL had purportedly transferred the Note to IBI Falcon US LLC.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Interrogatories, IBI SBL Investment LP states as follows:

No.


INTERROGATORY NO. 29
Identify all communications between IBI SBL and FTF concerning the alleged transfer of the Note from FTF to IBI SBL.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and not relevant or likely to lead to the discovery of admissible evidence.


INTERROGATORY NO. 30
Identify each natural person who participated in the preparation, drafting, negotiation, or execution of the Second Allonge.

RESPONSE:
IBI SBL Investment LP objects to this Interrogatory as not relevant or likely to lead to the discovery of admissible evidence.  Further, IBI SBL Investment LP objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege and attorney work-product protection.


                                        Respectfully submitted,


Dated: June 22, 2026            By:     /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        Bar No. MD18071
                                        The VerStandig Law Firm, LLC
                                        9812 Falls Road, #114-160
                                        Potomac, Maryland 20854
                                        Phone: (301) 444-4600
                                        mac@mbvesq.com
                                        *Counsel for IBI SBL Investment LP*


11