

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | CASE NO. 25-19605-LSS |
| **5410 30TH STREET DC, LLC,** | CHAPTER 11 |
| Debtor | |

## IBI SBL INVESTMENT LP'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI SBL Investment LP, a Delaware limited partnership ("**IBI SBL Investment LP**"), by and through its undersigned counsel, hereby provides its responses and objections to the First Set of Requests for Production of Documents of Debtor 5410 30th Street, LLC, a Maryland limited liability company (the "**Debtor**").

IBI SBL Investment LP expressly reserves the right to amend and/or supplement IBI SBL Investment LP's responses as discovery progresses.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

IBI SBL Investment LP's Responses are subject to the following general objections:

A.     To the extent that any of Debtor's Requests for Production of Documents seek information to which the following objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to those Requests for Production of Documents.

1

B. IBI SBL Investment LP objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI SBL Investment LP that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C. IBI SBL Investment LP objects to each Request for Production of Documents to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D. In making these responses, IBI SBL Investment LP does not concede that the information is properly discoverable or admissible at trial. Accordingly, IBI SBL Investment LP reserves the right to object to further discovery into the subject matter of each topic set forth in these Requests for Production of Documents, and to object to the admissibility of the information provided.

E. IBI SBL Investment LP objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F. IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information that is too burdensome or unreasonably expensive for IBI SBL Investment LP to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

G.      IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents is propounded solely for purposes of delay, harassment, or oppression.

H.      IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI SBL Investment LP.

I.      IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J.      IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K.      IBI SBL Investment LP objects to each Request for Production of Documents of Debtor to the extent that each Request for Production of Documents asks for or contemplates an answer that involves an opinion or contention of law.

L.      IBI SBL Investment LP's responses are based on knowledge and information presently available to IBI SBL Investment LP, and IBI SBL Investment LP's responses follow a reasonable search. IBI SBL Investment LP continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI SBL Investment

LP's responses. IBI SBL Investment LP reserves the right to correct, clarify, amend, or supplement information contained in these responses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 01
The limited partnership agreement of IBI SBL Investment LP, including all amendments, restatements, schedules, exhibits, and side letters.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 02
The certificate of limited partnership of IBI SBL Investment LP, together with all amendments.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 03
A current schedule of general and limited partners of IBI SBL Investment LP, identifying the percentage interest of each.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 04
The federal and state income tax returns of IBI SBL Investment LP for tax years 2023, 2024, and 2025, redacted only for information unrelated to the loan-asset and inter-entity questions presented herein.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 05
All audited, reviewed, compiled, or internally prepared financial statements of IBI SBL Investment LP for fiscal years 2023, 2024, and 2025.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 06
The general ledger of IBI SBL Investment LP from January 1, 2023 through the date of Your response, including all entries reflecting the Note.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 07
All loan tapes, loan schedules, or investor reports on which the Note has been carried as an asset of IBI SBL Investment LP.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 08
All bank statements for accounts held by or in the name of IBI SBL Investment LP from January 1, 2025 through the date of Your response, redacted only for transactions unrelated to the alleged transfer to IBI Falcon, the consideration for that transfer, or payments received on the Note.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 09
All documents evidencing consideration received by IBI SBL from IBI Falcon US LLC for the alleged transfer of the Note.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 10
All documents evidencing consideration paid by IBI SBL to FTF Lending, LLC for the alleged transfer of the Note from FTF.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 11
All powers of attorney executed by IBI SBL that purport to authorize any person to endorse, assign, transfer, or otherwise convey any interest in the Note or the Deed of Trust, including any power of attorney to Anthony J. Gingo, Michael J. Palumbo, or Gingo Palumbo Law Group LLC.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 12
All corporate resolutions, partnership consents, or written consents authorizing IBI SBL's execution of the First Allonge, First Assignment, Second Allonge, Second Assignment, July 2025 Extension, or Limited Power of Attorney to Gingo Palumbo.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 13
The General Engagement Correspondence and Fee Agreement dated September 9, 2024 between IBI SBL and Gingo Palumbo, and all amendments thereto.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

