<u>AMENDMENT AND EXTENSION OF PROMISSORY NOTE AND LOAN DOCUMENTS AND
REAFFIRMATION OF GUARANTY</u>

**THIS AMENDMENT AND EXTENSION OF LOAN PROMISSORY NOTE AND LOAN DOCUMENTS AND REAFFIRMATION OF GUARANTY** (the "**Amendment**") is made and effective as of June 18, 2025 (the "**Effective Date**"), by and between **5410 30TH STREET DC LLC, a Maryland limited liability company** (the "**Borrower**"), **ZANETTA MARIE WILLIAMS, an individual**, and **IBI SBL INVESTMENT LP, a Delaware limited partnership** ("**Lender**" or "**IBI SBL Investment LP**"), successor by assignment to FTF LENDING, LLC, a Delaware limited liability company ("**FTF Lending LLC**").

ZANETTA MARIE WILLIAMS, individually, collectively, and/or jointly and severally, is/are referred to in this Amendment as the "**Guarantor**".

Borrower, Guarantor, and Lender, individually, collectively, and/or jointly and severally, is/are referred to in this Amendment as the "**Party**" or the "**Parties**".

RECITALS

WHEREAS, FTF Lending LLC extended a certain loan (the "**Loan**") to Borrower on or about May 3, 2023 whereby FTF Lending LLC agreed to provide a certain loan to Borrower for commercial or business purposes; and

WHEREAS, the Loan is secured, in part, by (a) a certain loan promissory note (as amended and modified from time to time, the "**Note**") in the original principal amount of $2,222,000.00 dated May 3, 2023 and executed by Borrower, (b) a/those certain guaranty(ies) (as amended and modified from time to time, individually and/or collectively, the "**Guaranty**") dated May 3, 2023 and executed by Guarantor, (c) a certain deed of trust, assignment of leases and rents, fixture filing, and security agreement (as amended and modified from time to time, the "**Deed of Trust**") dated May 3, 2023 and executed by Borrower encumbering certain real property situated in the District of Columbia, and more commonly known as 5631 MacArthur Boulevard NW, Washington, DC 20016 (individually and collectively, the "**Property**"), and (d) all other documents executed by Borrower and/or Guarantor related to the Loan (individually and collectively, the "**Loan Documents**"); and

WHEREAS, the Deed of Trust was recorded on May 10, 2023 in the Office of the Recorder of Deeds, District of Columbia as Document #2023039109; and

WHEREAS, in furtherance of the Deed of Trust, a certain Uniform Commercial Code Fixture Filing was recorded on May 10, 2023 in the Office of the Recorder of Deeds, District of Columbia as Document #2023039110; and

WHEREAS, FTF Lending LLC transferred and assigned the Loan Documents to IBI SBL Investment LP on or about March 6, 2024; and

WHEREAS, IBI SBL Investment LP is the current holder of the Loan Documents; and

WHEREAS the current unpaid principal balance due under the Note is $2,158,647.64; and

WHEREAS the current maturity date under the Loan Documents is September 1, 2024 (the "**Current Maturity Date**"); and

Borrower: 5410 30th Street DC LLC<br>Loan: 399504816

WHEREAS each Borrower and Guarantor requests that Lender extend the Current Maturity Date under the Loan Documents up to and including June 30, 2025, and Lender is agreeable to said request; and

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are incorporated herein by reference and are true and accurate in all material respects and contain no material misrepresentations or omissions.

2. The maturity date under the Note shall be amended from June 18, 2025 to June 30, 2025 (the "**Extended Maturity Date**"). The maturity date shall not be amended until Lender has received a fully signed Amendment from each Borrower and Guarantor.

