IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | \| | |
| | \| | |
| 5410 30th Street DC, LLC, | \| | Case No.: 25-19605 |
| | \| | |
| Debtor | \| | Chapter 11 |
| | \| | (Relates to Adv. Pro. No. 26-00129) |
| | \| | |

**FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026**

Deirdre T. Johnson, Esq., ("**Deirdre Johnson**") counsel for the above-captioned Debtor and Debtor-in-Possession, 5410 30th Street DC, LLC (the "**Debtor**"), hereby files this First Application of Deirdre T, Johnson, Esq., Counsel to the Debtor and Debtor in Possession, for Allowance and Payment of Interim Compensation for Services Rendered and Reimbursement of Expenses incurred For The Period November 1, 2025 Through June 30, 2026 (the "**Application**") for the period November 1, 2025 through June 30, 2026 (the "**Application Period**"). Through this Application, Deirdre Johnson seeks the allowance of fees in the amount of $70,815.00 and the reimbursement of expenses ion the amount of $21.60 that were incurred during the Application Period, and in support thereof, states as follows:

Summary of Application

| | |
|---|---|
| Total Compensation Requested: | $70,815.00 |
| Total Expenses Requested: | $21.60 |
| Amounts Previously Requested: | $0.00 |
| Amounts Previously Awarded: | $0.00 |
| Attorney Billing Rate[1]: | $300.00 |

**I. JURISDICTION AND VENUE**

---

[1] As required by the rules set forth in In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md.1991) Deirdre Johnson submits that she has 7+ years of bankruptcy experience.

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order 2012-05 from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 328, 330, 331, and 11 U.S.C. §§ 101 et. seq (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 2016 (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 2016 for the District of Maryland (the "**Local Rules**").

## II. The Chapter 11 Case

3. On October 14, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned Case No. 25-19605 (the "Bankruptcy Case").

4. The Debtor continues in possession of its property and the management of its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## III.  Employment of Deirdre T. Johnson, Esq.

5. On November 18, 2025, the Debtor filed its *Application to Employ Deirdre T. Johnson as Attorney and Verified Statement of Party* [Dkt. No. 35] (the "**Deirdre Johnson Employment Application**"). An *Amended Application to Employ Deirdre T. Johnson as Attorney and Verified Statement of Party* was filed by the Debtor on December 2, 2025 [Dkt. No. 58] (the "**Amended Deirdre Johnson Employment Application**" ).  As set forth in both Employment Applications, prior to the commencement of this Chapter 11 case, Deirdre Johnson received a retainer of $1,500.00 to represent the Debtor, which was provided immediately prior to the filing of the bankruptcy case.  Thereafter, on January 26, 2026, the Court entered an order (the "**Deirdre Johnson Employment Order**") approving the employment of Deirdre Johnson as counsel to the Debtor.  *See* Dkt. No. 93.  On February 26, 2026, the Debtor filed a *Motion to Approve Supplemental Compensation Arrangement and Modify Scope of Employment* [Dkt. No. 115] (the "**Motion for Supplemental Compensation**")  in connection with extraordinary services required to be rendered for the benefit of the Debtor and the bankruptcy estate beyond the originally contemplated scope.  Thereafter, on March 17, 2026, the Court entered an order (the "**Supplemental Compensation Arrangement Order**") approving supplemental compensation for Deirdre Johnson's representation of the Debtor at the rate of $300.00 per hour.  See Dkt. No. 123.

6. During the pendency of the Bankruptcy Case, disputes arose between the Debtor and IBI Falcon US, LLC and IBI SBL Investment LP (collectively, "IBI") concerning, among other things, IBI's post-petition conduct with respect to property of the estate, giving rise to the

Debtor's Motion to Enforce the Automatic Stay and related Motion for Temporary Restraining Order and Preliminary Injunction, originally filed in the main case, and later commenced as Adv. Pro. No. 26-00129 (the "Stay Enforcement Matter").

7. IBI's status as a party in interest in the Bankruptcy Case was separately disputed, requiring the Debtor to file a Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest (the "Party-in-Interest Motion"). This further led to the Debtor disputing IBI Falcon's proof of claim, and their standing to file a competing Chapter 11 plan in the case. Both of these matters remain pending as of the filing of this Application.

8. All of these matters further required various unexpected motions practice, discovery, case-scheduling, and protective-order practice beyond the scope of routine case administration (the "Litigation").

9. The Stay Enforcement Matter, the Party-in-Interest Motion, and the other Litigation (collectively, the "Extraordinary Services") were not reasonably contemplated at the commencement of the Bankruptcy Case and required substantial additional time and effort by Applicant beyond Applicant's routine Chapter 11 case-administration services.

## IV. SUMMARY OF SERVICES AND COMPENSATION REQUESTED

10. The total fees for services rendered by Applicant during the period of November 1, 2025 through June 26, 2026 are $70,815.00 plus expenses of $21.60. This is the first fee application filed by Deirdre Johnson in this case. The source of the Retainer and any payments that will be used to pay any fees and expenses over and above the amount of the retainer has been and will be payments from the Debtor. No payments have been or will be shared by Deirdre Johnson. There is no agreement or understanding that exists between Deirdre Johnson and any other entity for the sharing of compensation for services rendered or to be rendered in connection with the case.

## V. DESCRIPTION OF SERVICES BY MATTER

11. Deirdre Johnson has summarized the requested fees by billing categories in the chart below. These billing categories are described in detail, on a task-by-task basis, in the itemized statement of services and time records attached hereto as Exhibit A and incorporated herein by reference. Under §330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys employed by them based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

| Billing Category / Description | Hours | Fees | Costs | Total |
|---|---|---|---|---|
| Motion to Enforce Automatic Stay / Motion for Temporary Restraining Order and Preliminary Injunction (Adv. Pro. No. 26-00129) | 135.60 | $40,455.00 | $21.60 | $40,476.60 |
| Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest | 44.70 | $13,410.00 | $0.00 | $13,410.00 |
| Discovery, Scheduling, and Protective Order Litigation (Misc.) | 54.10 | $16,230.00 | $0.00 | $16,230.00 |
| Fee Application Preparation | 2.40 | 720.00 | 0.00 | 720.00 |
| **TOTAL** | **236.80** | **$70,815.00** | **$21.60** | **$70,836.60** |

## A. Motion to Enforce Automatic Stay / Motion for Temporary Restraining Order and Preliminary Injunction (Main Bankruptcy Case 25-19605 and Adv. Pro. No. 26-00129)

Applicant expended 135.60 hours in connection with the Stay Enforcement Matter, resulting in fees of $40,455.00 and costs of $21.60. Services included, among other things: investigation of conduct by IBI Falcon US, LLC and IBI SBL Investment LP; preparation and filing of the *Motion to Enforce the Automatic Stay, Supplement to Motion to Enforce the Automatic Stay*,  and the related *Motion(s) for Temporary Restraining Order and Preliminary Injunction*; preparation of supporting declarations and exhibits; legal research concerning the scope of the automatic stay under 11 U.S.C. Section 362 and the standards governing emergency injunctive relief; communications with the Debtor and opposing counsel; and appearances before the Court. A complete task-by-task description of these services is set forth in Exhibit A.

## B. Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest

Applicant expended 44.70 hours in connection with the *Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest*, resulting in fees of $13,410.00 and no reimbursable costs. Services included, among other things: legal research regarding the standards governing party in interest status under 11 U.S.C. Section 1109(b); preparation and filing of the *Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest*; preparation of supporting briefing and exhibits; and communications with the Debtor and opposing counsel concerning the motion. A complete task-by-task description of these services is set forth in Exhibit A.

## C. Discovery, Scheduling, and Protective Order Litigation (Misc.)

Applicant expended 54.10 hours in connection with the Discovery Litigation, resulting in fees of $16,230.00 and no reimbursable costs. Services included, among other things: preparation and

review of discovery requests and responses; preparation of a proposed scheduling order and proposed protective order; conferences with opposing counsel and Client concerning discovery and scheduling disputes; and related motion practice. A complete task-by-task description of these services is set forth in Exhibit A.

## VI. THE REQUESTED FEES ARE REASONABLE UNDER THE LODESTAR STANDARD

12. Courts in this District evaluate the reasonableness of requested compensation in bankruptcy cases using the lodestar analysis, considering the number of hours reasonably expended multiplied by a reasonable hourly rate, informed by the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as further explained in Perdue v. Kenny A., 130 S. Ct. 1662 (2010).   The Johnson Factors include:
    a.   the time and labor required;
    b.   the novelty and difficulty of the questions;
    c.   the skill required to properly perform the services
    d.   the preclusion of other employment by the attorney due to acceptance of the case;
    e.   the customary fee;
    f.   whether the fee is fixed or contingent;
    g.   time limitations imposed by the client or the circumstances;
    h.   the amount involved and the results obtained;
    i.   the experience, reputation, and ability of the attorneys;
    j.   the undesirability of the case;
    k.   the nature and length of the professional relationship with the Client; and
    l.   awards in similar cases.

    *Johnson*, 4// F.2d at 717-719.

13. In the case of In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principles by establishing ten "cardinal rules" with which fee applications should comply:

    a.   Fee applications must make sense;

    b.   Fee applications must indicate what work was performed, when it was performed, and how much money is being charged for performing it;

    c.   Services rendered should be reported in several broad, general categories;

    d.   Fee applications must contain a "lodestar" analysis;

    e.   Fee applications must indicate how much time and money was "written off" in the exercise of billing judgement;

f. Numbers must add up;

g. The names of the individuals who rendered services, together with their hourly rates and years of experience must be disclosed;

h. Time records must be submitted with the fee application

i. Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and

j. When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

*In re Bernard Hill, 133 B.R. at 62.*

14. As set forth in the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland appearing in Appendix D of the Local Bankruptcy Rules, Deirdre Johnson has designated the services rendered and charges assessed by the earlier specified general categories reflecting the substantive type of services performed.

