UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In Re:                                : Case No. 25-19605
                                      :
5410 30TH STREET DC LLC,              : Chapter 11
                                      :
          Debtor.                     : Greenbelt, Maryland
                                      : Monday, June 15, 2026
: : : : : : : : : : : : : :           : 10:01 a.m.
                                      :
5410 30TH STREET DC LLC,              : Adv. Case No. 26-00129
                                      :
          Plaintiff,                  :
v.                                    :
                                      :
IBI FALCON US LLC, ET AL.,            :
                                      :
          Defendants.                 :
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :


TRANSCRIPT OF HEARING ON [11] MOTION FOR TEMPORARY RESTRAINING
ORDER FILED BY PLAINTIFF 5410 30TH STREET DC LLC
[18] OPPOSITION FILED BY DEFENDANT IBI FALCON US LLC,
DEFENDANT IBI SBL INVESTMENT LP
[20] EXHIBIT/WITNESS LIST FILED BY PLAINTIFF 5410 30TH STREET
DC LLC
BEFORE THE HONORABLE LORI S. SIMPSON,
UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:
(All present by video or telephone)

For the Debtor:                    Deirdre T. Johnson, Esq.
                                   9701 Apollo Drive
                                   Suite 301
                                   Upper Marlboro, MD 20774

For IBI SBL Investment LP, et      Maurice VerStandig, Esq.
al.:                               THE VERSTANDIG LAW FIRM, LLC
                                   9812 Falls Road
                                   #114-160
                                   Potomac, MD 20854

Also Present:                      Zanetta Williams
                                   5410 30th Street DC LLC

Audio Operator:                    Gloria Bellman
                                   (301) 344-8031

Transcript prepared by:            ESCRIBERS
                                   7227 North 16th Street
                                   Suite #207
                                   Phoenix, Arizona 85020
                                   (800)257-0885

Proceedings recorded by electronic sound recording; transcript produced by transcription service.



3

5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

GREENBELT, MARYLAND - JUNE 15, 2026 - 10:01 A.M.

THE CLERK:  On the 10 o'clock docket, the case of 5410 30th Street DC LLC v. IBI Falcon US LLC, et al., adversary number 26-00129.

Counsel, please identify yourself and your client for the record.

THE COURT:  I believe you're on mute.

MS. JOHNSON:  Deirdre Johnson for the debtor, 5410 30th Street DC LLC.

THE COURT:  I think the reason you have feedback is you have two units in the same room, both of which have the volume on.  But good morning to you.

MS. JOHNSON:  Good morning.  I had my computer muted because I can hear better on my phone.

THE COURT:  And you would.  All right.  Well, you're going to have feedback all morning if you have two units, have your phone and your computer right next to each other.

MS. JOHNSON:  Can you hear?  Can you hear me?

THE COURT:  Yes.  With an echo, so.

MS. JOHNSON:  So I muted my phone, but I hear better on the phone, not on the --

THE COURT:  I understand that.  What I'm saying is because the volume is -- it's not so much -- if it's muting and volume, it's going to cause feedback.

All right.  Why don't we get Mr. VerStandig to enter



www.escribers.net | 800-257-0885

5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

Q.    Ms. Williams, to the best of your knowledge, since I appeared in this case, and that was part of your testimony, was when I made my appearance, have additional documents been filed by my clients in the land records?

A.    I'm not one hundred percent sure as to the date that you made your appearance, so I can't answer that.

Q.    If I represented to you that I made my appearance after Exhibit 1, which was the affidavit you testified about, on the date you indicated it was recorded, if I represented to you the record would show that I appeared after that had happened, has anything been recorded in the land records subsequent to that date?

A.    Not that I'm aware of.

Q.    Okay.  When 5410 filed its bankruptcy petition on October 14th, you had already corresponded with Mr. Palumbo in the past, correct?

A.    That's correct.  Yes.

Q.    Did you email him to notify him that 5410 had filed a bankruptcy petition?

A.    I did not.

Q.    Did you ask your counsel to do so?

A.    I did not.

Q.    To the best of your knowledge, did your counsel do so?

A.    Not that I'm aware of.

Q.    You had corresponded with the principals of my client



www.escribers.net | 800-257-0885

5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

before that date, correct?

