## Mac VerStandig

| | |
|---|---|
| **From:** | Deirdre T. Johnson, Esq <dtjesq@dtjohnsonlaw.com> |
| **Sent:** | Friday, July 31, 2026 7:00 PM |
| **To:** | Mac VerStandig |
| **Subject:** | In re 5410 30th Street DC LLC, Case No. 25-19605 - Demand to Immediately Cease Improper Contact With and Inducement of Creditors |

| | |
|---|---|
| **Importance:** | High |

**VIA EMAIL AND FIRST-CLASS MAIL**

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854

**Re:  Demand to Immediately Cease Improper Contact With and Inducement of Creditors — In re 5410 30th Street DC LLC, Case No. 25-19605-LSS**

Dear Mr. VerStandig:

I write to demand that you and your firm immediately cease all contact with creditors of the Debtor for the purpose of offering or providing payment in exchange for their appearance or testimony at the omnibus hearing currently scheduled for August 5, 2026, or at any other hearing in this case.

Today, July 31, 2026, you telephoned a principal of Santorini Capital, LLC, a secured creditor of the Debtor, and offered to pay that principal to appear at the August 5, 2026 omnibus hearing and voice complaints about the pace and progress of this case — apparently in an effort to build support for confirmation of the Chapter 11 Plan of Liquidation and Disclosure Statement filed by your client, IBI Falcon US LLC, as Plan Proponent [Docs. 129, 130]. The Santorini principal you called telephoned my client directly to report your call, which is the basis for this letter. I am also aware you may have contacted, or attempted to contact, other secured creditors of the Debtor with similar offers.

Regardless of your intent, this conduct is improper. Maryland Rule of Professional Conduct 19-303.4(b) prohibits a lawyer from offering an inducement to a witness that is prohibited by law. A lawyer may reimburse a fact witness for reasonable expenses actually incurred and for reasonable compensation for time lost in attending or preparing to testify — nothing more. A lawyer may not pay, or offer to pay, a witness a sum contingent on that witness's willingness to appear or on the content of the witness's statements to a court. Offering creditors money specifically to appear and complain about the Debtor crosses that line and constitutes improper witness inducement. Depending on the full facts, this conduct may also implicate Rule 19-308.4 (misconduct involving dishonesty or conduct prejudicial to the administration of justice) and Maryland's criminal provisions concerning bribery or intimidation of a witness.

I demand that you and your firm, and anyone acting at your direction:

1.  Immediately cease all further contact with creditors of the Debtor, including Santorini Capital, LLC, offering or referencing any payment tied to their appearance or testimony at the August 5, 2026 hearing or any other hearing in this case;

2.  Immediately withdraw and disclaim, in writing, any payment offers already made to Santorini or any other creditor in connection with the August 5, 2026 hearing; and

3.  Confirm to the undersigned in writing, no later than 5:00 p.m. on Monday, August 3, 2026, that you have complied with paragraphs 1 and 2 above, and provide the identities of all creditors contacted and the substance of those communications.

Please be advised that if I do not receive satisfactory written confirmation of your compliance by the deadline above, I intend to file an Emergency Motion for Protective Order and for Sanctions with the Bankruptcy Court, seek to exclude any testimony or appearance procured through improper inducement, seek recovery of our attorneys' fees and costs, and refer this matter to the Attorney Grievance Commission of Maryland for review under the Maryland Attorneys' Rules of Professional Conduct. I am sending this letter in a further good-faith effort to resolve this matter without judicial intervention, and nothing in this letter should be read as a waiver of any right or remedy available to my client, all of which are expressly reserved.

I trust that upon reflection you will agree that this conduct should stop immediately, and I look forward to your prompt written response.

Sincerely,


Deirdre T. Johnson, Esq
Attorney at Law
(301) 742-5385
dtjesq@dtjohnsonlaw.com


The information contained in this transmission is solely intended for use by the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please delete it immediately, and notify us by telephone.  Thank you.