IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | |
| 5410 30th Street DC, LLC, | Case No.: 25-19605 |
| Debtor | Chapter 11 |

---

**DEBTOR'S MOTION TO STRIKE IBI FALCON US LLC'S AND IBI SBL
INVESTMENT LP'S WITNESS AND EXHIBIT LIST [DKT. NO. 234] AND TO
PRECLUDE USE OF UNTIMELY-DISCLOSED WITNESSES AND EXHIBITS AT THE
AUGUST 5, 2026 HEARING**

5410 30th Street DC LLC, the debtor and debtor in possession in the above-captioned chapter 11 case ("Debtor"), by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Bankr. P. 9006(b)(1) and 9014, Local Bankruptcy Rules 7016-1(c) and 9013-6, and this Court's inherent authority to enforce its own orders and manage its docket, for entry of an order striking the Witness and Exhibit List [Dkt. No. 234] filed on July 31, 2026 by IBI Falcon US LLC and IBI SBL Investment LP (collectively, "IBI Falcon"), and precluding IBI Falcon from calling any witness or introducing any exhibit at the August 5, 2026 hearing (the "Hearing") that was not timely and properly disclosed on or before July 29, 2026. In support, Debtor states as follows.

## I. BACKGROUND

1. On July 6, 2026, the Court held a status conference in this case to address, among other matters, scheduling for the omnibus hearing now set for August 5, 2026. At that conference, the Court advised the parties, on the record and from the bench, that any filings intended for use at the Hearing — including witness and exhibit disclosures — were due no later than one week before the Hearing, and the Court further clarified on the record that this deadline fell on July 29, 2026.

2. On July 8, 2026, the Court entered its Order Resolving Discovery Related Motions [Dkt. No. 198] (the "Discovery Order"), which resolved several discovery-related motions argued at the July 6, 2026 status conference. The Discovery Order did not separately restate

the July 29, 2026 filing deadline announced from the bench, but nothing in the Discovery Order altered, extended, or otherwise disturbed that deadline, and the Discovery Order expressly reflects the Court's consideration of "the arguments of counsel presented at the status conference on July 6, 2026." Discovery Order at 1.

3. Consistent with the Court's directive, Debtor timely filed its pretrial disclosures and other filings for the Hearing on or before July 29, 2026.

4. IBI Falcon did not. On July 31, 2026 — two days after the July 29, 2026 deadline and only four calendar days before the Hearing — IBI Falcon filed its Witness and Exhibit List [Dkt. No. 234] (the "Exhibit List"), identifying fifteen exhibits, including an amended proof of claim, loan extension agreements, bankruptcy schedules and an amended statement of financial affairs, a monthly operating report, a fee application, a tax sale notice, hearing transcript excerpts, Debtor's second amended plan of liquidation, and other docket filings.

5. IBI's witness designations identify no specific person(s), but instead purport to reserve "[a]ny witness designated by the Debtor (without regard to the scope of examination of the Debtor)" and "[a]ny witness necessary to offer rebuttal or impeachment evidence."

## II. ARGUMENT

### A.     IBI Falcon's Exhibit List Is Untimely.

6. The Court set July 29, 2026 as the deadline for filings related to the Hearing when it ruled from the bench at the July 6, 2026 status conference. That ruling was made on the record, in the presence of counsel for IBI Falcon, and is an order of this Court regardless of the fact that it was not separately restated in the subsequently entered Discovery Order, which addressed different, discrete discovery motions and did not purport to be an exhaustive recitation of every ruling made at the status conference.

7. IBI Falcon's delay is not a matter of hours or an inconsequential technicality. The Exhibit List was filed four calendar days — and only two business days — before the Hearing, leaving Debtor no meaningful opportunity to review, investigate, or prepare objections to fifteen exhibits and open-ended witness designations before appearing in Court.

**B.      The Court May Strike the Untimely Filing and Preclude Its Use at the Hearing.**

8.     Federal courts, including bankruptcy courts, possess the inherent authority to manage their own dockets and to enforce compliance with their own orders and deadlines "so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (federal courts have inherent power to manage their own proceedings and to control the conduct of those who appear before them).

10.    This authority is reinforced by the framework adopted for enforcing scheduling and pretrial deadlines generally. Fed. R. Civ. P. 16(f)(1)(C) authorizes a court to issue "any just orders," including those available under Fed. R. Civ. P. 37(b)(2)(A)(ii), when a party "fails to obey a scheduling or other pretrial order" — including an order "prohibiting the disobedient party … from introducing designated matters in evidence." Fed. R. Civ. P. 37(c)(1) supplies the analogous default sanction for an untimely disclosure of a witness or exhibit: the offering party "is not allowed to use that information or witness … unless the failure was substantially justified or is harmless." While Fed. R. Bankr. P. 7016 is not among the Part VII rules that apply automatically to a contested matter under Fed. R. Bankr. P. 9014(c)(1), this Court has already entered a Scheduling Order Governing Discovery on Contested Matters [Dkt. No. 156] in this case and has actively managed the pretrial schedule for the Hearing through its oral directive of July 6, 2026 and its Discovery Order. The same case-management authority — and the same exclusionary remedy that Rule 16(f) and Rule 37(c)(1) make available in analogous circumstances — supports striking IBI Falcon's untimely Exhibit List and precluding its use at the Hearing.

