IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:                                              |
                                                    |
5410 30th Street DC, LLC,                           |        Case No.: 25-19605
                                                    |
          Debtor                                    |        Chapter 11
                                                    |

**DEBTOR'S MOTION TO SHORTEN TIME AND FOR EXPEDITED
CONSIDERATION OF DEBTOR'S MOTION TO STRIKE IBI FALCON US LLC'S
AND IBI SBL INVESTMENT LP'S WITNESS AND EXHIBIT LIST AND TO
PRECLUDE USE OF UNTIMELY-DISCLOSED WITNESSES AND EXHIBITS AT THE
<u>AUGUST 5, 2026 HEARING</u>**

5410 30th Street DC LLC, the debtor and debtor in possession in the above-captioned chapter 11 case ("Debtor"), by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9013-6, for entry of an order (i) shortening the time for notice and objection applicable to Debtor's *Motion to Strike IBI Falcon US LLC's and IBI SBL Investment LP's Witness and Exhibit List and to Preclude Use of Untimely-Disclosed Witnesses and Exhibits at the August 5, 2026 Hearing* (the "Motion to Strike"), filed contemporaneously herewith, and (ii) directing that the Motion to Strike be considered at, or before, the hearing scheduled for August 5, 2026 (the "Hearing"). In support of this Motion to Shorten Time and for Expedited Consideration (this "Motion"), Debtor states as follows.

## I. BACKGROUND

1.      On July 6, 2026, the Court held a status conference in this case and advised the parties, on the record and from the bench, that filings intended for use at the Hearing — including witness and exhibit disclosures — were due no later than one week before the Hearing, which the Court clarified fell on July 29, 2026.

2.      Debtor timely filed its pretrial disclosures on or before July 29, 2026. IBI Falcon US LLC and IBI SBL Investment LP (collectively, "IBI Falcon") did not; IBI Falcon filed its Witness and Exhibit List [Dkt. No. 234] on July 31, 2026, two days after the Court-ordered deadline and only four calendar days before the Hearing.

3.      Debtor has filed, contemporaneously with this Motion, its Motion to Strike, explaining why IBI Falcon's Exhibit List must be stricken and why IBI Falcon should be precluded from calling undisclosed witnesses or introducing undisclosed exhibits at the Hearing.

4.      The Hearing is scheduled for August 5, 2026 — only three days after the filing of this Motion and the Motion to Strike.

5.      Under the ordinary notice provisions of Local Bankruptcy Rule 9006-1(a), motions generally must be served at least twenty-one (21) days before the hearing at which they are to be considered, and, absent a different deadline set by the movant, any response is due no later than seven (7) days before that hearing. Applied literally, those default periods would place both the standard service window and the standard response deadline after the Hearing has already concluded, rendering the relief requested in the Motion to Strike moot before the Court could ever consider it.

## II. ARGUMENT

A. Good Cause Exists to Shorten the Notice and Objection Period.

6.      Federal Rule of Bankruptcy Procedure 9006(c)(1) provides that, "except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." The categories of deadlines that Rule 9006(c)(2) exempts from reduction — which include, among others, matters relating to the meeting of creditors, disclosure statement and plan confirmation deadlines, relief from the automatic stay, and the time to appeal — do not encompass a motion to strike an untimely witness and exhibit list, and no other rule or order in this case prohibits shortening the time applicable to the Motion to Strike.

7.      Local Bankruptcy Rule 9013-6 likewise authorizes a movant to request that the Court shorten the time to object to a motion or other paper and set an expedited hearing, for cause shown.

8.      Good cause exists here. First, the emergency is not of Debtor's making: it is the direct product of IBI Falcon's own untimely filing, submitted after the July 29, 2026 deadline the Court announced from the bench and only four calendar days before the Hearing. Second, the Hearing

date itself was set by the Court, and the Motion to Strike seeks only to ensure that the Hearing proceeds on a record limited to timely and properly disclosed witnesses and exhibits, consistent with the Court's own scheduling directive. Third, absent expedited consideration, the Motion to Strike cannot be heard before the very Hearing it seeks to govern, and Debtor would be forced to litigate, in real time and without a prior ruling, whether IBI Falcon may rely on fifteen belatedly disclosed exhibits and open-ended witness designations. Fourth, the relief requested in the Motion to Strike is narrow and record-based — it turns on the filing dates reflected on the docket and the Court's own July 6, 2026 oral ruling and Order Resolving Discovery Related Motions [Dkt. No. 198] — and does not require extensive briefing, discovery, or preparation time from IBI Falcon.

9.      Shortening time here also falls within the Court's well-established inherent authority to manage its own docket and enforce its own orders and deadlines "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

   B. The Requested Schedule Affords IBI Falcon a Fair, if Necessarily Compressed, Opportunity to Respond.

10.      Debtor does not ask the Court to dispense with notice altogether. Debtor requests only that (a) any written response or objection to the Motion to Strike be filed no later than August 4, 2026, at 12:00 p.m. (noon) Eastern Time, and (b) the Motion to Strike be considered at the outset of the Hearing on August 5, 2026, or as soon thereafter as the Court's calendar permits. This schedule affords IBI Falcon — whose counsel was present at the July 6, 2026 status conference and who has been aware of the July 29, 2026 deadline and the resulting dispute since at least July 31, 2026 — a meaningful, if necessarily compressed, opportunity to respond.

11.      Debtor further certifies, consistent with Fed. R. Bankr. P. 9006(c)(1), that the reduction of the time period requested herein is not prohibited under Fed. R. Bankr. P. 9006(c)(2) or by any other rule or order applicable to the Motion to Strike.

### III. CONCLUSION AND RELIEF REQUESTED

12.      For the foregoing reasons, Debtor respectfully requests that the Court enter an order, substantially in the form filed herewith: (a) shortening the time to respond or object to the Motion to Strike, such that any response or objection must be filed no later than August 4, 2026, at 12:00 p.m. (noon) Eastern Time; (b) directing that the Motion to Strike be considered at the August 5,

2026 Hearing, or as soon thereafter as the Court's calendar permits; (c) directing Debtor to serve a copy of the Motion to Strike, this Motion, and any order granting this Motion on all affected parties by electronic mail promptly following entry of such order, and to file a certificate of service reflecting the same; and (d) granting Debtor such other and further relief as the Court deems just and proper.

Dated: August 2, 2026                    Respectfully submitted,

                                         By: */s/ Deirdre T. Johnson, Esq.*
                                         Deirdre T. Johnson, Esq.
                                         Bar No. MD14227
                                         9701 Apollo Dr, Suite 301
                                         Upper Marlboro, MD 20774
                                         (301) 742-5385 | dtjesq@dtjohnsonlaw.com
                                         *Counsel for Debtor, 5410 30th Street DC*
                                         *LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2026, a copy of the foregoing was served electronically upon filing via the Court's ECF system upon all parties registered to receive electronic notice in this case, including:

- Maurice B. VerStandig, Esq., counsel for IBI Falcon US LLC — mac@mbvesq.com
- L. Jeanette Rice, Esq., Office of the U.S. Trustee — Jeanette.Rice@usdoj.gov
- USTPRegion04.GB.ECF@USDOJ.GOV

                                         */s/ Deirdre T. Johnson*
                                         Deirdre T. Johnson