IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-19605-LSS |
| | ) | (Chapter 11) |
| 5410 30TH STREET DC LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**<u>BRIEF ON STANDING</u>**

Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## *Table of Contents*

I.  Introduction.................................................................................................................... 1

II.  Standing—Under District of Columbia Law—to Challenge
Assignments .................................................................................................................. 3

III.  Standing—Under Bankruptcy Law—to Seek Stay Relief.................................................. 6

IV.  Standing—Under District of Columbia Law and Bankruptcy Law—
to Seek Conversion ...................................................................................................... 9

V.  Related Legal Points ................................................................................................... 13

    a.  The Debtor Misstates District of Columbia Power of Attorney
Law ........................................................................................................................ 13

    b.  The Debtor Misstates the Threshold for an Allonge to be Affixed
to a Note ............................................................................................................... 15

VI.  The Debtor Has Avoided Saying Who Holds the Note ...................................................... 17

## *Table of Authorities*

**Cases**

*Archie v. U.S. Bank, N.A.*,
255 A.3d 1005 (D.C. 2021) .................................................................................... 17

*Bank of New York Mellon Trust Co. N.A. v. Henderson*,
107 F. Supp. 3d 41 (D.D.C. 2015) ...................................................................... 4, 5

*Benjamin v. Costco Wholesale Corp.*,
779 F. Supp. 3d 341 (E.D.N.Y. 2025) ................................................................... 15

*Carpenter v. Longan*,
83 U.S. 271 (1873)................................................................................................. 14

*Cen-Pen Corp. v. Hanson*,
58 F.3d 89 (4th Cir. 1995) ..................................................................................... 18

*Davis v. BSI Fin. Servs.*,
633 F. App'x 837 (4th Cir. 2016)............................................................................. 5

*Galvin v. EMC Mortg. Corp.*,
2014 U.S. Dist. LEXIS 146582 (D.N.H. Oct. 3, 2014) .......................................... 17

*Green v. 1900 Capital Tr. II*,
619 B.R. 121 (D. Md. 2020) ..................................................................................... 6

*Hagerstown Block Co. v. Solomon (In re Hagerstown Block Co.)*,
570 B.R. 494 (Bankr. D. Md. 2017) ........................................................................ 13

*Hamlett v. Amsouth Bank (In re Hamlett)*,
322 F.3d 342 (4th Cir. 2003) .................................................................................. 18

*In re Amatex Corp.*,
755 F.2d 1034 (3d Cir. 1985)................................................................................... 10

*In re Burnett*,
450 B.R. 589 (Bankr. W.D. Va. 2011) ....................................................................... 7

*In re Ebersole*,
440 B.R. 690 (Bankr. W.D. Va. 2010) .................................................................... 7, 8

*In re Escobar*,
457 B.R. 229 (Bankr. E.D.N.Y. 2011)......................................................................... 8

*In re Harford Sands Inc.*,
372 F.3d 637 (4th Cir. 2004) .................................................................................... 12

iii

*In re Jones*,
2018 Bankr. LEXIS 2948 (Bankr. D.D.C. Sep. 27, 2018) ........................................................ 10

*In re Keim*,
212 B.R. 493 (Bankr. D. Md. 1997) ........................................................ 10

*In re Kelly*,
656 B.R. 541 (Bankr. D. Md. 2023) ........................................................ 8

*In re Lee*,
467 B.R. 906 (B.A.P. 6th Cir. 2012) ........................................................ 12

*In re Quinteros*,
2019 Bankr. LEXIS 3495 (Bankr. D.D.C. Nov. 8, 2019) ........................................................ 11, 14

*In re River Bend-Oxford Associates*,
114 B.R. 111 (Bankr. D. Md. 1990) ........................................................ 10

*In re Summit Corp.*,
891 F.2d 1 (1st Cir. 1989) ........................................................ 10

*In re Weisband*,
427 B.R. 13 (Bankr. D. Ariz. 2010) ........................................................ 7

*In re Yafet Alem*,
2013 Bankr. LEXIS 3771 (Bankr. D.D.C. Sep. 10, 2013) ........................................................ 10

*Jessup v. Progressive Funding*,
35 F. Supp. 3d 25 (D.D.C. 2014) ........................................................ 4, 5

*Mich. Mut. Ins. Co. v. Smoot*,
129 F. Supp. 2d 912 (E.D. Va. 2000) ........................................................ 5

*Northup v. Reese*,
67 So. 136 (Fla. 1914) ........................................................ 15

*Pham v. Bank of N.Y.*,
856 F. Supp. 2d 804 (E.D. Va. 2012) ........................................................ 5

*Purificato v. Nationstar Mortg., LLC*,
182 So. 3d 821 (Fla. Dist. Ct. App. 2016) ........................................................ 17

*Rivera v. Rosenberg & Assocs., LLC*,
142 F. Supp. 3d 149 (D.D.C. 2015) ........................................................ 3, 4

iv

*Singh v. Lai*,
417 F. Supp. 3d 694 (D. Md. 2019) ...................................................................... 6, 7, 8

