Doc #: 2025098143
10/06/2025 04:32 PM

A

NOTARY * NOTAIRE
RAN MARCUS

א

EXHIBIT
14

# LIMITED POWER OF ATTORNEY

by and between

**IBI SBL INVESTMENT LP,**
a Delaware limited partnership,
as Principal

and

**GINGO PALUMBO LAW GROUP LLC,**
an Ohio limited liability company,
as Agent and Attorney in Fact

Effective Date:
September 10, 2024

LIMITED POWER OF ATTORNEY

IBI SBL INVESTMENT LP, a Delaware limited partnership,
as Principal

to

GINGO PALUMBO LAW GROUP LLC, an Ohio limited liability company,
as Agent and Attorney in Fact

KNOW ALL BY THESE PRESENTS:

THIS LIMITED POWER OF ATTORNEY is made and entered on September 10, 2024, by and between IBI SBL INVESTMENT LP, a Delaware limited partnership, (the "**Principal**"), having a primary place of business located at 9 Ahad Ha'am Street, 18th Floor, Tel Aviv, Israel 6129101, and GINGO PALUMBO LAW GROUP LLC, an Ohio limited liability company (the "**Agent**" or the "**Attorney in Fact**"), having a primary place of business located at 4700 Rockside Road, Suite 440, Independence Ohio 44131, in connection with, and in furtherance of, that certain General Engagement Correspondence and Fee Agreement dated September 9, 2024, as amended, modified, and/or supplemented from time to time ("**Fee Agreement**").

In connection with the Fee Agreement, IBI SBL INVESTMENT LP agrees to appoint GINGO PALUMBO LAW GROUP LLC, and any member or agent thereof, with full power of substitution, as the Principal's true and lawful agent and attorney in fact with full power and authority in the place and stead of the Principal, and in the name of the Principal, from time to time, for the purpose of (a) taking any action and executing any instruments or documents that Principal may deem reasonably necessary, including, without limitation, carrying out the terms of the Attorney in Fact's representation of the Principal related to (i) the Principal's inter-lender relationships, including assignments of loan documents to or from such other entities, and (ii) the Principal's enforcement of certain rights and remedies under loan documents executed in favor of the Principal and/or the Principal's investors and/or assigned to the Principal and/or assigned to the Principal's investors by any prior holders of the documents evidencing the loan(s) under which the Principal acts as holder, servicer, and/or subservicer; (b) effectuating the purposes of any agreement entered into by the Principal which the Principal may deem reasonably necessary to accomplish certain tasks; and/or (c) taking any action and executing any instrument or document that the Principal may deem reasonably necessary to accomplish such tasks as may arise from time to time in the execution of and discharge of the Principal's business duties; and

NOW, THEREFORE, the Principal does hereby:

1. constitute and appoint the Attorney in Fact, by and through either Michael J. Palumbo or Anthony J. Gingo, with full power of substitution, as the Principal's true and lawful attorney in fact with full power and authority in the place and stead of the Principal, and in the name of the Principal, from time to time, only and after the Principal expressly authorizes the Attorney in Fact, in writing (including, but not limited to, via text or email), to take any action and execute any instruments or documents that Principal may deem reasonably necessary, including, without limitation:

a. execute, acknowledge, seal and deliver deed of trust/mortgage, note endorsements, lost note affidavits, assignments of deed of trust/mortgage, and other recorded documents, satisfactions/releases/reconveyances of deed of trust/mortgage, subordination and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance and transfer, appropriately completed, with all ordinary and necessary endorsements, acknowledgements, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation, or filing; and

b. execute and deliver insurance filings and claims, affidavits, substitutions of counsel, non-military affidavits, notices of rescission, foreclosure deeds, transfer tax affidavits, verifications of complaints, notices to quit, bankruptcy declarations for the purpose of filing motions to lift stays, and other documents or notice filings on behalf of the Principal in connection with insurance, foreclosure, bankruptcy and eviction actions; and

c. endorse and collect any checks or other instruments payable to the Principal; and

d. pursue any deficiency, debt or other obligation, including, but not limited to, those arising from foreclosure or other sale, promissory note or check, and to collect, negotiate, or otherwise settle any deficiency claim, including interest and attorney's fees; and

e. transfer and/or deposit of collection or payoff funds from any custodial accounts as needed; and

f. do any other act or complete any other document or instrument that arises in the normal course of representing the Principal in the prosecution and/or defense of all mortgage loans and real estate owned properties subject to the terms of the Memorandum of Understanding (as supplemented from time to time by any Engagement and Fee Agreement); and

g. take such other actions and exercise such rights which may be taken by the Principal with respect to any mortgaged property, including, but not limited to, realization upon all or any part of a mortgage loan, any collateral thereof, or guaranty thereof; and

2. further authorize and empower the Attorney in Fact, for and in the place and stead of the Principal and in the name of the Principal: (a) to file and record this Power of Attorney with the appropriate public officials provided the Attorney in Fact promptly notify Principal of any recording of the same.

