EXHIBIT 73

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re:<br>**5410 30TH STREET DC, LLC,**<br>Debtor | CASE NO. 25-19605-LSS<br>CHAPTER 11<br>JUDGE LORI S. SIMPSON |

IBI US FALCON LLC'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI Falcon US LLC, a Delaware limited liability company ("**IBI Falcon US LLC**"), by and through its undersigned counsel, hereby provides its responses and objections to the First Set of Requests for Admission of Debtor 5410 30th Street, LLC, a Maryland limited liability company (the "**Debtor**").

IBI Falcon US LLC expressly reserves the right to amend and/or supplement IBI Falcon US LLC's responses as discovery progresses.

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

IBI Falcon US LLC's Responses are subject to the following general objections:

A. To the extent that any of Debtor's Requests for Admission seek information to which the following objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to those Requests for Admission.

B. IBI Falcon US LLC objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI Falcon US LLC that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C. IBI Falcon US LLC objects to each Request for Admission to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D. In making these responses, IBI Falcon US LLC does not concede that the information is properly discoverable or admissible at trial. Accordingly, IBI Falcon US LLC reserves the right to object to further discovery into the subject matter of each topic set forth in these Requests for Admission, and to object to the admissibility of the information provided.

E. IBI Falcon US LLC objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information that is too burdensome or unreasonably expensive for IBI Falcon US LLC to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

G. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission is propounded solely for purposes of delay, harassment, or oppression.

H. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI Falcon US LLC.

I. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K. IBI Falcon US LLC objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for or contemplates an answer that involves an opinion or contention of law.

L. IBI Falcon US LLC's responses are based on knowledge and information presently available to IBI Falcon US LLC, and IBI Falcon US LLC's responses follow a reasonable search. IBI Falcon US LLC continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI Falcon US LLC's responses. IBI Falcon US LLC reserves the right to correct, clarify, amend, or supplement information contained in these responses.

## REQUESTS FOR ADMISSION

### A. DISTINCT LEGAL EXISTENCE AND IBI AFFILIATION

REQUEST FOR ADMISSION NO. 01
Admit that IBI Falcon US LLC is a legal entity distinct from IBI Falcon High Yield, LP.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 02
Admit that IBI Falcon US LLC is a legal entity distinct from IBI SBL Investment LP.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 03
Admit that IBI Falcon US LLC and IBI SBL Investment LP share at least one common direct or indirect Beneficial owner.

RESPONSE:
Deny.

REQUEST FOR ADMISSION NO. 04
Admit that, at all times relevant to this Bankruptcy Case, Gingo Palumbo has served as attorney-in-fact, counsel, or authorized representative for both IBI Falcon US LLC and IBI SBL Investment LP.

RESPONSE:
Admit.

### B. LACK OF INDEPENDENT ECONOMIC SUBSTANCE

REQUEST FOR ADMISSION NO. 05
Admit that IBI Falcon US LLC has never received any payment of principal or interest on the Note directly into a bank account held in its own name.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 06
Admit that IBI Falcon US LLC has not paid IBI SBL Investment LP any cash consideration, out of funds in a bank account held in IBI Falcon US LLC's own name, in exchange for the alleged transfer of the Note.

RESPONSE:
Deny.

REQUEST FOR ADMISSION NO. 07
Admit that no document has been produced to the Debtor evidencing payment by IBI Falcon US LLC to IBI SBL Investment LP for the alleged transfer of the Note.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 08
Admit that the legal fees and costs incurred by The VerStandig Law Firm, LLC in this Bankruptcy Case are being invoiced to, or are being paid by, an entity other than IBI Falcon US LLC.

RESPONSE:
Deny.

## C. THE PAYOFF STATEMENT AND THE REAL PARTY IN INTEREST

REQUEST FOR ADMISSION NO. 09
Admit that the payoff statement attached to the Amended Proof of Claim as Document #8 directs payment to IBI Falcon High Yield, LP, an entity other than IBI Falcon US LLC.

RESPONSE:
Deny.

