EXHIBIT 76

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re:<br><br>**5410 30TH STREET DC, LLC,**<br><br>Debtor | CASE NO. 25-19605-LSS<br><br>CHAPTER 11 |

IBI SBL INVESTMENT LP'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 2004, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, as made applicable by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, IBI SBL Investment LP, a Delaware limited partnership ("**IBI SBL Investment LP**"), by and through its undersigned counsel, hereby provides its responses and objections to the First Set of Requests for Admission of Debtor 5410 30th Street, LLC, a Maryland limited liability company (the "**Debtor**").

IBI SBL Investment LP expressly reserves the right to amend and/or supplement IBI SBL Investment LP's responses as discovery progresses.

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

IBI SBL Investment LP's Responses are subject to the following general objections:

A. To the extent that any of Debtor's Requests for Admission seek information to which the following objections apply, specification of or failure to note particular general objections is not a waiver of those or other general objections with respect to those Requests for Admission.

B. IBI SBL Investment LP objects to the instructions and definitions in the lead language contained in Debtor's instructions and definitions to the extent that they seek to impose duties and burdens upon IBI SBL Investment LP that are inconsistent with or in addition to those imposed upon a responding party under the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court, or to the extent they define terms in a manner inconsistent with the Federal Rules of Bankruptcy Procedure or any applicable Local Rules of the Court.

C. IBI SBL Investment LP objects to each Request for Admission to the extent it seeks discovery of matters protected by attorney work product, attorney-client privileges, or any other appliable privileges.

D. In making these responses, IBI SBL Investment LP does not concede that the information is properly discoverable or admissible at trial. Accordingly, IBI SBL Investment LP reserves the right to object to further discovery into the subject matter of each topic set forth in these Requests for Admission, and to object to the admissibility of the information provided.

E. IBI SBL Investment LP objects to providing any confidential personnel information relating to its present or former employees or other commercially sensitive information qualifying for protection under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

F. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information that is too burdensome or unreasonably expensive for IBI SBL Investment LP to locate, identify, and/or retrieve, or if a voluminous number of documents must be identified.

G. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission is propounded solely for purposes of delay, harassment, or oppression.

H. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information concerning any information, or documents within the possession, custody, or control of third parties and not in the possession, or under the custody or control, of IBI SBL Investment LP.

I. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information which is not relevant to the subject matter of the pending action or are beyond the scope of Rule 7026 of the Federal Rules of Bankruptcy Procedure, which expressly incorporates Rule 26(c)(7) of the Federal Rules of Civil Procedure.

J. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for information or documents in the public domain or in Debtor's possession and control, since such information is equally available to Debtor.

K. IBI SBL Investment LP objects to each Request for Admission of Debtor to the extent that each Request for Admission asks for or contemplates an answer that involves an opinion or contention of law.

L. IBI SBL Investment LP's responses are based on knowledge and information presently available to IBI SBL Investment LP, and IBI SBL Investment LP's responses follow a reasonable search. IBI SBL Investment LP continues to review its records, and discovery in this matter is ongoing. Additional information may be found which could affect IBI SBL Investment

LP's responses. IBI SBL Investment LP reserves the right to correct, clarify, amend, or supplement information contained in these responses.

## REQUESTS FOR ADMISSION

### A. DISTINCT LEGAL EXISTENCE AND IBI AFFILIATION

REQUEST FOR ADMISSION NO. 01
Admit that IBI SBL Investment LP is a legal entity distinct from IBI Falcon US LLC.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 02
Admit that IBI SBL Investment LP is a legal entity distinct from IBI Falcon High Yield, LP.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 03
Admit that IBI SBL Investment LP, IBI Falcon US LLC, and IBI Falcon High Yield, LP share at least one common direct or indirect Beneficial owner.

RESPONSE:
Deny.

REQUEST FOR ADMISSION NO. 04
Admit that, at all times relevant to this Bankruptcy Case, Gingo Palumbo has served as attorney-in-fact, counsel, or authorized representative for IBI SBL Investment LP.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 05
Admit that, at all times from July 8, 2025 through the Petition Date, Gingo Palumbo simultaneously served as attorney-in-fact, counsel, or authorized representative for both IBI SBL Investment LP and IBI Falcon US LLC.

RESPONSE:
Admit.

### B. THE NOTE—PHYSICAL POSSESSION AND CHAIN OF CUSTODY

REQUEST FOR ADMISSION NO. 06
Admit that IBI SBL Investment LP never physically possessed the original, wet-ink Note at any of its principal offices located outside the United States.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 07
Admit that IBI SBL Investment LP delivered physical possession of the original, wet-ink Note to IBI Falcon US LLC on or before the Petition Date.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 08
Admit that as of the Petition Date (October 14, 2025), the Second Allonge was not physically attached or affixed to the original Promissory Note.

