# Deposition Transcript

Case Number: 25-19605-LSS

Date: July 20, 2026

In the matter of:

# IN RE: 5410 30TH STREET DC, LLC

EXHIBIT 86

# MICHAEL PALUMBO

CERTIFIED COPY

Reported by:
Eric Michael Leichter

Steno
Agency, Inc.

315 West 9th Street
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(888) 707-8366
NV: Firm #108F

In re:

5410 30TH STREET DC, LLC,

Debtor

______________________________/

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND (Greenbelt Division)

Case No. 25-19605-LSS
Chapter 11

The deposition of MICHAEL PALUMBO was held on Monday, July 20, 2026 commencing at 4:30 p.m. Via Zoom before Eric Leichter, Notary Public.

REPORTED BY: Eric Leichter

APPEARANCES:

ON BEHALF OF THE DEBTOR:

DEIRDRE T. JOHNSON, ESQUIRE
Law office Deirdre T. Johnson
dtjesq@dtjohnsonlaw.com
9701 Apollo Drive, Suite 301,
Upper Marlboro, MD 20774.

ON BEHALF OF THE CREDITOR:

CHRISTIANNA CATHCART, ESQUIRE
1630 1st Avenue North, Suite B
Fargo, ND 58102
701-394-3215
Mac@dcbankruptcy.com

INDEX

Deposition of MICHAEL PALUMBO

July 20, 2026


| Examination by: | Page |
|---|---|
| Ms. Johsnon | 4 |

PROCEEDINGS,

Whereupon,

MICHAEL PALUMBO,

called as a witness, having been first duly sworn to tell the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

EXAMINATION BY MS. JOHNSON:

Q Thank you. Please state your name for the record.

A Michael Palumbo.

Q And what is your current job title?

A I'm an attorney at law.

Q In November 2025, what was your job title or role with respect to IBI Falcon US LLC?

A I was outside counsel.

Q And how long have you held that role as of November 2025?

A IBI Falcon, I believe, was -- we started with them in end of June, beginning of July 2025.

Q And what were your general job responsibilities in that role as of November 2025?

A Outside legal counsel. So it was -- this credit was a nonperforming loan, so we would handle nonperforming loan duties for them -- or to nonperforming loan legal services for them.

Q And have you reviewed any documents in preparation for today's deposition?

A Well, obviously I have access to my file, so yes.

Q And which documents, if any, did you review in preparation for today's deposition?

A I generally looked at the bankruptcy document. I generally looked at the adversary proceeding docket. I generally looked at the foreclosure docket.

Q Any other documents?

A No.

Q So I'd like to share, show a document to you. Let me know when you can see it.

A Yes. I can see it.

Q So I'm showing you a document recorded in the District of Columbia land records as document number

2025110562. And it's titled Affidavit of Nonresidential Mortgage Foreclosure. Do you recognize this document?

A Yes, I do.

Q Is the signature on this document your signature?

A Yes, it is.

Q And what date is written on the document next to your signature?

A It's typed below my signature, November 11, 2025.

Q Is November 11, 2025, the date on which you actually signed this document?

A Yes.

Q And where were you physically located when you signed the document?

A At the Law Offices of Gingo Palumbo Law Group LLC.

Q And where is that?

A 4700 Rockside Road, Suite 440, Independence, Ohio, 44131.

Q Was anyone else physically present with you

when you signed the document?
A Yes. I signed it before the notary.
Q So who was present with you when you signed the document?
A The notary public.
Q Who was the notary?
A I can't see the bottom of the screen.
Q Hold on a second.
A Yes. Anthony Gingo.
Q And who asked or instructed you to sign this document?
A The document was provided to me by the substitute trustee, Russell Drazin.
Q And did you personally draft the document? Or was it provided to you already prepared?
A I don't recollect.
Q Did you read the document before you signed it?
A I did read the document.
Q Do you have personal knowledge of the date on which the document was recorded in the District of

Columbia land records?

