IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | |
| 5410 30th Street DC, LLC, | Case No.: 25-19605 |
| Debtor | Chapter 11<br>(Relates to Adv. Pro. No. 26-00129) |

---

**FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026**

---

Deirdre T. Johnson, Esq., ("**Deirdre Johnson**") counsel for the above-captioned Debtor and Debtor-in-Possession, 5410 30th Street DC, LLC (the "**Debtor**"), hereby files this First Application of Deirdre T, Johnson, Esq., Counsel to the Debtor and Debtor in Possession, for Allowance and Payment of Interim Compensation for Services Rendered and Reimbursement of Expenses incurred For The Period November 1, 2025 Through June 30, 2026 (the "**Application**") for the period November 1, 2025 through June 30, 2026 (the "**Application Period**"). Through this Application, Deirdre Johnson seeks the allowance of fees in the amount of $70,815.00 and the reimbursement of expenses ion the amount of $21.60 that were incurred during the Application Period, and in support thereof, states as follows:

Summary of Application

| | |
|---|---|
| Total Compensation Requested: | $70,815.00 |
| Total Expenses Requested: | $21.60 |
| Amounts Previously Requested: | $0.00 |
| Amounts Previously Awarded: | $0.00 |
| Attorney Billing Rate[1]: | $300.00 |

## I. JURISDICTION AND VENUE

[1] As required by the rules set forth in In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md.1991) Deirdre Johnson submits that she has 7+ years of bankruptcy experience.

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order 2012-05 from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 328, 330, 331, and 11 U.S.C. §§ 101 et. seq (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 2016 (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 2016 for the District of Maryland (the "**Local Rules**").

**II. The Chapter 11 Case**

3. On October 14, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned Case No. 25-19605 (the "Bankruptcy Case").

4. The Debtor continues in possession of its property and the management of its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**III. Employment of Deirdre T. Johnson, Esq.**

5. On November 18, 2025, the Debtor filed its *Application to Employ Deirdre T. Johnson as Attorney and Verified Statement of Party* [Dkt. No. 35] (the "**Deirdre Johnson Employment Application**"). An *Amended Application to Employ Deirdre T. Johnson as Attorney and Verified Statement of Party* was filed by the Debtor on December 2, 2025 [Dkt. No. 58] (the "**Amended Deirdre Johnson Employment Application**" ). As set forth in both Employment Applications, prior to the commencement of this Chapter 11 case, Deirdre Johnson received a retainer of $1,500.00 to represent the Debtor, which was provided immediately prior to the filing of the bankruptcy case. Thereafter, on January 26, 2026, the Court entered an order (the "**Deirdre Johnson Employment Order**") approving the employment of Deirdre Johnson as counsel to the Debtor. *See* Dkt. No. 93. On February 26, 2026, the Debtor filed a *Motion to Approve Supplemental Compensation Arrangement and Modify Scope of Employment* [Dkt. No. 115] (the "**Motion for Supplemental Compensation**") in connection with extraordinary services required to be rendered for the benefit of the Debtor and the bankruptcy estate beyond the originally contemplated scope. Thereafter, on March 17, 2026, the Court entered an order (the "**Supplemental Compensation Arrangement Order**") approving supplemental compensation for Deirdre Johnson's representation of the Debtor at the rate of $300.00 per hour. See Dkt. No. 123.

6. During the pendency of the Bankruptcy Case, disputes arose between the Debtor and IBI Falcon US, LLC and IBI SBL Investment LP (collectively, "IBI") concerning, among other things, IBI's post-petition conduct with respect to property of the estate, giving rise to the

Debtor's Motion to Enforce the Automatic Stay and related Motion for Temporary Restraining Order and Preliminary Injunction, originally filed in the main case, and later commenced as Adv. Pro. No. 26-00129 (the "Stay Enforcement Matter").

7. IBI's status as a party in interest in the Bankruptcy Case was separately disputed, requiring the Debtor to file a Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest (the "Party-in-Interest Motion"). This further led to the Debtor disputing IBI Falcon's proof of claim, and their standing to file a competing Chapter 11 plan in the case. Both of these matters remain pending as of the filing of this Application.

