**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

In re: 5410 30th Street DC, LLC, Debtor

Case No. 25-19605 Chapter 11

---

**DECLARATION OF WANDA J. DIXON, ESQ.**

**IN SUPPORT OF APPLICATION TO APPROVE EMPLOYMENT AS SPECIAL COUNSEL**

1. My name is Wanda J. Dixon. I am over eighteen years of age, competent to make this declaration, and have personal knowledge of the facts stated herein, except where otherwise indicated.

2. I am an attorney and principal of The Dixon Law Firm, LLC (the "Firm"), located at 1300 Caraway Court, Suite 200, Largo, Maryland 20774.

3. I have practiced law for more than thirty years. I went to Syracuse University College of Law. I am admitted to practice in Maryland and the District of Columbia; the United States District Court for Maryland, the United States District Court for the District of Columbia, the United States Court of Appeals for the 4th Circuit, and the United States Supreme Court. I was formerly a criminal prosecutor for over 20 years, including the State's Attorney's Offices of Prince George's and Charles County Maryland, The United States Attorney's Office for the District of Columbia, and the United States Department of Justice. I am currently in private practice, and I have tried cases as counsel for the plaintiff and or the defendant in complex civil matters, including foreclosure, real property, lender-liability, and other land use matters.

4. I have been engaged to represent both Zanetta Williams, individually, and 5410 30th Street DC, LLC (the "Debtor"), for the limited purpose of challenging foreclosure actions and addressing related disputes concerning loans secured by real property located at 5410 30th Street, NW, Washington, D.C. 20015, and 5631 MacArthur Boulevard, NW, Washington, D.C. 20016. My engagement does not include serving as general bankruptcy counsel or conducting the Debtor's Chapter 11 case. The Debtor owns property implicated by the foreclosure dispute.

5. My engagement began on September 2, 2026, after the Debtor filed its Chapter 11 petition. This application seeks approval as of the engagement date.

6. Ms. Williams, who is the Debtor's sole member and manager, has agreed to pay the Firm's fees personally, including fees attributable to representation of the Debtor. The agreed compensation is $600 per hour. As of November 10, 2026, the Firm has received $18,000 from Ms. Williams personally. Of that sum, $12,000 has been earned and $6000 remains held in trust.

7. The Debtor does not propose to pay the Firm from property of the bankruptcy estate. The Firm will not seek or accept compensation from estate property without any required application, disclosure, and court authorization. I understand that court review of compensation may be required notwithstanding payment by a third party, and that the applicable provisions may include 11 U.S.C. §§ 327, 329–331.

8. I represent Ms. Williams individually and the Debtor in the identified foreclosure-related matters. I disclose this concurrent representation and Ms. Williams's status as sole member and manager of the LLC Debtor. Please see Disclosure of Potential Conflicts of Interest and Informed Consent to Joint Representation, attached as Exhibit A.

9. On November 10, 2026, I conducted a conflicts check of the Firm's records concerning the Debtor, Ms. Williams, known secured lenders, creditors, other parties in interest, and their known counsel, based on information supplied to me in Schedules D, E/F. The results revealed no conflicts. A Statement Regarding Conflicts Check report is attached as Exhibit B.

10. Except for the relationships and compensation arrangements disclosed herein, I am not aware of connections between me or the Firm and the Debtor, its creditors, other parties in interest, their attorneys or accountants, the United States Trustee, or personnel employed by the United States Trustee. This statement is based on a reasonable inquiry and is subject to supplementation if further connections are identified.

11. To the best of my knowledge after reasonable inquiry, neither I nor the Firm holds or represents an interest adverse to the Debtor or its estate with respect to the particular foreclosure-related matters for which employment is sought, subject to the disclosures in paragraphs 8–10.

12. I have not agreed to share fees received in this engagement with any person outside the Firm. Any internal allocation among attorneys or personnel of the Firm is subject to applicable law and professional rules.

13. I understand that the bankruptcy court must determine the statutory basis and propriety of the proposed employment, including whether 11 U.S.C. § 327(e) or another provision governs. I make this declaration in support of the application submitted by bankruptcy counsel and do not purport to resolve that legal issue by declaration.

14. The factual statements in the accompanying application concerning me, the Firm, and the engagement are accurate to the extent I have reviewed and verified them.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: November 11, 2026



Wanda J. Dixon, Esq.
AIS No. 8712010161
The Dixon Law Firm, LLC
1300 Caraway Court, Suite 200
Largo, Maryland 20774
(301) 456-5156
wdixon@thedixonlawfirm.law

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

In re: 5410 30th Street DC, LLC, Debtor

Case No. 25-19605 Chapter 11

---

**DISCLOSURE OF COMPENSATION**

**PURSUANT TO 11 U.S.C. § 329 AND FED. R. BANKR. P. 2016(b)**

1. The undersigned is proposed special counsel to 5410 30th Street DC, LLC (the "Debtor") for the limited foreclosure-related matters described in the accompanying employment application and declaration. The undersigned also represents Zanetta Williams individually in those matters.

2. The compensation rate agreed to be paid is $600 per hour, commencing September 2, 2026.

3. The source of compensation is Zanetta Williams personally, who is the Debtor's sole member and manager. As of November 11, 2026, the Firm has received $18,000 from Ms. Williams. Of that amount, $12,000 is earned and $6,000 remains unearned and held in trust.

4. No compensation has been received from the Debtor or from property of the bankruptcy estate. The Firm does not presently seek payment from the estate. Any later request for estate compensation will be made only in compliance with applicable bankruptcy law and court orders.

5. The services covered by this compensation arrangement consist of representation in connection with challenges to foreclosure and related loan disputes involving the properties identified in the accompanying declaration, and do not include general representation in the Chapter 11 case.

6. The undersigned has not agreed to share the disclosed compensation with any person outside The Dixon Law Firm, LLC.

7. This disclosure is made to the extent required by 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b), without representing that disclosure alone substitutes for any required approval of employment under 11 U.S.C. § 327. The undersigned will supplement this statement when required by applicable law or rule.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: November 11, 2026

Wanda J. Dixon, Esq.
AIS No. 8712010161
The Dixon Law Firm, LLC
1300 Caraway Court, Suite 200
Largo, Maryland 20774

(301) 456-5156
wdixon@thedixonlawfirm.law