IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In re: | |
| 5410 30th Street DC, LLC, | Case No.: 25-19605 |
| Debtor | Chapter 11 |

**DEBTOR'S MOTION TO SHORTEN TIME AND FOR EXPEDITED CONSIDERATION OF APPLICATION TO APPROVE EMPLOYMENT OF WANDA J. DIXON, ESQ. AND THE DIXON LAW FIRM, LLC AS SPECIAL COUNSEL**

Comes now 5410 30TH Street DC, LLC (the "Debtor"), pursuant to Fed. R. Bankr. P. 9006(c)(1) and Local Bankruptcy Rule 9013-6, and moves this Honorable Court to shorten the time for notice of, and the deadline to object to, the Debtor's Application to Approve Employment of Wanda J. Dixon, Esq. and The Dixon Law Firm, LLC as Special Counsel (the "Application") filed contemporaneously with this Motion, and to consider the Application on an expedited basis, and in support thereof states as follows:

1. This case was commenced when the Debtor filed a petition for Chapter 11 relief on October 14, 2025. The Debtor is a debtor-in-possession.

2. The Debtor's sole asset is the real property located at 5631 MacArthur Boulevard NW, Washington, D.C. 20016 (the "Property"). Zanetta Williams is the Debtor's sole member and manager.

3. IBI Falcon US LLC ("IBI Falcon") asserts a claim secured by a deed of trust on the Property. The Debtor disputes IBI Falcon's claim and its status as a party in interest. At the hearing held on September 8, 2026, the Court granted IBI Falcon's Motion for Relief from the Automatic Stay (DE #195 and DE #265).

4. A foreclosure sale of the Property has been scheduled for December 1, 2026. See Exhibit 1, Foreclosure Notice.

5. Contemporaneously with this motion, the Debtor filed the Application, which seeks approval, under 11 U.S.C. § 327 and 329, of the employment of Wanda J. Dixon, Esq. and The Dixon Law Firm, LLC (the "Firm") as special counsel to the Debtor for the limited purposes described in the Application. The Application was supported by the Declaration of Wanda J. Dixon, Esq., which states that the Firm's engagement is for the limited purpose of challenging foreclosure actions and addressing related disputes concerning loans secured by real property, and does not include serving as general bankruptcy counsel or conducting the Debtor's Chapter 11 case.

6. Under the Legal Services Agreement signed on September 2, 2026 by Ms. Williams, in her personal capacity, and by Ms. Williams as managing member of the Debtor, the Firm was engaged to represent the clients with issues related to the properties at 5410 30th Street, NW, Washington, D.C. 20015 and 5631 MacArthur Boulevard, NW, Washington, D.C. 20016. The agreement states that its fees cover legal services in connection with legal work in the District of Columbia Superior Court.

7. According to the Application and the Declaration of Ms. Dixon, Ms. Williams is paying the Firm's fees personally, and the Debtor does not propose to pay the Firm from property of the estate. No compensation will be paid to the Firm from property of the estate except upon further application and order of the Court under 11 U.S.C. §§ 330 and 331.

8. Fed. R. Bankr. P. 9006(c)(1) provides that, when an act is required or allowed to be done within a specified time by the Federal Rules of Bankruptcy Procedure, by a notice given

under them, or by order of court, the court for cause shown may in its discretion, with or without motion or notice, order the period reduced.

9. Cause exists to shorten time. The Property is the Debtor's sole asset, and a foreclosure sale of it is scheduled for December 1, 2026. The Debtor requires counsel who has been approved by the Court, and who may act on the Debtor's behalf, in time to address the foreclosure before that date. Under the ordinary notice and objection period for the Application, the Court may not be able to rule before December 1, 2026.

10. Shortening time will not prejudice any party. The Debtor does not propose to pay the Firm from property of the estate, so the relief requested affects no creditor's recovery. The Debtor will serve this Motion, the notice of the shortened objection deadline, and the Application on the United States Trustee, counsel for IBI Falcon, and the parties on the mailing matrix, so that each party may be heard before the Court rules.

11. The Debtor requests that the Court (a) shorten the deadline to object to the Application to November 20, 2026 at 12pm; (b) set the Application for hearing on November 23, 2026, or, if no objection is filed by the shortened deadline, grant the Application without a hearing; and (c) grant the Application as soon as practicable and in any event before December 1, 2026.

13. Attached hereto are the Declaration of Zanetta Williams in support of this Motion, a proposed order, and a notice of the shortened objection deadline.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order shortening the time to object to the Application and setting the Application for expedited consideration; (ii) thereafter enter an order approving the employment of Wanda J. Dixon, Esq.

and The Dixon Law Firm, LLC as special counsel to the Debtor on the terms set forth in the Application; and (iii) afford such other and further relief as may be just and proper.

Date: 11/13/26

/s/ Deirdre T. Johnson, Esq

Deirdre T. Johnson, Esq
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
Counsel for the Debtor