6

REQUEST FOR PRODUCTION NO. 14
All purchase and sale agreements, assignment agreements, bills of sale, transfer instruments, fund-flow memoranda, and closing instructions relating to the alleged transfer of the Note from FTF to IBI SBL and from IBI SBL to IBI Falcon.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 15
The chain-of-custody log identifying each person or entity that has had possession of the original Note from origination through the date of the Scheduling Order.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16
All documents reflecting the actual calendar date on which the First Allonge and the Second Allonge were executed, including drafts, emails, metadata, time-stamped electronic signatures, and notary records.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17
All documents reflecting the date, means, and place at which the First Allonge and the Second Allonge were physically affixed to the Note.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 18
All custodial records, vault logs, courier receipts, and shipping records reflecting each physical transfer or shipment of the original Note and any allonge thereto during IBI SBL's alleged ownership, and any delivery to IBI Falcon.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 19
All servicing, sub-servicing, custodial, and document-custodian agreements to which the Note has been subject during any period of IBI SBL's alleged ownership.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 20
All participation, syndication, securitization, trust, fund, investor disclosure, and subscription documents under which any person other than IBI SBL had or has an economic, participation, or beneficial interest in the Note during IBI SBL's alleged ownership.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.


REQUEST FOR PRODUCTION NO. 21
All intercompany agreements, intercompany ledgers, intercompany invoices, and intercompany funding memoranda among IBI SBL Investment LP, IBI Falcon US LLC, IBI Falcon High Yield, LP, IBI Investment House Ltd., and any other IBI-Affiliated Entity relating to the Note or the Property.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 22
The complete payment history of the loan during the period of IBI SBL's alleged ownership, reflecting the entity that actually received each payment.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 23
All notices of default, notices of acceleration, and notices of intent to foreclose sent by or on behalf of IBI SBL to the Debtor or any guarantor at any time.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 24
All drafts, intermediate versions, and final versions of the July 2025 Extension, including metadata and internal and external comments.

RESPONSE:
IBI SBL Investment LP objects to this Request as not relevant or likely to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 25
All documents and communications reflecting IBI SBL's authorization, approval, ratification, or knowledge of any action taken by Gingo Palumbo, Michael J. Palumbo, or Anthony J. Gingo with respect to the Note, the Deed of Trust, the Property, or the conduct of this litigation.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 26
All documents and communications received by IBI SBL concerning the commencement of the Bankruptcy Case.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 27
All notarial certificates, journals, and acknowledgments relating to the execution of the Limited Power of Attorney from IBI SBL to Gingo Palumbo recorded October 6, 2025, including the records of Notary Ran Marcus of Tel Aviv, Israel.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 28
All apostilles, consular certifications, and authentication documents relating to instruments executed by Amir Golan, Dor Sagron, or any other agent of IBI SBL with respect to the Note.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 29
All retention agreements, engagement letters, billing records, and payment records reflecting the retention, billing, and payment of Maurice B. VerStandig, Esq. and The VerStandig Law Firm, LLC in connection with this matter, including documents identifying the entity actually paying such fees.

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

REQUEST FOR PRODUCTION NO. 30
All documents that You contend support or establish (a) IBI SBL's authority to execute the July 2025 Extension after the alleged transfer of the Note to IBI Falcon, and (b) IBI Falcon US LLC's status as a "creditor" and "party in interest" within the meaning of 11 U.S.C. §§ 101(5), 101(10), and 1109(b).

RESPONSE:
Notwithstanding and without waiving IBI SBL Investment LP's general objection(s) to these Requests for Production of Documents, Debtor is directed to the production of documents accompanying these Responses.

Respectfully submitted,

Dated: June 22, 2026          By:     /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The VerStandig Law Firm, LLC
                                      9812 Falls Road, #114-160
                                      Potomac, Maryland 20854
                                      Phone: (301) 444-4600
                                      mac@mbvesq.com
                                      *Counsel for IBI SBL Investment LP*

11