3. The Loan shall be extended for an additional 90 days from the Extended Maturity Date, up to and including September 30, 2025, to provide Borrower with time to sell or refinance the Property, subject to the following conditions:

    a. Rehabilitation of the Property shall be 100.00% completed, as verified by an inspector's report, on or before the Extended Maturity Date. Lender shall select and/or approve the selection of the inspector, and Borrower shall pay and/or reimburse Lender for all of the inspector's fees/costs related to the inspection. Gas and electrical connection as required by Washington Gas and Pepco, respectively, shall not be taken into consideration of 100.00% completion of rehabilitation. Gas and electrical connection timeframes are outside of Borrower's control. However, Borrower shall confirm/prove that the request to complete said connections by Washington Gas and Pepco, respectively, were accomplished within 7 days of execution of this Amendment.

    b. The amount of $22,220.00 representing the 1.000% extension fee based upon the unpaid principal balance of $2,222,000.00 shall be due and payable. Borrower agrees to pay, and Lender agrees to accept, said fee on or before the Extended Maturity Date.

    c. The amount of $44,440.00 representing the 2.000% forbearance fee based upon the unpaid principal balance of $2,222,000.00 shall be due and payable. Borrower agrees to pay, and Lender agrees to accept, said fee on or before the Extended Maturity Date.

    d. All Borrower's monthly interest installment payments due and payable to Lender on the date set forth in the Note and in the amount calculated by Lender to be due and payable under the Note shall be deferred until the Extended Maturity Date.

4. If Borrower fails to complete the rehabilitation of the Property on or before the Extended Maturity Date, then the failure to complete the rehabilitation of the Property shall be an additional Event of Default under the Note.

5. Each Borrower and Guarantor acknowledges and agrees that Borrower shall pay Lender all unpaid principal, note rate interest, default interest, late charges, and all other amounts recoverable under the Loan Documents on or before the Extended Maturity Date.

6. Each Borrower and Guarantor acknowledges and agrees to reimburse Lender for all of Lender's reasonable attorney's fees and costs related to this Amendment and to the enforcement of Lender's

2

rights and remedies under the Loan Documents as expressly provided for hereunder and thereunder on or before the Extended Maturity Date.  The current fee for this Amendment is $750.00.

7.      Release(s).

a.      AS A MATERIAL INDUCEMENT FOR LENDER TO EXECUTE THIS AMENDMENT, EACH BORROWER AND GUARANTOR, INDIVIDUALLY AND ON BEHALF OF EACH BORROWER'S AND GUARANTOR'S PARENTS, SUBSIDIARIES, AFFILIATES, OFFICERS, MEMBERS, MANAGERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES, REPRESENTATIVES, AGENTS, SERVICERS, AND ATTORNEYS AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS (COLLECTIVELY AND INDIVIDUALLY, JOINTLY AND SEVERALLY, THE "**RELEASING PARTIES**"), DO HEREBY, NOW AND FOREVER, JOINTLY AND SEVERALLY, RELEASE, RELINQUISH, WAIVE, DISCHARGE, COVENANT NOT TO SUE, ACQUIT, SATISFY AND FOREVER DISCHARGE LENDER AND ANY AND ALL PARTIES PARTICIPATING AT ANY TIME IN THE LOAN, AND THEIR RESPECTIVE PARENTS, SUBSIDIARIES, AFFILIATES, OFFICERS, MEMBERS, MANAGERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES, REPRESENTATIVES, AGENTS, SERVICERS, AND ATTORNEYS AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS (INDIVIDUALLY, COLLECTIVELY, AND JOINTLY AND SEVERALLY, THE "**RELEASED PARTIES**") FROM AND AGAINST ANY AND ALL LIABILITIES, CLAIMS, COUNTERCLAIMS, CROSS-CLAIMS, DEFENSES (INCLUDING AFFIRMATIVE DEFENSES), ACTIONS, OFFSETS, CAUSES OF ACTION, SUITS, CONTROVERSIES, AGREEMENTS, PROMISES, ASSERTIONS AND DEMANDS WHATSOEVER IN LAW OR IN EQUITY ACCRUING THROUGH THE EFFECTIVE DATE HEREOF, WHETHER PRESENTLY KNOWN OR HEREAFTER DISCOVERED, ABSOLUTE OR CONTINGENT, WHICH EACH BORROWER AND GUARANTOR EVER HAD, NOW HAS, OR HEREAFTER CAN, SHALL OR MAY HAVE AGAINST LENDER AND/OR ANY OTHER RELEASED PARTIES BASED UPON, ARISING OUT OF OR IN CONNECTION WITH, OR IN ANY WAY RELATING TO, DIRECTLY OR INDIRECTLY, THE NOTE, THE LOAN DOCUMENTS, THE PROPERTY AND/OR ANY RELATIONSHIP, COURSE OF CONDUCT OR DEALINGS OR NEGOTIATIONS BETWEEN EACH BORROWER AND GUARANTOR AND LENDER (OR ANY OTHER RELEASED PARTIES) PERTAINING TO THE SUBJECT MATTER OF THIS AMENDMENT OR ANY OF THE OTHER LOAN DOCUMENTS (COLLECTIVELY, "**CLAIMS**").