15. Deirdre Johnson submits the following lodestar and *Johnson* factor analysis in support of her request for allowance of fees and disbursements:

a. **Time and labor required**. Deirdre Johnson has expended 236.8+ hours assisting the Debtor with this bankruptcy case over the course of seven months. As the time records submitted with this Application illustrate, Deirdre Johnson has dedicated significant time and effort to assisting the Debtor in addressing relevant issues that have arisen during this Chapter 11 case.

b. **Novelty and difficulty of the questions involved and skill applied**. During Deirdre Johnson's representation of the Debtor, she addressed several legal challenges unique to the Debtor's case, including: (i) investigation and litigation of post-petition conduct by creditors IBI Falcon US, LLC and IBI SBL Investment LP constituting willful violations of the automatic stay under 11 U.S.C. § 362; (ii) preparation and prosecution of an emergency Motion for Temporary Restraining Order and Preliminary Injunction in Adversary Proceeding No. 26-00129, requiring expedited briefing and court appearances under compressed timelines; (iii) legal research and briefing on contested questions under 11 U.S.C. § 1109(b) regarding the party-in-interest status of the IBI entities in the Chapter 11 case—a relatively unsettled area of law that required substantial independent research; (iv) extensive discovery practice, including negotiation of a proposed scheduling order and protective order and related contested motion practice; and (v) simultaneous

management of multi-front litigation arising within both the main Chapter 11 case and the related adversary proceeding. Each of these matters required substantial legal research, strategic judgment, and skilled advocacy well beyond the scope of routine Chapter 11 administration.

c. **The preclusion of other employment by the attorney due to acceptance of this case**. The volume and urgency of services required in this case—including emergency court filings, expedited hearings, intensive discovery practice, and concurrent multi-matter litigation—demanded a substantial and sustained commitment of Deirdre Johnson's professional time and resources throughout the Application Period. As a solo practitioner, Deirdre Johnson's commitment to the competent representation of the Debtor necessarily required her to devote significant professional resources to this engagement, limiting her availability for other matters and prospective engagements during the Application Period.

d. **The customary fee for similar work**. Deirdre Johnson submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the Maryland / District of Columbia / Northern Virginia legal market for firms with comparable practices the nature of these proceedings.

e. **Whether the fee is fixed or contingent**. Pursuant to the Bankruptcy Code, all fees sought by Deirdre Johnson are subject to final approval of this Court. The fees of Deirdre Johnson are based on hourly rates and are not contingent on the outcome of any particular event.

f. **Time limitations imposed by the Client or circumstances**. The circumstances of this case imposed significant time pressures on Deirdre Johnson throughout the Application Period. The Motion to Enforce the Automatic Stay and the related Motion for Temporary Restraining Order and Preliminary Injunction required emergency and expedited filings on short notice, with minimal lead time between the filing of pleadings and scheduled hearing dates. Deirdre Johnson was required on multiple occasions to prepare and file pleadings, declarations, and supporting materials under strict court-imposed deadlines, including deadlines arising from contested discovery and scheduling disputes in the adversary proceeding. These time constraints required Deirdre Johnson to prioritize this representation and to work on an intensive, expedited basis throughout the Application Period.

g. **The amounts involved and the results obtained**. The fees requested by Deirdre Johnson are reasonable in light of the nature of the matters addressed and the results achieved on behalf of the Debtor and the bankruptcy estate. The disputes addressed during the Application Period—including the automatic stay enforcement proceeding, the party-in-interest motion, and the related discovery litigation—

implicated significant property of the estate and the Debtor's ability to reorganize successfully under Chapter 11. Deirdre Johnson's diligent prosecution of these matters advanced and protected the Debtor's interests in a complex, contested, and rapidly developing litigation environment. The requested fees are proportionate to the complexity of the litigation, the volume of services rendered, and the benefit conferred upon the bankruptcy estate.

h. **Experience, reputation, and ability of attorney**.  Deirdre Johnson has represented debtors in bankruptcy proceedings since 1999, accumulating more than twenty-five years of experience in consumer bankruptcy matters, including individual and business cases under Chapters 7, 11, and 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. Her experience in bankruptcy practice demonstrates the level of skill and expertise she brought to the representation of the Debtor in this case. Deirdre Johnson's hourly rate of $300.00 reflects her experience and is consistent with, and in many instances below, the prevailing market rate for attorneys of comparable skill and experience practicing in the District of Maryland.

i. **The "undesirability" of the case.**   This case originated as a routine Chapter 11 matter but evolved into heavily contested, multi-front litigation requiring sustained and intensive professional effort well beyond what is typical for a reorganization of this size. The case involved simultaneous prosecution of an adversary proceeding seeking emergency injunctive relief, a contested party-in-interest motion, and extensive discovery practice—all arising concurrently and on compressed timelines. The complexity, adversarial nature, and volume of disputes that developed significantly exceeded what could reasonably have been anticipated at the outset, rendering this engagement substantially more burdensome and demanding than a routine Chapter 11 case. The professional burdens associated with this representation, including the emergency nature of the injunctive proceedings and the need to respond to rapidly evolving multi-matter litigation on an expedited basis, are appropriately reflected in the fees requested herein.

j. **The Nature and length of the firm's professional relationship with the Client.** Deirdre Johnson has represented the debtor throughout the pendency of this Chapter 11 case and in connection with the preparation for, filing of, and prosecution of this Chapter 11 case thus far.  A professional relationship between Deirdre Johnson and the Debtor did not exist prior to the preparation and filing of this case.

k. **Awards in similar cases.**   Deirdre Johnson submits that her request for compensation is well within the usual and customary awards granted in similar cases

16. Deirdre Johnson further submits that the fees requested herein are in compliance with the "cardinal rules" described in In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991).

17. Given the complexity of the issues that have arisen in this case from November 2025 through June 2026, the amount of fees and expenses requested by Deirdre Johnson are not unreasonable.

18. **<u>Exhibit A</u>** to this application indicates the type of services performed by Deirdre Johnson, when those services were performed, and how much Deirdre Johnson charged the Debtor for performing such services.

19. Deirdre Johnson has designated categories for the work she has performed and organized the services rendered according to such categories.

20. The Debtor's Application includes a "lodestar" analysis discussing the reasonableness of the fees and expenses requested herein.

21. This Application indicates the volume discretionary write-offs, which total 0 hours and $0.00 in fees.

22. As demonstrated in **<u>Exhibit A</u>**, Deirdre Johnson's number of hours and fees provide an accurate accounting of how she determined the amount requested herein, and disclosed that she is the only individual who rendered services, together with her hourly rate and years of experience. *See also supra* at 1, Footnote 1.

23. The Debtor has submitted the time records along with this Application in the form of Exhibit A, which also includes a calculation of the out of pocket expenses for which reimbursement is sought in the subject category of administrative matters.

24. Only one professional or firm is furnishing services to the debtor, so division of labor and duplicative efforts are not implicated.

25. In the exercise of billing discretion, Deirdre Johnson did not charge the Debtor for any charges not properly compensable by the bankruptcy estate. Any such charges do not appear in the billing records.

26. Deirdre Johnson has had $21.60 of reimbursable expenses during the Application Period. All expenses have been billed at actual cost to Deirdre Johnson.

27. Deirdre Johnson believes that the services rendered to the Debtor and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtor's interests in this case and the matters in which Deirdre Johnson was involved.

WHEREFORE, Deirdre Johnson respectfully requests that this Court enter an Order:

(a) approving and authorizing payment as a Section 503(b)(1)(A) and 507(a)(2) allowed administrative priority claim, and on a final basis, the fees incurred by Deirdre Johnson during the Application Period in the amount of  $70,815.60;

(b) authorizing for payment as a Section 503(b)(1)(A) and 507(a)(2) allowed administrative priority claim, and on a final basis, the expenses incurred by Deirdre Johnson in the amount of $21.60;

(c) Granting such other and further relief which is just and equitable

Date: July 26, 2026                                    /s/ Deirdre T. Johnson

Deirdre T. Johnson, Esq.
Law Office of Deirdre T. Johnson, Esq.
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385
dtjesq@dtjohnsonlaw.com
Applicant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 26th day of July, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026, together with Exhibit A and the proposed Order, will be served electronically by the Court's CM/ECF system on the following:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)
L. Jeanette Rice Jeanette.Rice@usdoj.gov, and
Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)

I HEREBY FURTHER CERTIFY that, on the 26th day of July, 2026, a copy of the foregoing Application was also mailed first class, postage prepaid, to all parties on the attached creditor matrix.

**/s/ Deirdre T. Johnson**
Deirdre T. Johnson, Esq.

Attn: Albeiro Medina
T&AA Construction, and Any / All Affiliates
11820 Parklawn Dr, Suite 380
Rockville, MD  20852

Kylie Properties, LLC
Suite 200 #1060
12345 Parklawn Dr
Washington, DC 20002

BHI Construction, and Any/All Affiliates
9342 Annapolis Rd
Lanham, MD  20706

PEPCO
701 9th St, NW
Washington, DC  20068

City Concrete, and Any / All Affiliates
9284 Corp Circle
Manassas, VA 20110

Santorini Capital LLC, and Any/All Affiliates
Suite 200
2000 Massachusetts Ave, NW
Washington, DC 20036

DC Municipal Investments, LLC
c/o:  Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD  21030

Washington Gas
Attn:  Customer Care
6801 Industrial Rd
Springfield, VA  22151

DC Office of Tax & Revenue
Office of CFO
1101 4th St, SW
Washington, DC  20024

Yonis Benitez
612 Oglethorpe St, NW
Washington, DC  20011

DC Water
1385 Canal St, SE
Washington, DC  20003

Fund That Flip / Upright
1300 E. 9th St, Suite 1310
Cleveland, OH  44114

IBI SBL Investment LP
IBI Falcon US, LLC
c/o The VerStandig Law Firm
9812 Falls Rd, #114-160
Potomac, MD 20854

EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS
In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 1 of 12

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

In re:

**5410 30TH STREET DC, LLC,**

Debtor.