A.   I corresponded with Oren, and I had corresponded with Dor.  I'm not familiar with any other principals.

Q.   Did you email them, send them a text message, anything to notify them that 5410 had filed for bankruptcy?

A.   Oh, I'm sorry.  I didn't let you complete the question. I apologize.  Can you repeat that?

Q.   After 5410 filed for bankruptcy, in the following, call it six weeks, did you reach out to Mr. Streit or any of the other principals of my client to let them know that 5410 had filed for bankruptcy?

A.   I did not.

Q.   Did you direct your counsel to do so?

A.   I did not.

Q.   To the best of your knowledge, did the debtor's counsel do so?

A.   Not that I'm aware of.

Q.   Ms. Williams, you did execute a guaranty of the promissory note that my client holds, correct?

A.   I -- repeat the question one more time before I answer.

Q.   Sure.  You executed a guaranty of the promissory note that is now held by my clients, correct?

A.   I executed a personal guaranty with FTF Lending, yes.

Q.   And FTF Lending was the original lender on the note that my client holds, correct?



5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

A.    Absolutely.  That's correct.

Q.    Ms. Williams, since the filing of this case, has there been any point in time where the emotional distress that you say has been caused by my clients has caused you to cancel any showing of the property?

A.    It has not.

Q.    Has there been any point in time when you've had to take the property off the market because of the emotional distress you say has been caused?

A.    No, I have not.

Q.    You had to cancel any meetings with your counsel because of that emotional distress?

A.    No, I have not.

Q.    Ms. Williams, what's the property on the market for today?

A.    3.9 million.

Q.    How long has it been on the market?

A.    Quite some time.  I'm not sure of the exact amount of time.

Q.    It was listed before the bankruptcy was filed, correct?

A.    That's correct.  Yes.

Q.    So since at least October 14th of 2025?

A.    That's correct.  Yes.

Q.    From time to time, you have reduced the price, correct?

A.    That is correct.  Yes.



5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

Q.   How much money, and you can approximate if you need, do you believe is owed to my client?

A.   I'm not one hundred percent sure, because I believe that we have objected to the -- to the -- to the amount of money your client is -- so I'm not one hundred percent sure.  I can't answer that.

          MR. VERSTANDIG:  Your Honor, may I share my screen?

          THE COURT:  Yes.

Q.   If I've done this correctly, you should be looking at Schedule D and not my privileged notes, correct?

A.   Correct.  Can you Zoom in on that, please?  Is there any way we can?

Q.   Say that again?

A.   Yes.

Q.   I was born in the eighties.  I'm really tech savvy.

A.   Thank you.

Q.   All right.  Do you recognize this document?

A.   I do.  Absolutely, yes.

Q.   Is this one of the bankruptcy schedules that you attested to the veracity of?

A.   Yes.

Q.   Okay.  And does this indicate that there's a secured claim in favor of one or both of my clients for $2.6 million and change?

A.   Yes.



5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

Q.    Does it indicate that there's a secured claim in favor of Santorini Capital for $975,000 and change?

A.    It does, yeah.

Q.    Okay.  I'm going to try this.

A.    Can you scroll down?  Can you scroll down on that document so I can see everything?

Q.    Yes.  It's just the white --

A.    Yeah.  I see that.  Yeah.  I also, I wanted to make sure that I was -- that I recall correctly that I indicated that it was disputed, which means, as I mentioned earlier, I cannot attest to what the amount owed is.

Q.    All right.  So your total secured obligations on your schedule are a little over $3.65 million, correct?

A.    Repeat that?

Q.    The total secured obligations on your Schedule D are a little over $3.65 million, correct?

A.    Not sure if I can answer that to that effect.  I'm not sure if that segregates disputed versus undisputed, et cetera.

Q.    Let's take a look at Schedule E/F.

        MR. VERSTANDIG:  Hopefully what's on the Court's screen just changed.