**C.      IBI Falcon Cannot Show Excusable Neglect or Substantial Justification for Its Delay.**

11.    To the extent IBI Falcon contends its untimely filing should nonetheless be permitted, the burden rests on IBI Falcon to demonstrate excusable neglect under Fed. R. Bankr. P. 9006(b)(1), considering: (i) the danger of prejudice to Debtor; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay, including whether it was within IBI Falcon's reasonable control; and (iv) whether IBI Falcon acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

12. Each factor favors striking the Exhibit List. First, Debtor is prejudiced: with the Hearing days away, Debtor has had no meaningful opportunity to investigate fifteen exhibits spanning almost a year of case history, or to determine what unnamed "witness[es] designated by the Debtor" or offered "for rebuttal or impeachment" IBI Falcon intends to call. Second, although the delay is measured in days, its impact is magnified by its proximity to the Hearing and by the volume and breadth of the material identified. Third, IBI Falcon has offered no explanation — and none is apparent from the record — for its failure to file by July 29, 2026; IBI Falcon is represented by experienced bankruptcy counsel who has appeared throughout this case and who was present at the July 6, 2026 status conference when the Court announced the deadline. Fourth, on the present record, there is no indication that IBI Falcon's delay was the product of anything beyond a failure to comply with a known deadline.

13. This Court need look no further than its own reasoning in the Discovery Order. In denying Debtor's own Motion to Reconsider for failure to show excusable neglect, the Court explained that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be," and that a court should find excusable neglect "only in the extraordinary cases where injustice would otherwise result." Discovery Order at 6 (quoting Symbionics Inc. v. Ortlieb, 432 Fed. Appx. 216, 220 (4th Cir. 2011) (unpublished)); see also In re Johns-Manville Corp., 476 F.3d 118, 124 (2d Cir. 2007) (mis-calendaring of a deadline is not excusable neglect). The standard this Court applied to Debtor applies with equal, and undiminished, force to IBI Falcon.

**D.     The Exhibit List Independently Fails to Identify Specific Witnesses or Exhibits.**

14. Even if timely, the Exhibit List would remain deficient on its face. Creditor Exhibit 14 purports to designate exhibits "designated by the Debtor" — including exhibits Debtor does not even offer — and Creditor Exhibit 15 purports to designate unspecified exhibits "to be offered for rebuttal or impeachment purposes." IBI Falcon's witness designations identify no actual witness, but instead reserve the right to call "[a]ny witness designated by the Debtor" and "[a]ny witness necessary to offer rebuttal or impeachment evidence." Open-ended, unspecified designations of this kind do not provide the notice that a witness

and exhibit list is intended to give an opposing party and should not be given effect at the Hearing, independent of their untimeliness.

### III. REQUEST FOR EXPEDITED CONSIDERATION

15. Because the Hearing is scheduled for August 5, 2026, Debtor respectfully requests, pursuant to Local Bankruptcy Rule 9013-6, that the Court consider this Motion on an expedited basis and, if necessary, shorten the time for any response, so that the relief requested herein may be resolved before the Hearing.

### IV. CONCLUSION AND RELIEF REQUESTED

16. For the foregoing reasons, Debtor respectfully requests that the Court enter an order: (a) striking the Witness and Exhibit List [Dkt. No. 234] filed by IBI Falcon on July 31, 2026; (b) precluding IBI Falcon from calling any witness or offering any exhibit at the August 5, 2026 Hearing that was not timely and properly disclosed on or before July 29, 2026; and (c) granting Debtor such other and further relief as the Court deems just and proper.

Dated: August 2, 2026

Respectfully submitted,

By: */s/ Deirdre T. Johnson, Esq.*
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385 | dtjesq@dtjohnsonlaw.com
Counsel for Debtor, 5410 30th Street DC LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of August, 2026, a copy of the foregoing Motion was served electronically upon filing via the Court's ECF system upon all parties registered to receive electronic notice in this case, including:

- Maurice B. VerStandig, Esq., counsel for IBI Falcon US LLC mac@mbvesq.com
- L. Jeanette Rice, Esq., Office of the U.S. Trustee — Jeanette.Rice@usdoj.gov;
- USTPRegion04.GB.ECF@USDOJ.GOV

*/s/ Deirdre T. Johnson*
Deirdre T. Johnson