*Smith v. Wells Fargo Bank*,
991 A.2d 20 (D.C. 2010) ...................................................................................... 14

*Specialized Loan Servicing LLC v. Bird (In re Bird)*,
2022 Bankr. LEXIS 417 (Bankr. D. Md. Feb. 18, 2022) ........................................ 7, 8

*Taylor v. Prince George's Cty.*,
2025 U.S. Dist. LEXIS 259300 (D. Md. Dec. 16, 2025) .......................................... 15

*Taylor v. Wells Fargo, N.A.*,
85 F. Supp. 3d 63 (D.D.C. 2015) ............................................................................ 4

*The Estate Construction Co. v. Miller & Smith Holding Co., Inc.*,
14 F.3d 213 (4th Cir. 1994) ..................................................................................... 8

*United States v. Hayes*,
763 F. Supp. 3d 1054 (E.D. Cal. 2025) .................................................................. 15

*Unsecured Creditors' Committee v. Marepcon Financial Corporation*,
907 F.2d 1430 (4th Cir. 1990) ............................................................................... 10

*Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*,
858 F. Supp. 2d 561 (E.D.N.C. 2012) ..................................................................... 5

*Washington v. LoanDepot.com, LLC*,
2026 U.S. Dist. LEXIS 55441 (D.D.C. Mar. 17, 2026) ............................................ 4

*Wolf v. Fed. Nat'l Mortg. Ass'n*,
830 F. Supp. 2d 153 (W.D. Va. 2011) ................................................................... 5, 6

**Statutes**
11 U.S.C. § 101 ........................................................................................... 11, 12, 13

11 U.S.C. § 362 ................................................................................................. 11, 12

11 U.S.C. § 1109 ................................................................................. 10, 11, 12, 13

11 U.S.C. § 1112 ......................................................................................... 10, 11, 12

D.C. Code § 21-2601.06 ......................................................................................... 14

D.C. Code § 21-2603.03 ..................................................................................... 14, 15

v

D.C. Code § 28:3-204 ........................................................................................ 15, 16

**Rules**
Federal Rule of Bankruptcy Procedure 3001 ................................................. 12

Federal Rule of Bankruptcy Procedure 9011 ............................................. 2, 15

Federal Rule of Bankruptcy Procedure 9017 ................................................. 13

Federal Rule of Evidence 301 ......................................................................... 13

**Treatises**
4 Collier on Bankruptcy P 502.01 (16th 2026) ............................................. 13

6 William D. Hawkland et al., Hawkland's Uniform Commercial Code Series
§ 3-204:3 (2012) ............................................................................................. 17

Comes now IBI Falcon US LLC ("IBI Falcon"), by and through undersigned counsel, pursuant to this Honorable Court's order directing briefing on the issue of standing, ECF No. 222, and states as follows:

## I.     Introduction

5410 30th Street DC LLC (the "Debtor") urges IBI Falcon is not the lawful assignee of a promissory note secured by the Debtor's lone asset and, as such, is not a party in interest in these proceedings. These contentions are belied by applicable District of Columbia law, applicable bankruptcy law, and persuasive authorities from myriad other jurisdictions—including the Fourth Circuit, Maryland, and Virginia—which cumulatively reveal (i) the Debtor does not have standing to attack IBI Falcon's status as the lawful assignee of the promissory note and deed of trust; (ii) IBI Falcon does have standing to seek stay relief; and (iii) IBI Falcon equally has standing to seek conversion or dismissal of this chapter 11 case.

The Debtor has filed a 40 page brief (the "Debtor Brief"). *See* Debtor Brief, ECF No. 233. While portions of the Debtor Brief assuredly do endeavor to address this Honorable Court's inquiries, other portions appear to be restatements of arguments on the merits of matters set for hearing on August 5, 2026. These ancillary arguments are problematic, however, both because they depart from the instant briefing task and because the Debtor has propagated certain objectively errant theories of law.

As has been previously shared, the Debtor has pursued this case by (i) inventing at least one case citation out of thin air; (ii) inventing at least one statutory quotation out of equally thin air; (iii) misstating the holdings of various cases; (iv) misstating the thrust of various statutes; and (v) misstating the provisions of various rules. The Debtor relied upon these objective falsities in asking this Honorable Court to permit a continuance of various hearings so discovery might be

1

taken. The Debtor then withdrew the various offending briefs and removed the fallacious citations therefrom, before refiling altered versions of some (albeit not all) of the offending briefs. In so doing, however, certain core misconceptions have remained. Two of those original falsities factor heavily into the Debtor's newest brief.

Specifically, the Debtor previously invented a statutory quotation that does not exist, supposedly governing how allonges are to be affixed to promissory notes. The quotation was presented in a written brief and then read aloud in open court. The quotation was a fabrication. And while the Debtor has resisted sharing that false quotation once more in the Debtor Brief, the Debtor has nonetheless made an argument consistent with the contours of that quotation—namely that the mere use of a paper clip, to affix an allonge to a promissory note, is void. This was not true when the Debtor urged as much with a fake quote and this is not true today. The statute cited by the Debtor for this proposition does not say as much and, to the contrary, case law holds unambiguously to the contrary.