The Principal covenants and grants unto the Attorney in Fact full authority and power to execute any documents and instruments and to do and perform any act that is necessary or appropriate to effect the intent and purposes of the foregoing authority and powers hereunder. The Principal further ratifies and confirms each act that the Attorney in Fact shall lawfully do or cause to be done in accordance with the authority and powers granted hereunder. The Principal covenants and agrees that, from time to time at the request of the Attorney in Fact, the Principal shall execute instruments confirming all of the foregoing authority and powers of the Attorney in Fact.

Once the Attorney in Fact accepts the designation of Attorney in Fact under this Power of Attorney or exercises authority granted to the Attorney in Fact by the Principal, a fiduciary relationship is created between the Attorney in Fact and the Principal. Unless otherwise modified in this Power of Attorney, the duties of the Attorney in Fact include the duty to do all of the following: (a) act in good faith, with reasonable care for the best interests of the Principal; (b) take no action beyond the scope of representation outlined in the Fee Agreement and/or the authority given to the Attorney in Fact in this Power of Attorney; (c) keep a complete record of all receipts, disbursements, and transactions conducted for the Principal.

This Power of Attorney is not intended to extend the powers granted to the Attorney in Fact under the Fee Agreement or to allow the Attorney in Fact to take any action not authorized by or contemplated under the Fee Agreement.

Without actual notice to the contrary, any third-party may rely on authorities and powers granted hereunder and any actions of the Attorney in Fact pursuant to such authorities and powers as the valid, binding and enforceable actions of the Principal and that all conditions hereunder to the exercise of such actions by the Attorney in Fact have been completed and are satisfied. No third-party to whom this Power of Attorney is presented, as authority for the Attorney in Fact to take any action or actions contemplated hereby, shall be required to inquire into or seek confirmation from the Principal as to the authority of Attorney in Fact to take any action described herein, or as to the existence of or fulfillment of any condition to this Power of Attorney, which is intended to grant to Attorney in Fact unconditionally the authority to take and perform the actions contemplated here in.

The Principal may amend or revoke this Power of Attorney at any time by a signed instrument delivered to the Attorney in Fact. If this Power of Attorney has been filed or recorded in public records, then any amendment or revocation also will be similarly filed or recorded, but a similar filing or recording of the amendment or revocation will not be necessary to effectuate the amendment or revocation with respect to the Attorney in Fact and to all persons who have actual knowledge of the amendment or revocation.

This Power of Attorney is entered into and shall be governed by the laws of the State of Delaware, without regard to conflicts of law principles of such State.

Any third party may rely upon a copy of this Power of Attorney, to the same extent as if it were an original and shall be entitled to rely on a writing signed by the Principal to establish conclusively the identity of a particular right, power, capacity, asset, liability, obligation, property, loan, or commitment of the Principal for all purposes of this Power of Attorney.

The Principal authorizes the Attorney in Fact to certify, deliver, and/or record a copy of and/or the original of this Power of Attorney.

This Power of Attorney shall be effective as of September 10, 2024, and shall remain in full force and effect thereafter until a written notice of revocation hereof shall have been executed by the Principal.

[END OF PAGE - SIGNATURE PAGE(S) TO FOLLOW]

THE PRINCIPAL IS FULLY INFORMED AS TO THE CONTENTS OF THIS POWER OF ATTORNEY AND UNDERSTANDS THE FULL IMPORT OF THIS GRANT OF POWER TO THE ATTORNEY-IN-FACT.

IN WITNESS WHEREOF, the Principal, by and through the Principal's authorized agent, has executed this Power of Attorney effective as of September 10, 2024.

PRINCIPAL:
IBI SBL INVESTMENT LP,
a Delaware limited partnership

By: Amir Golan
Its: Managing Partner and Authorized Signatory

NOTARIAL CERTIFICATE

STATE OF ~~OHIO~~ Israel )
) SS:
COUNTY OF ~~CUYAHOGA~~ Tel-Aviv

On this 26th day of June, 2025 before me, the undersigned notary public, personally appeared Amir Golan, duly authorized Managing Partner and Authorized Signatory of IBI SBL Investment LP, who proved to me through satisfactory evidence of identification, which was an Israeli passport, to be the person whose name is signed on this Instrument, and who acknowledged to me that he signed the Instrument voluntarily for its stated purpose and acknowledged the foregoing to be his free act and deed and the free act and deed of IBI SBL Investment LP.