## D. THE NOTE AND ORIGINAL WET-INK INSTRUMENT

REQUEST FOR ADMISSION NO. 10
Admit that the Note, on its face, is payable to the order of FTF Lending, LLC.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 11
Admit that the signature page of the Note contains no indorsement made directly on the face of the instrument.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 12
Admit that the original, wet-ink Note has not been physically located at any office maintained by IBI Falcon US LLC at any time.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 13
Admit that the original, wet-ink Note is currently maintained in the physical custody of Gingo Palumbo Law Group LLC at its offices in Independence, Ohio.

RESPONSE:
Deny.

## E. THE ALLONGES – EXISTENCE, DATING, AND PHYSICAL AFFIXATION

REQUEST FOR ADMISSION NO. 14
Admit that the original Proof of Claim filed by IBI Falcon US LLC on January 29, 2026 did not attach the First Allonge.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 15
Admit that the original Proof of Claim filed by IBI Falcon US LLC on January 29, 2026 did not attach the Second Allonge.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 16
Admit that the First Allonge, on its face, states only an "effective date" of March 6, 2024.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 17
Admit that the First Allonge, on its face, does not state any actual date of execution

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 18
Admit that the Second Allonge, on its face, states only an "effective date" of June 30, 2025.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 19
Admit that the Second Allonge, on its face, does not state any actual date of execution.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 20
Admit that no party physically signed the Second Allonge on or before June 30, 2025.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 21
Admit that the Second Allonge was physically signed in the calendar year 2026.

RESPONSE:
Deny.

REQUEST FOR ADMISSION NO. 22
Admit that, as of the Petition Date, neither the First Allonge nor the Second Allonge was physically attached or affixed to the original, wet-ink Note.

RESPONSE:
Deny.

### F. THE HELLINE SIGNATURE AND AUTHORITY

REQUEST FOR ADMISSION NO. 23
Admit that the First Allonge is signed by Nolan Helline.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 24
Admit that the title appearing beneath Mr. Helline's signature on the First Allonge is "Capital Markets Financial Analyst".

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 25
Admit that no power of attorney from FTF Lending, LLC authorizing Mr. Helline to act on its behalf has ever been recorded in the District of Columbia Land Records.

RESPONSE:
Admit.

### G. THE MARCUS POA AND THE SECOND ALLONGE

REQUEST FOR ADMISSION NO. 26
Admit that the Second Allonge was signed by an agent, attorney, or employee of Gingo Palumbo, and not by any officer, partner, or employee of IBI SBL Investment LP.

RESPONSE:
Admit

REQUEST FOR ADMISSION NO. 27
Admit that the Marcus POA was recorded in the District of Columbia Land Records on October 6, 2025, eighty-nine (89) days after the Second Assignment it purportedly authorized was recorded.

RESPONSE:
Admit.

## H. THE JULY 2025 EXTENSION

REQUEST FOR ADMISSION NO. 28
Admit that on July 10, 2025—ten (10) days after the "effective date" of the Second Allonge—IBI SBL Investment LP executed the July 2025 Extension with the Debtor in the capacity of "Lender."

RESPONSE:
Admit.

## I. NOTICE OF BANKRUPTCY AND POST-PETITION CONDUCT

REQUEST FOR ADMISSION NO. 29
Admit that on October 16, 2025, Michael J. Palumbo of Gingo Palumbo Law Group LLC transmitted by email to Zanetta M. Williams, the Debtor's principal, a Notice of Default and Maturity, Opportunity to Cure, and Notice of Intent to Foreclose on the Property, identifying himself as a representative of IBI Falcon US LLC.

RESPONSE:
Admit in part, deny in part. IBI Falcon US LLC admits that a Notice of Default and Maturity, Opportunity to Cure, and Notice of Intent to Foreclose was sent by email to Debtor's principal, Zanetta M. Williams. However, IBI Falcon US LLC denies in part that Mr. Palumbo identified himself as a representative of IBI Falcon US LLC. Mr. Palumbo sent the aforesaid email as counsel for IBI Falcon US LLC.

REQUEST FOR ADMISSION NO. 30
Admit that the Affidavit of Non-Residential Mortgage Foreclosure recorded in the District of Columbia Land Records on November 13, 2025 as Document No. 2025110562 was executed by Michael J. Palumbo as "Authorized Signatory" for IBI Falcon US LLC.

RESPONSE:
Admit.

Respectfully submitted,

Dated: June 22, 2026

By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI Falcon US LLC*