RESPONSE:
Deny.

### C. THE FIRST ALLONGE AND FIRST ASSIGNMENT

REQUEST FOR ADMISSION NO. 09
Admit that the First Allonge, on its face, states only an "effective date" of March 6, 2024.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 10
Admit that the First Allonge, on its face, does not state any actual date of execution.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 11
Admit that the First Allonge is signed by Nolan Helline.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 12
Admit that the title appearing beneath Mr. Helline's signature on the First Allonge is "Capital Markets Financial Analyst."

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 13
Admit that no power of attorney from FTF Lending, LLC authorizing Mr. Helline to act on its behalf has ever been recorded in the District of Columbia Land Records.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 14
Admit that the First Assignment does not cross-reference any recorded power of attorney by instrument number or recording date.

RESPONSE:
Admit.

## D. NOTE MATURITY AND THE SECOND ALLONGE

REQUEST FOR ADMISSION NO. 15
Admit that the Note matured by its original terms on June 1, 2024.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 16
Admit that the Second Allonge, on its face, states only an "effective date" of June 30, 2025.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 17
Admit that the Second Allonge, on its face, does not state any actual date of execution.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 18
Admit that the Second Allonge was signed by an agent, attorney, or employee of Gingo Palumbo, and not by any officer, partner, or employee of IBI SBL Investment LP.

RESPONSE:
Admit.

## E. THE MARCUS POA—TIMING AND FORM

REQUEST FOR ADMISSION NO. 19
Admit that the Marcus POA was executed by Amir Golan on behalf of IBI SBL Investment LP and was notarized in Israel by notary Ran Marcus on June 26, 2025.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 20
Admit that the Marcus POA was not recorded in the District of Columbia Land Records until October 6, 2025—eighty-nine (89) days after the Second Assignment it purportedly authorized was recorded.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 21
Admit that the Second Assignment does not cross-reference any recorded power of attorney by instrument number or recording date.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 22
Admit that the notarial certificate appearing on the Marcus POA, as recorded with the District of Columbia Recorder of Deeds, contains pre-printed form language referencing the "State of Ohio" and "County of Cuyahoga" that has been interlineated by hand and replaced with "Israel" and "Tel-Aviv."

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 23
Admit that You possess no document from notary Ran Marcus, or any successor recordkeeper, reflecting a contemporaneous journal entry for the execution of the Marcus POA on June 26, 2025.

RESPONSE:
Deny.

## F. CONSIDERATION FOR THE PURPORTED TRANSFERS

REQUEST FOR ADMISSION NO. 24
Admit that no document has been produced to the Debtor evidencing payment by IBI SBL Investment LP to FTF Lending, LLC for the alleged transfer of the Note.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 25
Admit that no document has been produced to the Debtor evidencing payment by IBI Falcon US LLC to IBI SBL Investment LP for the alleged transfer of the Note.

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 26
Admit that You possess no bank-generated wire confirmation, ACH confirmation, or other contemporaneous financial-institution document showing a transfer of funds from IBI Falcon US LLC to IBI SBL Investment LP in connection with the purchase or acquisition of the Note.

RESPONSE:
Admit.

## G. THE JULY 2025 EXTENSION—THE POST-TRANSFER CONTRADICTION

REQUEST FOR ADMISSION NO. 27
Admit that on July 10, 2025—ten (10) days after the "effective date" of the Second Allonge purporting to transfer the Note from IBI SBL Investment LP to IBI Falcon US LLC—IBI SBL Investment LP executed the July 2025 Extension with the Debtor in the capacity of "Lender."

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 28
Admit that the July 2025 Extension identifies IBI SBL Investment LP—and not IBI Falcon US LLC—as the "Lender."

RESPONSE:
Admit.

REQUEST FOR ADMISSION NO. 29
Admit that IBI SBL Investment LP has not, at any time, received written instructions or directions from IBI Falcon US LLC authorizing IBI SBL Investment LP to execute the July 2025 Extension on behalf of IBI Falcon US LLC.

RESPONSE:
Admit.

## H. NOTICE OF BANKRUPTCY

REQUEST FOR ADMISSION NO. 30
Admit that IBI SBL Investment LP had actual or imputed notice of the commencement of the Bankruptcy Case on or before October 21, 2025.

RESPONSE:
Deny.

Respectfully submitted,

Dated: June 22, 2026

By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for IBI SBL Investment LP*