A I'd have to check my records. I'm not sure if Russell recorded it or our office recorded it.

Q Were you personally responsible for transmitting the document for recording?

A Like I said to the previous question, I'm not sure if Russell recorded it or my office recorded it.

Q Between November 11th, 2025, and November 13th, 2025, did you have any conversations concerning the document?

MS. CATHCART: Objection. To the extent it concerns any client, attorney privilege. I'm going to object on privilege grounds.

A I don't recall.

Q Before November 11th, 2025, had you ever heard the name 5410 30th Street DC LLC?

A Yes, generally.

Q Before November 11th, 2025, what if anything did you know about 5410 30th Street DC LLC?

A We had done some previous work, as likely

your client knows, with regards to nonperforming professional legal services.

Q 11th, 2025, were you aware that 5410 30th Street DC LLC had filed a bankruptcy petition?

A What was the date you stated?

Q November 11.

A No, I do not know.

Q As of November 13th, 2025, were you aware that 5410 30th Street DC LLC had filed a bankruptcy petition?

A No, I was not.

Q Before signing the document, did you search pay -- search the PACER electronic court record system for filings by or against 5410 30th Street DC LLC?

A I don't recall.

Q Before signing the document, did you search any other database or source for filings by or against 5410 30th Street DC LLC?

A I don't recall.

Q If you did not conduct a search, why not?

A Well, to answer your previous question, I

don't recall. So I think --

Q Okay.

A -- I think it's an improper characterization of my response.

Q Before signing the document, did anyone instruct you to check for bankruptcy filings by 5410 30th Street DC LLC?

A Well, I don't think I can answer that question as far as instruction because the privilege belongs to my client. With respect to -- I'll just leave it there.

Q To the best of your knowledge, before signing the document, did anyone instruct you not to check for bankruptcy filings by 5410 30th Street DC LLC?

MS. CATHCART: Objection on privilege grounds.

A Yeah, it'd be the same answer as before.

Q Which is?

A Which is I don't recall. And I obviously cannot divulge privileged communications if I did have them.

Q Before signing the document, did you receive information from any source indicating that 5410 30th Street DC LLC might be in bankruptcy?

A No, I did not.

Q What's the earliest date on which you were aware that 5410 30th Street DC LLC had filed a bankruptcy petition?

A It was in November of 2025. It was the date after I, I believe -- yeah. It was the day after I signed the appointment of such to trustee.

Q And what date is that?

A I don't recall. Unless you have it as the next exhibit, I don't recall.

Q How did you first become aware of the bankruptcy filing?

A There was a PACER search performed.

Q Can you repeat that?

A There was a PACER search performed in preparation of the foreclosure sale date.

Q Did you perform the PACER search?

A Yes, in preparation of the foreclosure sale

date.

Q So is that your answer, that's how you first became aware of the bankruptcy filing?

A Yes. Because the foreclosure sale date was announced by the substitute trustee. And in my first preparation, that's when I did the first search. Yes.

Q And did you receive that information verbally? In writing? Or in some other manner?

MS. CATHCART: Objection to the extent the question seeks attorney-client privilege or work product. Or Counsel's mental impressions. I'm going to instruct the witness not to disclose privileged material.

A On the advise of Counsel, I'm going to --

Q Do any documents, e-mails, or notes exist reflecting when you learned that 5410 30th Street DC LLC had filed a bankruptcy petition?

A Yes, I just told you.

Q I don't think you've already answered that question.

A Yes, I did. I said to you it was the date

after the appointment of substitute trustee was signed. And you said you do not have that as an exhibit. And I --

Q Right. So this question was do any documents, e-mails, or notes exist that reflect when you learned that 5410 30th Street DC had filed a bankruptcy petition. That's a different question.

MS. CATHCART: I'm going to object on the same grounds that I previously indicated.

A And I'll -- my counsel has instructed me not to, so I'll respond -- or I'll respect that instruction.

Q Between October 14, 2025, and November 11, did you have any communications with anyone at IBI Falcon US LLC concerning 5410 30th Street DC LLC?