8. All of these matters further required various unexpected motions practice, discovery, case-scheduling, and protective-order practice beyond the scope of routine case administration (the "Litigation").

9. The Stay Enforcement Matter, the Party-in-Interest Motion, and the other Litigation (collectively, the "Extraordinary Services") were not reasonably contemplated at the commencement of the Bankruptcy Case and required substantial additional time and effort by Applicant beyond Applicant's routine Chapter 11 case-administration services.

## IV. SUMMARY OF SERVICES AND COMPENSATION REQUESTED

10. The total fees for services rendered by Applicant during the period of November 1, 2025 through June 26, 2026 are $70,815.00 plus expenses of $21.60. This is the first fee application filed by Deirdre Johnson in this case. The source of the Retainer and any payments that will be used to pay any fees and expenses over and above the amount of the retainer has been and will be payments from the Debtor. No payments have been or will be shared by Deirdre Johnson. There is no agreement or understanding that exists between Deirdre Johnson and any other entity for the sharing of compensation for services rendered or to be rendered in connection with the case.

## V. DESCRIPTION OF SERVICES BY MATTER

11. Deirdre Johnson has summarized the requested fees by billing categories in the chart below. These billing categories are described in detail, on a task-by-task basis, in the itemized statement of services and time records attached hereto as Exhibit A and incorporated herein by reference. Under §330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys employed by them based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

| Billing Category / Description | Hours | Fees | Costs | Total |
|---|---|---|---|---|
| Motion to Enforce Automatic Stay / Motion for Temporary Restraining Order and Preliminary Injunction (Adv. Pro. No. 26-00129) | 135.60 | $40,455.00 | $21.60 | $40,476.60 |
| Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest | 44.70 | $13,410.00 | $0.00 | $13,410.00 |
| Discovery, Scheduling, and Protective Order Litigation (Misc.) | 54.10 | $16,230.00 | $0.00 | $16,230.00 |
| Fee Application Preparation | 2.40 | 720.00 | 0.00 | 720.00 |
| **TOTAL** | **236.80** | **$70,815.00** | **$21.60** | **$70,836.60** |

**A. Motion to Enforce Automatic Stay / Motion for Temporary Restraining Order and Preliminary Injunction (Main Bankruptcy Case 25-19605 and Adv. Pro. No. 26-00129)**

Applicant expended 135.60 hours in connection with the Stay Enforcement Matter, resulting in fees of $40,455.00 and costs of $21.60. Services included, among other things: investigation of conduct by IBI Falcon US, LLC and IBI SBL Investment LP; preparation and filing of the *Motion to Enforce the Automatic Stay, Supplement to Motion to Enforce the Automatic Stay*, and the related *Motion(s) for Temporary Restraining Order and Preliminary Injunction*; preparation of supporting declarations and exhibits; legal research concerning the scope of the automatic stay under 11 U.S.C. Section 362 and the standards governing emergency injunctive relief; communications with the Debtor and opposing counsel; and appearances before the Court. A complete task-by-task description of these services is set forth in Exhibit A.

**B. Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest**

Applicant expended 44.70 hours in connection with the *Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest*, resulting in fees of $13,410.00 and no reimbursable costs. Services included, among other things: legal research regarding the standards governing party in interest status under 11 U.S.C. Section 1109(b); preparation and filing of the *Motion to Determine that IBI Falcon US, LLC and IBI SBL Investment LP Are Not Parties in Interest*; preparation of supporting briefing and exhibits; and communications with the Debtor and opposing counsel concerning the motion. A complete task-by-task description of these services is set forth in Exhibit A.

**C. Discovery, Scheduling, and Protective Order Litigation (Misc.)**

Applicant expended 54.10 hours in connection with the Discovery Litigation, resulting in fees of $16,230.00 and no reimbursable costs. Services included, among other things: preparation and

review of discovery requests and responses; preparation of a proposed scheduling order and proposed protective order; conferences with opposing counsel and Client concerning discovery and scheduling disputes; and related motion practice. A complete task-by-task description of these services is set forth in Exhibit A.