b.      EACH BORROWER AND GUARANTOR EXPRESSLY ACKNOWLEDGES, COVENANTS, REPRESENTS AND WARRANTS THAT THE FOREGOING RELEASE AND WAIVER IS INTENDED TO BE AS BROAD AND INCLUSIVE AS PERMITTED BY THE LAWS OF THE DISTRICT OF COLUMBIA IN ADDITION TO, AND WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, AND IN CONSIDERATION OF LENDER'S EXECUTION OF THIS AMENDMENT, EACH BORROWER AND GUARANTOR FURTHER ACKNOWLEDGES, COVENANTS, REPRESENTS AND WARRANTS THAT THERE EXISTS NO CLAIM, COUNTERCLAIM, CROSS-CLAIM, DEFENSE, OBJECTION, OFFSET OR CLAIM OF OFFSET AGAINST LENDER OR ANY OF THE OTHER RELEASED PARTIES WITH RESPECT TO THE OBLIGATIONS OF EACH BORROWER AND

3

GUARANTOR TO PAY THE LOAN TO LENDER WHEN AND AS THE SAME BECOME DUE AND PAYABLE AS OF THE EFFECTIVE DATE HEREOF.

c.   EACH BORROWER AND GUARANTOR ACKNOWLEDGES THAT, NOTWITHSTANDING LENDER'S WILLINGNESS TO ENTER INTO THIS AMENDMENT, LENDER HAS NOT MADE ANY REPRESENTATIONS REGARDING, OR SHALL HAVE ANY OBLIGATION TO MAKE, ANY FURTHER MODIFICATIONS TO THE LOAN DOCUMENTS.

d.   EACH BORROWER AND GUARANTOR ACKNOWLEDGES THAT EACH BORROWER AND GUARANTOR IS SIGNING THIS AMENDMENT WITH FULL KNOWLEDGE OF ANY AND ALL RIGHTS EACH BORROWER AND GUARANTOR MAY HAVE AND ARE NOT RELYING UPON ANY REPRESENTATIONS OR WARRANTIES MADE BY LENDER OR ANY OTHER PARTY, AND EACH BORROWER AND GUARANTOR HEREBY ASSUMES THE RISK OF ANY MISTAKE OF FACT NOW KNOWN OR UNKNOWN TO THEM.

e.   EACH BORROWER AND GUARANTOR FULLY ACKNOWLEDGES THAT EACH BORROWER AND GUARANTOR HAS CONDUCTED WHATEVER INVESTIGATION EACH BORROWER AND GUARANTOR DEEMS NECESSARY TO ASCERTAIN ALL FACTS AND MATTERS RELATING TO THIS AMENDMENT.

f.   EACH BORROWER AND GUARANTOR REPRESENTS AND WARRANTS TO LENDER THAT EACH PARTY HAS SECURED INDEPENDENT LEGAL ADVICE CONCERNING THIS AMENDMENT AND THE RELEASES AND WAIVERS CONTAINED HEREIN.

8.   Except for the terms specifically set forth in this Amendment, each Borrower and Guarantor acknowledges and agrees that the Loan Documents shall remain in full force and effect until all of the indebtedness is fully repaid and any other obligations under the Loan Documents have been satisfied.

9.   This Amendment shall not impair the validity, priority, and enforceability of the Loan Documents in any manner whatsoever.

10.   Each Borrower and Guarantor ratifies and affirms his/her/its liability to Lender pursuant to the terms of the Loan, evidenced in part by this Amendment herein, and agrees that his/her/its liability thereon shall continue in full force and effect.

11.   Each Borrower and Guarantor represents to Lender that he/she/it has no defense, offset, or counterclaim with respect to the Loan.

12.   Each Borrower and Guarantor agrees that he/she/it (i) has read and fully understands the terms of this Amendment, and (ii) is represented by legal counsel or has had sufficient opportunity to retain legal counsel with respect to this Amendment.