Case No. 25-19605

Chapter 11 (Subchapter V)

## EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS

*Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses*
Period: November 1, 2025 through June 26, 2026
Attorney: Deirdre T. Johnson, Esq.  |  Billing Rate: $300.00/hr
Fee Application Filed: July 2, 2026

### Motion to Enforce Automatic Stay and for Temporary Restraining Order and Preliminary Injunction (Adv. Pro. No. 26-00129)

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 11/13/25 | DTJ | Legal research – automatic stay violations under 11 U.S.C. § 362; review of post-petition DC Recorder of Deeds filings (Affidavit of Foreclosure, Doc #2025110562) | 2.00 | $600.00 |
| 11/19/25 | DTJ | Review Appointment of Substitute Trustee filed with DC Recorder of Deeds (Doc #2025112580); analysis of stay violation timeline | 1.00 | $300.00 |
| 11/20/25 | DTJ | Initial draft – Motion to Enforce the Automatic Stay and for Sanctions for Willful Violation of 11 U.S.C. § 362 (v1); draft of comprehensive sanctions package (outline) | 3.50 | $1,050.00 |
| 11/25/25 | DTJ | Revision – Motion to Enforce Automatic Stay (v2); conforming edits, legal citations, and argument sections; draft Proposed Order Enforcing Automatic Stay and Imposing Sanctions | 2.50 | $750.00 |
| 11/28/25 | DTJ | Draft Motion to Shorten Time and Request for Expedited Hearing; draft Proposed Order Granting Motion to Shorten Time; review and finalize Notice of Motion | 2.00 | $600.00 |
| 12/03/25 | DTJ | Final review and execution of Motion to Enforce Automatic Stay (filed version); finalize Proposed Order Enforcing Automatic Stay; prepare Notice of Motion for filing | 1.50 | $450.00 |
| 12/03/25 | DTJ | Prepare and execute Certificate of Service – Motion to Enforce Automatic Stay and for Sanctions; Certificate of Service – Motion to Shorten Time; coordinate CM/ECF and first-class mail service on IBI Falcon US LLC, Russel S. Drazin | 1.00 | $300.00 |
| 12/04/25 | DTJ | Review and analyze IBI Falcon's Opposition to Motion to Shorten Time (DE #62, 8 pages); assess creditor's arguments regarding notice, stay violations, and alleged lack of damages; develop responsive strategy | 2.00 | $600.00 |
| 12/05/25 | DTJ | Correspondence re: expedited hearing scheduling; follow-up on creditor response; review docket | 0.50 | $150.00 |
| 12/09/25 | DTJ | Hearing preparation; review of all exhibits and arguments for expedited hearing on Motion to Enforce Automatic Stay | 1.50 | $450.00 |
| 12/17/25 | DTJ | Review and analyze IBI Falcon's Opposition to Motion to Enforce the Automatic Stay and for Sanctions (14 pages); detailed analysis of creditor's arguments re: substitute trustee appointment, DC non-residential foreclosure law, lack of notice, and absence of cognizable damages; research and outline reply arguments | 3.50 | $1,050.00 |
| 01/02/26 | DTJ | Review IBI Falcon's Motion to Continue (or Advance) Hearing on Motion to Enforce Stay (DE filed 1/2/26); assess scheduling conflict represented by creditor's counsel; confer with client regarding hearing date options | 0.50 | $150.00 |
| 01/03/26 | DTJ | Draft Motion to Advance (or Continue) Hearing on Motion to Enforce the Automatic Stay and for Sanctions; draft Proposed Order Granting Motion to Advance or Continue Hearing | 2.00 | $600.00 |
| 01/03/26 | DTJ | Draft Debtor Witness and Exhibit List for hearing on Motion to Enforce Automatic Stay | 1.00 | $300.00 |
| 01/03/26 | DTJ | Compile and organize hearing exhibits: review and prepare Exhibit 1 (Affidavit of Foreclosure, 11/13/25), Exhibit 2 (Palumbo Email, 2/7/25), Exhibit 3 (Palumbo Email, 10/15/25 with Notice of Default attachment), Exhibit 4 (Undeliverable Mail Notice – IBI Falcon foreign address bypassed), Exhibit 5 (Certificate of Notice, DE #7) | 2.00 | $600.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**
In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 2 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 01/03/26 | DTJ | Continue exhibit preparation: review and prepare Exhibit 6 (D.C. Municipal Regulation § 26-C2727), Exhibit 7 (Evidence of Negative Impact – prepare redacted version), Exhibit 8 (Verification of Creditor Matrix, DE #25); finalize and file Debtor's Witness and Exhibit List | 2.00 | $600.00 |
| 01/05/26 | DTJ | Review IBI Falcon's Motion to Advance or Continue Hearing; draft Debtor's Response to Motion to Continue or Advance Hearing | 1.50 | $450.00 |
| 01/06/26 | DTJ | Review Court Order Continuing Hearing on Motion for Sanctions (Doc 84, signed Jan. 6, 2026); correspondence with client re: next steps; coordinate new hearing date with Courtroom Deputy | 1.00 | $300.00 |
| 04/10/26 | DTJ | Case status review and hearing preparation strategy: audit all pending April 20, 2026 hearing matters (Motion to Enforce Stay DE #60, Disclosure Statement, Motion to Convert DE #95); assess impact of IBI Falcon's claim objections and party-in-interest standing on stay hearing strategy; identify need for continuance of unripe matters | 1.50 | $450.00 |
| 04/13/26 | DTJ | Legal research: party-in-interest standing under 11 U.S.C. §§ 1109(b), 1112(b), and 1125; Rule 2004 examination procedures; review IBI Falcon's allonge and assignment chain underlying Claim No. 2 ($2,676,531.91); analyze impact of disputed creditor identity on stay motion enforcement strategy | 2.00 | $600.00 |
| 04/14/26 | DTJ | Draft Debtor's Emergency Motion for Continuance of Selected Hearings Scheduled for April 20, 2026 — primary purpose: protect and preserve the April 20 hearing on Motion to Enforce Automatic Stay and for Sanctions (DE #60) while continuing procedurally unripe matters; draft arguments re: IBI Falcon standing, pending Claim Objection, procedural prematurity of Disclosure Statement hearing, and necessity of Rule 2004 discovery | 3.50 | $1,050.00 |
| 04/14/26 | DTJ | Draft Proposed Order Granting Emergency Motion for Continuance and Directing Rule 2004 Discovery; conform order provisions to relief requested; expressly preserve DE #60 automatic stay hearing as proceeding April 20, 2026; draft Rule 2004 production deadlines (14/30/60 days), status report requirement (75 days), and status conference provisions | 1.50 | $450.00 |
| 04/15/26 | DTJ | Final review, revision, and execution of Emergency Motion for Continuance and Proposed Order; prepare Certificate of Service; serve via ECF on Maurice B. VerStandig (IBI Falcon counsel) and U.S. Trustee; coordinate first-class mail service on all creditors and parties in interest per attached creditor matrix | 1.50 | $450.00 |
| 04/15/26 | DTJ | Hearing preparation for April 20, 2026 — Motion to Enforce Automatic Stay and for Sanctions (DE #60): review all exhibits, witness list, IBI Falcon's October 15, 2025 email evidencing actual knowledge of bankruptcy filing, creditor's opposition arguments re: notice and DC foreclosure law; prepare oral argument outline on willful violation of 11 U.S.C. § 362 | 2.50 | $750.00 |
| 04/16/26 | DTJ | Review and analysis of Witness and Exhibit List filed by IBI Falcon US LLC and IBI SBL Investment LP (DE #131, filed April 15, 2026 by Maurice B. VerStandig, Esq.) for the April 20, 2026 hearing on Motion to Enforce Automatic Stay (DE #60) and Motion to Convert (DE #95); analysis of IBI Falcon's designated witnesses and seven listed Creditor Exhibits, including: Petition for Relief (DE #1), Certificate of Notice (DE #7), Schedule D (DE #15), February 2026 Monthly Operating Report (DE #125), Claim of T&AA Construction LLC (Claim 3-1), February 17, 2026 Property Tax Bill, and Realtor.com Property Listing; cross-reference with Debtor's exhibits and witness list; assessment of authenticity, hearsay, and relevance objections; outline of cross-examination topics and evidentiary objections | 1.50 | $450.00 |
| 04/16/26 | DTJ | Drafting Hearing Arguments for Emergency Motion for Continuance (v1 and v2): pre-hearing preparation and courtroom setup outline; structured argument tracking the Continuance Motion's relief, procedural posture, IBI Falcon's anticipated opposition, good-faith timeline of discovery of allonge deficiencies, and proposed Rule 2004 discovery framework; courtroom-document checklist and contingency notes | 2.00 | $600.00 |
| 04/16/26 | DTJ | Drafting Witness Testimony Outline for Emergency Motion for Continuance: contingency direct examination of Zanetta Marie Williams, Sole Member and Manager of 5410 30th Street DC, LLC, addressing timeline of discovery of allonge deficiencies, good-faith timing of April 15, 2026 filings, status of the property, and reorganization effort; trigger conditions for calling the witness | 0.80 | $240.00 |
| 04/17/26 | DTJ | Drafting initial Hearing Argument (v1) for April 20, 2026 hearing on Debtor's Motion to Enforce Automatic Stay and for Sanctions (DE #60): sequential courtroom argument from opening appearance through closing argument, integrating direct examination of Sole Member, exhibit-by-exhibit foundation, opposing counsel's anticipated arguments, willful-violation analysis under 11 U.S.C. § 362, sanctions request, and contingency notes for adverse rulings and evidentiary objections | 3.50 | $1,050.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC | Case No. 25-19605 | Page 3 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|----------------------------------|-------|--------|
| 04/18/26 | DTJ | Drafting Witness Testimony Outline / Direct Examination Script for Zanetta Williams, Sole Member and Managing Member of 5410 30th Street DC, LLC: qualification/foundation questions; testimony establishing knowledge of bankruptcy filing; authentication of October 16, 2025 email from Michael Palumbo (Debtor Exhibit 4); testimony regarding ongoing foreclosure-related actions and harm to estate; damages testimony; contingencies addressing IBI Falcon's anticipated challenges on notice, damages, and witness availability | 1.50 | $450.00 |
| 04/19/26 | DTJ | Successive revision of Hearing Script and Argument Guide for Motion to Enforce Automatic Stay (versions v2, v3, v5, and v6), expanding from approximately 779 lines (v1) to approximately 1,298 lines (v6): refinement of opening, exhibit-foundation language, direct examination, anticipated cross-examination, witness contingencies, sanctions argument, and integration of newly added Debtor Exhibits 10-16; harmonization with Hearing Script for Emergency Motion for Continuance | 2.00 | $600.00 |
| 04/19/26 | DTJ | Drafting Debtor's Amended Witness and Exhibit List for April 20, 2026 hearing on Motion to Enforce Automatic Stay (DE #60): expansion of exhibit list from 8 to 16 exhibits, including Affidavit of Foreclosure (Ex. 1), Deed of Appointment of Substitute Trustee (Ex. 2), BNC Certificate of Notice DE #7 (Ex. 3), Michael Palumbo Email 10-16-25 (Ex. 4), USPS Delivery Service Standards (Ex. 5), First Assignment of Deed of Trust (Ex. 6), Second Assignment of Deed of Trust (Ex. 7), Limited Power of Attorney – Gingo Palumbo Law Group 10-6-25 (Ex. 8), Debtor's Original Verification of Creditor Matrix DE #6 (Ex. 9), First Allonge (Ex. 10), Second Allonge (Ex. 11), DC Recorder of Deeds (Ex. 12), Promissory Note (Ex. 13), Billing Records 14A-14D, Evidence of Negative Impact – Redacted (Ex. 15), and rebuttal/impeachment exhibits (Ex. 16); addition of Zanetta Williams as designated witness | 1.20 | $360.00 |
| 04/19/26 | DTJ | Compilation, redaction, and finalization of Debtor Exhibits 10 through 15 for Amended Witness and Exhibit List: assembly of First Allonge (Ex. 10), Second Allonge (Ex. 11), DC Recorder of Deeds records (Ex. 12), Promissory Note (Ex. 13), DTJ Billing Records 14A through 14D, and Evidence of Harm – Redacted (Ex. 15); review of each exhibit for authenticity, hearsay, and relevance objections and for redaction of privileged or sensitive content | 0.80 | $240.00 |
| 04/20/26 | DTJ | Final hearing preparation for April 20, 2026 hearing on Motion to Enforce Automatic Stay (DE #60), Motion to Convert (DE #95), Claim Objection, Amended Disclosure Statement, and Emergency Motion for Continuance: final review of exhibits, witness preparation, and oral argument outline | 5.00 | $1,500.00 |
| 04/20/26 | DTJ | Preparation of Certificate of Service for Debtor's Amended Witness and Exhibit List; electronic filing and service via ECF upon Maurice B. VerStandig, Esq. (IBI Falcon counsel) and the U.S. Trustee | 0.30 | $90.00 |