        THE COURT:  It did.

        MR. VERSTANDIG:  Okay.  Thank you, Your Honor.

Q.    And I understand that some of these are disputed, contingent or unliquidated, but the debtor shows unsecured



5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

debts -- I'll scroll up a bit -- $30,000 to the District of Columbia, correct?

A.    That's correct, yes.

Q.    And then $88,000.  Again, I realize the disputed box has been used, for DHI Construction?

A.    Yes.

Q.    An unknown amount for a fund (indiscernible)?

A.    Yes.

Q.    $375,000 for Kylie Property (ph.)?

A.    Yes.

Q.    Unknown amount for T&AA Construction?

A.    Yes.

Q.    $50,000 to -- I'm going to mispronounce it, and I don't mean to be offensive.  Yonith Benitez (ph.).

A.    Yes.

Q.    And an estimated $875,000 to City Concrete?

A.    That's inaccurate, but yes.

Q.    Why is that inaccurate?

A.    That should have been, I think, $50,000.  I think that was later corrected, if I'm not mistaken.  But go ahead.  But that's what the document says that you have here in front of you.

Q.    I'm going to stop sharing my screen, and hopefully no one can see my screen anymore.  Ms. Williams, can we agree that between all the debts we just walked through with the property



5410 30TH STREET DC LLC; 5410 V. IBI, ET AL.

being on the market at you said 3.9, that there is no equity in this property?

A.    No, I disagree.  I disagree with that.

MR. VERSTANDIG:  Your Honor, I have nothing further.

THE COURT:  All right.  Thank you.

Redirect?

MS. JOHNSON:  No redirect, Your Honor.

THE COURT:  All right.  Thank you, Ms. Williams.  You are considered off the stand.

THE WITNESS:  Oh, thank you.

THE COURT:  Ms. Johnson, any additional witnesses or evidence to present?

MS. JOHNSON:  No.

THE COURT:  All right.  Mr. VerStandig, any witnesses or evidence to present?

MR. VERSTANDIG:  No.  And I want to be very explicit about this.  To the extent relief is entered, and we will obviously urge in closing that it not be, we would ask that because we are not presenting evidence, that it be solely a TRO, and that any hearing on a preliminary injunction fall in due course.

THE COURT:  Thank you.  All right.

Ms. Johnson, closing?

MS. JOHNSON:  Okay.  Yes.  At this point, I'd like to discuss our legal arguments regarding the four Winter factors.



www.escribers.net | 800-257-0885

105

I N D E X

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| Debtor: | | | | | |
| Zanetta Williams | 20 | 74 | | | |

| EXHIBITS: | DESCRIPTION | | I.D. | EVID. |
|---|---|---|---|---|
| Plaintiff: | | | | |
| 1 | Affidavit of nonresidential foreclosure | | | 24 |
| 12 | Email from Amir Golan | | | 34 |
| 18 | Letter from Mr. VerStandig | | | 66 |
| 16 | Cease and desist letter | | | 67 |
| 13 | Screenshot of missed phone call | | | 68 |
| 17 | Verification of creditor matrix | | | 68 |
| 15 | Missed phone call from Amir Golan | | | 69 |
| 10 | Phone calls from April 28th and 30th | | | 70 |
| 7 | Screenshot of April 30th phone call from Amir Golan | | | 71 |
| 6 | Email from Michael Palumbo | | | 71 |
| 5 | Email from Oren Streit | | | 72 |
| 4 | Email from Michael Palumbo | | | 73 |
| 2 | Document | | | 73 |
| 3 | Document | | | 73 |

| RULINGS: | | PAGE | LINE |
|---|---|---|---|
| Motion for a Temporary Restraining Order is Denied as to the Nonserved Defendants | | 7 | 7 |



www.escribers.net | 800-257-0885

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Hana Copperman*                          July 28, 2026

_____          _____

HANA COPPERMAN                            DATE

AAERT Certified Electronic Transcriber CET-487

eScribers

www.escribers.net | 800-257-0885