Additionally, the Debtor has persisted in urging a very specific District of Columbia statute—governing the use of powers of attorney in connection with the execution and recordation of *deeds*—should apply to allonges. This contention was nonsensical when it was first made. And yet the Debtor has now elected to propagate this theory anew. A plain reading of the subject statute does not support the theory. A creative reading does not support the theory either. This is not "a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law." Fed. R. Bankr. P. 9011(b)(2). This is simply a bad faith reading of a plainly-written statute. Yet it is a reading that the Debtor *ipso facto* posits to be the accepted law of the land, and upon which the Debtor relies—mightily—in the Debtor Brief.

The foregoing considered, IBI Falcon proceeds below by (i) addressing each of this Honorable Court's three prompts, separately and in depth; and then (ii) discussing some of the legal misstatements in the Debtor Brief. What IBI Falcon does not do below is restate the merits of the matters set for hearing on August 5, 2026. Those seem issues outside the scope of the briefing order presented by this Honorable Court and are topics already touched upon in separate filings that can—and will—be expounded upon at the forthcoming hearing.

## II.      Standing—Under District of Columbia Law—to Challenge Assignments

Under District of Columbia law, a borrower does not have standing to challenge the assignment of a promissory note or deed of trust. To the contrary, the *only* parties with standing to challenge such assignments are the parties to the assignments themselves.

This Honorable Court has noted the matter of *Rivera v. Rosenberg & Assocs., LLC*, 142 F. Supp. 3d 149 (D.D.C. 2015). *See* Order, ECF No. 222, at p. 2. That is a case where the plaintiff obtained a home mortgage from North American Mortgage Company ("NAMCO"), with there then being a dispute as to whether—and to whom—the promissory note and deed of trust were later assigned. *Rivera*, 142 F. Supp. 3d at 152. The plaintiff insisted JPMorgan Chase Bank, N.A. ("JPMC") prove ownership of the note as a condition of the plaintiff making payments. *Id.* When JPMC did finally produce a copy of the note, the instrument was still payable to NAMCO and had not been endorsed (specifically or in blank). *Id.* at 153.

A multi-count suit followed, premised upon the plaintiff's contentions that JPMC is "not the assignee of the Deed of Trust nor the payee of the promissory note," *id.*, and that JPMC therefore lacked authority to take various actions under the note and security instrument, *id.* The United States District Court for the District of Columbia roundly rejected these theories, holding, *inter alia*, ". . . an individual who is not a party to, or an intended beneficiary of, an assignment

agreement lacks standing to challenge the validity of the assignment." *Id.* at 155 (citing *Taylor v. Wells Fargo, N.A.*, 85 F. Supp. 3d 63, 71 (D.D.C. 2015) (quoting *Jessup v. Progressive Funding*, 35 F. Supp. 3d 25, 35 (D.D.C. 2014)); *Bank of New York Mellon Trust Co. N.A. v. Henderson*, 107 F. Supp. 3d 41 (D.D.C. 2015)). The *Rivera* Court continued, noting that ". . . to the extent that his first FDCPA claim is premised on the notion that the transfer of interest to JPMC was flawed, plaintiff lacks standing to assert it, as he has not alleged that he was a party to, or beneficiary of, any assignment of interest between those parties." *Rivera*, 142 F. Supp. 3d at 156-57.

*Rivera* is not an outlier. Just a few months ago, the same court reaffirmed the holding: "Courts in this district are clear: a third party lacks standing to sue for claims related to the assignment of a Note or Deed of Trust, even if it pertains to his mortgage." *Washington v. LoanDepot.com, LLC*, 2026 U.S. Dist. LEXIS 55441, at *7-8 (D.D.C. Mar. 17, 2026) (citing *Jessup*, 35 F. Supp. 3d at 35; *Rivera*, 142 F. Supp. 3d at 156; *Taylor*, 85 F. Supp. 3d at 71).

The United States District Court for the District of Columbia confronted the same question in *Henderson*. That case was a judicial foreclosure proceeding involving a promissory note and deed of trust that had been assigned from the original lender to the foreclosing entity. *Henderson*, 107 F. Supp. 3d at 43. In rejecting the homeowner's attack on the assignments, the court noted both that such litigious strategies are now generally forbade by a majority of jurisdictions and that the prohibition is well rooted in logic:

> Because defendant has not alleged that he is either a party to, or an intended beneficiary of, the assignment of the Note and Deed of Trust, he does not have standing to attack the assignment. Although defendant cites three cases from other jurisdictions in support of the proposition that borrowers have standing to challenge void assignments of their loans, those cases represent a minority view, indeed one has since been reversed, and the prevailing rule is that a third party typically lacks standing to challenge an assignment. Moreover, finding that defendant lacks standing to attack the assignment makes good sense: the assignment does not affect defendant's rights or obligations at all. Regardless of whether the Note and Deed of Trust were properly assigned, defendant was still required to make timely payments

4

> on his mortgage and, by the plain terms of the Note and Deed of Trust, he is subject
> to foreclosure upon default.