Ran Marcus
License No' 15709, Notary 2063419
132 Menachem Begin st. Tel Aviv - Yafo
Tel: 03-7501234 Fax: 03-7501238

[NOTARIAL SEAL]

Notary Public

No. 1335/25 'מס

## AUTHENTICATION OF SIGNATURE OF A PERSON SIGNING ON BEHALF OF A limited PARTNERSHIP

====================================

**I the undersigned**

**Ran Marcus, Notary**
132 Menachem Begin St, Tel Aviv, Israel
Notary license No **2063419**
Hereby certify that on **29.06.2025**
**Mr.(s)**

Golan Amir Raviv
His identity was proved to me
By Israeli passport # **37861954**
Issued on the **15.08.2023**
In Jerusalem in Israel

And I am convinced that the person standing before me understood fully the significance of the action and voluntarily signed the attached document marked with the letter **A** on behalf of

**IBI SBL Investment LP**
By virtue of their position and authority
As authorized signatories on behalf of
the company I approve,
Submitted to me a minutes
As written evidence, to my satisfaction, for
The purpose of proving their permission to
sign the attached document
On behalf of the above L.P.

**IBI SBL Investment LP**
In witness whereof, I hereby authenticate the signature of Mr.(s) Golan Amir Raviv by my own signature and seal

**TODAY, 29.06.2025**

**Notary Seal**

**Signature**

## אימות חתימתו של אדם בשם שותפות מוגבלת

====================================

**אני הח"מ**

**רן מרכוס, נוטריון**
מרח' מנחם בגין 132, תל אביב, ישראל
מס' רישיון נוטריוני **2063419**
מאשר בזה כי ביום **29.06.2025**
**מר(ת)**

גולן אמיר רביב
שזוהה עפ"י דרכון ישראלי
מס' **37861954**
שהונפק ביום **15.08.2023**
בירושלים, בישראל

ושוכנעתי כי הניצב בפני הבין
הבנה מלאה את משמעות הפעולה
וחתם מרצונו החופשי על המסמך
המצורף בזה ומסומן באות "א", בשם

**IBI SBL Investment LP**
בתוקף תפקידו וסמכותו
כמורשה חתימה מטעם ובשם החברה אני מאשר
שהוגש לי פרוטוקול
כראיה בכתב, להנחת דעתי, לשם הוכחת רשותו
לחתום על המסמך הרצ"ב
בשם השותפות הנ"ל.

**IBI SBL Investment LP**
ולראיה הנני מאמת את חתימתו של
גולן אמיר רביב הנ"ל,
בחתימת ידי ובחותמתי

**היום, 29.06.2025**

**חתימת הנוטריון**

**חותם**

שכ"ט נוטריוני בסך 268 + מע"מ






# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by Ran Marcus | 2. נחתם בידי |
| Advocate רן מרקוס | עו"ד |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of the above Notary | 4. נושא את החותם/החותמת של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Herzliya | 5. בבית משפט השלום בהרצליה |
| 6. Date 29-06-2025 | 6. ביום 29-06-2025 |
| 7. By an official appointed by Minister of Justice under the Notaries Law, 1976. | 7. על ידי מי שמונה בידי שר המשפטים לפי חוק הנוטריונים, התשל"ו 1976 |
| 8. Serial number 612439/2 | 8. מס' סידורי 612439/2 |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature LK | 10. חתימה |

בית המשפט השלום בהרצליה * Magistrates Court of Herzliya

ACCEPTANCE OF APPOINTMENT BY AGENT AND ATTORNEY IN FACT

IN WITNESS WHEREOF, Gingo Palumbo Law Gorup LLC, as Agent and Attorney in Fact and by and through a member thereof, has executed this Power of Attorney effective as of September 10, 2024.

AGENT AND ATTORNEY IN FACT:
GINGO PALUMBO LAW GROUP LLC,
an Ohio limited liability company

By: Michael J. Palumbo
Its: Co-Managing Member

NOTARIAL CERTIFICATE

STATE OF OHIO )
) SS:
COUNTY OF CUYAHOGA )

On this 26th day of June, 2025 before me, the undersigned notary public, personally appeared Michael J. Palumbo, duly authorized Co-Managing Member of Gingo Palumbo Law Group LLC, who proved to me through satisfactory evidence of identification, which was an Ohio driver license, to be the person whose name is signed on this Instrument, and who acknowledged to me that he signed the Instrument voluntarily for its stated purpose and acknowledged the foregoing to be his free act and deed and the free act and deed of Gingo Palumbo Law Group LLC.

Attorney Anthony J. Gingo
Resident Cuyahoga County
Notary Public, State of Ohio
My Commission Has No Expiration Date
Sec 147.03 RC

Notary Public

Doc #: 2025098143
Filed & Recorded
10/06/2025 04:32 PM
DANIEL ALTOMARE
DEPUTY RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS

| | |
|---|---|
| RECORDING FEES | $25.00 |
| SURCHARGE | $5.00 |
| TOTAL: | $30.00 |