MS. CATHCART: I'm going to object to the extent the question seeks attorney work product or Counsel's mental impressions or attorney-client privilege. I'm going to instruct the witness not to answer.

A I'm not going to answer that question.

Q Between October 14, 2025, and November 11, 2025, did you have any communications with anyone at Pardo and Drazin LLC concerning 5410 30th Street DC LLC?

MS. CATHCART: Same objection as I previously stated.

Q Which one?

MS. CATHCART: To the extent the question seeks attorney-client privilege, work product, or the counsel's mental impressions, I instruct the witness not to answer or disclose privileged material. The witness may testify regarding whether --

Q Is Pardo and Drazin LLC your client? Or IBI Falcon?

A Pardo Drazin is the substitute trustee. So yes, a conversation was had before November 11 because obviously, as I testified earlier, with respect to this affidavit you've placed before me, that is where it came from.

Q I'm just asking because Ms. Cathcart asserted attorney-client privilege. And I'm just trying to confirm whether IBI Falcon is your client or Pardo

and Drazin. Which one is your client? IBI Falcon? Or Pardo and Drazin?

A Who are you asking.

Q Falcon?

A Deirdre, are you asking Christianna? Or myself?

Q Either one of you can answer.

A Christianna's client is IBI Falcon.

MS. CATHCART: The IBI Falcon.

A Okay. Pardo Drazin, as I've said to you now three times, is the substitute trustee.

Q Yes. I understand that. Okay. I'm just trying to figure out the acclaimed attorney-client privilege that Christianna is asserting regarding questions about Pardo and Drazin. Let me move forward. Did anyone at Pardo and Drazin LLC ask you to sign the document that you -- affidavit of nonresidential foreclosure?

A The document was discussed and said it was a necessary part for a nonmortgage foreclosure in the District of Columbia.

Q Setting aside the content of any communications with attorneys, did you discuss the bankruptcy status of 5410 30th Street DC with anyone before you signed the document?

A I did not know the bankruptcy before I signed the document on November 11.

Q After you signed the document and before it was recorded on November 13th, 2025, did you learn anything about the bankruptcy status of 5410 30th Street DC LLC?

A As I said previously for like the fourth time, I -- the appointment of substitute trustee, that document, if you had it as an exhibit, that's the date on which -- or excuse me, the day after I signed it is the date on which I learned about the bankruptcy. So if you have that as an exhibit, that would be very helpful.

Q At any point after the affidavit of nonresidential mortgage foreclosure was recorded, did you learn that 5410 30th Street DC LLC had filed a bankruptcy petition before you signed the document?

A I signed the document November 11. I

learned about the bankruptcy after November 11.
Q After you learned that 5410 30th Street DC LLC had filed a bankruptcy petition, did you take any action concerning the document?
A I can't respond to that.
MS. CATHCART: Objection. Beyond the scope.
Q Did you communicate with anyone about the document after you learned of the bankruptcy filing?
A Respectfully, I can't answer that.
Q Anything else that you recall regarding what you knew or when you knew it concerning the bankruptcy status of 5410 30th Street DC LLC at the time you signed the document? Or at the time it was recorded?
MS. CATHCART: Objection. That -- can you please narrow the communications down to a specific time period perhaps?
Q Well, no.
A As I said previously, for like the fourth time, I learned about the bankruptcy after the

appointment of substitute trustee was signed. So again, you -- if you have that document, that would be helpful. But beyond that, I can't recollect as far as the date on which I learned.

Q Hold on one second. Let me pull that up. And let me know if you can see my screen.

A Yes.

Q So I see a date up here at the --

A Please go to page 2. Yes. Please go to page 2.

Q Yeah. And let me see at the bottom.

A I signed on the 18th, so yes. The 19th.

MS. JOHNSON: Okay. No further questions.

THE REPORTER: All right. Is that it for today?

MS. JOHNSON: That's it.

THE REPORTER: All right. Ms. Cathcart, are you going to want a copy?