## VI. THE REQUESTED FEES ARE REASONABLE UNDER THE LODESTAR STANDARD

12. Courts in this District evaluate the reasonableness of requested compensation in bankruptcy cases using the lodestar analysis, considering the number of hours reasonably expended multiplied by a reasonable hourly rate, informed by the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as further explained in Perdue v. Kenny A., 130 S. Ct. 1662 (2010). The Johnson Factors include:
    a. the time and labor required;
    b. the novelty and difficulty of the questions;
    c. the skill required to properly perform the services
    d. the preclusion of other employment by the attorney due to acceptance of the case;
    e. the customary fee;
    f. whether the fee is fixed or contingent;
    g. time limitations imposed by the client or the circumstances;
    h. the amount involved and the results obtained;
    i. the experience, reputation, and ability of the attorneys;
    j. the undesirability of the case;
    k. the nature and length of the professional relationship with the Client; and
    l. awards in similar cases.

    *Johnson*, 4// F.2d at 717-719.

13. In the case of In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principles by establishing ten "cardinal rules" with which fee applications should comply:

    a. Fee applications must make sense;

    b. Fee applications must indicate what work was performed, when it was performed, and how much money is being charged for performing it;

    c. Services rendered should be reported in several broad, general categories;

    d. Fee applications must contain a "lodestar" analysis;

    e. Fee applications must indicate how much time and money was "written off" in the exercise of billing judgement;

f. Numbers must add up;

g. The names of the individuals who rendered services, together with their hourly rates and years of experience must be disclosed;

h. Time records must be submitted with the fee application

i. Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and

j. When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

*In re Bernard Hill, 133 B.R. at 62.*

14. As set forth in the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland appearing in Appendix D of the Local Bankruptcy Rules, Deirdre Johnson has designated the services rendered and charges assessed by the earlier specified general categories reflecting the substantive type of services performed.

15. Deirdre Johnson submits the following lodestar and *Johnson* factor analysis in support of her request for allowance of fees and disbursements:

a. **Time and labor required**. Deirdre Johnson has expended 236.8+ hours assisting the Debtor with this bankruptcy case over the course of seven months. As the time records submitted with this Application illustrate, Deirdre Johnson has dedicated significant time and effort to assisting the Debtor in addressing relevant issues that have arisen during this Chapter 11 case.

b. **Novelty and difficulty of the questions involved and skill applied**. During Deirdre Johnson's representation of the Debtor, she addressed several legal challenges unique to the Debtor's case, including: (i) investigation and litigation of post-petition conduct by creditors IBI Falcon US, LLC and IBI SBL Investment LP constituting willful violations of the automatic stay under 11 U.S.C. § 362; (ii) preparation and prosecution of an emergency Motion for Temporary Restraining Order and Preliminary Injunction in Adversary Proceeding No. 26-00129, requiring expedited briefing and court appearances under compressed timelines; (iii) legal research and briefing on contested questions under 11 U.S.C. § 1109(b) regarding the party-in-interest status of the IBI entities in the Chapter 11 case—a relatively unsettled area of law that required substantial independent research; (iv) extensive discovery practice, including negotiation of a proposed scheduling order and protective order and related contested motion practice; and (v) simultaneous

management of multi-front litigation arising within both the main Chapter 11 case and the related adversary proceeding. Each of these matters required substantial legal research, strategic judgment, and skilled advocacy well beyond the scope of routine Chapter 11 administration.

c. **<u>The preclusion of other employment by the attorney due to acceptance of this case</u>**. The volume and urgency of services required in this case—including emergency court filings, expedited hearings, intensive discovery practice, and concurrent multi-matter litigation—demanded a substantial and sustained commitment of Deirdre Johnson's professional time and resources throughout the Application Period. As a solo practitioner, Deirdre Johnson's commitment to the competent representation of the Debtor necessarily required her to devote significant professional resources to this engagement, limiting her availability for other matters and prospective engagements during the Application Period.

d. **<u>The customary fee for similar work</u>**. Deirdre Johnson submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the Maryland / District of Columbia / Northern Virginia legal market for firms with comparable practices the nature of these proceedings.