13.   This Amendment fully reflects each Borrower's and Guarantor's intentions, and parol evidence is not required to interpret the terms of this Amendment.

4

14.    This Amendment may be executed in one or more counterparts, each of which shall constitute an original and all of which taken together shall constitute one agreement, and by wet-ink signature, electronic signature, or a combination thereof.

15.    This Amendment may be executed wet-ink signature, Electronic Signature (defined below), or any combination thereof.  Such Electronic Signature is intended to authenticate this Amendment and to have the same force and effect as a wet-ink signature to the extent and as provided for under applicable law, including the Electronic Signatures in Global and National Commerce Act of 2000 (15 U.S.C. § 7001, *et seq.*), or other similar state law based on the Uniform Electronic Transactions Act.  "Electronic Signature" means any electronica sound, symbol, or process attached to or logically associated with a record and executed and adopted by a party with the intent to sign such record.

[END OF PAGE – SIGNATURE PAGE TO FOLLOW]

Borrower: 5410 30th Street DC LLC
Loan: 399504816

IN WITNESS WHEREOF, the Borrower, by and through the Borrower's authorized signatory, has executed and delivered this Amendment and Extension of Promissory Note and Loan Documents and Reaffirmation of Guaranty to the Lender as of the Effective Date.

BORROWER:
5410 30TH STREET DC LLC,
a Maryland limited liability company

**Signature:** *Zanetta M. Williams*
Zanetta M. Williams (Jun 30, 2025 22:14 EDT)

**Email:** zanettaw@yahoo.com

By:     Zanetta Marie Williams
Its:     Sole Member and Manager

IN WITNESS WHEREOF, the Guarantor, in the Guarantor's individual capacity, has executed and delivered this Amendment and Extension of Promissory Note and Loan Documents and Reaffirmation of Guaranty to the Lender as of the Effective Date.

GUARANTOR:
ZANETTA MARIE WILLIAMS,
an individual and resident of the State of Maryland

**Signature:** *Zanetta M. Williams*
Zanetta M. Williams (Jun 30, 2025 22:14 EDT)

**Email:** zanettaw@yahoo.com

By:     Zanetta Marie Williams

6

Borrower: 5410 30th Street DC LLC<br>Loan: 399504816

IN WITNESS WHEREOF, the Lender, by and through the Lender's authorized signatory, has executed this Amendment and Extension of Promissory Note and Loan Documents and Reaffirmation of Guaranty as of the Effective Date.

LENDER:
IBI SBL INVESTMENT LP,
a Delaware limited partnership

**Signature:** _____
Dor Sagron (Jul 1, 2025 16:11 GMT+3)

**Email:** dor@ibi.co.il

By:      Dor Sagron
Its:      Vice President and Authorized Signatory

# 25 06 29-LoanExtensionAgreement-5631MacArthur-CLEAN

Final Audit Report                                                         2025-07-01

| | |
|---|---|
| Created: | 2025-06-30 |
| By: | Michael Palumbo (michael@gplawllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAF2boYAK6ISkFIpBPW1LXOY86YQeb0iVc |

## "25 06 29-LoanExtensionAgreement-5631MacArthur-CLEAN" History

Document created by Michael Palumbo (michael@gplawllc.com)
2025-06-30 - 1:19:55 PM GMT

Document emailed to Zanetta M. Williams (zanettaw@yahoo.com) for signature
2025-06-30 - 1:20:01 PM GMT

Email viewed by Zanetta M. Williams (zanettaw@yahoo.com)
2025-07-01 - 0:46:28 AM GMT

Document e-signed by Zanetta M. Williams (zanettaw@yahoo.com)
Signature Date: 2025-07-01 - 2:14:02 AM GMT - Time Source: server

Document emailed to Dor Sagron (dor@ibi.co.il) for signature
2025-07-01 - 2:14:05 AM GMT

Email viewed by Dor Sagron (dor@ibi.co.il)
2025-07-01 - 1:10:55 PM GMT

Document e-signed by Dor Sagron (dor@ibi.co.il)
Signature Date: 2025-07-01 - 1:11:17 PM GMT - Time Source: server

Agreement completed.
2025-07-01 - 1:11:17 PM GMT