| 04/20/26 | DTJ | Travel to and from U.S. Bankruptcy Court for the District of Maryland, Greenbelt Division, for hearing on April 20, 2026 | 1.50 | $225.00 |
| 04/20/26 | DTJ | Attendance at hearing before the Hon. Lori S. Simpson on Motion to Enforce Automatic Stay (DE #60), Motion to Convert (DE #95), Objection to Claim Number 2, Amended Disclosure Statement, and Emergency Motion for Continuance and for Rule 2004 Discovery; oral argument and entry of order continuing all matters for 60 days | 1.50 | $450.00 |
| 04/21/26 | DTJ | Preparation for post-hearing meet-and-confer call with M. VerStandig, Esq., counsel for IBI Falcon US LLC and IBI SBL Investment LP: drafting and successive revision of Discovery Conference Script (v1, v2, and v3), addressing procedural posture under the Court's continuance order, six categories of document production, original Note inspection logistics, forensic document examination protocol, third-party subpoena coordination (FTF Lending LLC; Gingo Palumbo Law Group LLC), expert disclosure schedule, and alternative-position contingencies; preparation of agenda and follow-up email talking points | 2.50 | $750.00 |
| 04/21/26 | DTJ | Telephone call to M. VerStandig, Esq. re: discovery and forensic examination scheduling; preparation and transmission of follow-up email confirming agenda items and proposed dates | 0.20 | $60.00 |
| 04/22/26 | DTJ | Legal research re: scope of party-in-interest discovery under Fed. R. Bankr. P. 9014(c) and 7026; expert disclosure requirements under Fed. R. Civ. P. 26(a)(2); Rule 45 / 9016 third-party subpoena practice; UCC § 3-301 holder-status standards and chain-of-custody analysis for negotiable instruments | 2.00 | $600.00 |
| 04/22/26 | DTJ | Public records research — Maryland SDAT business entity search for FTF Lending LLC (Department ID Z19672864): confirmation of entity status, principal office (10 East 23rd Street, Suite 500, New York, NY 10010), and resident agent (The Corporation Trust Incorporated); preservation of registration printout for use in chain-of-title and standing analysis | 0.30 | $90.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 4 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 04/22/26 | DTJ | Telephone call to M. VerStandig, Esq. re: discovery and review of follow-up email correspondence | 0.10 | $30.00 |
| 04/22/26 | DTJ | Telephone conference with Client re: post-hearing discovery posture, retention of forensic document examiner, and proposed meet-and-confer agenda | 0.20 | $60.00 |
| 04/23/26 | DTJ | Telephone call to M. VerStandig, Esq. (0.10) and incoming telephone call from M. VerStandig, Esq. (0.10) re: discovery scheduling and document production logistics | 0.20 | $60.00 |
| 04/23/26 | DTJ | Review of original Order Granting Motion to Continue entered by the Hon. Lori S. Simpson on April 23, 2026 addressing the matters heard on April 20, 2026 (Motion to Enforce Automatic Stay (DE #60), Motion to Convert (DE #95), Claim Objection, Amended Disclosure Statement, and Emergency Motion for Continuance); identification of typographical issue subsequently corrected by Amended Order | 0.20 | $60.00 |
| 04/24/26 | DTJ | Review and analysis of Amended Order Granting Motion to Continue (DE #143, entered April 24, 2026 by Hon. Lori S. Simpson) addressing Motion for Sanctions/Motion to Enforce Automatic Stay (DE #60), IBI Opposition (DE #68), Motion to Convert (DE #95), Debtor's Opposition (DE #100), Claim Objection (DE #116), IBI Response (DE #126), Amended Disclosure Statement (DE #121), IBI Objection (DE #122), Debtor's Emergency Motion for Continuance (DE #136), and IBI Objection (DE #139); assessment of revised deadlines and continuance terms; calendaring of revised deadlines for Client and case file | 0.40 | $120.00 |
| 04/27/26 | DTJ | Meet-and-confer conference with M. VerStandig, Esq., counsel for IBI Falcon US LLC and IBI SBL Investment LP, pursuant to Local Bankruptcy Rule 7026-1 and Appendix C re: scope of discovery, six categories of document production, original Note inspection, forensic document examination, third-party subpoenas to FTF Lending LLC and Gingo Palumbo Law Group LLC, expert-disclosure schedule, and proposed Joint Scheduling Stipulation | 1.50 | $450.00 |
| 04/27/26 | DTJ | Telephone conference with Client re: outcome of meet-and-confer with opposing counsel, status of forensic examiner retention, discovery strategy, and proposed scheduling order | 0.40 | $120.00 |
| 04/28/26 | DTJ | Preparation, email submission, and first-class mailing of litigation hold notices to FTF Lending LLC and Gingo Palumbo Law Group LLC, directing preservation of records concerning the original promissory note, allonges, assignments of deed of trust, the Gingo Palumbo Power of Attorney, and related communications and metadata | 1.50 | $450.00 |
| 04/30/26 | DTJ | Review and analysis of (i) IBI's Opposition to Motion to Strike; (ii) IBI's Amended Opposition to Motion to Strike; and (iii) IBI's Opposition to Debtor's Motion to Determine That IBI Is Not a Party in Interest; assess legal arguments, evidentiary support, and strategic implications for continued discovery and pending Contested Matters | 2.00 | $600.00 |
| 04/30/26 | DTJ | Email correspondence to Client and telephone conference with Client re: review of IBI Oppositions, response strategy, posture of pending Contested Matters, and discovery progress | 0.90 | $270.00 |
| 05/01/26 | DTJ | Drafting Joint Scheduling Stipulation and Proposed Order pursuant to Local Bankruptcy Rules 7026-1, 9013-1, and 9014-2, including recitals, definitions, discovery scope, document production schedule, original Note inspection protocol, forensic document examination provisions, expert disclosure schedule, third-party subpoena coordination, status report requirements, and status conference dates; preparation and submission of draft Stipulation to Maurice B. VerStandig, Esq., counsel for IBI Falcon US LLC and IBI SBL Investment LP, for review, comment, and proposed edits | 0.90 | $270.00 |
| 05/03/26 | DTJ | Drafting Debtor's Motion for Entry of Scheduling Order Governing Discovery and Contested Matters and accompanying Proposed Order, incorporating discovery deadlines, document production schedule, original Note inspection protocol, forensic document examination provisions, expert disclosure schedule, status report requirements, and status conference dates | 0.90 | $270.00 |
| 05/03/26 | DTJ | Drafting and submission of formal written response to letter from Maurice B. VerStandig, Esq., dated May 1, 2026, addressing positions on the scope of discovery, document production, original Note inspection, forensic document examination, and contested matter procedure | 0.40 | $120.00 |
| 05/04/26 | DTJ | Drafting initial confidential Strategy Memorandum (Attorney Work Product) re: post-hearing direct-contact activity by IBI principals targeting the Debtor's Sole Member; analysis of facts then known, applicable authorities under 11 U.S.C. § 362(k), 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 9020 civil contempt procedure; preliminary response framework and contemplated next steps | 1.50 | $450.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 5 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 05/04/26 | DTJ | Finalization, electronic filing, and service of Debtor's Motion for Entry of Scheduling Order Governing Discovery and Contested Matters with Proposed Order via ECF upon Maurice B. VerStandig, Esq., the U.S. Trustee, and all parties in interest; telephone conference with Client regarding content of the Motion, strategic posture, discovery roadmap, and next steps | 1.60 | $480.00 |
| 05/05/26 | DTJ | Updating and superseding Strategy Memorandum (Attorney Work Product) dated May 5, 2026 following Client's transmission of additional direct-contact evidence: analysis of sustained multi-channel direct-contact campaign by IBI principals (Oren Streit WhatsApp messages, Amir Golan email, telephone calls); refinement of legal theories (willful stay violation under § 362(k), civil contempt under § 105(a) and Rule 9020, temporary restraining order and preliminary injunction under Rule 7065, punitive damages); strategy roadmap for motion package | 1.50 | $450.00 |
| 05/05/26 | DTJ | Receipt and review of "5631 MacArthur Boulevard – Next Steps" email correspondence (Microsoft Outlook .msg) concerning post-petition activity affecting the Property and the Debtor's reorganization posture; assessment of strategic implications | 0.30 | $90.00 |
| 05/05/26 | DTJ | Drafting and submission of cease and desist letter to Maurice B. VerStandig, Esq., counsel for IBI Falcon US LLC and IBI SBL Investment LP, regarding ongoing post-petition direct contacts with the Debtor's Sole Member (Zanetta Williams) by IBI principals (Oren Streit, Amir Golan); telephone conference with Client to review correspondence, discuss strategic implications, and confirm position | 1.50 | $450.00 |
| 05/05/26 | DTJ | Review and analysis of Scheduling Order Regarding Contested Matters entered by the Court, including discovery deadlines and key dates | 0.10 | $30.00 |
| 05/05/26 | DTJ | Email correspondence to Maurice B. VerStandig, Esq., regarding forensic document examiner inspection location and logistical arrangements for original Note review | 0.10 | $30.00 |
| 05/05/26 | DTJ | Email correspondence with Client regarding entry of Scheduling Order, forensic examination logistics, and current case status | 0.10 | $30.00 |
| 05/05/26 | DTJ | Telephone conference with Client regarding Scheduling Order Regarding Contested Matters, forensic document examination logistics, discovery progress, and ongoing strategic considerations | 0.30 | $90.00 |
| 05/06/26 | DTJ | Receipt and review of response from Maurice B. VerStandig, Esq., to Debtor's Cease and Desist Letter dated May 5, 2026 (Exhibit 9 to forthcoming Supplement); assessment of IBI Falcon's stated position regarding alleged direct contacts and strategy for follow-up enforcement | 0.30 | $90.00 |
| 05/08/26 | DTJ | Legal research and preparation of internal research memorandum re: Fed. R. Bankr. P. 2004 examination procedure in the District of Maryland, including scope of examination (debtor's financial affairs, acts, property, and liabilities), comparison to discovery under Fed. R. Bankr. P. 9014 and Fed. R. Civ. P. 26-37, standing to seek a 2004 examination, document production scope, and strategic considerations for use in connection with the chain-of-title and allonge disputes; review of secondary authorities and bankruptcy practitioner guidance | 1.00 | $300.00 |
| 05/11/26 | DTJ | Receipt and review of letter from Maurice B. VerStandig, Esq., counsel for IBI Falcon US LLC and IBI SBL Investment LP, dated May 11, 2026, regarding discovery scope, document production, scheduling matters, and related contested matter procedure; preliminary assessment of positions stated and identification of issues requiring response | 0.40 | $120.00 |
| 05/11/26 | DTJ | Receipt, review, and analysis of post-petition direct contacts transmitted by Client, including (i) WhatsApp text messages from Oren Streit (IBI principal) to Zanetta Williams (Debtor's Sole Member) dated April 29-30, 2026 and continuing through May 2026, including messages stating IBI's readiness to dismiss the bankruptcy and offering settlement; (ii) telephone-call log entries for April 28 and April 30, 2026 (including missed WhatsApp audio call from +972 number on April 30, 2026 at 10:56 a.m.); (iii) email from Amir Golan to Zanetta Williams; (iv) related communications; assessment as evidence of willful violations of automatic stay under 11 U.S.C. § 362 and predicate for civil contempt, TRO, and preliminary-injunction relief | 0.80 | $240.00 |
| 05/12/26 | DTJ | Legal research re: temporary restraining order and preliminary injunction in bankruptcy under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065 (incorporating Fed. R. Civ. P. 65); civil contempt and Order to Show Cause procedure under Fed. R. Bankr. P. 9020 and 9014; standards for willful violation of the automatic stay under 11 U.S.C. § 362(k); punitive damages availability; review of controlling Fourth Circuit and District of Maryland authority | 2.50 | $750.00 |