*Henderson*, 107 F. Supp. 3d at 45 (citing *Jessup*, 35 F. Supp. 3d at 35; *Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 568 (E.D.N.C. 2012); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F. Supp. 2d 153, 162 (W.D. Va. 2011)).

As observed by the *Henderson* Court, this is a position that is widely accepted. And while there seems to be little question but that District of Columbia law controls this particular promissory note and deed of trust, it merits notation that the legal reasoning is the same seemingly everywhere in the Fourth Circuit. *See, e.g.*, *Davis v. BSI Fin. Servs.*, 633 F. App'x 837, 838 (4th Cir. 2016) ("Davis also seeks to invalidate the assignment of the note to BSI because, he claimed, it had been mechanically signed, or robo-signed. Regardless of the truth of this assertion, Davis was not a party to the assignment and fails to demonstrate either that he has standing to challenge the assignment or that robo-signing renders the assignment void."); *Wolf*, 512 F. App'x at 342 ("In Virginia, to sue on a contract one must be a party to or beneficiary of the contract.  Notably, Wolf has not alleged that she is a party to the assignment from MERS to BAC or that she is an intended beneficiary of the assignment. Without an enforceable contract right, Wolf lacks standing to attack the validity of the assignment. Furthermore, the assignment does not affect Wolf's rights or duties at all. Wolf still has the obligation under the note to make payments. In fact, the only thing the assignment affects is to whom Wolf makes the payments. Thus, she has no interest in the assignment from MERS to BAC. Accordingly, she has no standing to challenge it.") (citing *Mich. Mut. Ins. Co. v. Smoot*, 129 F. Supp. 2d 912, 920 (E.D. Va. 2000)); *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) ("In sum, because Virginia law unequivocally disallows a 'show me the note' claim against a noteholder, it also disallows similar 'show me the noteholder's

authority' claims against MERS and Wittstadt here.");[1] *Green v. 1900 Capital Tr. II*, 619 B.R. 121, 131 (D. Md. 2020) ("The assignments only affect to whom he must make those payments. Because Green is not a party to, or an intended third-party beneficiary of, any of the allegedly improper assignments, he has no standing to challenge them.") (citing *Wolf*, 512 F. App'x at 342).

At bottom, District of Columbia law—much like Maryland law, Virginia law, and North Carolina law—provides that only a party to the assignment of a promissory note has standing to challenge that assignment. The Debtor in this case assuredly is not contending that it has been assigned the promissory note held by IBI Falcon. And neither IBI SBL Investment LP nor FTF Lending, LLC (the two previous holders of the note) have come forward to assert they are the bona fide holder of the promissory note. In fact, both have been afforded ample opportunity to do so and have declined such opportunity. So the Debtor is left without standing the mount the challenge to IBI Falcon's receipt of the note, just as the Debtor cannot now contest IBI Falcon's right, as the present noteholder, to proceed as a party in interest in this case.

## III.   Standing—Under Bankruptcy Law—to Seek Stay Relief

The next question posed by this Honorable Court is whether or not IBI Falcon has standing to seek stay relief. *See* Order, DE #222, at p. 2. In connection with this inquiry, the case of *Singh v. Lai*, 417 F. Supp. 3d 694 (D. Md. 2019) is prompted. *Id.* That case—alongside others—well establishes IBI Falcon's standing to seek relief from the automatic stay. And such is of

---

[1] The Debtor has protested—repeatedly—that it is not making a "show me the note" challenge, despite the Debtor having now literally issued discovery requests resulting in a physical production whereby the Debtor was shown the promissory note. Nonetheless, *Pham* notes the frivolity of the distinction the Debtor appears to be endeavoring to draw, explaining how the law rejecting "show me the note" defenses applies, equally, to challenges directed toward allonges or the authority underlying the execution of allonges/indorsements.

6

particularized import insofar as stay relief is one of the remedies likely to be most strenuously pursued by IBI Falcon, insofar as this case now appears to be administratively insolvent and accordingly incapable of supporting confirmation of a plan of reorganization.[2]

The *Singh* Court notes the existence of a two-factor analysis used to ascertain standing to file a motion for stay relief: First, "a movant for relief from the automatic stay is a party in interest if the movant has standing." *Singh*, 417 F. Supp. 3d at 699 (citing *In re Burnett*, 450 B.R. 589, 593 (Bankr. W.D. Va. 2011)). And, second, "a movant seeking relief from the automatic stay need only have a 'colorable claim' in order to establish the standing required to bring such a motion." *Singh*, 417 F. Supp. 3d at 699 (citing *In re Ebersole*, 440 B.R. 690, 694 (Bankr. W.D. Va. 2010) (quoting *In re Weisband*, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010))).

Taken together, these considerations create a prism whereby one with a "colorable claim" has standing to bring a stay relief motion and, by virtue of such standing, is necessarily a "party in interest." *Singh*, 417 F. Supp. 3d at 699.