MS. CATHCART: Pardon?

THE REPORTER: Are you going to order a copy of today's transcript?

MS. CATHCART: Yes, please.

THE REPORTER: All right. And are you going to read? Or waive?

MS. CATHCART: I'll waive.

(Deposition concluded at 4:49 p.m.)

State of Maryland
City of Baltimore, to wit:

I, Eric Leichter, a Notary Public of the State of Maryland, Baltimore City, do hereby certify that the within-named witness personally appeared before me at the time and place herein set out, according to law, was examined by counsel.

I further certify that the examination was recorded stenographically by me and this transcript is a true record of the proceedings.

I further certify that I am not of counsel to any of the parties, nor in any way interested in the outcome of this action.

As witness my hand this 20th day of July 2026.

Eric Leichter
Notary Public

My Commission Expires:
January 13, 2028

ACKNOWLEDGEMENT OF DEPONENT

I, ____________________, do hereby acknowledge that I have read and examined the foregoing testimony, and the same is a true, correct and accurate transcription of the testimony given by me, and any corrections appear on the attached errata sheet signed by me.

_________________ ________________________________

(DATE) (SIGNATURE)

ERRATA SHEET
CHANGES IN TESTIMONY
IN RE: 5410 30TH STREET DC, LLC
MICHAEL PALUMBO
July 20, 2026

Page Line From To

SIGNATURE:__________________________DATE:____________

MICHAEL PALUMBO

## 1

**11** 6:9,11 9:6 13:13 14:1,15 16:6,21 17:1
**11th** 8:9,16,19 9:3
**13th** 8:10 9:8 16:8
**14** 13:13 14:1
**18th** 18:12
**19th** 18:12

## 2

**2** 18:9,10
**2025** 4:13,17,19,21 6:10,11 8:9,10,16,19 9:3,8 11:8 13:13 14:1,2 16:8
**2025110562** 6:1

## 3

**30th** 8:17,20 9:3,9,14, 18 10:7,14 11:3,6 12:16 13:6,15 14:3 16:3,9,19 17:2,13

## 4

**440** 6:19
**44131** 6:20
**4700** 6:19
**4:49** 19:5

## 5

**5410** 8:17,20 9:3,9,14, 18 10:6,14 11:2,6 12:16 13:6,15 14:3 16:3,9,19 17:2,13

## A

**access** 5:7
**acclaimed** 15:13
**action** 17:4
**adversary** 5:12
**advise** 12:14
**affidavit** 6:1 14:17 15:17 16:17
**announced** 12:5
**Anthony** 7:9
**appointment** 11:10 13:1 16:12 18:1
**asserted** 14:20
**asserting** 15:14
**attorney** 4:12 8:13 13:17
**attorney-client** 12:10 13:18 14:8,20 15:13
**attorneys** 16:2
**aware** 9:3,8 11:6,14 12:3

## B

**bankruptcy** 5:11 9:4,9 10:6,14 11:3,7,15 12:3,17 13:6 16:3,5,9, 15,20 17:1,3,9,13,21
**beginning** 4:19
**belongs** 10:10
**bottom** 7:7 18:11

## C

**called** 4:4
**Cathcart** 8:12 10:15 12:9 13:8,16 14:4,7,19 15:9 17:6,16 18:17,19 19:1,4
**characterization** 10:4
**check** 8:2 10:6,14
**Christianna** 15:5,14
**Christianna's** 15:8
**client** 8:13 9:1 10:10 14:12,21 15:1,8
**Columbia** 5:21 8:1 15:21
**communicate** 17:8
**communications** 10:20 13:14 14:2 16:2 17:17
**concerns** 8:13
**concluded** 19:5
**conduct** 9:20
**confirm** 14:21
**content** 16:1
**conversation** 14:15
**conversations** 8:10
**copy** 18:18,21
**counsel** 4:15 5:1 12:14 13:10
**counsel's** 12:11 13:18 14:9
**court** 9:13
**credit** 5:2
**current** 4:11