e. **<u>Whether the fee is fixed or contingent</u>**. Pursuant to the Bankruptcy Code, all fees sought by Deirdre Johnson are subject to final approval of this Court. The fees of Deirdre Johnson are based on hourly rates and are not contingent on the outcome of any particular event.

f. **<u>Time limitations imposed by the Client or circumstances</u>**. The circumstances of this case imposed significant time pressures on Deirdre Johnson throughout the Application Period. The Motion to Enforce the Automatic Stay and the related Motion for Temporary Restraining Order and Preliminary Injunction required emergency and expedited filings on short notice, with minimal lead time between the filing of pleadings and scheduled hearing dates. Deirdre Johnson was required on multiple occasions to prepare and file pleadings, declarations, and supporting materials under strict court-imposed deadlines, including deadlines arising from contested discovery and scheduling disputes in the adversary proceeding. These time constraints required Deirdre Johnson to prioritize this representation and to work on an intensive, expedited basis throughout the Application Period.

g. **<u>The amounts involved and the results obtained</u>**. The fees requested by Deirdre Johnson are reasonable in light of the nature of the matters addressed and the results achieved on behalf of the Debtor and the bankruptcy estate. The disputes addressed during the Application Period—including the automatic stay enforcement proceeding, the party-in-interest motion, and the related discovery litigation—

implicated significant property of the estate and the Debtor's ability to reorganize successfully under Chapter 11. Deirdre Johnson's diligent prosecution of these matters advanced and protected the Debtor's interests in a complex, contested, and rapidly developing litigation environment. The requested fees are proportionate to the complexity of the litigation, the volume of services rendered, and the benefit conferred upon the bankruptcy estate.

h. **Experience, reputation, and ability of attorney**. Deirdre Johnson has represented debtors in bankruptcy proceedings since 1999, accumulating more than twenty-five years of experience in consumer bankruptcy matters, including individual and business cases under Chapters 7, 11, and 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. Her experience in bankruptcy practice demonstrates the level of skill and expertise she brought to the representation of the Debtor in this case. Deirdre Johnson's hourly rate of $300.00 reflects her experience and is consistent with, and in many instances below, the prevailing market rate for attorneys of comparable skill and experience practicing in the District of Maryland.

i. **The "undesirability" of the case.** This case originated as a routine Chapter 11 matter but evolved into heavily contested, multi-front litigation requiring sustained and intensive professional effort well beyond what is typical for a reorganization of this size. The case involved simultaneous prosecution of an adversary proceeding seeking emergency injunctive relief, a contested party-in-interest motion, and extensive discovery practice—all arising concurrently and on compressed timelines. The complexity, adversarial nature, and volume of disputes that developed significantly exceeded what could reasonably have been anticipated at the outset, rendering this engagement substantially more burdensome and demanding than a routine Chapter 11 case. The professional burdens associated with this representation, including the emergency nature of the injunctive proceedings and the need to respond to rapidly evolving multi-matter litigation on an expedited basis, are appropriately reflected in the fees requested herein.

j. **The Nature and length of the firm's professional relationship with the Client.** Deirdre Johnson has represented the debtor throughout the pendency of this Chapter 11 case and in connection with the preparation for, filing of, and prosecution of this Chapter 11 case thus far. A professional relationship between Deirdre Johnson and the Debtor did not exist prior to the preparation and filing of this case.

k. **Awards in similar cases.** Deirdre Johnson submits that her request for compensation is well within the usual and customary awards granted in similar cases

16. Deirdre Johnson further submits that the fees requested herein are in compliance with the "cardinal rules" described in In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991).

17. Given the complexity of the issues that have arisen in this case from November 2025 through June 2026, the amount of fees and expenses requested by Deirdre Johnson are not unreasonable.

18. **Exhibit A** to this application indicates the type of services performed by Deirdre Johnson, when those services were performed, and how much Deirdre Johnson charged the Debtor for performing such services.

19. Deirdre Johnson has designated categories for the work she has performed and organized the services rendered according to such categories.

20. The Debtor's Application includes a "lodestar" analysis discussing the reasonableness of the fees and expenses requested herein.