| 05/12/26 | DTJ | Drafting Debtor's Supplement to Motion to Enforce the Automatic Stay and for Sanctions for Willful Violation of 11 U.S.C. § 362, and Renewed Request for Civil | 4.50 | $1,350.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 6 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|--------------------------------|-------|--------|
| | | Contempt, Injunctive Relief, and Punitive Damages (14 pages, drafted through successive versions to v3 Final-for-Filing): factual narrative of post-petition direct contacts by Oren Streit and Amir Golan; legal argument for willful-violation sanctions under § 362(k); request for civil contempt under § 105(a); request for injunctive relief; request for compensatory and punitive damages; renewed sanctions request | | |
| 05/12/26 | DTJ | Drafting Declaration of Zanetta M. Williams in support of motion package (9 pages, drafted through successive versions v2 and v3 Final-for-Filing): factual averments authenticating direct-contact exhibits, including WhatsApp messages from Oren Streit, telephone calls, and email from Amir Golan; testimony regarding Debtor's representation status and instructions to communicate exclusively through counsel; coordination with Client regarding declaration content, factual accuracy, and execution | 1.50 | $450.00 |
| 05/12/26 | DTJ | Drafting Proposed Order Granting Debtor's Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Further Post-Petition Direct Contacts with the Debtor and Further "Enforcement" Activity by IBI Falcon US LLC and IBI SBL Investment LP (3 pages): operative restraining and injunctive provisions; findings; coordination with companion Supplement and Show Cause Order | 1.00 | $300.00 |
| 05/13/26 | DTJ | Drafting Debtor's Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Further Post-Petition Direct Contacts with the Debtor and Further "Enforcement" Activity by IBI Falcon US LLC and IBI SBL Investment LP (8 pages): jurisdiction and authority under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065; factual background; four-factor preliminary-injunction analysis (likelihood of success, irreparable harm, balance of equities, public interest); requested temporary and preliminary relief | 3.50 | $1,050.00 |
| 05/13/26 | DTJ | Drafting Debtor's Motion for Issuance of an Order to Show Cause Why IBI Falcon US LLC and IBI SBL Investment LP Should Not Be Held in Civil Contempt (7 pages): authority under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9020, and Fed. R. Bankr. P. 9014; statement of contemptuous conduct; specific show-cause relief requested; coordination with Supplement and TRO/Preliminary Injunction Motion | 2.50 | $750.00 |
| 05/13/26 | DTJ | Compilation, organization, and finalization of Exhibits 1 through 9 to motion package: Exhibits 1, 2, and 3 (April 29, 2026 direct contacts); Exhibit 4 (April 30, 2026 direct contacts); Exhibit 5 (telephone-call log, April 28 and 30, 2026); Exhibit 6 (email from Amir Golan); Exhibit 7 (April 30, 2026); Exhibit 8 (April 30, 2026 and Debtor's Cease and Desist Letter dated May 5, 2026); Exhibit 9 (M. VerStandig response to Cease and Desist Letter); redaction of sensitive information where appropriate | 1.00 | $300.00 |
| 05/13/26 | DTJ | Final review, revision, and execution of motion package: Debtor's Supplement to Motion to Enforce Stay (14 pp); Motion for Temporary Restraining Order and Preliminary Injunction (8 pp); Proposed Order on TRO and Preliminary Injunction (3 pp); Motion for Issuance of an Order to Show Cause (7 pp); Declaration of Zanetta M. Williams (9 pp); and Exhibits 1-9; preparation of Certificates of Service; electronic filing via ECF and service upon Maurice B. VerStandig, Esq., the U.S. Trustee, and all parties in interest | 1.50 | $450.00 |
| 05/13/26 | DTJ | Receipt and review of letter from Maurice B. VerStandig, Esq., dated May 13, 2026, addressing discovery and document production logistics, forensic document examiner coordination, and follow-on positions to the May 11, 2026 correspondence; assessment of strategic implications and preparation for response | 0.40 | $120.00 |
| 05/14/26 | DTJ | Review and analysis of Order entered in the main bankruptcy case (Doc. 164) denying Debtor's original Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. No. 161] on the ground that requests for injunctive relief must be brought via adversary proceeding, Fed. R. Bankr. P. 7001(g); strategy session re: initiating adversary proceeding to properly pursue TRO/PI relief | 0.30 | $90.00 |
| 05/15/26 | DTJ | Initial drafting of Adversary Complaint against IBI Falcon US LLC, IBI SBL Investment LP, Amir Golan, Oren Streit, and Tova Greenbaum, asserting six counts for declaratory judgment (willful violation of the automatic stay under 11 U.S.C. § 362(a)(1), (3), (4), and (6); void ab initio status of post-petition recordings), preliminary and permanent injunctive relief under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001(g), 7065 and Fed. R. Civ. P. 65, damages under 11 U.S.C. § 362(k), civil contempt under Fed. R. Bankr. P. 9020, and extension of the automatic stay to Zanetta M. Williams as personal guarantor; contemporaneous drafting of renewed Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Shorten Time; drafting of confidential Strategy Memorandum (Attorney Work Product) analyzing the procedural cure required by the Court's May 13, 2026 Order (Doc. 164) and recommending the adversary-proceeding path forward | 4.50 | $1,350.00 |
| 05/19/26 | DTJ | Telephone conference with Client re: strategy for Adversary Complaint and Motion for Temporary Restraining Order and Preliminary Injunction in advance of filing | 0.40 | $120.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 7 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|----------------------------------|-------|--------|
| 05/20/26 | DTJ | Revision and expansion of Adversary Complaint (v2) and preparation of adversary-proceeding-specific versions of the Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Shorten Time; drafting of Notice of Motion and Proposed Order Granting Motion for Temporary Restraining Order and Preliminary Injunction and Proposed Order Shortening Time | 3.20 | $960.00 |
| 05/20/26 | DTJ | Telephone conference with Client re: finalization of Adversary Complaint and Motion for TRO/PI in advance of filing | 0.40 | $120.00 |
| 05/21/26 | DTJ | Finalization of Adversary Complaint (v2) and electronic filing of Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, Motion to Shorten Time, Notice of Motion, and Proposed Orders, commencing Adversary Proceeding No. 26-00129 (Adv. Dkt. Nos. 1-5); coordination of service of process upon Defendants | 0.90 | $270.00 |
| 05/21/26 | DTJ | Telephone conference with Client re: filing of Adversary Complaint and Motion for TRO/PI, commencing Adversary Proceeding No. 26-00129 | 0.30 | $90.00 |
| 05/29/26 | DTJ | Review and analysis of Court's Order Denying Debtor's Motion for Temporary Restraining Order and Preliminary Injunction in Adversary Proceeding No. 26-00129 for failure to timely file certificate of service as required by the Order Granting Motion to Shorten Time (Adv. Dkt. No. 5); identification of procedural defect and termination of June 1, 2026 hearing; development of corrective re-filing strategy | 0.50 | $150.00 |
| 05/31/26 | DTJ | Telephone conference with Client re: corrective re-filing strategy for Motion for TRO/PI following denial for certificate-of-service defect, and Declaration content | 0.50 | $150.00 |
| 06/02/26 | DTJ | Telephone conference with Client re: preparation and strategy for filing renewed Motion for Temporary Restraining Order and Preliminary Injunction in Adversary Proceeding No. 26-00129 | 0.40 | $120.00 |
| 06/03/26 | DTJ | Drafting and electronic filing of renewed Motion for Temporary Restraining Order and Preliminary Injunction, renewed Motion to Shorten Time, and Notice of Motion in Adversary Proceeding No. 26-00129, curing prior service/certification defect; preparation of updated Declaration of Zanetta M. Williams (v2) for the adversary proceeding incorporating post-petition direct-contact evidence; coordination of proper service upon Defendants' counsel | 3.00 | $900.00 |
| 06/05/26 | DTJ | Review of Court's Order Setting Response Deadline and Setting Expedited Hearing (Adv. Dkt. No. 13); calendaring of service, certification, and objection deadlines | 0.30 | $90.00 |
| 06/05/26 | DTJ | Telephone conference with Client re: Court's Order Setting Response Deadline and Expedited Hearing in the Adversary Proceeding | 0.20 | $60.00 |
| 06/08/26 | DTJ | Review of Summons and Notice of Pre-Trial Conference in Adversary Proceeding No. 26-00129 (Adv. Dkt. No. 14), scheduling pre-trial conference for July 29, 2026 at 10:00 a.m.; calendaring | 0.10 | $30.00 |
| 06/09/26 | DTJ | Review of discrepancy between docket entry time and stated service deadline under the Order Setting Response Deadline; review and analysis of Court's Supplemental Order extending the service/certification deadline to June 9, 2026 at 5:00 p.m.; preparation and transmission of email correspondence to Maurice B. VerStandig, Esq. serving the Order Shortening Time and Supplemental Order and requesting meet-and-confer availability | 0.60 | $180.00 |
| 06/09/26 | DTJ | Drafting and electronic filing of Certificate of Service of the Order Shortening Time and Setting Hearing and the Supplemental Order | 0.20 | $60.00 |
| 06/09/26 | DTJ | Telephone conference with Client re: service/certification deadline correspondence to opposing counsel and Certificate of Service filing | 0.90 | $270.00 |
| 06/11/26 | DTJ | Receipt, review, and detailed analysis of Defendants' Opposition to Motion for Temporary Restraining Order and Preliminary Injunction (Adv. Dkt. No. 18, 12 pages), including special-appearance and service-defect arguments, Hague Convention service defenses as to the Israeli individual Defendants, prior-restraint and guaranty-enforcement arguments, and Winter four-factor analysis; preparation of response outline for hearing | 1.50 | $450.00 |
| 06/12/26 | DTJ | Drafting and electronic filing of Debtor's Witness and Exhibit List for the TRO/Preliminary Injunction hearing, identifying trial witnesses and Exhibits 1-9 drawn from the original Motion to Enforce Stay and Supplement | 0.70 | $210.00 |
| 06/15/26 | DTJ | Drafting and electronic filing of Debtor's Amended Witness and Exhibit List, consolidating and renumbering Exhibits 1-18 from the original Motion to Enforce Stay and Supplement for presentation at the hearing | 0.60 | $180.00 |
| 06/15/26 | DTJ | Hearing preparation and attendance at hearing on Debtor's Motion for Temporary Restraining Order and Preliminary Injunction, Adversary Proceeding No. 26-00129 (virtual, 10:00 a.m., 2.0 hours); presentation of argument and exhibits; Court reserved ruling and set further hearing for June 18, 2026 | 2.00 | $600.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC | Case No. 25-19605 | Page 8 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 06/15/26 | DTJ | Telephone conference with Client re: outcome of hearing on Motion for TRO/PI and Court's reservation of ruling pending further hearing | 1.40 | $420.00 |
| 06/17/26 | DTJ | Telephone conference with Client re: status pending Court's ruling on Motion for TRO/PI and preparation for June 18, 2026 continued hearing | 0.70 | $210.00 |
| 06/18/26 | DTJ | Hearing attendance on Debtor's Motion for Temporary Restraining Order and Preliminary Injunction, Adversary Proceeding No. 26-00129 (virtual); Court's ruling DENYING the Motion | 0.40 | $120.00 |
| 06/18/26 | DTJ | Telephone conference with Client re: Court's ruling denying Motion for TRO/PI and discussion of next steps | 0.30 | $90.00 |
| 06/19/26 | DTJ | Telephone conference with Client re: strategic options following denial of Motion for TRO/PI | 0.90 | $270.00 |
| 06/20/26 | DTJ | Telephone conference with Client re: continuing review of post-denial strategic options and next steps following Court's denial of Motion for Temporary Restraining Order and Preliminary Injunction | 0.80 | $240.00 |
| 06/21/26 | DTJ | Telephone conference with Client re: comprehensive strategic review and discussion of options following denial of Motion for TRO/PI | 2.00 | $600.00 |
|  | DTJ | *Costs / Disbursements — Mileage (30 miles @ $0.72/mile, IRS rate)* |  | *$21.60* |
| **Matter Total Fees:** | | | **135.60** | **$40,455.00** |
| **Matter Total Costs:** | | | | **$21.60** |