Judge Catliota has confronted a case, such as the matter *sub judice*, where a debtor challenged the chain of title of loan documents as part of an effort to oppose the granting of relief from the automatic stay. *See Specialized Loan Servicing LLC v. Bird (In re Bird)*, 2022 Bankr. LEXIS 417, at *8 (Bankr. D. Md. Feb. 18, 2022) ("The short answer to the Debtor's claims is that his challenge to the chain of title does not deprive the Movant of standing to pursue relief from the automatic stay. It is well established that hearings to determine whether the stay should be lifted are meant to be summary in character.") (citing *The Estate Construction Co. v. Miller & Smith*

---

[2] IBI Falcon anticipates withdrawing its proposed chapter 11 plan and disclosure statement, at the forthcoming hearing.

*Holding Co., Inc.*, 14 F.3d 213 (4th Cir. 1994)). In explaining why an attack on a note's chain of title does not impair the ability of a creditor to seek stay relief, Judge Catliota explained:

> Recognizing the nature of hearings on motions for stay relief, many courts do not require a party seeking relief from stay to demonstrate with finality that it has all the necessary documentation to successfully prosecute a foreclosure proceeding in a state court. The moving party need only have a "colorable claim" to establish standing to bring a motion for relief. To establish that it has a colorable claim, a noteholder must demonstrate that it has rights to proceed, but not necessarily that it will prevail, in a state foreclosure action. To put it another way, it is the court that has jurisdiction over the foreclosure process that ultimately must be satisfied the Movant has the right to pursue and obtain the underlying relief. For standing in this Court, the Movant must establish that it holds a sufficient-enough right *i.e.*, a colorable claim, that it should be allowed to seek stay relief in order to assert those rights in state court.

*In re Bird*, 2022 Bankr. LEXIS 417, at \*8-9 (citing *In re Ebersole*, 440 B.R. 690; *Singh*, 417 F. Supp.3d at 699; *In re Escobar*, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011)). *See also In re Kelly*, 656 B.R. 541, 578 (Bankr. D. Md. 2023) (". . . to have standing to file a lift stay motion, 'the Movant must establish that it holds a sufficient-enough right, i.e., a colorable claim, that it should be allowed to seek stay relief in order to assert those rights in state court.'") (quoting *In re Bird*, 2022 Bankr. LEXIS 417, at \*9).

In *Bird*, the movant filed—with its proof of claim—indicia of the historic transfers of the promissory note, alongside "several lost note affidavits." *In re Bird*, 2022 Bankr. LEXIS 417, at \*9. And those filings were sufficient, with Judge Catliota granting stay relief. *Id.* at \*14. IBI Falcon, by contrast, has far more thorough documentation than the creditor in *Bird*, with IBI Falcon having now actually produced the wet-ink original of the promissory note as well as the allonges thereto. IBI Falcon has also produced the original deed of trust and pointed to the entries in the land records (stamped and dated, per the custom of land records) showing the assignments of that deed of trust.

In short, it is difficult to conceive of how an entity literally holding the original promissory note and the alonges thereto, and specifically identified—in the land records—as being the assignee of the deed of trust securing that note, could *not* have a "colorable claim." No one disputes the note is authentic. No one disputes the loan was made. No one disputes the loan remains unpaid. And, as discussed *infra*, not even the Debtor is identifying someone other than IBI Falcon as the rightful owner of the note and deed of trust.

Yet there is one additional reason IBI Falcon has a "colorable claim," rooted in the specific facts of this case. There are only three parties that have ever held the note: FTF Lending, LLC ("FTF"), IBI SBL Investment LP ("IBI SBL"), and IBI Falcon. The Debtor has acknowledged—as part of two separate forbearance agreements—the validity of the note's assignment from FTF to IBI SBL. Those two forbearance agreements will be a part of the record at the hearing on August 5, 2026. *See* ECF Nos. 234-2, 234-3. So the Debtor cannot validly dispute the original assignment, from FTF to IBI SBL.

This leaves only the assignment from IBI SBL to IBI Falcon. Not only does the record contain the allonge memorializing this assignment, but these two entities have both appeared in this case, been represented in multiple hearings, and had occasion to make their own, respective, assertions. IBI SBL has never maintained it is the current holder of the note or that it has held the note at any time since this case was filed. To the contrary, IBI SBL has always maintained that the note was transferred to IBI Falcon pre-petition. And surely that, too, makes the claim of IBI Falcon sufficiently "colorable" to pursue a stay relief motion.

IV.   **Standing—Under District of Columbia Law and Bankruptcy Law—to Seek Conversion**

IBI Falcon has standing to seek conversion of this case to chapter 7 (or dismissal of this case) because IBI Falcon is a "party in interest." There are various reasons IBI Falcon satisfies this

relatively low bar—ranging from the reality that IBI Falcon holds the promissory note to the fact that IBI Falcon is necessarily a party in interest by virtue of having standing to seek stay relief— but the plainest is the one the Debtor seems to miss: unless and until an objection to IBI Falcon's claim is sustained, IBI Falcon is a creditor in this case.