## D

**database** 9:17
**date** 6:7,11 7:20 9:5 11:5,9,11,19 12:1,4,21 16:13,15 18:3,8
**day** 11:9 16:14
**DC** 8:17,20 9:4,9,14,18 10:7,14 11:3,6 12:16 13:6,15 14:3 16:3,10,19 17:2,13
**Deirdre** 15:5
**deposition** 5:6,10 19:5
**disclose** 12:12 14:10
**discuss** 16:2
**discussed** 15:19
**District** 5:21 7:21 15:21
**divulge** 10:20
**docket** 5:13,14
**document** 5:12,17, 20,21 6:2,4,7,12,15 7:1, 4,11,12,14,17,19,21 8:5,11 9:12,16 10:5,13 11:1 15:17,19 16:4,6,7, 13,20,21 17:4,9,14 18:2
**documents** 5:5,9,15 12:15 13:5
**draft** 7:14
**Drazin** 7:13 14:3,12, 14 15:1,2,10,15,16
**duly** 4:4
**duties** 5:3

## E

**e-mails** 12:15 13:5
**earlier** 14:16
**earliest** 11:5
**electronic** 9:13
**end** 4:19
**EXAMINATION** 4:7
**examined** 4:6
**excuse** 16:14
**exhibit** 11:13 13:2 16:13,16
**exist** 12:15 13:5
**extent** 8:12 12:9 13:17 14:7

## F

**Falcon** 4:14,18 13:15 14:13,21 15:1,4,8,9
**figure** 15:13

**file** 5:7
**filed** 9:4,9 11:6 12:17 13:6 16:19 17:3
**filing** 11:15 12:3 17:9
**filings** 9:14,17 10:6, 14
**foreclosure** 5:14 6:2 11:19,21 12:4 15:18,20 16:18
**forward** 15:15
**fourth** 16:11 17:20

**G**

**general** 4:20
**generally** 5:11,12,13 8:18
**Gingo** 6:16 7:9
**grounds** 8:14 10:16 13:9
**Group** 6:17

**H**

**handle** 5:2
**heard** 8:17
**held** 4:16
**helpful** 16:16 18:2
**Hold** 7:8 18:5

**I**

**IBI** 4:14,18 13:14 14:13,21 15:1,8,9
**impressions** 12:11 13:18 14:9
**improper** 10:3
**Independence** 6:20
**indicating** 11:2
**information** 11:2 12:7
**instruct** 10:6,13 12:12 13:19 14:9
**instructed** 7:10 13:10
**instruction** 10:9 13:12

**J**

**job** 4:11,13,20
**JOHNSON** 4:7 18:13,16
**July** 4:19
**June** 4:19

**K**

**knew** 17:12
**knowledge** 7:20 10:12

**L**

**land** 5:21 8:1
**law** 4:12 6:16
**learn** 16:8,19
**learned** 12:16 13:6 16:15 17:1,2,9,21 18:4
**leave** 10:11
**legal** 5:1,4 9:2
**LLC** 4:14 6:17 8:17,20 9:4,9,14,18 10:7,14 11:3,6 12:16 13:15 14:3,12 15:16 16:10,19 17:3,13
**loan** 5:2,3,4
**located** 6:14
**long** 4:16
**looked** 5:11,12,13

**M**

**manner** 12:8
**material** 12:13 14:10
**mental** 12:11 13:18 14:9
**Michael** 4:3,10
**mortgage** 6:2 16:18
**move** 15:15

**N**

**narrow** 17:17
**nonmortgage** 15:20
**nonperforming** 5:2,3,4 9:1
**nonresidential** 6:1 15:17 16:18
**notary** 7:2,5,6
**notes** 12:15 13:5
**November** 4:13,17, 21 6:9,11 8:9,16,19 9:6, 8 11:8 13:13 14:1,15 16:6,8,21 17:1
**number** 5:21