21. This Application indicates the volume discretionary write-offs, which total 0 hours and $0.00 in fees.

22. As demonstrated in **Exhibit A**, Deirdre Johnson's number of hours and fees provide an accurate accounting of how she determined the amount requested herein, and disclosed that she is the only individual who rendered services, together with her hourly rate and years of experience. *See also supra* at 1, Footnote 1.

23. The Debtor has submitted the time records along with this Application in the form of Exhibit A, which also includes a calculation of the out of pocket expenses for which reimbursement is sought in the subject category of administrative matters.

24. Only one professional or firm is furnishing services to the debtor, so division of labor and duplicative efforts are not implicated.

25. In the exercise of billing discretion, Deirdre Johnson did not charge the Debtor for any charges not properly compensable by the bankruptcy estate. Any such charges do not appear in the billing records.

26. Deirdre Johnson has had $21.60 of reimbursable expenses during the Application Period. All expenses have been billed at actual cost to Deirdre Johnson.

27. Deirdre Johnson believes that the services rendered to the Debtor and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtor's interests in this case and the matters in which Deirdre Johnson was involved.

WHEREFORE, Deirdre Johnson respectfully requests that this Court enter an Order:

(a) approving and authorizing payment as a Section 503(b)(1)(A) and 507(a)(2) allowed administrative priority claim, and on a final basis, the fees incurred by Deirdre Johnson during the Application Period in the amount of $70,815.60;
(b) authorizing for payment as a Section 503(b)(1)(A) and 507(a)(2) allowed administrative priority claim, and on a final basis, the expenses incurred by Deirdre Johnson in the amount of $21.60;

(c) Granting such other and further relief which is just and equitable

Date: July 26, 2026

**/s/ Deirdre T. Johnson**

Deirdre T. Johnson, Esq.
Law Office of Deirdre T. Johnson, Esq.
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
(301) 742-5385
dtjesq@dtjohnsonlaw.com
Applicant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 26th day of July, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing FIRST APPLICATION OF DEIRDRE T. JOHNSON, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2025 THROUGH JUNE 30, 2026, together with Exhibit A and the proposed Order, will be served electronically by the Court's CM/ECF system on the following:

Maurice B. VerStandig, Esq. (mac@mbvesq.com)
L. Jeanette Rice Jeanette.Rice@usdoj.gov, and
Office of the United States Trustee (USTPRegion04.GB.ECF@USDOJ.GOV)

I HEREBY FURTHER CERTIFY that, on the 26th day of July, 2026, a copy of the foregoing Application was also mailed first class, postage prepaid, to all parties on the attached creditor matrix.

/s/ **Deirdre T. Johnson**
Deirdre T. Johnson, Esq.

Attn: Albeiro Medina
T&AA Construction, and Any / All Affiliates
11820 Parklawn Dr, Suite 380
Rockville, MD 20852

BHI Construction, and Any/All Affiliates
9342 Annapolis Rd
Lanham, MD 20706

City Concrete, and Any / All Affiliates
9284 Corp Circle
Manassas, VA 20110

DC Municipal Investments, LLC
c/o: Heidi S. Kenny, Esq
Kenny Law Group, LLC
11426 York Rd, 1st Floor
Cockeysville, MD 21030

DC Office of Tax & Revenue
Office of CFO
1101 4th St, SW
Washington, DC 20024

DC Water
1385 Canal St, SE
Washington, DC 20003

Fund That Flip / Upright
1300 E. 9th St, Suite 1310
Cleveland, OH 44114

IBI SBL Investment LP
IBI Falcon US, LLC
c/o The VerStandig Law Firm
9812 Falls Rd, #114-160
Potomac, MD 20854

Kylie Properties, LLC
Suite 200 #1060
12345 Parklawn Dr
Washington, DC 20002

PEPCO
701 9th St, NW
Washington, DC 20068

Santorini Capital LLC, and Any/All Affiliates
Suite 200
2000 Massachusetts Ave, NW
Washington, DC 20036

Washington Gas
Attn: Customer Care
6801 Industrial Rd
Springfield, VA 22151

Yonis Benitez
612 Oglethorpe St, NW
Washington, DC 20011