## Motion to Determine IBI Falcon LLC and IBI SBL LLC Are Not Parties in Interest

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 04/01/26 | DTJ | Legal research re: party-in-interest standing under 11 U.S.C. §§ 101(5), 101(10), 1109(b), 1112(b), 1125, 1126, and 1128; chain of statutory definitions (claim → creditor → party in interest); controlling authority including In re Caldor, Inc., 303 F.3d 161 (2d Cir. 2002); analysis of standing consequences for IBI Falcon's pending Motion to Convert (DE #95), plan voting rights, Disclosure Statement objection rights, plan confirmation objection rights, and 11 U.S.C. § 362 stay-relief rights | 3.00 | $900.00 |
| 04/02/26 | DTJ | Review and analysis of IBI Falcon US LLC Amended Proof of Claim No. 2 ($2,676,531.91), including the original promissory note, First Allonge (signed by Nolan Helline as "Capital Markets Financial Analyst" for FTF Lending, LLC), Second Allonge (purported transfer to IBI Falcon), First Assignment of Deed of Trust, Second Assignment of Deed of Trust (signed by Anthony J. Gingo through Gingo Palumbo Law Group LLC as Attorney-in-Fact for IBI SBL Investment LP), and supporting documentation; identification of standing, chain-of-title, signatory-authority, and POA-recording defects | 2.50 | $750.00 |
| 04/03/26 | DTJ | Legal research re: UCC § 3-403 / D.C. Code § 28:3-403 (unauthorized signatures and scope of agent authority); UCC § 3-201 / D.C. Code § 28:3-201 (requirements for negotiation of negotiable instruments); UCC § 3-301 / D.C. Code § 28:3-301 (person entitled to enforce); D.C. Code § 21-2603.03 (power-of-attorney recording requirements for real-property conveyances by agents, including "with or prior to" recording mandate); Debtor-in-Possession avoidance powers under 11 U.S.C. §§ 544, 547, 548, and 549 as alternative grounds for invalidating the transfers | 3.50 | $1,050.00 |
| 04/06/26 | DTJ | Drafting Debtor's Objection to Amended Proof of Claim No. 2 of IBI Falcon US LLC (DE #132): factual background; chain-of-assignment analysis; First and Second Allonge defects (lack of documented authority for Mr. Helline; void-on-void chain); First and Second Assignment of Deed of Trust defects (unrecorded / late-recorded POA under D.C. Code § 21-2603.03); UCC and D.C. Code arguments; request for disallowance of Claim No. 2 in full | 4.50 | $1,350.00 |
| 04/07/26 | DTJ | Continued drafting and revision of Debtor's Objection to Claim No. 2 (DE #132); preparation of exhibits; incorporation of legal authorities; cross-reference to Motion to Determine Party-in-Interest Status; coordination of concurrent-filing strategy | 2.00 | $600.00 |
| 04/08/26 | DTJ | Drafting initial version (v1) of Debtor's Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest Pursuant to 11 U.S.C. §§ 101(5), 101(10), and 1109(b), and for Related Relief Barring IBI Falcon from Exercising Party-in-Interest Rights (DE #133): seven-section motion comprising (I) Introduction; (II) Jurisdiction and Authority under 28 U.S.C. §§ 157, 1334, and 1409 and 11 U.S.C. § 105(a); (III) Statutory Framework; (IV) Legal Basis for the Determination, including void-transfer analysis (Subsection A), absence-of-claim analysis (Subsection B), and Debtor-in-Possession avoidance powers under §§ 544, 547, 548 (Subsection C); (V) Consequences subsections addressing dismissal of Motion to Convert (DE #95), plan | 5.00 | $1,500.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 9 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|-------------------------------|-------|--------|
| | | voting rights, Disclosure Statement (DE #130) objection rights, plan confirmation (DE #129) objection rights, automatic-stay relief rights, and other party-in-interest rights; (VI) Alternative Relief — Suspension Pending Determination; (VII) Conclusion | | |
| 04/09/26 | DTJ | Revision and restructure of Motion to Determine That IBI Falcon Is Not a Party in Interest (v2): conversion of narrative format to numbered-paragraph format consistent with Local Bankruptcy Rule requirements; refinement of legal arguments and statutory citations; addition of references to IBI Falcon's recently filed Chapter 11 Plan (DE #129) and Disclosure Statement (DE #130); harmonization of cross-references with concurrently filed Claim Objection (DE #132) | 2.50 | $750.00 |
| 04/09/26 | DTJ | Drafting Proposed Order Granting Debtor's Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest and Barring IBI Falcon from Exercising Party-in-Interest Rights in This Bankruptcy Case: detailed findings paragraphs (15 numbered findings/orders) tracking statutory framework under 11 U.S.C. §§ 101(5), 101(10), 1109(b), 1112(b), 1125, 1126(a), 1128, and 362(d); incorporation of controlling authority including In re Global Industrial Technologies, Inc., 645 F.3d 201 (3d Cir. 2011), In re Veal, 450 B.R. 897 (B.A.P. 9th Cir. 2011), and In re Amatex Corp., 755 F.2d 1034 (3d Cir. 1985); operative ORDERED provisions dismissing IBI Falcon's Motion to Convert (DE #95) for lack of standing, barring IBI Falcon from plan voting, Disclosure Statement objections, plan confirmation objections, and stay-relief requests; ballot-tabulation directives | 1.50 | $450.00 |
| 04/10/26 | DTJ | Final review, revision, and execution of Debtor's Objection to Claim No. 2 (DE #132), Debtor's Motion for Determination That IBI Falcon US LLC Is Not a Party in Interest (DE #133), and Proposed Order Granting the Motion; preparation of Certificates of Service; electronic filing via ECF of the Motion, Proposed Order, and Claim Objection; service upon Maurice B. VerStandig, Esq. (IBI Falcon counsel), the U.S. Trustee, and all parties in interest per creditor matrix | 1.50 | $450.00 |
| 04/29/26 | DTJ | Receipt and initial review of IBI Falcon US LLC's Opposition to Motion to Determine IBI Falcon Is Not a Party in Interest (DE #152, 5 pages) addressing authorities cited in Motion, including Fed. R. Civ. P. 12(f), Fed. R. Bankr. P. 7012/9014, In re Remsen, 11 U.S.C. § 105(a), and Chambers v. NASCO, Inc. | 1.00 | $300.00 |
| 04/29/26 | DTJ | Receipt and initial review of IBI Falcon US LLC's Amended Opposition to Motion to Determine IBI Falcon Is Not a Party in Interest (DE #151, 11 pages); preliminary assessment of opposition arguments and procedural posture, including IBI Falcon's positions on holder status, allonge sufficiency, and waiver/release defenses | 1.30 | $390.00 |
| 05/06/26 | DTJ | Detailed substantive review and analysis of IBI Falcon's Amended Opposition (DE #151): (i) opposition arguments regarding alleged manufactured statutory quotation from D.C. Code § 28:3-204(a); (ii) IBI Falcon's distinction between 'holder' and 'holder in due course' under D.C. Code §§ 28:3-301 and 28:3-302; (iii) reliance on Richardson v. Nationstar Mortg. (In re Richardson), 2018 Bankr. LEXIS 2865 (Bankr. D.D.C. Sep. 20, 2018); (iv) arguments concerning allonge execution and possession of the Note | 2.50 | $750.00 |
| 05/07/26 | DTJ | Review and analysis of Exhibit A to IBI Falcon's Amended Opposition — Amendment to Promissory Note and Reaffirmation of Guaranty (Doc 151-1, 6 pages); analysis of June 2024 Agreement extending the Maturity Date to September 1, 2024 and its impact on Debtor's argument that the Note was overdue at time of purported transfer | 1.00 | $300.00 |
| 05/07/26 | DTJ | Review and analysis of Exhibit B to IBI Falcon's Amended Opposition — Amendment and Extension of Promissory Note and Reaffirmation of Guaranty dated September 1, 2024 (Doc 151-2, 8 pages); evaluation of recitations regarding FTF Lending LLC → IBI SBL Investment LP assignment, Maturity Date extension to June 18, 2025, and acknowledgments by Borrower and Guarantor | 1.20 | $360.00 |
| 05/07/26 | DTJ | Review and analysis of Exhibit C to IBI Falcon's Amended Opposition — Amendment and Extension of Promissory Note and Reaffirmation of Guaranty dated June 18, 2025 (Doc 151-3, 8 pages); evaluation of final Maturity Date extension to June 30, 2025 and impact on holder-in-due-course timeline analysis | 1.20 | $360.00 |
| 05/11/26 | DTJ | Responsive legal research re: distinction between 'holder' and 'holder in due course' under D.C. Code § 28:3-301; whether a non-holder-in-due-course can enforce a negotiable instrument; review of Richardson v. Nationstar Mortg. (In re Richardson), 2018 Bankr. LEXIS 2865 (Bankr. D.D.C. Sep. 20, 2018) and progeny; analysis of allonge sufficiency and 'so firmly affixed' requirement | 2.50 | $750.00 |
| 05/12/26 | DTJ | Strategic analysis and outline of Debtor's Reply in support of Motion to Determine IBI Falcon Is Not a Party in Interest; identification of factual and legal issues to address, including (i) authenticity and admissibility of Exhibits A–C, (ii) chain-of-assignment irregularities, (iii) holder-status arguments, and (iv) waiver/release defenses raised by IBI Falcon | 1.80 | $540.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC | Case No. 25-19605 | Page 10 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 05/13/26 | DTJ | Telephone conference and email correspondence with Client regarding IBI Falcon's Opposition and Amended Opposition (DE ##151, 152), Exhibits A–C to the Amended Opposition, IBI Falcon's holder-status arguments, response strategy, and Reply schedule | 1.00 | $300.00 |
| 06/22/26 | DTJ | Telephone conference with Client re: Party-in-Interest strategy | 0.20 | $60.00 |
| 06/22/26 | DTJ | Review and refinement of strategy for Motion to Determine IBI Falcon and IBI SBL Are Not Parties in Interest; related legal research | 3.40 | $1,020.00 |
| 06/23/26 | DTJ | Telephone conference with Client re: Party-in-Interest strategy | 0.20 | $60.00 |
| 06/23/26 | DTJ | Telephone conference with Client re: Party-in-Interest strategy | 1.00 | $300.00 |
| 06/24/26 | DTJ | Telephone conference with Client re: Party-in-Interest strategy | 0.40 | $120.00 |
| | | **Matter Total Fees:** | **44.70** | **$13,410.00** |