To bring a motion to dismiss or convert, under section 1112 of the Bankruptcy Code, one must be a "party in interest." 11 U.S.C. § 1112(b)(1). The phrase "party in interest" is not expressly defined, but is statutorily inclusive of any "creditor," 11 U.S.C. § 1109, "is liberally construed, and the list of who qualifies as an interested party set forth in § 1109 is non-exclusive," *In re Yafet Alem*, 2013 Bankr. LEXIS 3771, at *10 (Bankr. D.D.C. Sep. 10, 2013) (citing *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989)). *See also In re Jones*, 2018 Bankr. LEXIS 2948, at *2 (Bankr. D.D.C. Sep. 27, 2018) (". . . courts have long held that the term 'party in interest' should be construed broadly to any party affected by the proceedings.") (citing *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)).

Precedent from this Honorable Court—and other courts within the Fourth Circuit— supports the same proposition as is found in precedent from the United States Bankruptcy Court for the District of Columbia: "Section 1109(b) must be construed broadly to allow all parties affected to appear and be heard." *In re Keim*, 212 B.R. 493, 497 (Bankr. D. Md. 1997) (citing *Unsecured Creditors' Committee v. Marepcon Financial Corporation (In re Bumper Sales, Inc.)*, 907 F.2d 1430 (4th Cir. 1990); *In re River Bend-Oxford Associates*, 114 B.R. 111 (Bankr. D. Md. 1990)).

There are at least three reasons IBI Falcon meets the definition of a "party in interest" for purposes of seeking conversion or dismissal. First, as observed *passim*, IBI Falcon is the present holder of the promissory note. The Bankruptcy Code defines "creditor" as, *inter alia*, an "entity

10

that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). "Claim," in turn, is defined as a "right to payment, **whether or not such right is** reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, **disputed**, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A) (emphasis added). And, as noted above, a "creditor" is definitionally a "party in interest." 11 U.S.C. § 1109.

Plainly, IBI Falcon holds a "claim." The right to payment may well be disputed (as the definition of "claim" expressly allows). But IBI Falcon holds a promissory note on which the Debtor is obligated and such is, at irreducible minimum, a "right to payment," even if a "disputed" right to payment. So IBI Falcon satisfies the statutory criteria of being a "creditor," which automatically qualifies IBI Falcon as a "party in interest." This, in turn, gives IBI Falcon standing under section 1112.

The second reason is the one discussed above: IBI Falcon has standing to seek stay relief. To petition for relief from the automatic stay, one must be a "party in interest." *See* 11 U.S.C. § 362(d) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section. . ."). And any entity claiming a right to foreclose upon a debtor's property—so long as the subject claim is at least "colorable"—is thusly a "party in interest" even if the asserted right to foreclose is disputed. *See In re Quinteros*, 2019 Bankr. LEXIS 3495, at \*27 (Bankr. D.D.C. Nov. 8, 2019) ("Capital Ventures is a party in interest because it claims it has a right to foreclose on the Property. The fact that the debtor disputes whether Capital Ventures has that right does not divest Capital Ventures of its status as a party in interest.").

11

At least one court has held that the definition of "party in interest," in section 1112, is more permissive than in section 362. *See In re Lee*, 467 B.R. 906, 916 (B.A.P. 6th Cir. 2012) ("As used in § 362, 'party in interest' is not as broad as it is in § 1112(b)."). There does not appear to be meaningful support for an argument to the contrary, whereby the phrase would have a more restrictive meaning in the context of seeking dismissal or conversion than in the context of seeking stay relief; after all, a broader swath of parties are impacted by a debtor's bankruptcy—and thusly *interested* in the disposition thereof—than are impacted by the grant or denial of a stay relief motion. And it accordingly follows that while one could be a party in interest for section 1112 purposes, without having the ability to seek stay relief, one almost assuredly could *not* be a party in interest for stay relief purposes without also being a party in interest under section 1112.

The third reason, however, is assuredly the simplest: IBI Falcon is a "party in interest" because IBI Falcon has filed a proof of claim. Unless and until an objection thereto is sustained, IBI Falcon necessarily stands as a "creditor," 11 U.S.C. § 101(10)(A), and, accordingly, a "party in interest," 11 U.S.C. § 1109.

The core of this point is one the Debtor seems to repeatedly miss in its briefing: the mere docketing of an objection to a proof of claim does *not* overcome the *prima facie* validity thereof. Fed. R. Bankr. P. 3001(f). The Debtor, in its claim objection, has cited to *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004) and posited, *inter alia*, "[w]here the legal effectiveness of the instruments underlying a claim is challenged on the face of the record, the burden shifts to the claimant to establish it is the lawful holder of a valid, enforceable claim." Claim Objection, ECF No. #132, at ¶ 16. This, however, is not what *Harford Sands* holds. Rather, the Fourth Circuit noted in that case (a relatively uncontroversial holding) that "[t]he debtor must introduce evidence to rebut the claim's presumptive validity." *Harford Sands*, 372 F.3d at 640 (citing Fed. R. Bankr.

P. 9017; Fed. R. Evid. 301; 4 Collier on Bankruptcy P 502.01 (16th 2026)). *Accord Hagerstown Block Co. v. Solomon (In re Hagerstown Block Co.)*, 570 B.R. 494, 496-97 (Bankr. D. Md. 2017).