**O**

**object** 8:14 13:8,16
**objection** 8:12 10:15 12:9 14:4 17:6,16
**October** 13:13 14:1
**office** 8:3,7
**Offices** 6:16
**Ohio** 6:20
**order** 18:20

**P**

**p.m.** 19:5
**PACER** 9:13 11:16, 18,20
**Palumbo** 4:3,10 6:16
**Pardo** 14:3,12,14,21 15:2,10,15,16
**Pardon** 18:19
**part** 15:20
**pay** 9:13
**perform** 11:20
**performed** 11:16,18
**period** 17:18
**personal** 7:20
**personally** 7:14 8:4
**petition** 9:4,10 11:7 12:17 13:7 16:20 17:3
**physically** 6:14,21
**point** 16:17
**preparation** 5:6,10 11:19,21 12:6
**prepared** 7:15
**present** 6:21 7:3
**previous** 8:6,21 9:21
**previously** 13:9 14:5 16:11 17:20
**privilege** 8:13,14 10:9,15 12:10 13:19 14:8,20 15:14
**privileged** 10:20 12:12 14:10
**proceeding** 5:13
**PROCEEDINGS** 4:1
**product** 12:11 13:17 14:8
**professional** 9:2
**provided** 7:12,15
**public** 7:5
**pull** 18:5

**Q**

**question** 8:6 9:21 10:9 12:10,20 13:4,7, 17,21 14:7
**questions** 15:15 18:13

**R**

**read** 7:17,19 19:3
**recall** 8:15 9:15,19 10:1,19 11:12,13 17:11
**receive** 11:2 12:7
**recognize** 6:2
**recollect** 7:16 18:3
**record** 4:9 9:13
**recorded** 5:20 7:21 8:3,7 16:8,18 17:15
**recording** 8:5
**records** 5:21 8:1,2
**reflect** 13:5
**reflecting** 12:16
**repeat** 11:17
**REPORTER** 18:14, 17,20 19:2
**respect** 4:14 10:10 13:11 14:16
**Respectfully** 17:10
**respond** 13:11 17:5
**response** 10:4
**responsibilities** 4:21
**responsible** 8:4
**review** 5:9
**reviewed** 5:5
**Road** 6:19
**Rockside** 6:19
**role** 4:14,16,21
**Russell** 7:13 8:3,7

**S**

**sale** 11:19,21 12:4
**scope** 17:7
**screen** 7:7 18:6
**search** 9:12,13,16,20 11:16,18,20 12:6
**seeks** 12:10 13:17 14:8
**services** 5:4 9:2
**Setting** 16:1
**share** 5:17
**show** 5:17
**showing** 5:20
**sign** 7:10 15:16
**signature** 6:4,5,8,9
**signed** 6:12,15 7:1,2, 3,17 11:10 13:1 16:4,6, 7,14,20,21 17:14 18:1, 12
**signing** 9:12,16 10:5, 13 11:1
**source** 9:17 11:2
**specific** 17:17
**started** 4:18
**state** 4:8
**stated** 9:5 14:5
**status** 16:3,9 17:13
**Street** 8:17,20 9:4,9, 14,18 10:7,14 11:3,6 12:16 13:6,15 14:3 16:3,9,19 17:2,13
**substitute** 7:13 12:5 13:1 14:14 15:11 16:12 18:1
**Suite** 6:19
**sworn** 4:4
**system** 9:13

**T**

**testified** 4:6 14:16
**testify** 14:11
**time** 16:12 17:13,14, 17,21
**times** 15:11
**title** 4:11,13
**titled** 6:1
**today** 18:15
**today's** 5:6,10 18:21
**told** 12:18
**transcript** 18:21
**transmitting** 8:5
**trustee** 7:13 11:10 12:5 13:1 14:14 15:11 16:12 18:1
**truth** 4:5,6
**typed** 6:9

**U**

**understand** 15:12

**V**

**verbally** 12:8

**W**

**waive** 19:3,4
**work** 8:21 12:10 13:17 14:8
**writing** 12:8
**written** 6:7