## Discovery / Scheduling Order / Protective Order (Miscellaneous)

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 05/01/26 | DTJ | Drafting of Joint Stipulation re: discovery and submission to IBI Falcon's counsel for review and edit | 0.90 | $270.00 |
| 05/03/26 | DTJ | Drafting Debtor's Motion for Entry of Scheduling Order and accompanying Proposed Order (resulting Scheduling Order subsequently entered as Main Case DE #156) | 0.90 | $270.00 |
| 05/03/26 | DTJ | Drafting and submission of response to correspondence from M. VerStandig, Esq. dated May 1, 2026 | 0.40 | $120.00 |
| 05/04/26 | DTJ | Electronic filing of Debtor's Motion for Entry of Scheduling Order; telephone conference with Client re: same | 1.60 | $480.00 |
| 05/05/26 | DTJ | Drafting and transmission of cease-and-desist letter to M. VerStandig, Esq.; telephone conference with Client re: same | 1.50 | $450.00 |
| 05/05/26 | DTJ | Review of Scheduling Order re: Contested Matters; email correspondence to M. VerStandig, Esq. re: forensic document examination review location; email correspondence to Client; telephone conference with Client | 0.60 | $180.00 |
| 05/11/26 | DTJ | Drafting Debtor's Opposition to IBI Falcon's Motion for Protective Order to Prevent Deposition of Michael J. Palumbo (Main Case DE #159) and accompanying Proposed Order Denying Motion; legal research and argument re: Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986) fact-witness/trial-counsel distinction (not adopted by the Fourth Circuit) and Mr. Palumbo's transactional role as signatory on the recorded Affidavit and Deed of Appointment of Substitute Trustee | 2.80 | $840.00 |
| 05/12/26 | DTJ | Telephone conference with Client re: status of Opposition to Motion for Protective Order and deposition strategy | 0.30 | $90.00 |
| 05/13/26 | DTJ | Revision and finalization of Debtor's Opposition to Motion for Protective Order (DRAFT to DRAFT v2) and accompanying Proposed Order Denying Motion; electronic filing and service via ECF upon M. VerStandig, Esq., the Subchapter V Trustee, and the U.S. Trustee | 2.20 | $660.00 |
| 05/14/26 | DTJ | Drafting and issuance of Subpoena to IBI Falcon US LLC for production of the original promissory Note and alonges for forensic document examination (production set for May 28, 2026 at undersigned's office), with detailed Schedule A describing the documents, electronically stored information, and objects sought; drafting and issuance of second Subpoena for production of related corporate-authority and assignment instruments; drafting cover transmittal email to M. VerStandig, Esq. re: service arrangements | 2.00 | $600.00 |
| 05/14/26 | DTJ | Telephone conference with Client re: forensic document examination subpoenas and inspection logistics | 0.50 | $150.00 |
| 05/15/26 | DTJ | Execution and service (by email pursuant to counsel's prior agreement) of both Subpoenas upon IBI Falcon US, LLC c/o M. VerStandig, Esq.; drafting and electronic filing of Notice of Service of Subpoena (Main Case) | 0.80 | $240.00 |
| 05/21/26 | DTJ | Drafting Debtor's First Set of Interrogatories to IBI Falcon US LLC and to IBI SBL Investment LP, Debtor's First Requests for Production of Documents to both entities, and initial Requests for Admission to both entities (six discovery documents), with detailed definitions and instructions, directed to entity-relationship questions, allonge execution dates, chain of custody of the original Note, the July 2025 Extension chronology, and the identity of "IBI Falcon High Yield, LP," in connection with the party-in-interest/claim-objection contested matter | 3.80 | $1,140.00 |
| 05/22/26 | DTJ | Revision and finalization of Requests for Admission to IBI Falcon and to IBI SBL Investment LP through successive drafts (v2, v3, and FINAL for each entity); | 2.50 | $750.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC  |  Case No. 25-19605  |  Page 11 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|----------------------------------|-------|--------|
| | | finalization of Requests for Production of Documents to both entities; coordination of service of all discovery | | |
| 05/22/26 | DTJ | Telephone conference with Client re: status of discovery requests to IBI Falcon and IBI SBL | 0.10 | $30.00 |
| 05/25/26 | DTJ | Receipt of IBI Falcon's Motion to Quash Subpoena (DE #173) via ECF notification; review of IBI Falcon's document production (Bates Nos. IBI Falcon0092-0134), comprising the Amendment to Promissory Note, Reaffirmation of Guaranty, and related loan extension/amendment instruments | 0.90 | $270.00 |
| 05/26/26 | DTJ | Review of and response to email correspondence from M. VerStandig, Esq. proposing Rule 408 settlement-basis logistics for the forensic note inspection (overnight delivery of the original Note/allonges to opposing counsel's custody; inspection to occur at the Greenbelt federal courthouse with opposing counsel present and videoing) in lieu of the subpoenaed production | 0.20 | $60.00 |
| 05/26/26 | DTJ | Telephone conference with Client re: IBI Falcon's proposed alternative inspection logistics for the original Note and allonges | 0.40 | $120.00 |
| 05/27/26 | DTJ | Detailed review and analysis of IBI Falcon's Motion to Quash Subpoena (DE #173), including Fed. R. Civ. P. 45 100-mile production-radius argument and IBI's offer of an Ohio inspection; review and vetting of the curriculum vitae and qualifications of Gerald M. LaPorte, the Debtor's retained forensic document examiner (former U.S. Secret Service and DHS-HSI Laboratory Director; OSAC chair); drafting confidential Strategy Memorandum (Attorney Work Product) analyzing Mr. LaPorte's concurrent appointment as court-ordered special master in the Tony Hsieh estate proceedings as a strategic asset and minimally-destructive forensic ink-dating (HPTLC) testing methodology | 2.80 | $840.00 |
| 05/27/26 | DTJ | Telephone conference with Client re: forensic examiner retention strategy and response to Motion to Quash Subpoena | 0.20 | $60.00 |
| 05/28/26 | DTJ | Drafting and electronic filing of Debtor's Motion to Continue Document Inspection, to Modify Scheduling Order, and for Related Relief, with accompanying Declaration of Zanetta Williams and Proposed Order, seeking to continue the note-inspection deadline under the Scheduling Order [D.E. #156] from May 29 to June 15, 2026, and to modify the examination standard from "non-destructive" to "minimally destructive"; legal research re: excusable neglect under Fed. R. Bankr. P. 9006(b)(1) and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993); coordination with Client re: declaration content and execution; service on M. VerStandig, Esq. and the U.S. Trustee via ECF | 3.60 | $1,080.00 |
| 05/29/26 | DTJ | Drafting and electronic filing of Debtor's Motion to Withdraw Motion to Strike (DE #135), mooting IBI's Amended Opposition (DE #153) and proposed order (DE #153-1); client communication regarding strategic basis for withdrawal | 0.60 | $180.00 |
| 06/01/26 | DTJ | Drafting of oral argument outline and hearing notes for the June 2, 2026 hearing on IBI Falcon's Motion for Protective Order regarding the deposition of Michael Palumbo (Main Case DE #159/163), including anticipated argument points addressing Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), and the fact-witness/transactional-signatory framework | 1.80 | $540.00 |
| 06/02/26 | DTJ | Final revision and trimming of hearing notes; hearing preparation and attendance at hearing on IBI Falcon's Motion for Protective Order regarding the Palumbo deposition (Main Case DE #159/163); argument regarding Mr. Palumbo's dual status as IBI Falcon's outside counsel and a fact witness to the DC land-record filings; Court ruling permitting the Palumbo deposition limited to his own knowledge and actions regarding the DC land-record filings; Court order directing counsel to meet and confer on a revised scheduling order | 2.00 | $600.00 |
| 06/02/26 | DTJ | Telephone conference with Client re: outcome of hearing on Motion for Protective Order (Palumbo deposition) and Court's ruling and meet-and-confer directive | 0.80 | $240.00 |
| 06/11/26 | DTJ | Receipt and review of Order Denying Motion to Amend Scheduling Order (DE #183), denying Debtor's Motion to Amend Scheduling Order (DE #176) filed following the court-ordered meet-and-confer | 0.20 | $60.00 |
| 06/13/26 | DTJ | Receipt and detailed review of IBI Falcon's Omnibus Opposition to Debtor's Motions (DE #178, #179, #180, #181) (DE #184); analysis of newly raised standing defense under Green v. 1900 Capital Tr. II, 619 B.R. 121 (D. Md. 2020); preliminary research distinguishing Green from claim-objection standing under 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 | 1.80 | $540.00 |
| 06/19/26 | DTJ | Meet-and-confer telephone conference with Maurice B. VerStandig, Esq. and the Client re: outstanding discovery items and revised scheduling order | 0.60 | $180.00 |