The Debtor in the instant matter seems to believe that the mere filing of a claim objection— and the mere demand for evidence further supporting the validity of the promissory note and its transfers—is enough to negate the *prima facie* validity of IBI Falcon's claim. Yet such simply is not so. The burden is on the Debtor to present some evidence to rebut the presumptive validity of IBI Falcon's claim. The Debtor has not done so. And, judging by the exhibit list recently filed by the Debtor, it does not appear the Debtor will be doing so.

All of which matters for the following reason: unless and until the Debtor meets its burden of presenting evidence to rebut the *prima facie* validity of IBI Falcon's claim, IBI Falcon will remain a "creditor," 11 U.S.C. § 101(10), and, as such, a statutory "party in interest," 11 U.S.C. § 1109.

## V.      Related Legal Points

IBI Falcon will resist the urge to argue the merits of various pending motions, insofar as each such item has already been briefed and there will be ample occasion for argument at the forthcoming hearing. However, the Debtor Brief, in responding to this Honorable Court's prompts, has made several demonstrably errant assertions of law. Two of these merit particularized notation.

### a.   The Debtor Misstates District of Columbia Power of Attorney Law

The Debtor has misstated—from the outset of these contested matters—a District of Columbia statute governing powers of attorney. This has been pointed out to the Debtor yet the Debtor, for reasons that are increasingly difficult to credit to good faith, persists in misconstruing the applicable text. The Debtor Brief unfortunately continues this trend.

13

District of Columbia law requires, *inter alia*: "If a power of attorney authorizes the agent to sell, grant, or release **any interest in real property**, it shall be executed in the same manner as a deed and shall be recorded with or prior to the deed executed pursuant to the power of attorney." D.C. Code § 21-2603.03 (emphasis added).

The Debtor has—repeatedly—pointed to this statute to challenge the signatures on the allonges to the promissory note in this case. The Debtor has done so, once more, in its most recent briefing. *See* Debtor Brief, ECF No. 233, at § IV(A)(1-2), pp. 13-17. Yet this is not a good faith reading of the foregoing statute.

An allonge to a promissory note is not a "deed" and does not effectuate a transfer of "any interest in real property." An allonge controls ownership of a negotiable instrument; a deed controls ownership of real property. These two concepts are separated literally from the first year of law school, with deeds being part of a property curriculum and allonges being part of a contracts or negotiable instruments curriculum.

Moreover, powers of attorney for instruments other than deeds are governed by a separate statute. *See* D.C. Code § 21-2601.06. That statute does not demand any form of recordation. *Id.*

The Debtor's position cannot be that a statute governing deeds is nonetheless relevant because this case also involves assignments of a deed of trust. For one thing, a deed of trust is not a deed within the scope of the power of attorney statute. But, more basically, the assignment of a deed of trust is an automatic occurrence upon conveyance of a secured note and need not be separately memorialized in the first instance, much less recorded in the land records. *See, e.g.*, *Smith v. Wells Fargo Bank*, 991 A.2d 20, 30 n.19 (D.C. 2010) ("The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.") (quoting *Carpenter v. Longan*, 83 U.S. 271, 275 (1873)). *See also Quinteros*, 2020 Bankr. LEXIS

14

2712, at *10 ("As the debtor notes, an assignment of a note carries the mortgage with it. As long as Capital Ventures is the assignee of the *Note*, it matters not whether the *Mortgage* was assigned to it.") (citing *Northup v. Reese*, 67 So. 136, 137 (Fla. 1914)) (emphasis in original).

This has been one of the Debtor's overriding theories throughout this case: Section 21-2603.03 of the District of Columbia Code requires a power of attorney be recorded in the land records before someone can execute an allonge to a promissory note. Yet this is not what that statute says, nor has this ever been what that statute says. There is no good faith reading of that statute that invites this conclusion.

### b. The Debtor Misstates the Threshold for an Allonge to be Affixed to a Note

At the first hearing on these contested matters, counsel for the Debtor read—into the record—a statutory quotation indicating that an endorsement must be "so firmly affixed thereto as to become a part thereof." The quotation was attributed to section 28:3-204(a) of the District of Columbia Code. The quotation was also present—with the same attribution—in the Debtor's initial claim objection. *See* Claim Objection, ECF No. 132, at ¶ 61.

That quotation does not exist. The Debtor manufactured this quotation and inserted the fake quotation into the claim objection, before having counsel read the fake quotation into the record. Whether a byproduct of the use of generative artificial intelligence or a knowing falsification, this fabrication was—and is—sanctionable. *See Taylor v. Prince George's Cty.*, 2025 U.S. Dist. LEXIS 259300, at *13-14 (D. Md. Dec. 16, 2025) (citing *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 342 (E.D.N.Y. 2025); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025)). IBI Falcon has *not* filed a Rule 9011 motion because the Debtor removed the quotation when re-filing the claim objection, though the on-the-record recitation of this false quotation has never been acknowledged or rectified by the Debtor.