**EXHIBIT A — ITEMIZED STATEMENT OF SERVICES AND TIME RECORDS**

In re: 5410 30th Street DC, LLC | Case No. 25-19605 | Page 12 of 12

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|-------------------------------|-------|--------|
| 06/20/26 | DTJ | Drafting of Debtor's Motion for Entry of an Order Authorizing Employment and Retention of a Real Estate Broker and accompanying Proposed Order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), in connection with marketing and sale of the Property at 5631 MacArthur Blvd NW; drafting in progress pending broker selection and listing agreement (Exhibits A and B outstanding) | 1.50 | $450.00 |
| 06/22/26 | DTJ | Brief review of discovery responses from IBI Falcon and IBI SBL (6 files and accompanying document production) | 0.50 | $150.00 |
| 06/23/26 | DTJ | Continued legal research and review of IBI Falcon's and IBI SBL's discovery responses | 2.00 | $600.00 |
| 06/23/26 | DTJ | Continued legal research and review of IBI Falcon's and IBI SBL's discovery responses | 1.80 | $540.00 |
| 06/24/26 | DTJ | Drafting and submission of Debtor's Reply to IBI Falcon's Opposition to Motion to Continue Document Inspection, to Modify Scheduling Order, and for Related Relief | 3.90 | $1,170.00 |
| 06/25/26 | DTJ | Telephone conference with Client re: discovery responses | 0.10 | $30.00 |
| 06/25/26 | DTJ | Review and analysis of discovery responses from IBI Falcon and IBI SBL | 3.40 | $1,020.00 |
| 06/26/26 | DTJ | Review and analysis of discovery responses from IBI Falcon and IBI SBL | 4.10 | $1,230.00 |
| | | **Matter Total Fees:** | **54.10** | **$16,230.00** |

## Fee Application Preparation

| Date | Tkpr | Description of Services Rendered | Hours | Amount |
|------|------|-------------------------------|-------|--------|
| 06/21/26 | DTJ | Preparation of Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses, including identification and organization of all services rendered during the period November 1, 2025 through June 30, 2026, calculation of fees and costs, and compliance with Local Bankruptcy Rule 2016-1 and Appendix D Guidelines (1.3); preparation of Notice of Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses pursuant to Local Bankruptcy Rule 2002-1 (.2); preparation of Exhibit A – Itemized Statement of Services and Time Records in support of Application, organizing all time entries chronologically by matter per Appendix D Guidelines (.9). Total Time: 2.4. | 2.40 | $720.00 |
| | | **Matter Total Fees:** | **2.40** | **$720.00** |

## Timekeeper Summary

| Timekeeper | Hours | Rate | Total Fees |
|-----------|-------|------|-----------|
| Deirdre T. Johnson, Esq. | 236.80 | $300.00 | $70,815.00 |
| **TOTAL FEES** | **236.80** | | **$70,815.00** |
| **TOTAL COSTS / DISBURSEMENTS** | | | **$21.60** |
| **GRAND TOTAL** | | | **$70,836.60** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                          |
                                                |
5410 30th Street DC, LLC,                       |        Case No.: 25-19605
                                                |
        Debtor                                  |        Chapter 11
                                                |

**NOTICE OF FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026**

Pursuant to Local Bankruptcy Rule 2002-1, notice is hereby given that:

1. The Debtor's attorney (hereafter "Applicant") filed an Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses (the "Application").

2. The Application seeks allowance of fees in the amount of $70,815.00 and reimbursement of expenses in the amount of $21.60 in connection with services rendered for the benefit of the Debtor and the bankruptcy estate during the period of November 1, 2025 through June 26, 2026, in this Chapter 11 case.

3. Pursuant to the Local Bankruptcy Rules, Applicant has filed a supplemental Federal Rule of Bankruptcy Procedure 2016(b) Disclosure along with the Application describing services rendered on behalf of the Debtor.

4. If the Court approves the Application, the approved fees and expenses may be paid by the Debtor or through the Chapter 11 Trustee as an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2).

5. Applicant avers the approval of the requested fees and expenses:

   ☐ will not affect distribution to creditors under the Debtor's plan

   ☐ will affect distribution to creditors under the plan in the following manner: N/A

Any objection to the Application must be filed within 21 days of the date of the Application with the Clerk of the Bankruptcy Court (parties served by mail may add three (3) additional days to this deadline), with a copy sent to the undersigned and the Chapter 11 Trustee, and shall state the factual and legal grounds on which it is based.

6. The Application may be approved without further order or notice if no timely objection is filed, and the Court, in its discretion, may conduct a hearing or determine the matter without a hearing regardless of whether an objection is filed.

7. Parties in interest with questions may contact the undersigned.

Date: July 26, 2026

**/s/ Deirdre T. Johnson**
Deirdre T. Johnson, Esq.
Law Office of Deirdre T. Johnson, Esq.
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385
dtjesq@dtjohnsonlaw.com
Applicant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 26th day of July, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing NOTICE OF FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026 will be served electronically by the Court's CM/ECF system on the following:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)
L. Jeanette Rice Jeanette.Rice@usdoj.gov, and
Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)

I HEREBY FURTHER CERTIFY that, on the 26th day of July, 2026, a copy of the foregoing NOTICE OF FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026 was also mailed first class, postage prepaid, to all parties listed on the attached creditor matrix

**/s/ Deirdre T. Johnson**
Deirdre T. Johnson, Esq.

Attn: Albeiro Medina
T&AA Construction, and Any / All Affiliates
11820 Parklawn Dr, Suite 380
Rockville, MD  20852

BHI Construction, and Any/All Affiliates
9342 Annapolis Rd
Lanham, MD  20706

City Concrete, and Any / All Affiliates
9284 Corp Circle
Manassas, VA 20110

DC Municipal Investments, LLC
c/o:  Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD  21030

DC Office of Tax & Revenue
Office of CFO
1101 4th St, SW
Washington, DC  20024

DC Water
1385 Canal St, SE
Washington, DC  20003

Fund That Flip / Upright
1300 E. 9th St, Suite 1310
Cleveland, OH  44114

IBI SBL Investment LP
IBI Falcon US, LLC
c/o The VerStandig Law Firm
9812 Falls Rd, #114-160
Potomac, MD 20854

Kylie Properties, LLC
Suite 200 #1060
12345 Parklawn Dr
Washington, DC 20002

PEPCO
701 9th St, NW
Washington, DC  20068

Santorini Capital LLC, and Any/All
Affiliates
Suite 200
2000 Massachusetts Ave, NW
Washington, DC 20036

Washington Gas
Attn:  Customer Care
6801 Industrial Rd
Springfield, VA  22151

Yonis Benitez
612 Oglethorpe St, NW
Washington, DC  20011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                              |
                                                    |
5410 30th Street DC, LLC,                           |          Case No.: 25-19605
                                                    |
        Debtor                                      |          Chapter 11
                                                    |

---

**ORDER GRANTING APPLICATION FOR ALLOWANCE OF SUPPLEMENTAL
ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the Application for Allowance of Supplemental Attorney's Fees and Reimbursement of Expenses (the "Application") filed by Deirdre T. Johnson, Esq., counsel for the Debtor, 5410 30th Street DC, LLC, for services rendered during the period of November 1, 2025 through June 26, 2026, requesting allowance of attorney's fees in the amount of $70,815.00 and reimbursement of expenses in the amount of $21.60, for a total award of $70,836.60; and it appearing that good and sufficient notice of the Application was given to all parties entitled thereto in accordance with Local Bankruptcy Rules 2002-1 and 2070-1; and it appearing that [no objection to the Application has been filed / the objections filed thereto have been resolved or are overruled for the reasons stated on the record]; and for good cause shown, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Application is GRANTED; and it is further

ORDERED, that Deirdre T. Johnson, Esq. is awarded supplemental attorney's fees in the amount of $70,815.00 and reimbursement of expenses in the amount of $21.60, for a total award of

$70,836.60, allowed as an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2); and it is further

ORDERED, that the amounts awarded herein shall be paid by the Debtor or through the Chapter 11 Trustee in accordance with the terms of the Debtor's [confirmed plan of reorganization / further order of this Court]; and it is further

ORDERED, that the Clerk of this Court shall serve a copy of this Order on all parties entitled to notice in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.


**cc:**

Deirdre T. Johnson, Esq., Counsel for the Debtor

L. Jeanette Rice, Chapter 11 Trustee

Maurice B. VerStandig, Esq., Counsel for IBI Falcon US, LLC and IBI SBL Investment LP

*END OF ORDER*