15

None of which would matter for immediate purposes except that the Debtor, now unable to rely on a false quote, has pivoted to a legal argument that is simply not rooted in good faith: an allonge cannot be paperclipped to a promissory note. *See* Debtor Brief, ECF No. 233, at § II(D), pp. 6-7 ("Upon inspection, the Debtor observed that the allonges are not permanently affixed to the Note in any manner consistent with a contemporaneous, bona fide negotiation. Rather, they were attached only by a paper clip or binder clip — not stapled, glued, sewn, or otherwise joined to the instrument so as to become 'affixed' within the meaning of D.C. Code § 28:3-204(a). The Debtor observed no staple holes or other physical indicia suggesting the allonges had ever been permanently attached to the Note; each allonge appeared instead as a loose, readily removable, standalone document.") (citing D.C. Code § 28:3-204(a) & cmt. 1).

The Debtor is relying on section 28:3-204 of the District of Columbia Code (and, more specifically, subsection (a) and comment 1 thereto) for the proposition that an allonge cannot be paperclipped to a note. This statute absolutely does not say that.

Subsection (a) of the statute—the first provision relied upon by the Debtor—provides, *en toto*:

> "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. **For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument**.

D.C. Code § 28:3-204(a) (emphasis added). No part of this subsection supports the Debtor's contention that an allonge cannot be paperclipped to a promissory note.

16

Comment 1 to the foregoing statute (the other provision relied upon by the Debtor) is 733 words long. It does not appear any portion of that comment has anything whatsoever to do with the manner in which allonges are affixed to promissory notes.

Not only does the statute not say what the Debtor suggests the statute says, but the District of Columbia Court of Appeals has expressly rejected the very theory being advanced by the Debtor:

> PennyMac's Rule 30(b)(6) witness also acknowledged that, at the time of her deposition, the (purported) allonges accompanying the Note were paper clipped to the Note. We do not agree with Ms. Archie's argument that (the possible) use of a paper clip (at some earlier time) to attach the allonge to the Note was ineffective to render it part of the instrument.

*Archie v. U.S. Bank, N.A.*, 255 A.3d 1005, 1013-14 (D.C. 2021) (citing *Galvin v. EMC Mortg. Corp.*, 2014 U.S. Dist. LEXIS 146582, *24 (D.N.H. Oct. 3, 2014) (citing 6 William D. Hawkland et al., Hawkland's Uniform Commercial Code Series § 3-204:3 (2012)); *Purificato v. Nationstar Mortg., LLC*, 182 So. 3d 821, 823 (Fla. Dist. Ct. App. 2016)).

IBI Falcon truly does not know if the Debtor is arguing a paper clip is insufficient to attach an allonge to a note because the Debtor does not know any better or because of something more pernicious and concerning. That the Debtor is citing a statutory comment, for a proposition nowhere contained therein, is worrisome. That the Debtor is misconstruing the same statute is equally worrisome. And that the Debtor is missing a very plain holding, of the jurisdiction's highest court, is also worrisome. Taken together, this seems the antithesis of a good faith argument on the Debtor's part.

## VI.     The Debtor Has Avoided Saying Who Holds the Note

This Honorable Court asked the Debtor to indicate "who is or may be entitled to enforce the Note and Deed of Trust." *See* Order, ECF No. 222, at p. 2. The Debtor, quite notably, has resisted taking a position, instead using some artful language to remain noncommittal. *See* Debtor

17

Brief, ECF No. 233, at § IV(3), p. 18 ("The Debtor does not concede, and this brief should not be read to suggest, that FTF Lending in fact retains an enforceable claim; FTF Lending has not filed a proof of claim in this case, and the deadline to do so has passed.).

There are a number of legal, logical, and factual problems with the Debtor's theory here, and IBI Falcon will reserve most of those points for the forthcoming hearing. Suffice it to posit, though, the Debtor's ongoing perpetuation of a theory that a first position debt can be dodged *en toto*, through some creative gimmickry and the lapsing of the claims bar date, is at odds with well-settled case law. *See Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995); *Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 348 (4th Cir. 2003).

All of which invites a larger point, though: this case has proceeded in a manner unlike most other chapter 11 matters in recent memory. The Debtor has challenged—seemingly without any good faith basis to do so—IBI Falcon's rights to collect under a note it holds. An expert was designated and then failed to appear for inspection. The Debtor insisted this was not a "show me the note" case and then insisted on being shown the promissory note. A case law citation was invented out of thin air. A statutory quotation was also invented. Numerous citations have been used for holdings that are not actually reflected therein. A blitzkrieg of docket activity has ensued. And, in so doing, the Debtor has allowed default interest to run for 9 months, caused an enormous quotient of attorneys' fees to be incurred, and allowed the estate to become administratively insolvent.

Given all of the foregoing, it is both disappointing and telling that the Debtor will not indicate who it believes is entitled to enforce the note.

*[Signature on Following Page]*

18

Respectfully submitted,

Dated: August 3, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2026, a copy of the foregoing was

served electronically upon filing via the ECF system, with copies to:

- Deirdre Theresa Johnson    dtjesq@dtjohnsonlaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstand ig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig

19